# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRENNAN M. GILMORE, | Case No. 3:18-cv-00017-NKM |
| Plaintiff, | |
| vs. | DEFENDANT ALLEN B. WEST'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |
| ALEXANDER ("ALEX") E. JONES, *et al.*, | |
| Defendants. | |

Lt. Col. Allen B. West, one of the defendants named in this case, hereby respectfully submits this memorandum of law in support of his contemporaneously-filed motion to dismiss.

## INTRODUCTION

Among the defendants sued by plaintiff in his amended complaint is Lt. Col. Allen B. West, a decorated U.S. Army veteran and a former member of Congress. Lt. Col. West lives in Dallas, Texas, and has no personal or business connection to the Commonwealth of Virginia. Moreover, Lt. Col. West has not engaged in any conduct directed to the Commonwealth of Virginia that would justify the exercise of specific personal jurisdiction by this Court. Accordingly, the claims against Lt. Col. West should be dismissed for lack of personal jurisdiction. (Furthermore, evidence from other defendants appears to establish that this Court also lacks subject matter jurisdiction due to a lack of complete diversity.)

Additionally, even after filing an amended complaint, plaintiff has failed to state a plausible claim upon which relief can be granted as to Lt. Col. West. Plaintiff has failed to plausibly allege that Lt. Col. West was in any way involved with the article that he complains of. Plaintiff has similarly failed to plausibly allege that the article was actually defamatory and has failed to

establish that he can satisfy the constitutionally-required "actual malice" standard applicable to him as a limited purpose public figure. Finally, he has failed to plausibly allege a claim for intentional infliction of emotional distress under applicable law. For these reasons, plaintiff's claims against Lt. Col. West should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

*Allegations of Plaintiff's Amended Complaint*

Plaintiff Brennan M. Gilmore has filed an amended complaint naming numerous defendants, including Lt. Col. Allen West. (D.E. #29: Pl.'s Am. Compl.) In that document, plaintiff complains about the manner in which numerous individuals and media outlets reported on his activities related to the so-called "United the Right Rally" held in Charlottesville, Virginia, on August 12, 2017. (*Id.* ¶ 25.)

More specifically, plaintiff alleges that Lt. Col. West is the "owner of [a] national news website bearing his . . . name, *Allen B. West*." (*Id.* ¶ 21.) According to plaintiff, on August 19, 2017, this website published an article entitled *BOMBSHELL: New evidence suggests Charlottesville was a complete SET-UP*. (*Id.*) An individual named Derrick Wilburn of Colorado Springs, Colorado, is alleged to be the author of the article and has also been named as a defendant. (*Id.* ¶ 22.)

Plaintiff's amended complaint further alleges that the *Allen B. West* website on which Mr. Wilburn's article appeared is owned by Word-N-Ideas, LLC ("an inactive Florida limited liability company"). (*Id.* ¶ 24.) Defendant Michele Hickford is alleged by plaintiff to be the managing member and registered agent of Words-N-Ideas, LLC, as well as the editor-in-chief of the *Allen B. West* website. (*Id.* ¶ 23.) Plaintiff asserts, with no further support, that Lt. Col. West shared the

2

article at issue via his Twitter account. (*Id.* ¶ 133.) Plaintiff now sues Lt. Col. West for common law defamation and intentional infliction of emotional distress.

*Verified Facts from Lt. Col. West*

Lt. Col. West is a veteran of the United States Army, having retired with the rank of Lieutenant Colonel. (Ex. A: Decl. of Allen B. West ("West Decl.") ¶ 2.) He is also a former member of the United States House of Representatives for Florida's 22nd Congressional District. (*Id.*) He is now a domiciliary and resident of Dallas, Dallas County, Texas, where he has lived since 2015. (*Id.* ¶ 3.) Lt. Col. West does not maintain any form of residence in the Commonwealth of Virginia, nor does he maintain or operate any business office or similar facility in Virginia. (*Id.* ¶¶ 4-5.) As a result, it would be extremely costly, burdensome, and inconvenient for Lt. Col. West to defend himself against a lawsuit in this Court. (*Id.* ¶ 9.)

The allegations of plaintiff's amended complaint as to Lt. Col. West focus on an internet article purportedly written by an individual named Derrick Wilburn. (*See id.* ¶ 6.) That article was entitled *BOMBSHELL: New evidence suggests Charlottesville was a complete SET-UP*. (*Id.*) Lt. Col. West did not author or contribute to this article in any way or have any role in deciding whether to publish or re-publish the article. (*Id.*) Additionally, Mr. Wilburn is not, and has never been, an employee or agent of Lt. Col. West. (*Id.* ¶ 8.)

Plaintiff's amended complaint references the domains AllenBWest.com and AllenWest.com. Both of these domains, however, were purchased and operated by Words-N-Ideas, LLC, and an individual named Michele Hickford. (*Id.* ¶ 7.) Though Lt. Col. West had granted Ms. Hickford permission to operate a website bearing his name, he possessed no ownership interest in either of the two domains and had no involvement with operating the website. (*Id.*) Similarly, at the times relevant to this action, Ms. Hickford had Lt. Col. West's permission

3

to manage his Facebook and Twitter accounts, and he only recovered control over those accounts after this suit was filed. (*Id.*)

## LEGAL STANDARDS

*Rule 12(b)(1): Lack Of Subject Matter Jurisdiction*

The burden of proving subject matter jurisdiction rests on the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When challenged on the issue of subject matter jurisdiction the "pleadings' allegations [are] mere evidence on the issue, and [the Court] may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When the trial court proceeds to consider evidence on a motion under Rule 12(b)(1), "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

*Rule 12(b)(2): Lack Of Personal Jurisdiction*

The plaintiff bears the burden of establishing personal jurisdiction over a party named as a defendant. *See, e.g., New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005). A plaintiff may initially survive a motion to dismiss for lack of personal jurisdiction by making a *prima facie* showing, but once the matter is submitted to the Court for an evidentiary hearing, the plaintiff must prove personal jurisdiction by a preponderance of the evidence. *See, e.g., Reed v. Beverly Hills Porsche*, Case No. 6:17-cv-00059, 2018 U.S. Dist. LEXIS 21349, *2-3 (W.D. Va. Feb. 8, 2018) (citing *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014)). When a defendant asserts a lack of personal jurisdiction, the issue

4

is generally one for the Court to decide, and "only when a material jurisdictional fact is disputed and that fact overlaps with a fact that needs to be resolved on the merits by a jury might a court defer its legal ruling on personal jurisdiction to let the jury find the overlapping fact." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016) (citation omitted).

*Rule 12(b)(6): Failure To State A Claim Upon Which Relief Can Be Granted*

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must set forth sufficient facts that, if assumed to be true, state a claim for relief "that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere possibility that the plaintiff may establish a right to recovery will not suffice. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Thus, even though the motion to dismiss requires the Court to accept as true all well-pleaded factual allegations and construe them in the light most favorable to the plaintiff, *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989), the plaintiff's complaint must not rely merely on labels, conclusions, or a bare recitation of a cause of action's elements, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (discussing *Twombly*, 550 U.S. at 555).

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION, WHICH WARRANTS DISMISSAL OF THE CASE AS TO ALL DEFENDANTS.

As an initial matter, the Court apparently lacks subject matter jurisdiction over this case. Plaintiff filed this suit invoking this Court's diversity jurisdiction, 28 U.S.C. § 1332, but there is a lack of complete diversity. Plaintiff is a resident of Virginia. (*See* Pl.'s Am. Compl. ¶ 13.) Likewise, according to the evidence previously submitted in connection with the motion to dismiss of defendant Stranahan (and others), defendant Lee Stranahan is a Virginia domiciliary. (*See* Ex. A to D.E. No. 47-1).

Therefore, this case must be dismissed for lack of jurisdiction under Rule 12(b)(1). *See,*

5

*e.g., Ballentine v. Holly Robinson & Sur. Ins. Co.*, Case No. 3:15-cv-00496-FDW-DSC, 2016 U.S. Dist. LEXIS 71427, *5 (W.D.N.C. June 1, 2016) ("Rule 12(b)(1) provides for dismissal of claims against all defendants where the Court lacks jurisdiction over the subject matter of the lawsuit."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER LT. COL. WEST.

Lt. Col. West is a resident and domiciliary of Dallas, Dallas County, Texas, and he has no ties to the Commonwealth of Virginia sufficient to render him amenable to suit here. "Determining the extent of a State's judicial power over persons outside of its borders . . . can be undertaken through two different approaches—by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002) (citation omitted). Because Lt. Col. West is not subject to either general or specific personal jurisdiction in Virginia, the claims against him should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

### A. This Court Lacks General Jurisdiction Over Lt. Col. West.

First, Lt. Col. West is not subject to general jurisdiction in Virginia. "A court exercises general personal jurisdiction when it exercises personal jurisdiction over a defendant in a suit not arising out of the defendant's contacts with the forum." *Titan Atlas Mfg. v. Sisk*, Case No. 1:11cv00012, 2011 U.S. Dist. LEXIS 93287, *20-21 (W.D. Va. Aug. 22, 2011) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16 (1984)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011); *cf. Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). As detailed in Lt. Col. West's accompanying declaration, he is a

resident and domiciliary of Dallas, Texas, who maintains no form of residence in Virginia. (West Decl. ¶¶ 3-4.) Moreover, he does not maintain a business office in Virginia. (*Id.* ¶ 5.) As such, this Court cannot exercise general jurisdiction over Lt. Col. West.

### B. Lt. Col. West Is Not Subject To Specific Jurisdiction In This Court.

The limits Virginia's long-arm statute as well as the due process clause likewise preclude the exercise of specific jurisdiction to rescue plaintiff's attempt to sue Lt. Col. West in this Court.

#### 1. *The Virginia Long-Arm Statute Does Not Reach Lt. Col. West.*

First, contrary to the allegations of plaintiff's amended complaint, there is no basis for suing Lt. Col. West in Virginia under the Virginia long-arm statute. Plaintiff's amended complaint cites two provisions, but neither is applicable to the instant controversy. Section § 8.01-328.1(A)(1) applies to a defendant who is "[t]ransacting any business in this Commonwealth." For the provision to apply to a single transaction, however, the cause of action itself must arise from the transaction; simply engaging in communication of a nationwide scope will not suffice. *See Processing Research, Inc. v. Larson*, 686 F. Supp. 119, 121-22 (E.D. Va. 1988) (discussing *Unidyne Corp. v. Aerolineas Argentinas*, 590 F. Supp. 391, 396 (E.D. Va. 1984)). Section § 8.01-328.1(A)(4) of the Virginia long-arm statute is even more inapposite. It requires "tortious injury in this Commonwealth by an act or omission outside this Commonwealth if [the defendant] regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth."

As Lt. Col. West's declaration makes clear—even assuming the domains AllenWest.com or AllenBWest.com were transacting business in Virginia (a highly dubious proposition that is denied)—Lt. Col. West was not involved with those domains and the website that utilized them. (West Decl. ¶ 7.) Indeed, plaintiff's complaint fails to even assert facts sufficient to state a *prima*

7

*facie* case that Lt. Col. West had any involvement whatsoever in publication of the article at issue, as plaintiff has instead elected to rest on unadorned (and false) generalities that amount to nothing but rank speculation about how Lt. West might have been involved. (*See, e.g.*, Pl.'s Am. Compl. ¶¶ 125-44). Furthermore, plaintiff's complaint fails to undertake any effort whatsoever at explaining how Lt. Col. West "regularly does or solicits business" in Virginia, "engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered" in the Commonwealth. (*See id.* ¶ 7.) Accordingly, plaintiff has failed to establish that the Court may exercise personal jurisdiction under Virginia's long-arm statute.

2. *The Due Process Clause Does Not Permit Specific Jurisdiction Over Lt. Col. West.*

Any remaining question about the impermissibility of subjecting Lt. Col. West to specific jurisdiction in Virginia is obviated by the limitations imposed by the Due Process Clause of the Fourteenth Amendment. "In determining specific jurisdiction," courts look to "[(1)] the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan*, 293 F.3d at 712 (citations omitted). "[T]o justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that 'they amount to a surrogate presence and thus render the sovereignty just.'" *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277-78 (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997)). Thus, the plaintiff must "show that the defendant 'purposefully directed his activities at the residents of the forum' and that the plaintiff's cause of action 'arise[s] out of' those activities" lest the defendant be "'haled into a jurisdiction solely as a result of random,

fortuitous, or attenuated contacts.'" *Id.* at 277 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation and quotation omitted)).

Plaintiff's amended complaint fails to satisfy this standard for specific jurisdiction as to Lt. Col. West. Even taken at face value, plaintiff's amended complaint describes nothing more than the publication of statements on a website. (*See, e.g., id.* ¶ 125.) The fact that a statement may have been accessible in a particular forum will not, itself, give rise to specific jurisdiction over the alleged speaker. *Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002) ("'[A] person's act of placing information on the Internet' is not sufficient by itself to 'subject[] that person to personal jurisdiction in each State in which the information is accessed.'") (quoting *ALS Scan*, 293 F.3d at 714). To the contrary, as the Fourth Circuit has recognized, the Constitution requires specific conduct directed to the forum. *See, e.g., id.* at 263 (quoting *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) (evidence must exist that defendants "directed [their] activity in a substantial way to the forum state")).

Therefore, even deeming Lt. Col. West to be the speaker of the challenged statements at issue (which he was not) would not give rise to specific jurisdiction over him in this Court, and the claims against him should therefore be dismissed. Of course, here, the Court also has benefit of the verified allegations contained in Lt. Col. West's declaration. As explained in his declaration, Lt. Col. West was not the author of the allegedly defamatory article, did not contribute to it, and was not even the owner or operator of the website on which it was posted. (*See* West Decl. ¶¶ 6-7.) In light of this evidence, the Court plainly lacks specific jurisdiction over the claims against Lt. Col. West. *See, e.g., FireClean, LLC v. Tuohy*, Case No. 1:16-cv-0294, 2016 U.S. Dist. LEXIS 96294, *19-24 (E.D. Va. July 21, 2016) (rejecting claim of specific jurisdiction over defendant for allegedly defamatory statements on the internet).

9

### III. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST LT. COL. WEST.

The lack of effort undertaken by plaintiff to satisfy the rigors of *Twombly* and *Iqbal* in suing Lt. Col. West would be egregious enough if this were a typical lawsuit; plaintiff's failures are all the more troubling given the fact that the lawsuit attempts to use the courts to curtail the exercise of First Amendment rights. As explained below, even when the verified proof submitted by Lt. Col. West is ignored and only the allegations of plaintiff's amended complaint are considered under Rule 12(b)(6), plaintiff has utterly failed to state a claim upon which relief can be granted as to Lt. Col. West.[1]

#### A. Plaintiff Fails To Plausibly Allege That Lt. Col. West Was Involved With The Article Complained Of.

The very face of plaintiff's amended complaint fails to make any plausible allegation that Lt. Col. West was involved with the article authored by Mr. Wilburn. Plaintiff does not allege that Lt. Col. West wrote the article, that he contributed to the article, that he edited the article, or that he had any decision in whether to publish it. (*See, e.g.*, Pl.'s Am. Compl. ¶¶ 125-44). To the contrary, plaintiff appears to rest his claims against Lt. Col. West on mere generalities by lumping Lt. Col. West in with defendants Wilburn, Hickford, and Word-N-Ideas, LLC, while making no effort to describe how any allegedly actionable conduct flowing from Mr. Wilburn's article can be attributed to Lt. Col. West. *Cf. Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 791-92 (Tex. 2006) (generally a principal is not liable for the torts of an independent contractor). As such, plaintiff's

---

[1] A federal court sitting in diversity applies the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). In tort actions, Virginia applies the *lex loci delicti*—the law of the "'place of the wrong' . . . [that is] the place 'the last event necessary to make an [actor] liable for an alleged tort takes place.'" *Ford Motor Co. v. Nat'l Indem. Co.*, 972 F. Supp. 2d 850, 856 (E.D. Va. 2013) (citations omitted). As plaintiff appears to concede that Lt. Col. West has at all times been a resident of Texas, Texas law would apply to his actions in this case.

allegations as to Lt. Col. West should be dismissed under Rule 12(b)(6).

### B. The Article In Question Is Not Defamatory.

Under Texas law, a claim for defamation requires the plaintiff to prove "(1) the defendant published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with malice, if the plaintiff was a public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 958 (E.D. Tex. 2011) (citations omitted). Proving defamation requires a false statement, which cannot occur where the statement is substantially true. *See, e.g., McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990).

Plaintiff has attached the article in question by Mr. Wilburn (*see* Ex. H to Pl.'s Am. Compl.), which makes it subject to consideration by the Court on this motion. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). In point of fact, what examination of the attached article shows is that Mr. Wilburn was quoting another website (*YourNewsWire.com*), which is itself quoting an unidentified witness. (*Id.*) Mr. Wilburn's primary contribution here was to add a note of caution: "We need to clarify that these are early accounts and as yet unverified[.]" (*Id.*) Thus, to the extent any certitude might have been attached by a reader, this disclaimer removed it. *See Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989) ("[A]llegedly libelous statements must be construed as a whole, in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement.").

Moreover, not only has plaintiff failed to allege that any detail of Mr. Wilburn's article flunks the test of being substantially true, but plaintiff has also not alleged that the statements it contains actually carry with them defamatory meaning. To qualify a defamatory, a statement must

11

"tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury." *Delta Air Lines, Inc. v. Norris*, 949 S.W.2d 422, 426 (Tex. Ct. App. 1997). Nothing allegedly uttered by Mr. Wilburn in his article can plausibly satisfy this standard of Texas defamation law.

### C. Plaintiff Fails To Plausibly Allege Actual Malice As Required.

For purposes of First Amendment analysis, plaintiff is a so-called "limited purpose public figure," as a result of the fact that he, by his own admission, "voluntarily injected himself into a public controversy 'in order to influence the resolution of the issues involved.'" *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 708 (4th Cir. 1991) (*en banc*) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974)). More specifically, in determining whether an individual has become a limited purpose public figure, the Fourth Circuit looks to the following factors:

> [W]hether (1) the plaintiff has access to channels of effective communication, (2) the plaintiff voluntarily assumed a role of special prominence in the controversy, (3) the plaintiff sought to influence the resolution of the controversy, (4) the controversy existed prior to the publication of the defamatory statements, and (5) the plaintiff retained public figure status at the time of the alleged defamation.

*Carr v. Forbes, Inc.*, 259 F.3d 273, 280 (4th Cir. 2001). The consequence of being deemed a limited purpose public figure is that the plaintiff may only recover upon showing the defendant acted with "actual malice." *Id.* at 282.

Plaintiff's own very detailed complaint describes how he injected himself into the reporting on public events (*see, e.g.*, Pl.'s Am. Compl. ¶¶ 30-35), which makes him easily qualify as a limited purpose public figure. Nevertheless, there are no facts alleged to make for a plausible claim that Lt. Col. West ever in any way acted with actual malice toward plaintiff. *See, e.g., Ugwuonye v. Rotimi*, Civil No. PJM 09-658, 2012 U.S. Dist. LEXIS 166959, *5, *8 (D. Md. Nov. 26, 2012)

("The actual malice standard is intended to give wide berth to reports on public figures and matters of public interest . . . . Demonstrating actual malice poses a heavy burden[.]"). As a result, plaintiff's allegations against Lt. Col. West necessarily fail.

### D. Plaintiff Fails To Assert A Plausible Claim For Emotional Distress.

Texas law requires a plaintiff asserting a claim for intentional infliction of emotional distress to satisfy elements that plaintiff has not plausibly alleged in his amended complaint. Thus, to prove intentional infliction of emotional distress, the plaintiff must show that the defendant intentionally or recklessly engaged in extreme and outrageous conduct that proximately caused the plaintiff's emotional distress and that the plaintiff's emotional distress was severe. *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002). Here, plaintiff alleges—at most—statements that might be said to be factually incorrect about plaintiff's activities. But, nothing in the article by Mr. Wilburn can be said to be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society,'" *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993), which is what would be required before they could support a claim for intentional infliction of emotional distress. Moreover, as noted above, plaintiff has alleged no facts from which to plausibly conclude that Lt. Col. West intentionally or recklessly engaged in any such activity with respect to Mr. Wilburn's article. And, plaintiff has alleged no facts describing any sort of *severe* emotional distress. *See Motsenbocker v. Potts*, 863 S.W.2d 126, 132 (Tex. Ct. App. 1993) ("[T]he distress inflicted must be so severe that no reasonable man could be expected to endure it.") (internal quotation marks and citation omitted).

To the contrary, plaintiff's claim for intentional infliction of emotional distress is but an impermissible attempt to circumvent the strictures of a claim for defamation. *See, e.g., Draker v.*

13

*Schreiber*, 271 S.W.3d 318, 323 (Tex. Ct. App. 2008) (the tort was "never intended as an easier and broader way to allege claims already addressed by our civil and criminal laws, nor was it intended to replace or duplicate existing statutory or common law remedies"); *cf. Hustler Magazine v. Falwell*, 485 U.S. 46, 55-56 (1988). Accordingly, plaintiff's claim against Lt. Col. West for intentional infliction of emotional distress should be dismissed under Rule 12(b)(6).[2]

## CONCLUSION

For the above reasons, Lt. Col. Allen B. West respectfully asks that plaintiff's claims be dismissed and that he be awarded appropriate attorneys' fees and costs.

This the 22nd day of May, 2018.

Respectfully submitted,

DALE JENSEN, PLC

BY: s/Dale R. Jensen
Dale R. Jensen (VSB No. 71109)
606 Bull Run
Staunton, VA 24401
Telephone: (434) 249-3874
Facsimile: (866) 372-0348
djensen@jensenjustice.com

THOMAS MORE LAW CENTER

BY: s/B. Tyler Brooks
B. Tyler Brooks (N.C. Bar No. 37604) *†
Richard Thompson (Mich. Bar No. P21410)*
24 Frank Lloyd Wright Drive
Suite J 3200 (P.O. Box 393)
Ann Arbor, MI 48106
Telephone: (734) 827-2001

---

[2] Because plaintiff has failed to establish a *prima face* case for defamation and this action relates to a matter of public concern, Lt. Col. West is entitled to recovery of reasonable costs and attorneys' fees under the Texas Citizens Participation Act, Tex. Civ. Prac. & Rem. Code § 27.001 *et seq.*, and he therefore respectfully asks that he be awarded such costs and fees upon dismissal. Alternatively, under Virginia law, any statements allegedly attributable to Lt. Col. West are entitled to immunity, and upon dismissal of the action, he requests recovery of reasonable attorneys' fees and costs pursuant to Va. Code Ann. § 8.01-223.2.

Fax: (734) 930-7160
tbrooks@thomasmore.org
rthompson@thomasmore.org

[†]Admitted to practice law in North Carolina, South Carolina, and Tennessee. Not admitted to practice law in Michigan.

*Admitted *pro hac vice*.

*Attorneys for Defendant Allen B. West*

## CERTIFICATE OF SERVICE

It is hereby certified that on that on this date the foregoing document was filed with the Court's CM/ECF system, which will send notice of such filing to counsel for all parties of record. Parties may access this document through the Court's CM/ECF system.

Date: <u>May 22, 2018</u>                              <u>s/B. Tyler Brooks</u>
                                                                           B. Tyler Brooks
                                                                           THOMAS MORE LAW CENTER
                                                                           *Counsel for Defendant Allen West*