# Exhibit I



606 Bull Run
Staunton, VA 24401
Phone: (434) 249-3874 Fax: (866) 372-0348
E-Mail: djensen@jensenjustice.com Web:
www.dalejensenlaw.com

May 7, 2018

Via US Mail and Email (andrew.mendrala@georgetown.edu and abf48@law.georgetown.edu)

Andrew Charles Mendrala
Aderson Francois
Georgetown Law Civil Rights Clinic
600 New Jersey Avenue N.W.
Washington, DC 20001

     Re:   *Brennan Gilmore v. Alexander E. Jones et al.*
            W.D. Va. Case No.: 3:18-cv-00017-GEC

Dear Messrs. Mendrala and Francois:

     We write on behalf of our client, Lt. Col. Allen B. West, United States Army (Ret.), whom we represent in the action you have filed for plaintiff Brennan Gilmore in the United States District Court for the Western District of Virginia. This letter shall serve as informal notice of your violation of Rule 11 of the Federal Rules of Civil Procedure. As described below, the amended complaint signed and filed by you as Mr. Gilmore's counsel violates Rule 11 in several respects as to its allegations against Lt. Col. West. Because Mr. Gilmore possesses no claim against Lt. Col. West, we formally demand that you immediately dismiss him from this lawsuit.

     By way of background, you should know that Lt. Col. West is a retired military officer and distinguished patriot, who has spent his life in the service of his country. During his 22 years in the United States Army, Lt. Col. West served as a Field Artillery Officer in several combat zones: Operation Desert Storm; Operation Iraqi Freedom, where he was battalion commander for the Army's 4th Infantry Division; and Afghanistan, where he trained Afghan officers. Qualified as an Army Master Parachutist, Lt. Col. West's decorations include the Bronze Star, the Meritorious Service Medal (two oak leaf clusters), the Army Commendation Medal (three Oak Leaf Clusters, one Valor Device), and the Valorous Unit Award. After his retirement from the Army, Lt. Col. West was elected to the United States House of Representatives for Florida's 22nd Congressional District.

     As you are no doubt aware, under Rule 11, an attorney who signs a pleading certifies, among other things, that "that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims . . . are warranted by existing law [and] . . . the factual contentions have evidentiary support[.]" Fed. R. Civ. P. 11(b)(2)-(3). "[A] complaint containing allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to sanctions." *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990).

In this case, the allegations leveled against Lt. Col. West could not have been made if counsel had engaged in a reasonable investigation of the facts. More specifically, the claims against Lt. Col. West focus upon an article that was allegedly published on the website AllenWest.com. The article is question is said to be authored by Derrick Wilburn of Colorado Springs, Colorado. The amended complaint alleges that Lt. Col. West owned this website and, further, that "[a]t the time the false and defamatory statements were made, Defendant Wilburn was an employee and/or agent of" Lt. Col. West. (Am. Compl. ¶ 278.) The amended complaint further asserts that Lt. Col. West "participated in, produced, and ratified Defendant Wilburn's conduct[.]" (*Id.* ¶ 280.) These statements are demonstrably untrue, and no reasonable investigation into these allegations would have revealed them to be anything other than false.

The domains AllenBWest.com and AllenWest.com were purchased and operated by Words-n-Ideas, LLC, and an individual named Michele Hickford, both of whom you have now also sued. Lt. Col. West had granted permission for the operation of a website bearing his name, but he possessed no ownership interest in the website and had no involvement with its operation. Furthermore, there is absolutely no evidence to support the notion that Mr. Wilburn was Lt. Col. West's "employee and/or agent" because he is not. Similarly, Ms. Hickford rather than Lt. Col. West was—until very recently—the manager of the Twitter account that bore the name "Allen West." Though the amended complaint (unlike the original complaint) actually acknowledges your being on notice of this information, you inexplicably decided to re-allege your claims against Lt. Col. West without any basis in fact. Accordingly, there exists no factual basis upon which to impute to Lt. Col West liability for any allegedly tortious actions of Ms. Hickford, Words-n-Ideas, LLC, or Mr. Wilburn, and the claims against him necessarily fail.[1]

Finally, the complaint contains no shortage of allegations that the defendants, including Lt. Col. West, acted with malice. (*See, e.g.,* Am. Compl. ¶¶ 134, 210, 275.) To recover from Lt. Col. West, Mr. Gilmore would need to prove by clear and convincing evidence that he made a false statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Carr v. Forbes, Inc.*, 259 F.3d 273, 282 (4th Cir. 2001) (citation omitted). As the facts described above make clear, however, any allegation that Lt. Col. West acted with actual malice is simply untenable because he had no involvement with either AllenWest.com or the "Allen West" Twitter account.

As such, you have apparently filed an amended complaint making serious allegations against Lt. Col. West without undertaking the steps required to investigate the claims asserted against him. This failure is especially egregious in the instant case because it appears Lt. Col. West was included as a defendant simply to gain media attention and that he was thus included for an improper purpose. *See* Fed. R. Civ. P. 11(b)(1) (an attorney's signature certifies that the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

Therefore, we demand that you immediately dismiss Mr. Gilmore's claims against Lt. Col. West **on or before May 11, 2018**. If you refuse, we will begin the process of formally seeking sanctions under Rule 11, 28 U.S.C. § 1927, and state law. Please do not hesitate to call or email us with any questions.

---

[1] Likewise, there are no grounds to support the exercise of personal jurisdiction over Lt. Col. West in the Commonwealth of Virginia.

Sincerely,

Dale R. Jensen

*Of Counsel:*   Richard Thompson[†]
B. Tyler Brooks[†*]
THOMAS MORE LAW CENTER
24 Frank Lloyd Wright Drive
P.O. Box 393
Ann Arbor, MI 48106

[†]*Pro hac vice* application pending.

*[*]Admitted to practice to law in NC,
SC, and TN. Not admitted in MI.*