IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| BRENNAN M. GILMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:18-cv-00017 |
| ) | |
| ALEXANDER E. (ALEX) JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION OF THE PARENTS OF THE SANDY HOOK VICTIMS TO FILE AN AMICI CURIAE BRIEF IN SUPPORT OF BRENNAN M. GILMORE

The proposed Amici Curiae, Leonard Pozner, Veronique De La Rosa, and Neil Heslin, by counsel, move to file their amici curiae brief in opposition to Defendants' Motion to Dismiss, for the following reasons:

1. The Amici Curiae are parents of children killed at the Sandy Hook Elementary School Shooting in 2012. They have each brought similar defamation lawsuits against Alex Jones and InfoWars in Texas. The parents have experienced InfoWars' campaign of reckless defamation first hand: each has been accused of outlandish crimes founded upon deadly serious falsehoods, and each has suffered the foreseeable fallout of InfoWars' malicious accusations. The parents seek to appear as amici curiae solely to address InfoWars' substantive argument that its comments cited in this matter were not defamatory, and specifically that its comments were rhetorical hyperbole and not to be taken as literal statements. The parents are experienced in the real-world effects of InfoWars' reckless pattern of defamation as it relates to these issues. The parents' unique experience and perspective on these issues will assist the Court in dispelling InfoWars' preposterous assertion that its false and incendiary accusations against Brennan Gilmore are to be taken as mere rhetoric.

1

2. This Court has "broad discretion" to allow third parties to file *amicus curiae* briefs. *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). A court may grant leave to appear as an amicus if the information offered is "timely and useful." *Id.* (citing *Bryant v. Better Bus. Bureau*, 923 F. Supp. 720, 727–28 (D. Md. 1996)). "Such non-party participants have been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Id.* (internal citations and quotations omitted). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties." *United States v. El-Gabrowny*, 844 F. Supp. 955 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *D.C. v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russel v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

3. There are tremendous potential ramifications of this Court's decisional analysis of the issues presented in InfoWars' motion to dismiss. Due to the great public interest in these issues, it is prudent for this Court to consider the perspective of persons who have been similarly affected by InfoWars' actions.

4. No party will suffer prejudice by the timing of this motion. The motions to dismiss will not be fully briefed until July 10, 2018. There is no hearing set on the motions to dismiss. The parents' proposed amici curiae brief is only five pages in length. Should any party find it necessary, there is ample opportunity to file a brief responsive to the amici curiae brief.

5. The plaintiff has consented to the filing of this motion. All defendants object to the filing of this motion.

2

6. A copy of the parents proposed amici curiae brief is attached as **Exhibit 1**.

WHEREFORE, the proposed Amici Curiae, Leonard Pozner, Veronique De La Rosa, and Neil Heslin, by counsel, move this Court for entry of an Order substantially in the form of **Exhibit 2** granting their motion to file an amici curiae brief.

**Date:** June 26, 2018

Respectfully submitted,

By: /s/ Michael G. Matheson
          Counsel

Michael G. Matheson (VSB No. 82391)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac.: (804) 780-1813
mmatheson@t-mlaw.com

*Counsel for the Amici Curiae*

Mark Bankston (*Pro Hac Vice* pending)
Kaster, Lynch, Farrar & Ball, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Tel: (713) 221-8300
mark@fbtrial.com
(TX Bar #24071066)

*Of Counsel for the Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 26, 2018, a true and correct copy of the foregoing was filed electronically via the CM/ECF system and that a Notice of Electronic Filing (NEF) was thereby sent to all counsel of record.

/s/ Michael G. Matheson

Michael G. Matheson (VSB No. 82391)
*Thompson*McMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
Tel.: (804) 698-5933
Fac: (804) 780-1813
mmatheson@t-mlaw.com

*Counsel for the Amici Curiae*