IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRENNAN M. GILMORE,<br>Plaintiff,<br>v.<br>ALEXANDER E. JONES, et al.,<br>Defendants. | Case No. 3:18- cv-00017 (GEC) |

## OPPOSITION TO MOTION TO FILE AMICUS BRIEF

Defendants Alex Jones, Lee Ann McAdoo, Infowars, LLC, and Free Speech Systems, LLC (collectively, the "Free Speech Defendants"), oppose the motion of non-party litigants Leonard Pozner, Veronique de la Rosa, and Neil Heslin to file an amicus brief in this case and respectfully urge the Court to deny it.

There is no right to participate as an amicus before the Court. *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012); *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). Instead, "[t]he privilege of being heard amicus rests in the discretion of the court which may grant or refuse leave according as it deems the proffered information timely, useful, or otherwise." *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). "[A]cceptance of an intervenor as amicus curiae should be allowed only sparingly." *Donovan v. Gillmor*, 535 F. Supp. 154, 159 (N.D. Ohio 1982). The Court should exercise its discretion to deny the motion for three reasons.

First, the motion is untimely and burdensome. Pursuant to the Court's scheduling order, the Plaintiff filed his response to the Defendants' motions to dismiss on June 20, 2018. ECF No. 52 at 2. Defendants have until July 10, approximately two and a half weeks, to respond to what is now already over 135 pages of material. *Id.* Adding additional pages at this late stage prejudices the Defendants, particularly in light of the past case delays due to the Plaintiff's amendments to his complaint and the complicated scheduling caused by the case's many participants. Additional participants will only encumber the briefing and scheduling processes further. Moreover, it is

plain from correspondence with counsel to the amici that the amici were well aware of the briefing schedule at least as of the time the Plaintiff's brief was due, *see* Attachments 1, 2, but nonetheless delayed until now to file the brief. They further delayed in informing the parties about the length of the brief, issues to be addressed, interest of the amici, or even when they intended to file the brief until a week after the Plaintiff and his other amici filed their briefs. *See* Attachments 3, 4. And, although they informed Defendants' counsel that their proposed brief is "only five pages in length," Motion ¶ 4, it includes over 40 pages of attachments, *see* ECF No. 83-1.

Second, the proposed *amicus* brief consists almost entirely of extra-record materials irrelevant to the legal issues presented by the Defendants' motions to dismiss. Information that is not relevant is, by definition, not "useful" to the Court. *Leigh*, 535 F. Supp. at 420. Moreover, the proposed amici are not law professors, government agents, or trade groups with unique knowledge that may "provide helpful analysis of the law." *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996). They are litigants in a separate case who apparently have an axe to grind with these Defendants. But amicus participation is not appropriate to "present a partisan view of the facts," *Tiara Corp. v. Ullenberg Corp.*, 1987 WL 16612, at *2 (N.D. Ill. Sept. 1, 1987)—especially when the facts known to the proposed amici are from a separate and unrelated case and are doubly irrelevant to motions under Rule 12, where only the pleadings count.

Third, the proposed amici do not have an "interest" that might be affected "by operation of stare decisis or res judicata." *Laborers Local 236, AFL-CIO v. Walker*, 2013 WL 4875995, at *3 (W.D. Wis. Sept. 11, 2013). The claim the proposed amici have brought in Connecticut has nothing to do with the Charlottesville incident that was the subject of the statements the Plaintiff here claims are defamatory. And, because federal courts are not forums in which to try persons' character, *see* Fed. R. Evid. 404, neither claim, even if proven, would be relevant to liability in the other case. The proposed amici have no legitimate interest in meddling in this case to allege a supposed "reckless pattern of defamation as it relates to these issues." Motion ¶ 1. Whatever

2

basis the amici think they have to proceed against the Defendants in Connecticut, they must assert it in that case—not here.

For these reasons, the motion should be denied.

June 26, 2018                                                          Respectfully submitted,

| | |
|---|---|
| TREMBLAY & SMITH, PLLC | BAKER HOSTETLER LLP |
| Thomas E. Albro (VSB #12812)<br>Evan D. Mayo (VSB #89383)<br>105-109 E. High Street<br>Charlottesville, VA 22902<br>Telephone: (434) 977-4455<br>Facsimile: (434) 979-1221<br>tom.albro@tremblaysmith.com<br>evan.mayo@tremblaysmith.com<br><br>*Co-Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner* | /s/ Elizabeth A. Scully<br>Elizabeth A. Scully (VSB #65920)<br>Mark I. Bailen (*Pro Hac Vice* forthcoming)<br>Andrew M. Grossman (*Pro Hac Vice* forthcoming)<br>Richard B. Raile (VSB #84340)<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5304<br>Telephone: (202) 861-1500<br>Facsimile: (202) 861-1783<br>escully@bakerlaw.com<br>mbailen@bakerlaw.com<br>agrossman@bakerlaw.com<br>rraile@bakerlaw.com<br><br>*Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner*<br><br>WALLER LANSDEN DORTCH & DAVIS, LLP<br><br>Eric J. Taube<br>100 Congress Avenue, Suite 1800<br>Austin, TX 78701<br>Telephone: (512) 685-6401<br>eric.taube@wallerlaw.com<br><br>Robb S. Harvey<br>511 Union Street, Suite 2700<br>Nashville, Tennessee 37219<br>Telephone: (615) 244-5380<br>robb.harvey@wallerlaw.com<br><br>*Of Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner* |

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Elizabeth A. Scully
Elizabeth A. Scully (VSB #65920)
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783
escully@bakerlaw.com