CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

03/29/2019

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| BRENNAN M. GILMORE, | CASE No. 3:18-cv-00017 |
| *Plaintiff,* | **ORDER** |
| v. | |
| ALEXANDER ("ALEX") E. JONES, *ET AL.,* | JUDGE NORMAN K. MOON |
| *Defendants.* | |

This matter is before the Court upon Defendants Hoft, Creighton, Wilburn, Hickford, and Words-N-Ideas's motion for sanctions under Fed. R. Civ. P. 11. (Dkt. 101). Defendants argue that Gilmore violated Rules 11(b)(2) and 11(b)(3) by asserting without a proper basis that this Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants, (dkt. 102 at 2–5), and by bringing supposedly baseless claims of defamation and IIED against Defendants. (*Id.* at 5–7). Additionally, Defendants contend that Gilmore violated Rule 11(b)(1) by filing suit "with the improper purpose of harassing" Defendants and "terroriz[ing]" them "into silence." (*Id.* at 22, 13). Defendants' motion for sanctions is without merit and will be denied.

"[M]aintaining a legal position to a court is only sanctionable when, in applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified." *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 154 (4th Cir. 2002) (internal citation and quotation omitted). "The legal argument must have absolutely no chance of success under existing precedent" to merit sanctions under Rule 11. *Id.* "[C]reative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Id.*

For the reasons delineated in its recent memorandum opinion, the Court has denied Defendants' motions to dismiss under Rules 12(b)(1) and 12(b)(2), as well as Defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim for defamation. Thus, the Court obviously cannot say that Gilmore's legal arguments with respect to subject matter jurisdiction, personal jurisdiction, and defamation had "absolutely no chance of success under existing precedent." *Id.* Although the Court has dismissed Gilmore's IIED claims, these fall into the category of claims that "merit dismissal, but not punishment." *Id.* Since all of Gilmore's claims are either adequately pled or had some "chance of success under the existing precedent," the Court finds no merit in Defendants' contention that Gilmore filed this suit for the sole purpose of harassing Defendants. *Id.*

Accordingly, Defendants' motion for sanctions, (dkt. 101), is hereby **DENIED**.[1]

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this order to all counsel of record.

Entered this _29th_ day of March, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The briefs submitted by counsel for Defendants Hoft, Creighton, Stranahan, Wilburn, Hickford, and Words-N-Ideas are littered with references to various films and novels, as well as inflammatory characterizations of Gilmore's arguments as, for instance, "lazy," "ridiculous," "truly bizarre," and "ludicrous flights of fancy." (*See, e.g.*, dkts. 47 at 62–67, 86; 102 at 11). Similarly, counsel for Defendants Jones, InfoWars, Stranahan, McAdoo, and Free Speech Systems characterize Gilmore's arguments as, for instance, "preposterous[]," "gratuitous[]," and "wild-eyed extrapolation," and contend that Plaintiff is "using this Court for a publicity stunt against a political opponent." (*See, e.g.*, dkt. 57 at 16, 26–27). Bloating a brief with irrelevant cultural allusions is inappropriate, and employing incendiary descriptors of opposing counsel's arguments is unprofessional. All counsel are admonished to maintain professionalism and respect for opposing counsel throughout future stages of this litigation.

2