IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

BRENNAN M. GILMORE,

Plaintiff,

v.

ALEXANDER E. JONES, et al.,

Defendants.

Case No. 3:18-cv-00017-NKM

### FREE SPEECH DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants Alex Jones ("Jones"), Lee Ann McAdoo ("McAdoo"), InfoWars, LLC ("InfoWars"), and Free Speech Systems, LLC ("Free Speech Systems"), (collectively, the "Free Speech Defendants"), by and through their counsel, answer Plaintiff Brennan M. Gilmore's ("Gilmore") Amended Complaint (Dkt. 29), (the "Complaint") as follows:

### INTRODUCTION

In response to Plaintiff's "Introduction" of his Complaint, the Free Speech Defendants state that the Introduction contravenes Rule 10(b) of the Federal Rules of Civil Procedure, which requires that a party "must state its claims [ ] in numbered paragraphs each limited as far as practicable to a single set of circumstances," is inconsistent with Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and prejudices the Free Speech Defendants' ability to respond to discrete allegations against them. The Introduction contains legal conclusions, characterizations of this action, and argument to which no response is required. To the extent any further response is required, the Free Speech Defendants deny Plaintiff's assertions and arguments in the Introduction.

This answer is made on behalf of the Free Speech Defendants identified above, and all admissions and denials pertain only to those four Defendants (unless otherwise referenced in the

1

response).  To the extent Plaintiff's allegations refer to all Defendants, each answer by the Free Speech Defendants, should be read to incorporate by reference the answer that the Free Speech Defendants lack sufficient knowledge or information sufficient to form a belief as to truth of the matters asserted therein as to the other Defendants.

## JURISDICTION AND VENUE

1.      The Free Speech Defendants deny the allegations contained in paragraph 1 of the Complaint

2.      The Free Speech Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      In response to the allegations contained in paragraph 3 of the Complaint, the Free Speech Defendants lack knowledge or information sufficient to form a belief as to truth of the remaining matters asserted therein, except admit that they are diverse in citizenship from Plaintiff.

4.      The Free Speech Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      The Free Speech Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      The Free Speech Defendants deny the allegations contained in paragraph 6 of the Complaint,

7.      The Free Speech Defendants deny the allegations contained in paragraph 7 of the Complaint.

8.      The Free Speech Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.      In response to the allegations contained in paragraph 9 of the Complaint, Defendant McAdoo denies the allegations for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.  Defendants Free Speech Systems, Jones and InfoWars deny that InfoWars operates a website and deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to truth of the remaining matters asserted therein.

10.      In response to the allegations contained in paragraph 10 of the Complaint, Defendant McAdoo denies the allegations for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.  Defendants Free Speech Systems, Jones and InfoWars deny the allegations contained in paragraph 10 of the Complaint, except admit that Free Speech Systems sells products online and Defendant Jones has a radio show that is aired on Genesis Communication Network's Virginia affiliate stations.

11.      In response to the allegations contained in paragraph 11 of the Complaint, the Free Speech Defendants deny the allegations, except admit that Defendant McAdoo conducted an interview that discussed, in part, the rally held in Charlottesville on August 12, 2017 and Defendant Jones aired commentary on his radio show that concerned, in part, the rally held in Charlottesville on August 12, 2017.

12.      The Free Speech Defendants deny the allegations contained in paragraph 12 of the Complaint.

## PARTIES

13.      In response to the allegations contained in paragraph 13 of the Complaint, the Free Speech Defendants deny the allegations in paragraph 13 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein, except they admit that Plaintiff served as chief of staff to the campaign of Democratic candidate for governor

Tom Perriello and has also been employed by the U.S. government in the United States State Department.

14.     In response to the allegations contained in paragraph 14 of the Complaint, Defendant McAdoo denies the allegations for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.  Defendant Free Speech Systems, Jones and InfoWars deny the allegations in paragraph 14 of the Complaint, except admit that Jones is domiciled in Austin, Texas, and admit that Jones hosts various radio and web-based shows.  The Free Speech Defendants aver that the footnoted articles referenced in paragraph 14 of the Complaint speak for themselves.

15.     In response to the allegations contained in paragraph 15 of the Complaint, Defendant McAdoo denies the allegations for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.  Defendant Free Speech Systems, Jones and InfoWars deny the allegations in paragraph 15 of the Complaint, except admit that Defendant InfoWars is a Texas limited liability company.

16.     In response to the allegations contained in paragraph 16 of the Complaint, Defendant McAdoo denies she made any defamatory statements about Plaintiff and denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.  Defendant Free Speech Systems, Jones and InfoWars deny the allegations in paragraph 16 of the Complaint, except admit that Free Speech Systems is a Texas limited liability company that owns and operates www.infowars.com and, according to the Free Speech Systems' media kit, Jones is the owner of Free Speech Systems.

17.     In response to the allegations contained in paragraph 17 of the Complaint, the Free Speech Defendants deny the allegations for lack of knowledge or information sufficient to form a

belief as to truth of the matters asserted therein, except they admit that Defendant Stranahan appeared in a video that was posted on the website Infowars.com on August 15, 2017.  Defendants Free Speech Systems, InfoWars and Jones deny that Defendant InfoWars posted the video in which Defendant Stranahan appeared.

18.     In response to the allegations contained in paragraph 18 of the Complaint, the Free Speech Defendants deny the allegations, except admit that Defendant McAdoo is domiciled in Sarasota, Florida, that she interviewed Defendant Stranahan in a video that was posted on the website Infowars.com on August 15, 2017 and that she authored the text that accompanied the posted video.

19.     The allegations contained in paragraph 19 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

20.     The allegations contained in paragraph 20 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

21.     The allegations contained in paragraph 21 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

22.     The allegations contained in paragraph 22 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

23.     The allegations contained in paragraph 23 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

24.     The allegations contained in paragraph 24 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

## FACTUAL ALLEGATIONS

*The "Unite the Right" Rally*

25.     The allegations contained in paragraph 25 of the Complaint are admitted.

26.     In response to the allegations contained in paragraph 26 of the Complaint, the Free Speech Defendants admit that certain persons present in Charlottesville on August 12, 2017, were dressed as described in paragraph 26. The remaining allegations are characterizations or speculation as to motive that do not require a response. To the extent a response is required, the Free Speech Defendants deny the remaining allegations contained in paragraph 26 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

27.     The Free Speech Defendants deny the allegations contained in paragraph 27 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

28.     In response to the allegations contained in paragraph 28 of the Complaint, the Free Speech Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein, except admit that physical altercations occurred in Charlottesville on August 12, 2017.

*James Alex Fields Jr.'s Attack*

29.     In response to the allegations contained in paragraph 29 of the Complaint, the Free Speech Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein, except admit that James Alex Fields Jr. drove a Dodge Challenger into a crowd of persons, killing one, Heather Heyer, and injuring others, and that Fields has been criminally charged.

30.     In response to the allegations contained in paragraph 30 of the Complaint, the Free Speech Defendants deny allegations for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein, except admit that Gilmore videotaped Mr. Fields driving a Dodge Challenger into a crowd of persons, killing one, Heather Heyer, and injuring others.

31.     The Free Speech Defendants deny the allegations contained in paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

32.     The Free Speech Defendants deny the allegations contained in paragraph 32 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein, except admit that Gilmore posted his videotaped footage of Mr. Fields driving a Dodge Challenger into a crowd of persons.

33.     The Free Speech Defendants deny the allegations contained in paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

34.     The Free Speech Defendants deny the allegations contained in paragraph 34 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein, except admit that Mr. Gilmore spoke with multiple television news networks and other new media on August 12 and 13, 2017 providing his views about what had happened in Charlottesville on August 12, 2017.

35.     The Free Speech Defendants deny the allegations contained in paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the matters asserted therein.

*Conspiracy Theories About the Attack*

36.     The Free Speech Defendants deny the allegations contained in paragraph 36 of the Complaint.

### Publication by Scott Creighton

37.     The allegations contained in paragraphs 37-61 of the Complaint concern the "Publication by Scott Creighton" with which the Free Speech Defendants had no involvement.   To the extent a response to these paragraphs is required by the Free Speech Defendants they deny the allegations contained paragraphs 37-61 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the allegations asserted therein, except Defendant Jones admits that he was aware of the Scott Creighton article "Charlottesville Attack, Brennan Gilmore and … the Stop Kony 2012 PYSOP? What?" on or around August 14, 2017.

### Publication by James Hoft

38.     The allegations contained in paragraphs 62-82 of the Complaint concern the "Publication by James Hoft" with which the Free Speech Defendants had no involvement.  To the extent a response is required to these paragraphs by the Free Speech Defendants, they deny the allegations contained paragraphs 62-82 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the allegations asserted therein, except Defendant Jones admits that he was aware of the James Hoft article "Random Man at Protests Interviewed by MSNBC, NY Time is Deep State Shill Linked to George Soros" in or around August 2017.

### Publications by InfoWars

39.     In response to the allegations contained in paragraph 83 of the Complaint, the Free Speech Defendants deny the allegations, except admit that text authored by McAdoo and an accompanying video entitled "Bombshell Connection Between Charlottesville, Soros, CIA," was

posted on the website www.infowars.com.  The posted text and video speak for themselves, and the Free Speech Defendants deny Plaintiffs' mischaracterizations of both.

40.     In response to the allegations contained in paragraph 84 of the Complaint, the Free Speech Defendants state that the video referenced in the paragraph and the quotes from the video speak for themselves.  The remaining allegations in paragraph 84 of the Complaint consist of characterizations and argument to which no response is required.  To the extent a response is required, the Free Speech Defendants deny the allegations in paragraph 84 of the Complaint.

41.     The Free Speech Defendants deny the allegations contained in paragraph 85 of the Complaint.

42.     The Free Speech Defendants deny the allegations contained in paragraph 86 of the Complaint.

43.     In response to the allegations contained in paragraph 87 of the Complaint,  the Free Speech Defendants deny the allegations as YouTube has removed the Alex Jones Channel and the video, however, they admit that the referenced video was posted on The Alex Jones Channel and lack information or knowledge sufficient to form a belief as to the truth of matters asserted in the third sentence of paragraph 87 of the Complaint.

44.     The Free Speech Defendants deny the allegations contained in paragraph 88 of the Complaint.

45.     The Free Speech Defendants deny the allegations contained in paragraph 89 of the Complaint.

46.     In response to the allegations contained in paragraph 90 of the Complaint, the Free Speech Defendants deny the allegations, except admit that Defendants Free Speech Systems,

Jones, McAdoo and Stranahan have made statements about their journalism that speak for themselves.

47.     In response to the allegations contained in paragraph 91 of the Complaint, the Free Speech Defendants deny the allegations, except admit that individuals posted comments on Twitter and the comments speak for themselves.

48.     The Free Speech Defendants deny the allegations contained in paragraph 92 of the Complaint.

49.     The Free Speech Defendants deny the allegations contained in paragraph 93 of the Complaint.

50.     In response to the allegations contained in paragraph 94 of the Complaint, the Free Speech Defendants deny the allegations except to admit that they did not contact Plaintiff personally before publication.

51.     The Free Speech Defendants deny the allegations contained in paragraph 95 of the Complaint.

52.     The Free Speech Defendants deny the allegations contained in paragraph 96 of the Complaint.

53.     The Free Speech Defendants deny the allegations contained in paragraph 97 of the Complaint.

54.     The Free Speech Defendants deny the allegations contained in paragraph 98 of the Complaint.

55.     The Free Speech Defendants deny the allegations contained in paragraph 99 of the Complaint.

56.     The Free Speech Defendants deny the allegations contained in paragraph 100 of the Complaint.

57.     In response to the allegations contained in paragraph 101 of the Complaint, Defendants Jones, InfoWars and Free Speech Systems deny the allegations and Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

58.     In response to the allegations contained in paragraph 102 of the Complaint, Defendants Jones, InfoWars and Free Speech Systems deny the allegations and Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

59.     In response to the allegations contained in paragraph 103 of the Complaint, Defendants Jones, InfoWars and Free Speech Systems deny the allegations and Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

60.     In response to the allegations contained in paragraph 104 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems state that the statements made by Jones in the referenced video speak for themselves, and deny the remaining allegations contained in paragraph 104 of the Complaint.

61.     In response to the allegations contained in paragraph 105 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems state that the referenced video speaks for itself. The remaining allegations in this

paragraph are characterizations and argument to which no response is required. To the extent any response is required, Defendants Jones, InfoWars and Free Speech Systems deny the remaining allegations contained in paragraph 105 of the Complaint.

62.     In response to the allegations contained in paragraph 106 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. Defendants Jones, InfoWars and Free Speech Systems state that the referenced comments from the video speaks for themselves. The remaining allegations in this paragraph are characterizations and argument to which no response is required. To the extent any response is required, Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 106 of the Complaint.

63.     In response to the allegations contained in paragraph 107 of the Complaint, the Free Speech Defendants deny the first three sentences of this paragraph for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. The Free Speech Defendants further deny that they made the factual representations addressed in the first three sentences of paragraph 107 and deny that if such statements had been made they would be defamatory. The remaining allegations contained in paragraph 107 of the Complaint are denied.

64.     In response to the allegations contained in paragraph 108 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. Defendants Jones, InfoWars and Free Speech Systems state that the referenced video speaks for itself and the remaining allegations in this paragraph are characterizations and argument for which a response is not required. To the extent any response is required, Defendants Jones, InfoWars and Free Speech Systems deny the remaining allegations contained in paragraph 108 of the Complaint.

65.     In response to the allegations contained in paragraph 109 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 109 of the Complaint.

66.     In response to the allegations contained in paragraph 110 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 110 of the Complaint.

67.     In response to the allegations contained in paragraph 111 of the Complaint, Defendants McAdoo, InfoWars and Free Speech Systems deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. Defendants Jones denies the allegations contained in paragraph 111 of the Complaint.

68.     In response to the allegations contained in paragraph 112 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 112 of the Complaint.

69.     In response to the allegations contained in paragraph 113 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 113 of the Complaint.

70.     In response to the allegations contained in paragraph 114 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form

a belief as to the truth of matters asserted therein. Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 114 of the Complaint.

71.     In response to the allegations contained in paragraph 115 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 115 of the Complaint, except to admit that they did not contact Plaintiff personally.

72.     In response to the allegations contained in paragraph 116 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. Defendants Jones, InfoWars and Free Speech Systems deny the allegations except admit that they did not contact Plaintiff personally before or after the video was published.

73.     In response to the allegations contained in paragraph 117 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 117 of the Complaint, except to state that InfoWars did not have any involvement in the video referenced in paragraph 117 of the Complaint.

74.     In response to the allegations contained in paragraph 118 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 118 of the Complaint.

75.     In response to the allegations contained in paragraph 119 of the Complaint, Defendants McAdoo, InfoWars and Free Speech Systems deny the allegations for lack of

information or knowledge sufficient to form a belief as to the truth of matters asserted therein. Defendant Jones denies the allegations contained in paragraph 119 of the Complaint.

76.     In response to the allegations contained in paragraph 120 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 120 of the Complaint.  In fact, an article published on Infowars.com on August 16, 2017 described Heather Heyer as "a woman mowed down by a white supremacist who struck her with a vehicle" and "a woman who was run over by a car driven by a white supremacist."[1]

77.     In response to the allegations contained in paragraph 121 of the Complaint, Defendants McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems states that the statements made by Jones in the cited Twitter post speak for themselves, and denies the allegations contained in paragraph 121 of the Complaint.

78.     In response to the allegations contained in paragraph 122 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 122 of the Complaint.

79.     In response to the allegations contained in paragraph 123 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in the first sentence of paragraph 123 of the Complaint for

---

[1]   Amber Randall, Antifa Protesters Crash Heather Heyer's Funeral, https://www.in-fowars.com/antifa-protesters-crash-heather-heyers-funeral.

lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and they deny the remaining allegations because Defendant Infowars does not own or operate the website Infowars.com.

80.     In response to the allegations contained in paragraph 124 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 124 of the Complaint.

**Publications by Derrick Wilburn, Allen West, Michele Hickford, and Words-N-Ideas, LLC**

81.     The allegations contained in paragraphs 125-145 of the Complaint concern the "publications by Derrick Wilburn, Allen West, Michele Hickford and Words-N-Ideas, LLC" with which the Free Speech Defendants had no involvement.  To the extent a response is required to these paragraphs, the Free Speech Defendants deny the allegations contained paragraphs 125-145 of the Complaint for lack of knowledge or information sufficient to form a belief as to truth of the allegations asserted therein, except admit that Jones was aware of the article titled "Bombshell: New Evidence Suggests Charlottesville Was a Complete Set-Up" in or around August 2017.

**Cumulative Effect of Defendants' Publications.**

82.     In response to the allegations contained in paragraph 145 of the Complaint, the Free Speech Defendants deny the allegations, except admit that Mr. Gilmore was a State Department employee and worked for Tom Perriello's campaign as chief of staff.

83.     In response to the allegations contained in paragraph 146 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

84.      In response to the allegations contained in paragraph 147 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

85.      In response to the allegations contained in paragraph 148 of the Complaint, the Free Speech Defendants deny the allegations in the first sentence of the paragraph for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  The remaining allegations contained in paragraph 148 of the Complaint are denied.

86.      The Free Speech Defendants deny the allegations contained in paragraph 149 of the Complaint.

*Threats and Harassment*

87.      The Free Speech Defendants deny the allegations contained in paragraph 150 of the Complaint.

88.      In response to the allegations contained in paragraph 151 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

89.      In response to the allegations contained in paragraph 152 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

90.      In response to the allegations contained in paragraph 153 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

91.     In response to the allegations contained in paragraph 154 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

92.     In response to the allegations contained in paragraph 155 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

93.     In response to the allegations contained in paragraph 156 of the Complaint, the Free Speech Defendants deny the allegations that they waged a "campaign of vile lies" against Gilmore and deny that they "egged on" anyone to do anything against Gilmore.   The Free Speech Defendants deny the remaining allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

94.     In response to the allegations contained in paragraph 157 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

95.     In response to the allegations contained in paragraph 158 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

96.     In response to the allegations contained in paragraph 159 of the Complaint, the Free Speech Defendants deny that they started a defamatory campaign against Gilmore and deny the remaining allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

97.     In response to the allegations contained in paragraph 160 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

98.     In response to the allegations contained in paragraph 161 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

99.     In response to the allegations contained in paragraph 162 of the Complaint, the Free Speech Defendants deny that they have published any lies about Gilmore and deny the remaining allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

100.    In response to the allegations contained in paragraph 163 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein, except admit that the Rivanna River is a river in Virginia.

101.    The Free Speech Defendants deny the allegation on page 66 of the Complaint: "*The Defendants Knew or Should Have Known that the Harassment Would Ensue.*"

102.    The Free Speech Defendants deny the allegations contained in paragraph 164 of the Complaint.

103.    In response to the allegations contained in paragraph 165 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 165 of the Complaint.  The Free Speech

Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

104.    In response to the allegations contained in paragraph 166 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 166 of the Complaint. The Free Speech Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

105.    In response to the allegations contained in paragraph 167 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 167 of the Complaint. The Free Speech Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

106.    In response to the allegations contained in paragraph 168 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  The Free Speech Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

107.    In response to the allegations contained in paragraph 169 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 169 of the Complaint. The Free Speech

Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

108.    In response to the allegations contained in paragraph 170 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations concerning Defendant Creighton in the last sentence of paragraph 170 of the Complaint for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein, and deny the remaining allegations. The Free Speech Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

109.    In response to the allegations contained in paragraph 171 of the Complaint, the Free Speech Defendants deny that any of their conduct led to a pastor becoming the target of "gruesome threats of violence." The Free Speech Defendants deny the remaining allegations in paragraph 171 of the Complaint for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein. The Free Speech Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

110.    In response to the allegations contained in paragraph 172 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations concerning Defendant Stranahan in the fourth sentence of paragraph 172 of the Complaint for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein, and they deny the remaining allegations. The Free Speech

Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

111.    In response to the allegations contained in paragraph 173 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations concerning Defendant Hoft in this paragraph for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and deny the remaining allegations. The Free Speech Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

112.    In response to the allegations contained in paragraph 174 of the Complaint, Defendant McAdoo denies the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 174 of the Complaint. The Free Speech Defendants further aver that the allegations in this paragraph are irrelevant to Plaintiff's defamation claims against them.

113.    The Free Speech Defendants deny the allegations contained in paragraph 175 of the Complaint.

114.    In response to the allegations contained in paragraph 176 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

115.    The Free Speech Defendants deny the allegations contained in paragraph 177 of the Complaint.

116.     The Free Speech Defendants deny the allegation on page 71 of the Complaint: *"Defendants' Defamatory Publications Harmed Mr. Gilmore Personally and Professionally.*"

117.     In response to the allegations contained in paragraph 178 of the Complaint, the Free Speech Defendants deny the allegations in the first sentence of the paragraph for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and they deny the remaining allegations.

118.     The Free Speech Defendants deny the allegation on page 71 of the Complaint: *"Defendants' Defamatory Publications Have Threatened Physical Harm to Mr. Gilmore.*"

119.     The Free Speech Defendants deny the allegations contained in paragraph 179 of the Complaint.

120.     The Free Speech Defendants deny the allegation on page 72 of the Complaint: *"Defendants' Defamatory Publications Have Caused Emotional Harm to Mr. Gilmore.*"

121.     The Free Speech Defendants deny the allegations contained in paragraph 180 of the Complaint.

122.     The Free Speech Defendants deny the allegations contained in paragraph 181 of the Complaint and deny the allegations concerning the description of the disease Central Serous Chorioretinopathy and Plaintiff's alleged diagnosis for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

123.     The Free Speech Defendants deny the allegations contained in the second sentence of paragraph 182 of the Complaint for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and deny the remaining allegations.

124.     The Free Speech Defendants deny the allegations contained in the second sentence of paragraph 183 of the Complaint for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and deny the remaining allegations

125.     The Free Speech Defendants deny the allegations contained in the third sentence of paragraph 184 of the Complaint for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and deny the remaining allegations.

126.     The Free Speech Defendants deny the allegations contained in the third sentence of paragraph 185 of the Complaint for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and deny the remaining allegations.

127.     The Free Speech Defendants deny the allegations contained in paragraph 186 of the Complaint.

128.     The Free Speech Defendants deny the allegation on page 74 of the Complaint: "*Defendants' Claims Have Done Mr. Gilmore Irreparable Professional Harm.*"

129.     The Free Speech Defendants deny the allegations contained in the first, second, third and fifth sentences of paragraph 187 of the Complaint for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and deny the remaining allegations.

130.     The Free Speech Defendants deny the allegations contained in paragraph 188 of the Complaint.

131.     The Free Speech Defendants deny the allegations contained in paragraph 189 of the Complaint.

132.    In response to the allegations contained in paragraph 190 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

133.    In response to the allegations contained in paragraph 191 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

134.    In response to the allegations contained in paragraph 192 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

135.    In response to the allegations contained in paragraph 193 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

136.    The Free Speech Defendants admit the allegations contained in paragraph 194 of the Complaint.

137.    In response to the allegations contained in paragraph 195 of the Complaint, Defendants McAdoo, InfoWars and Free Speech Systems deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein and Defendant Jones denies the allegations except admits that the Nunes Memo supports the theory that some in government seek to undermine President Trump.

138.    In response to the allegations contained in paragraph 196 of the Complaint, the Free Speech Defendants admit that former Congressman Jason Chaffetz made statements regarding the "Deep State," including, among others, that it is "very real."

139.     In response to the allegations contained in paragraph 197 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

140.     In response the allegations contained in paragraph 198 of the Complaint, Defendants McAdoo and Infowars deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.  Defendants Jones and Free Speech Systems deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein except they admit that President Trump called Defendant Jones after the 2016 election, that Jones, on occasion, has spoken with President Trump, and that the Infowars news operation was granted temporary White House press credentials.

141.     In response to the allegations contained in paragraph 199 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

142.     In response to the allegations contained in paragraph 200 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

143.     In response to the allegations contained in paragraph 201 of the Complaint, the Free Speech Defendants deny the allegations for lack of information or knowledge sufficient to form a belief as to the truth of matters asserted therein.

144.     The Free Speech Defendants deny the allegations contained in paragraph 202 of the Complaint.

145.     The Free Speech Defendants deny the allegations contained in paragraph 203 of the Complaint.

## CAUSES OF ACTION

### COUNT I: DEFAMATION
### (Against All Defendants)

146.    The Free Speech Defendants incorporate their responses to paragraphs 1-203 of the Complaint as if fully rewritten herein.

147.    The Free Speech Defendants deny allegations contained in paragraph 205 of the Complaint.

148.    The Free Speech Defendants deny allegations contained in paragraph 206 of the Complaint.

149.    The Free Speech Defendants deny allegations contained in paragraph 207 of the Complaint.

150.    The Free Speech Defendants deny allegations contained in paragraph 208 of the Complaint.

151.    The Free Speech Defendants deny allegations contained in paragraph 209 of the Complaint.

152.    The Free Speech Defendants deny allegations contained in paragraph 210 of the Complaint.

153.    The Free Speech Defendants deny allegations contained in paragraph 211 of the Complaint.

154.    The Free Speech Defendants deny allegations contained in paragraph 212 of the Complaint.

155.    The Free Speech Defendants deny allegations contained in paragraph 213 of the Complaint.

156.    The Free Speech Defendants deny allegations contained in paragraph 214 of the Complaint.

157.    The Free Speech Defendants deny allegations contained in paragraph 215 of the Complaint.

**I-IV: DEFAMATION FOR STATEMENTS PUBLISHED IN AUGUST 13, 2017 ARTICLE ENTITLED: "CHARLOTTESVILLE ATTACK, BRENNAN GILMORE AND … THE STOPKONY 2012 PYSOP? WHAT?**
**(Exhibits A-C)**
**(Against Defendant Creighton)**

158.    Count II-IV and paragraphs 216-224 of the Complaint require no response from the Free Speech Defendants since it is not directed at them.  To the extent a response may be required, the Free Speech Defendants deny the allegations contained Count II-IV and paragraphs 216-224 of the Complaint for lack of sufficient knowledge or information sufficient to form a belief as to truth of the allegations asserted therein.

**COUNT V: DEFAMATION FOR STATEMENTS PUBLISHED IN AUGUST 13, 2017 VIDEO ENTITLED "CHARLOTTESVILLE ATTACH – BRENNAN GILMORE: WITNESS OR ACCESSORY" (Exhibit D)**
**(Against Defendant Creighton)**

159.    Count V and paragraphs 225-232 of the Complaint require no response from the Free Speech Defendants since it is not directed at them.  To the extent a response may be required, the Free Speech Defendants deny the allegations contained Count V and paragraphs 225-232 of the Complaint for lack of sufficient knowledge or information sufficient to form a belief as to truth of the allegations asserted therein.

**COUNT VI: DEFAMATION FOR STATEMENTS PUBLISHED IN AUGUST 14, 2017 ARTICLE ENTITLED "RANDOM MAN AT PROTESTS INTERVIEWED BY MSNBC, NY TIMES IS DEEP STATE SHILL LINKED TO GEORGE SOROS" (Exhibit E)**
**(Against Defendant Jim Hoft)**

160.     Count VI and paragraphs 233-240 of the Complaint require no response from the Free Speech Defendants since it is not directed at them.  To the extent a response may be required, the Free Speech Defendants deny the allegations contained Count VI and paragraphs 233-240 of the Complaint for lack of sufficient knowledge or information sufficient to form a belief as to truth of the allegations asserted therein.

**COUNT VII: DEFAMATION FOR STATEMENTS PUBLISHED IN AUGUST 15, 2017 ARTICLE AND VIDEO "BOMBSHELL CONNECTION BETWEEN CHARLOTTESVILLE, SOROS, CIA" (Exhibit F)**
**(Against Defendants Jones; InfoWars; Free Speech Systems; Lee Stranahan; and McAdoo)**

161.     Free Speech Defendants incorporate their responses to paragraphs 1-240 of the Complaint as if fully rewritten herein.

162.     The Free Speech Defendants deny allegations contained in paragraph 242 of the Complaint.

163.     The Free Speech Defendants deny allegations contained in paragraph 243 of the Complaint.

164.     The Free Speech Defendants deny allegations contained in paragraph 244 of the Complaint.

165.     The Free Speech Defendants deny allegations contained in paragraph 245 of the Complaint.

166.     The Free Speech Defendants deny allegations contained in paragraph 246 of the Complaint.

167.     The Free Speech Defendants deny allegations contained in paragraph 247 of the Complaint.

168.     The Free Speech Defendants deny allegations contained in paragraph 248 of the Complaint.

169.     The Free Speech Defendants deny allegations contained in paragraph 249 of the Complaint.

170.     The Free Speech Defendants deny allegations contained in paragraph 250 of the Complaint.

171.     The Free Speech Defendants deny allegations contained in paragraph 251 of the Complaint.

172.     The Free Speech Defendants deny allegations contained in paragraph 252 of the Complaint.

173.     The Free Speech Defendants deny allegations contained in paragraph 253 of the Complaint.

174.     The Free Speech Defendants deny allegations contained in paragraph 254 of the Complaint.

175.     The Free Speech Defendants deny allegations contained in paragraph 255 of the Complaint.

176.     The Free Speech Defendants deny allegations contained in paragraph 256 of the Complaint.

177.     The Free Speech Defendants deny allegations contained in paragraph 257 of the Complaint.

**COUNT VIII: DEFAMATION FOR STATEMENTS PUBLISHED IN VIDEO ENTITLED
"BREAKING: STATE DEPARTMENT/CIA ORCHESTRATED CHARLOTTESVILLE
TRAGEDY" (Exhibit G)
(Against Defendants Jones; InfoWars; and Free Speech Systems)**

178.     Free Speech Defendants incorporate their responses to paragraphs 1-257 of the
Complaint as if fully rewritten herein.

179.     The allegations contained in Count VII, paragraphs 258-269, requires no response
from Defendant McAdoo since it is not directed at her.  To the extent a response may be required,
McAdoo denies the allegations contained Count VII, paragraphs 258-269 of the Complaint for
lack of sufficient knowledge or information sufficient to form a belief as to truth of the allegations
asserted therein.

180.     Defendants Jones, InfoWars and Free Speech Systems deny the allegations
contained in paragraph 259 of the Complaint.

181.     Defendants Jones, InfoWars and Free Speech Systems deny the allegations
contained in paragraph 260 of the Complaint.

182.     Defendants Jones, InfoWars and Free Speech Systems deny the allegations
contained in paragraph 261 of the Complaint.

183.     Defendants Jones, InfoWars and Free Speech Systems deny the allegations
contained in paragraph 262 of the Complaint.

184.     Defendants Jones, InfoWars and Free Speech Systems deny the allegations
contained in paragraph 263 of the Complaint.

185.     Defendants Jones, InfoWars and Free Speech Systems deny the allegations
contained in paragraph 264 of the Complaint.

186.     Defendants Jones, InfoWars and Free Speech Systems deny the allegations
contained in paragraph 265 of the Complaint.

187.    Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 266 of the Complaint.

188.    Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 267 of the Complaint.

189.    The allegations contained in paragraph 268 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in paragraph 268 of the Complaint set forth an incorrect statement of the legal doctrine of *respondeat superior* and are denied by Defendants Jones, InfoWars and Free Speech Systems.

190.    Defendants Jones, InfoWars and Free Speech Systems deny the allegations contained in paragraph 269 of the Complaint.

**COUNT IX: DEFAMATION FOR STATEMENTS PUBLISHED IN AUGUST 19, 2017 ARTICLE ENTITLED: "BOMBSHELL: NEW EVIDENCE SUGGESTS CHARLOTTESVILLE WAS A COMPLETE SET-UP" (Exhibit H)
(Against Defendants Allen B. West; Derrick Wilburn; Michele Hickford; and Words-N-Ideas, LLC)**

191.    Count IX and paragraphs 270-282 of the Complaint requires no response from the Free Speech Defendants since it is not directed at them.  To the extent a response may be required, the Free Speech Defendants deny the allegations contained Count IX and paragraphs 270-282 of the Complaint for lack of sufficient knowledge or information sufficient to form a belief as to truth of the allegations asserted therein.

**COUNT X: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)**

192.    By Order of the Court dated March 29, 2019, Plaintiff's Count X of the Complaint, including the allegations contained in paragraphs 283-293 are dismissed, and no response is required thereto.

## PRAYER FOR RELIEF

193.    Free Speech Defendants deny that Plaintiff is entitled to any of the relief he seeks in the Prayer for Relief section of his Complaint.

194.    Free Speech Defendants deny each and every allegation in the Complaint not specifically admitted above.

## <u>AFFIRMATIVE DEFENSES</u>

The statement of any defense contained herein does not assume the burden of proof for any issue for which the applicable law places the burden on Plaintiff.

1.    The Complaint fails to state a cause of action upon which relief may be granted.

2.    The statements at issue are not of and concerning Plaintiff.

3.    The statements at issue are immune from liability under the fair report privilege.

4.    The statements at issue are not capable of defamatory meaning.

5.    The statements at issue are not substantially false.

6.    Plaintiff is a public official, or alternatively a public figure or a limited purpose public figure for purposes of the statements alleged, and Plaintiff cannot establish by clear and convincing evidence that the Free Speech Defendants acted with actual malice.

7.    The statements at issue were about matters of public concern.

8.    The statements at issue are privileged because the subject matter was of public concern and affected a substantial interest of the public.

9.    The statements at issue constitute opinion or fair comment and are non-actionable

10.    Plaintiff as a public figure has assumed the risk of being subject to the statements at issue.

11.     Plaintiff consented to the publications by voluntarily injecting himself into a public controversy, through his use of social media, and by making statements on national television.

12.     Plaintiff has failed to mitigate any damages he has incurred.

13.     Plaintiff is barred from recovery for damages caused by the acts of others.

14.     The Complaint fails to state a cause of action for punitive damages.

15.     An award of punitive damages would be violative of the First Amendment of the United States Constitution.

16.     The Free Speech Defendants are entitled to dismissal and a cost and fee award under the Texas Citizens Participation Act, Tex. Civ. Prac. & Rem. Code § 27.001 et seq. or, alternatively, Virginia's anti-SLAPP statute, Va. Code § 8.01-223.2(B).

Free Speech Defendants reserve the right to amend their Answer to assert additional affirmative defenses.

WHEREFORE, the Free Speech Defendants respectfully request that the Court dismiss the Complaint against them with prejudice and award costs and attorneys' fees to them, and award any other relief the Court deems just and proper.

April 26, 2019                                        Respectfully submitted,


TREMBLAY & SMITH, PLLC                   BAKER HOSTETLER LLP

Thomas E. Albro (VSB #12812)            _/s/ Elizabeth A. Scully_____
Evan D. Mayo (VSB #89383)               Elizabeth A. Scully (VSB #65920)
105-109 E. High Street                  Mark I. Bailen (*admitted pro hac vice*)
Charlottesville, VA 22902               Andrew M. Grossman (*admitted pro hac vice*)
Telephone: (434) 977-4455               Richard B. Raile (VSB #84340)
Facsimile: (434) 979-1221               Washington Square, Suite 1100
tom.albro@tremblaysmith.com             1050 Connecticut Avenue, N.W.
evan.mayo@tremblaysmith.com             Washington, DC 20036-5304
                                        Telephone: (202) 861-1500

*Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner*

Facsimile: (202) 861-1783
escully@bakerlaw.com
mbailen@bakerlaw.com
agrossman@bakerlaw.com
rraile@bakerlaw.com

*Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner*

WALLER LANSDEN DORTCH & DAVIS, LLP

Eric J. Taube
100 Congress Avenue, Suite 1800
Austin, TX 78701
Telephone: (512) 685-6401
eric.taube@wallerlaw.com

*Of Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2019, I electronically filed the foregoing Free Speech Defendants' Answer to Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Elizabeth A. Scully
Elizabeth A. Scully (VSB #65920)
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783
escully@bakerlaw.com