# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

BRENNAN M. GILMORE,

               Plaintiff,

    v.

ALEXANDER ("ALEX") E. JONES;
INFOWARS, LLC, a Texas Limited Liability
Company; FREE SPEECH SYSTEMS, LLC, a
Texas Limited Liability Company; LEE
STRANAHAN; LEE ANN MCADOO A/K/A
LEE ANN FLEISSNER; SCOTT CREIGHTON;
JAMES ("JIM") HOFT; DERRICK WILBURN;
MICHELE HICKFORD; and WORDS-N-IDEAS,
LLC,

               Defendants.

No. 3:18-cv-00017-NKM-JCH

---

**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS FOR
RECONSIDERATION OR CERTIFICATION FOR INTERLOCUTORY APPEAL OF
THE COURT'S MARCH 29 ORDER AND OPINION**

Elizabeth B. Wydra, admitted *pro hac vice*
Brianne J. Gorod, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY
   CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

Andrew Mendrala, Virginia Bar No. 82424
Aderson Francois, admitted *pro hac vice*
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9065
andrew.mendrala@georgetown.edu
aderson.francois@georgetown.edu

*Counsel for Plaintiff Brennan Gilmore*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION ......................................................................................................... 1

ARGUMENT ................................................................................................................ 2

   I.  DEFENDANTS' MOTIONS FOR RECONSIDERATION SHOULD BE
      DENIED.............................................................................................................. 2

      A.  Defendants Seek To Relitigate an Already-Decided Issue, So Their Motions
          for Reconsideration are Procedurally Improper.................................................... 3

      B.  Defendants Have Failed To Show Any Clear Error in the District Court's
          Decision To Exercise Specific Personal Jurisdiction Over Them ........................ 4

   II.  DEFENDANTS' MOTIONS FOR CERTIFICATION OF INTERLOCUTORY
       APPEAL SHOULD BE DENIED .............................................................................. 8

      A.  The Court's Exercise of Specific Personal Jurisdiction Is Not A Controlling
          Question of Law for Purposes of Interlocutory Appeal........................................ 10

      B.  There Is Not Substantial Ground for a Difference of Opinion on the Question
          of Whether This Court Can Exercise Specific Personal Jurisdiction Over
          Defendants.. ...................................................................................................... 12

      C.  An Appeal on the Personal Jurisdiction Question Will Not Materially Advance
          Termination of the Litigation.............................................................................. 16

CONCLUSION............................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*,
    99 F.R.D. 99 (E.D. Va. 1983)...................................................................... 2

*Al Shimari v. CACI Int'l Inc.*,
    679 F.3d 205 (4th Cir. 2012) (en banc) ....................................................... 8

*ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*,
    293 F.3d 707 (4th Cir. 2002)......................................................................... 4

*Am. Fid. Assurance Co. v. The Bank of New York Mellon*,
    2014 WL 8187951 (W.D. Okla. Dec. 12, 2014) ......................................... 10

*Bochan v. La Fontaine*,
    68 F. Supp. 2d 692 (E.D. Va. 1999)............................................................ 15

*Butler v. DirectSAT USA, LLC*,
    307 F.R.D. 445 (D. Md. 2015) ...................................................................... 9

*Calder v. Jones*,
    465 U.S. 783 (1984) ...................................................................................... 5

*CFA Inst. v. Inst. of Chartered Fin. Analysts of India*,
    551 F.3d 285 (4th Cir. 2009)......................................................................... 7

*City of Charleston v. Hotels.com, LP*,
    586 F. Supp. 2d 538 (D.S.C. 2008) .............................................................. 9

*Consulting Eng'rs Corp. v. Geometric Ltd.*,
    561 F.3d 273 (4th Cir. 2009)......................................................................... 8

*Dig. Equip. Corp. v. Desktop Direct, Inc.*,
    511 U.S. 863 (1994) ...................................................................................... 9

*Dillon v. Murphy & Hourihane*,
    2014 WL 5408416 (N.D. Cal. Oct. 22, 2014) ........................................ 10, 15

*Edwards v. Schwartz*,
    2019 WL 1295055 (W.D. Va. Mar. 20, 2019) ........................................... 13

*Elderberry of Weber City LLC v. Living Ctrs.-Se.*,
    2013 WL 1399314 (W.D. Va. Apr. 5, 2013).................................... 10, 11, 12

*English & Smith v. Metzger*,
    901 F.2d 36 (4th Cir. 1990).......................................................................... 7

# TABLE OF AUTHORITIES – cont'd

**Page(s)**

*ESAB Grp., Inc. v. Centricut, Inc.*,
    126 F.3d 617 (4th Cir. 1997) ....................................................................... 6, 7

*Eshelman v. Puma Biotechnology, Inc.*,
    2017 WL 9440363 (E.D.N.C. May 24, 2017) ......................................... 9, 11, 13

*Falco v. Nissan N. Am. Inc.*,
    108 F. Supp. 3d 889 (C.D. Cal. 2015) ........................................................... 10

*Fannin v. CSX Transp., Inc.*,
    873 F.2d 1438 (4th Cir. 1989) ................................................................ 10, 11

*Fertel v. Davidson*,
    2013 WL 6842890 (D. Md. Dec. 18, 2013) ..................................................... 13

*FireClean, LLC v. Tuohy*,
    2016 WL 3952093 (E.D. Va. July 21, 2016) ................................................... 13

*Gibbs v. Plain Green, LLC*,
    331 F. Supp. 3d 518 (E.D. Va. 2018) ............................................................. 16

*Goodman v. Archbishop Curley High Sch., Inc.*,
    195 F. Supp. 3d 767 (D. Md. 2016) ......................................................... 12, 13

*Gubarev v. Buzzfeed, Inc.*,
    253 F. Supp. 3d 1149 (S.D. Fla. 2017) .......................................................... 14

*Hawbecker v. Hall*,
    88 F. Supp. 3d 723 (W.D. Tex. 2015) ........................................................... 14

*Hecklerco, LLC v. YuuZoo Corp.*,
    258 F. Supp. 3d 350 (S.D.N.Y. 2017) ...................................................... 10, 11

*In re Nichols*,
    2014 WL 4094340 (D. Md. Aug. 15, 2014) ..................................................... 13

*Jenkins v. Miller*,
    2014 WL 5421228 (D. Vt. Oct. 24, 2014) ...................................................... 10

*John G. Kolbe, Inc. v. Chromodern Chair Co.*,
    211 Va. 736 (1971) ....................................................................................... 8

*Johnson v. Arden*,
    614 F.3d 785 (8th Cir. 2010) ......................................................................... 13

*Jones v. Dirty World Entm't Recordings, LLC*,
    766 F. Supp. 2d 828 (E.D. Ky. 2011) ............................................................ 15

iv

# TABLE OF AUTHORITIES – cont'd

**Page(s)**

*Kennedy v. Villa St. Catherine, Inc.*,
   2010 WL 9009364 (D. Md. June 16, 2010) ............................................... 12

*Lack v. Mizuho Bank*,
   2018 WL 8050455 (C.D. Cal. Aug. 27, 2018) ............................................ 10

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) .................................................................................... 16

*Lostutter v. Olsen*,
   2017 WL 3669557 (M.D.N.C. Aug. 24, 2017) ........................................... 14

*Manion v. Spectrum Healthcare Res.*,
   966 F. Supp. 2d 561 (E.D.N.C. 2013) ........................................................ 9

*Mentavlos v. Anderson*,
   249 F.3d 301 (4th Cir. 2001) ...................................................................... 15

*Mercer v. MacKinnon*,
   No. 180358  (Va. Feb. 21, 2019) ................................................................ 8

*Moffett v. Comput. Sci. Corp.*,
   2010 WL 348701 (D. Md. Jan. 22, 2010) ................................................... 12

*Muller v. Temura Shipping Co.*,
   629 F. Supp. 1024 (E.D. Pa. 1986) ............................................................ 12, 16

*Mullins v. Suburban Hosp. Healthcare Sys., Inc.*,
   2017 WL 3023282 (D. Md. July 17, 2017) ................................................. 16

*Myles v. Laffitte*,
   881 F.2d 125 (4th Cir. 1989) ...................................................................... 9

*Peanut Corp. of Am. v. Hollywood Brands, Inc.*,
   696 F.2d 311 (4th Cir. 1982) ...................................................................... 3, 7

*Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*,
   257 Va. 315 (1999) ...................................................................................... 8

*Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*,
   2017 WL 2778825 (D. Md. June 26, 2017) ................................................ 14

*Price v. Atl. Ro-Ro Carriers, Inc.*,
   2014 WL 7358729 (D. Md. Dec. 22, 2014) ................................................ 9

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996) .................................................................................... 8

Case 3:18-cv-00017-NKM-JCH   Document 145   Filed 05/16/19   Page 5 of 25   Pageid#: 2230

# TABLE OF AUTHORITIES – cont'd

**Page(s)**

*Randolph v. ADT Sec. Servs., Inc.*,
    2012 WL 273722 (D. Md. Jan. 30, 2012) .................................................................. 13

*Retail Pipeline, LLC v. JDA Software Grp., Inc.*,
    2018 WL 2298355 (D. Vt. May 21, 2018) .............................................................. 10

*S. U.S. Trade Ass'n v. Unidentified Parties*,
    2011 WL 2790182 (E.D. La. July 14, 2011) ........................................................... 10

*Schmalfeldt v. Grady*,
    2017 WL 6621189 (D.S.C. Dec. 28, 2017) ............................................................. 14

*Schmalfeldt v. Grady*,
    2017 WL 6628187 (D.S.C. Dec. 7, 2017) ............................................................... 14

*Schmalfeldt v. Johnson*,
    2016 WL 3659901 (E.D. Wis. July 1, 2016) ........................................................... 14

*Stover v. O'Connell Assocs., Inc.*,
    84 F.3d 132 (4th Cir. 1996) ....................................................................................... 8

*Swint v. Chambers Cty. Comm'n*,
    514 U.S. 35 (1995) ..................................................................................................... 9

*The Coal. for Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ.*
*Comm'n*,
    2015 WL 4040425 (D. Md. June 29, 2015) ............................................................ 16

*United States ex rel. Michaels v. Agape Cmty., Inc.*,
    848 F.3d 330 (4th Cir. 2017) ..................................................................... 2, 9, 10, 11

*U.S. Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966) ................................................................................... 10

*Williams v. Santander Consumer USA, Inc.*,
    2017 WL 492968 (N.D. Ala. Feb. 7, 2017) ............................................................ 10

*Williford v. Armstrong World Indus.*,
    715 F.2d 124 (4th Cir. 1983) ................................................................................... 16

*Wootten v. Commonwealth of Virginia*,
    168 F. Supp. 3d 890 (W.D. Va. 2016) ............................................................. 1, 2, 3

*Wyeth v. Sandoz, Inc.*,
    703 F. Supp. 2d 508 (E.D.N.C. 2010) .................................................................... 12

Case 3:18-cv-00017-NKM-JCH   Document 145   Filed 05/16/19   Page 6 of 25   Pageid#: 2231

**TABLE OF AUTHORITIES – cont'd**

**Page(s)**

*Young v. New Haven Advocates*,
   315 F. 2d 256 (2002) ................................................................................ 1, 6, 8


<u>Legislative Materials</u>

28 U.S.C. § 1292(b) .................................................................... 2, 9, 11, 12, 16

# INTRODUCTION

In a carefully reasoned opinion, this Court considered and denied Defendants' motions to dismiss this case for lack of personal jurisdiction. Specifically, this Court concluded that it could properly exercise specific personal jurisdiction over all Defendants because they "'manifested an intent' to target a Virginia audience by publishing . . . article[s and videos] drawn in part from Virginia sources and focused exclusively on a Virginia citizen's role in a Virginia event." Dkt. No. 123 ("Slip op.") at 25 (quoting *Young v. New Haven Advocates*, 315 F. 2d 256, 263 (2002)). Unhappy with that outcome, Defendants now ask this Court to reconsider its decision or, in the alternative, certify that decision for interlocutory review.[1] Both requests should be denied. Defendants have not come close to meeting the heavy burden they must satisfy to justify reconsideration or interlocutory review.

With respect to reconsideration, Defendants notably fail to even acknowledge the stringent standard of review. The permissible grounds for a Rule 54(b) motion for reconsideration are "(1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (Moon, J.). Defendants do not even attempt to show an intervening change in law or new evidence, which means reconsideration would be appropriate only if Defendants could establish a clear error of law or the need to prevent manifest injustice. They cannot—and do not—make that showing.

---

[1] Two motions for reconsideration or interlocutory appeal are currently pending before this Court: one filed by Defendants Free Speech Systems, LLC, InfoWars, LLC, Alex E. Jones, and Lee Ann McAdoo (the "InfoWars Defendants"), Dkt. No. 133, and one filed by Defendants Derrick Wilburn, Michelle Hickford, Jim Hoft, Scott Creighton, and WORDS-N-IDEAS, LLC (the "other Defendants"), Dkt. No. 137. This opposition responds to both motions.

1

With respect to certification of an interlocutory appeal, a court may certify an order for interlocutory appeal only if it concerns (1) a "controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendants fail to satisfy this standard. First, there is no controlling question of law because the core question in this case is not a pure question of law, but rather a question about how settled law applies to the facts of this case. *United States ex rel. Michaels v. Agape Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017). Second, there is not "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Indeed, Defendants fail to identify any materially similar case that was decided differently. Third and finally, a reversal on the personal jurisdiction question would not even end this litigation because Defendant Lee Stranahan waived personal jurisdiction and would therefore remain in the case. In short, an interlocutory appeal is not appropriate here.

## ARGUMENT

### I. DEFENDANTS' MOTIONS FOR RECONSIDERATION SHOULD BE DENIED.

As this Court has explained, "[c]ourts have . . . distilled the grounds for a Rule 54(b) motion for reconsideration to (1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice." *Wootten*, 168 F. Supp. 3d at 893; *see id.* (reconsideration is appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension" (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Importantly, "reconsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.* Thus, Rule 54(b) motions "are

2

disfavored and should only be granted 'sparingly'" because "their 'improper use . . . can waste judicial resources and obstruct the efficient administration of justice.'" *Id.* (citations omitted). "[T]he decision to revisit . . . an [interlocutory] order is committed to the Court's discretion as part of its inherent authority." *Id.*

Here, Defendants' motions are both procedurally improper and substantively lacking in merit. They should be denied.

### A. Defendants Seek To Relitigate an Already-Decided Issue, So Their Motions for Reconsideration are Procedurally Improper.

As this Court has recognized, a motion for reconsideration is procedurally improper if it is "merely an attempt to . . . present refurbish[ed] arguments, and otherwise re-litigate" the motion previously decided. *Id.* at 895. That is all these motions are, and they should be denied on that basis alone.

Significantly, Defendants do not argue that there has been any change in controlling law. Instead, they simply rehash the same legal arguments that this Court previously considered—and rejected. Notably, InfoWars Defendants rely principally on cases that they *already* cited in their briefs supporting their motion to dismiss. *Compare* Dkt. Nos. 57 and 90, *with* Dkt. No. 133-1. And other Defendants focus on the argument that this Court "ignore[d] the Virginia long-arm statute," Wilburn et al. Mot. at 1, an argument which they already made, Dkt. No. 47 at 22-24, and which fails to acknowledge decades of Fourth Circuit precedent holding that Virginia's long-arm statute "has been construed to extend in personam jurisdiction to the outmost perimeters of due process," *Peanut Corp. of Am. v. Hollywood Brands, Inc.*, 696 F.2d 311, 313 (4th Cir. 1982) (emphasis omitted). In short, Defendants are not entitled to a "mulligan" on their prior briefing, *Wooten*, 168 F. Supp. 3d at 894, and their restatement of old arguments does not provide grounds for a Rule 54(b) motion. Their motions for reconsideration therefore should not be considered.

3

**B.      Defendants Have Failed To Show Any Clear Error in the District Court's Decision To Exercise Specific Personal Jurisdiction Over Them.**

Even if the Court were to review the substance of Defendants' motions for reconsideration, Defendants fail to demonstrate any legal error, let alone clear error, or manifest injustice. Their motions should be denied on that ground as well.

**1.** InfoWars Defendants argue that the Court's holding is wrong for two reasons. *First*, they argue that this Court erred in "conflating a publication's focus on forum-state events with the intent to target a forum-state audience that is required to support personal jurisdiction." InfoWars Mot. 6. *Second*, they argue that this Court's holding would allow all courts, everywhere, to wield "unlimited judicial power over every citizen in each other State who uses the Internet." *Id.* at 10 (quoting *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 713 (4th Cir. 2002)). Both arguments are without merit.

*First*, this Court properly recognized that "[i]n deciding whether to exercise specific personal jurisdiction over Defendants, [it] must ask whether . . . each defendant 'manifested an intent to direct their website content' to a 'Virginia audience' such that the defendant 'should reasonably anticipate being haled into court' in Virginia." Slip op. at 20 (citations omitted). Defendants may not like how this Court answered that question, but that disagreement is not grounds for reconsideration.

Indeed, Defendants' principal objection to this Court's analysis—that this Court erred in concluding that the publications were "motivated by an *intent to target* a forum-state audience" because they "concern[] matters of *national* interest," InfoWars Mot. 7-8—is at odds with the Supreme Court and Fourth Circuit case law on which this Court relied in its opinion. As this Court already correctly recognized, the simple fact that Defendants' publications may be read by a nationwide audience and garner nationwide interest does not prevent a finding of specific personal

4

jurisdiction.  In *Calder v. Jones*, 465 U.S. 783 (1984)—a case involving a national publication—the Supreme Court held that specific personal jurisdiction is appropriate if a defendant targets a forum-state audience by making that State "the focal point both of the story and of the harm suffered."  *Id.* at 789.

As this Court recognized, *Calder*'s test makes sense because "websites with a national focus are still capable of publishing content that, although perhaps of interest to many readers, is of special concern for citizens of a particular state."  Slip op. at 22 n.25.  The Court specifically rejected Defendants' argument to the contrary, explaining that "[e]vents—even those that garner widespread attention—are most intensely felt in the states and communities where they occur. Online publications focused on the Unite the Right rally, and a Virginia citizen who protested the rally, would be of particular interest to a Virginia audience."  *Id*. at 22 n.26.  Indeed, this Court noted that the *National Enquirer*'s nationwide circulation did not preclude a holding that personal jurisdiction was proper in California: "*Calder* establishes that an article with broad national appeal can nonetheless be aimed at an audience in a particular state."  *Id.* at 22-23 n.26.

InfoWars Defendants now ask this Court to disregard this binding Supreme Court precedent because, in their view, one of the "[k]ey[s]" to *Calder* was that the defendants "knew the National Enquirer 'ha[d] its largest circulation' in California."  InfoWars Mot. 6 (citations omitted).  But that observation was merely a footnote in the Court's opinion that played little role in its analysis.  Moreover, as this Court correctly recognized, adopting the approach InfoWars Defendants urge "would mean that online publications engaging in national coverage and attracting a national audience could *never* be subject to personal jurisdiction in any state except the state where the publication is at home."  Slip op. at 22 n.25.  Nothing in Supreme Court or Fourth Circuit precedent requires that result.

5

Defendants also argue that "*Young*'s logic indicates that contents concerning matters of *national* interest are not . . . relevant [to personal jurisdiction], because they shed no light on where in the nation defendants were targeting their publications." InfoWars Mot. 8. This too is wrong. In *Young*, the Fourth Circuit applied *Calder* and held that in determining whether there is specific personal jurisdiction, courts must ask whether an internet defendant "manifested an intent to direct their website content . . . to a Virginia audience." *Young*, 315 F.3d at 263. This Court asked that question and correctly concluded that Defendants "'manifested an intent' to target a Virginia audience by publishing . . . article[s and videos] drawn in part from Virginia sources and focused exclusively on a Virginia citizen's role in a Virginia event," Slip op. at 25 (internal citations omitted), and by causing Gilmore harm "in Virginia, where he lives and works," *id.* at 23.

*Young* never even implied, let alone held, that a court could not exercise personal jurisdiction over defendants who publish a story that targets a particular State simply because that story is also of interest to people outside that State. Indeed, such a decision would squarely conflict with *Calder*. In *Young*, the Fourth Circuit concluded that there was no personal jurisdiction not because the story was of interest to people outside Virginia, but because "*Connecticut*, not Virginia, was the focal point of the articles," *Young*, 315 F.3d at 264 (emphasis added), and the "content of both websites [wa]s decidedly local [in Connecticut]," *id*. at 263. There is no Connecticut here. As this Court recognized, Defendants' articles have "a Virginia-specific focus"; indeed, "the exclusive focus . . . was a Virginia event and a Virginia citizen." Slip op. at 22. In short, the Court's decision is a straight-forward application of binding Supreme Court and Fourth Circuit precedent. It is not error, let alone clear error.[2]

---

[2] Defendants also cite *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997), InfoWars Mot. 8, for the proposition that conduct directed at customers throughout the United States cannot support jurisdiction in one state, but that case is entirely inapposite and does not

*Second*, Defendants' suggestion that the Court's holding will "subject[] those who report or comment on national affairs . . . to personal jurisdiction in every state simply for airing their takes on the day's news and events from around the country," InfoWars Mot. 9-10, is wrong. Under this Court's decision—just as under *Calder*—out-of-state Defendants may be sued in Virginia only when they publish stories that have a focal point in Virginia and when the harm suffered is in Virginia. Indeed, Gilmore has consistently argued that Virginia is *the only state* in which a court could properly exercise specific personal jurisdiction over Defendants for the articles and videos at issue in this case because Virginia is the focal point of the stories and of the harm suffered. *See* Dkt. No. 70 at 20. In short, Defendants' apocalyptic predictions are far-fetched at best, and certainly do not support their motions for reconsideration.[3]

2. Other Defendants argue that the Court erred by not independently addressing Virginia's long-arm statute, Wilburn et al. Mot. 6-11, but the Fourth Circuit has long held that "[t]he Virginia long-arm statute . . . extend[s] in personam jurisdiction to the outmost perimeters of due process," *Peanut Corp.*, 696 F.2d at 313 (emphasis omitted); *see English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990) ("the purpose of the Virginia long-arm statute is to extend jurisdiction to the extent permissible under the due process clause"). In other words, if Defendants' contacts "in Virginia satisfy due process, then they also satisfy Virginia's long-arm statute." *CFA Inst. v. Inst.*

---

stand for nearly so broad a rule. That case was not about defamation, but about a business deal that might have had downstream effects in South Carolina. Specifically, New Hampshire defendants entered into a relationship with a Florida resident that was expected to result in sales leads for companies across the United States and Canada. *ESAB Grp.*, 126 F.3d at 625. The Court held that the possibility that one such company might be located in South Carolina was not enough, standing alone, to support an exercise of jurisdiction by a South Carolina court. *Id.*

[3] InfoWars Defendants also assert that they did not know that Gilmore was a Virginia resident at the time they produced their allegedly defamatory content, *see* InfoWars Mot. 3, but they cite no case law that explains why that should affect the personal jurisdiction analysis. The relevant question is rather whether the focal point of the stories, and the harm felt, was in Virginia.

7

*of Chartered Fin. Analysts of India*, 551 F.3d 285, 293 (4th Cir. 2009); *Consulting Eng'rs Corp.*

*v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) ("[b]ecause Virginia's long-arm statute is

intended to extend personal jurisdiction to the extent permissible under the due process clause, the

statutory inquiry merges with the constitutional inquiry"); *see Young*, 315 F.3d 256 at 261

(citations omitted). Given this binding Circuit precedent, there is no basis for reconsideration.[4]

## II. DEFENDANTS' MOTIONS FOR CERTIFICATION OF INTERLOCUTORY APPEAL SHOULD BE DENIED.

Defendants' motions for certification of interlocutory appeal should also be denied because

they similarly fail to meet the high bar for obtaining interlocutory appellate review. "The general

rule is that 'a party is entitled to a single appeal, to be deferred until final judgment has been

entered, in which claims of district court error at any stage of the litigation may be ventilated.'"

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (citation omitted); *see Al Shimari v.*

*CACI Int'l Inc.*, 679 F.3d 205, 213 (4th Cir. 2012) (en banc) (the Circuit is "bound to maintain a

healthy respect for the virtues of the final-judgment rule" (citation and quotation marks omitted)).

For a narrow group of extraordinary orders, Congress has "confer[red] on district courts first line

---

[4] In any event, Defendants' arguments about the Virginia Supreme Court's interpretation of Virginia's long-arm statute are misguided. The Virginia Supreme Court has unambiguously reaffirmed that "[i]t is manifest that the purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this State to the extent permissible under the due process clause." *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319 (1999) (quoting *John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 740 (1971) and collecting cases). Moreover, the recent Virginia Supreme Court decision that other Defendants emphasize is inapposite because, as that court explained, that decision focused exclusively on the long-arm statute because that was the "only basis [for personal jurisdiction] presented." *Mercer v. MacKinnon*, No. 180358, Slip op. at 1 (Va. Feb. 21, 2019). Finally, Defendants' attempt to analogize the Maryland long-arm statute to the Virginia statute is similarly unavailing because the Fourth Circuit has reached the same conclusion when interpreting Maryland's statute: "Because the limits of Maryland's statutory authorization for the exercise of personal jurisdiction are coterminous with the limits of the Due Process Clause, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996).

discretion to allow interlocutory appeals," *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995), but a court may certify an order for interlocutory appeal only if it concerns (1) a "controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). All three elements must be present for the district court to grant certification of an interlocutory appeal, *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015), and "[e]ven if the requirements of section 1292(b) are satisfied, the district court has unfettered discretion to decline to certify an interlocutory appeal if exceptional circumstances are absent," *Manion v. Spectrum Healthcare Res.*, 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (citation and quotation marks omitted).

Importantly, the Supreme Court has recognized that Section 1292(b)'s "'narrow' exception [permitting interlocutory appeal] should stay that way and never be allowed to swallow the general rule, . . . that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). Therefore, Section 1292(b) must be "strictly construed," *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989), and certification "should be used sparingly," *Michaels*, 848 F.3d at 340 (internal citation and quotation marks omitted). Above all, "[c]ertification under section 1292(b) is improper if it is simply 'to provide early review of difficult rulings in hard cases.'" *Butler*, 307 F.R.D. at 452 (quoting *City of Charleston v. Hotels.com, LP*, 586 F. Supp. 2d 538, 548 (D.S.C. 2008)); *Price v. Atl. Ro-Ro Carriers, Inc.*, No. CCB-11-1735, 2014 WL 7358729, at *1 (D. Md. Dec. 22, 2014) (same).

Applying this standard, courts both inside and outside the Fourth Circuit have repeatedly refused to certify for interlocutory appeal personal jurisdiction questions. *See, e.g.*, *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 9440363, at *1 (E.D.N.C. May 24, 2017)

9

(denying Section 1292(b) certification of personal jurisdiction issue); *Elderberry of Weber City LLC v. Living Ctrs.-Se.*, No. 6:12-cv-00052, 2013 WL 1399314, at *1-2 (W.D. Va. Apr. 5, 2013) (same) (citing *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *5 (4th Cir. 1989)); *see also Lack v. Mizuho Bank,* No. 2:18-cv-00617-RGK-GJS, 2018 WL 8050455, at *1 (C.D. Cal. Aug. 27, 2018) (same, even though the court acknowledged the personal jurisdiction analysis to be "close"); *Retail Pipeline, LLC v. JDA Software Grp., Inc.*, No. 2:17-cv-00067, 2018 WL 2298355, at *2-3 (D. Vt. May 21, 2018) (same); *Hecklerco, LLC v. YuuZoo Corp.*, 258 F. Supp. 3d 350, 357 (S.D.N.Y. 2017) (same); *Williams v. Santander Consumer USA, Inc.*, No. 2:15-cv-919-MHH, 2017 WL 492968, at *2 (N.D. Ala. Feb. 7, 2017) (same); *Falco v. Nissan N. Am. Inc.*, 108 F. Supp. 3d 889, 893-94 (C.D. Cal. 2015) (same, and noting interlocutory appeal should not function "merely to provide review of difficult rulings in hard cases" (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966))); *Dillon v. Murphy & Hourihane*, No. 14-cv-01908-BLF, 2014 WL 5408416, at *2 (N.D. Cal. Oct. 22, 2014) (same, and noting "it would be imprudent" to permit interlocutory review "simply because the jurisdictional question might be a difficult one"); *Jenkins v. Miller*, No. 2:12-cv-184, 2014 WL 5421228, at *1-2 (D. Vt. Oct. 24, 2014) (same); *Am. Fid. Assurance Co. v. The Bank of New York Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4-5 (W.D. Okla. Dec. 12, 2014) (same); *S. U.S. Trade Ass'n v. Unidentified Parties*, No. 10-1669, 2011 WL 2790182 at *2-5, (E.D. La. July 14, 2011) (same).  This Court should do the same.

## A.   The Court's Exercise of Specific Personal Jurisdiction Is Not A Controlling Question of Law for Purposes of Interlocutory Appeal.

The personal jurisdiction question is not a controlling question of law in this case for two reasons.  *First*, no controlling question of law exists when an appeal "turns on whether . . . the district court properly applied settled law to the facts or evidence of a particular case."  *Michaels*, 848 F.3d at 341 (internal citation and quotation marks omitted).  "An appeal that would require

the appellate court to delve into the facts of the case is not well-suited for interlocutory review." *Eshelman*, 2017 WL 9440363, at *1.

Any appeal on the personal jurisdiction issue in this case will turn *entirely* on whether this Court properly applied *Calder* and *Young* to the specific facts of this case. In other words, Defendants "seek appellate review of a decision concerning a factual determination with which they disagree." *Hecklerco*, 258 F. Supp. 3d at 357 (denying interlocutory review of the district court's exercise of personal jurisdiction). That has never been sufficient to justify granting an interlocutory appeal. *See Eshelman*, 2017 WL 9440363, at *2 (denying interlocutory review of the district court's exercise of personal jurisdiction because "[w]hether [the defendant] is subject to personal jurisdiction in North Carolina is not a question of pure law," but rather "a question of the application of the law of personal jurisdiction to the facts of this case").

InfoWars Defendants suggest that the personal jurisdiction question at issue here is nonetheless a controlling question of law because "answering it would be reversible final error on appeal," InfoWars Mot. at 11, but this is wrong. After all, if every question that could be "reversible final error on appeal" were a "controlling question of law," 28 U.S.C. § 1292(b), then literally *every* personal jurisdiction determination by a district court would satisfy this standard. Such a categorical approach does not align with the Fourth Circuit rule that Section 1292(b) certifications should be granted "sparingly," *Michaels*, 848 F.3d at 340, and tellingly InfoWars Defendants cite not a single Fourth Circuit case in support of this proposition.

*Second*, a "controlling question of law," 28 U.S.C. § 1292(b), is "a narrow question of pure law whose resolution will be *completely dispositive* of the litigation, either as a legal or practical matter, whichever way it goes." *Elderberry*, 2013 WL 1399314, at *2 (quoting *Fannin*, 873 F.2d 1438, at *5 (per curiam) (emphasis added)). Importantly, "a question of law would not be

controlling if the litigation would necessarily continue regardless of how that question were decided." *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 525 (E.D.N.C. 2010) (internal citation and quotation marks omitted); *see Moffett v. Comput. Sci. Corp.*, No. PJM 05-1547, 2010 WL 348701, at *2 (D. Md. Jan. 22, 2010) ("[C]ontrolling questions . . . determine whether there should be any future proceedings at all with respect to Plaintiffs' claims.").

A contrary ruling on personal jurisdiction on interlocutory appeal will not be "completely dispositive" of this litigation. *Elderberry*, 2013 WL 1399314, at *2 (internal citation and quotation marks omitted). Defendant Lee Stranahan waived any personal jurisdiction defense, and litigation with respect to Stranahan would therefore continue even if the Fourth Circuit reversed this Court's decision as to personal jurisdiction. *See* Slip op. at 15 n.18; *cf. Muller v. Temura Shipping Co.*, 629 F. Supp. 1024, 1028 (E.D. Pa. 1986) (concluding that certification of personal jurisdiction issue would not "materially advance the ultimate termination of the litigation [because] [o]ther defendants remain in this case and the case will have to proceed whether or not [the moving party] is dismissed" (internal citations and quotation marks omitted)). Therefore, the specific personal jurisdiction issue is not a controlling question of law in this case, and Defendants' motions must be denied.

B. **There Is Not Substantial Ground for a Difference of Opinion on the Question of Whether this Court Can Exercise Specific Personal Jurisdiction Over Defendants.**

Defendants' motions for interlocutory appeal must also be denied because there is not substantial ground for a difference of opinion on the personal jurisdiction question. A question is one as "to which there is a substantial ground for a difference of opinion," 28 U.S.C. § 1292(b), when there is "'substantial doubt' that the district court's order was correct." *Goodman v. Archbishop Curley High Sch., Inc.*, 195 F. Supp. 3d 767, 774 (D. Md. 2016) (quoting *Kennedy v.*

*Villa St. Catherine, Inc.*, No. PWG-09-3021 (WDQ), 2010 WL 9009364, at *2 (D. Md. June 16, 2010)). Typically, "'[a]n issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue.'" *Goodman*, 195 F. Supp. 3d at 774 (quoting *Randolph v. ADT Sec. Servs., Inc.*, No. DKC 09-1790, 2012 WL 273722, at *6 (D. Md. Jan. 30, 2012)); *see In re Nichols*, No. TDC-14-0625, 2014 WL 4094340, at *3 (D. Md. Aug. 15, 2014) ("[F]or interlocutory appeals, it matters not whether the lower court simply got the law wrong, but whether courts themselves disagree as to what the law is." (internal citation and quotation marks omitted)). "A substantial ground for difference of opinion does not occur when a party merely believes that the district court wrongly decided the case or applied the correct legal standard incorrectly to its case." *Eshelman*, 2017 WL 9440363, at *2.

Here, courts do not disagree on what the law is. As this Court correctly noted in its opinion, both *FireClean, LLC v. Tuohy*, No. 1:16-cv-0294, 2016 WL 3952093, at *6-7 (E.D. Va. July 21, 2016), and *Fertel v. Davidson*, No. CCB-13-2922, 2013 WL 6842890, at *4 (D. Md. Dec. 18, 2013), are distinguishable from this case because the publications involved in those cases "made only glancing references to the forum state." Slip op. at 23 n.29. In this case, Defendants' publications "do not simply make fleeting references to Virginia—they are predominately, if not exclusively, focused on Virginia." *Id.*

The additional cases Defendants cite in their motions for interlocutory appeal similarly involve statements that made only "glancing references" to the forum state and are therefore easily distinguishable. *See Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010) ("The statements were aimed at the Johnsons; the inclusion of 'Missouri' in the posting was incidental. . . . There is no evidence that the www.ComplaintsBoard.com website specifically targets Missouri, or that the content of Heineman's alleged postings specifically targeted Missouri."); *Edwards v. Schwartz*, No. 7:18-cv-378, 2019 WL 1295055, at *14 (W.D. Va. Mar. 20, 2019) (analogizing the case to

*FireClean* and noting that none of the communications "targeted a particular forum, let alone Virginia," that they "were [not] of special interest to Virginia readers," and that there were no "facts indicating" that anyone in Virginia "was even aware of the communications in question"); *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. GLR-16-2974, 2017 WL 2778825, at *7 (D. Md. June 26, 2017) (the "Podcasts did not focus on Maryland and instead focused on Planet Aid's international dealings, with only incidental concern for Planet Aid's activities in Maryland"). By contrast here, this Court concluded that Defendants manifested an intent to "target a Virginia audience by publishing an article and video focused on the political forces supposedly underlying a Virginia event and a Virginia citizen's role in that event." Slip op. at 27; *see id.* at 22, 25, 29. There is no indication that these other courts would have decided this case any differently if they were presented with these facts.[5]

Moreover, cases around the country demonstrate that this Court is well within the broad consensus of courts applying *Calder* to factually analogous circumstances. *See, e.g.*, *Gubarev v. Buzzfeed, Inc.*, 253 F. Supp. 3d 1149, 1158-59 (S.D. Fla. 2017) (concluding that publication of content of national importance supports specific personal jurisdiction in Florida because it defamed a Florida plaintiff who sustained harm in Florida); *Lostutter v. Olsen*, No. 16-1098, 2017 WL 3669557, at *10 (M.D.N.C. Aug. 24, 2017) (exercising specific personal jurisdiction in defamation case because although "the audience for the website as a whole may have been nationwide . . . much of the content was aimed toward a North Carolina store with North Carolina customers"); *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 725, 728 (W.D. Tex. 2015) (holding that a

---

[5] Other Defendants' reliance on the *Schmalfeldt* opinions is similarly unavailing. In the *Schmalfeldt* cases, the allegedly defamatory statements principally reflected the parties' animus toward one another, and they did not in any respect target the forum states. *See Schmalfeldt v. Grady*, No. 4:17-1310-cv-RBH-KDW, 2017 WL 6628187, at *1 (D.S.C. Dec. 7, 2017), *report and recommendation adopted*, No. 17-CV-01310, 2017 WL 6621189 (D.S.C. Dec. 28, 2017); *Schmalfeldt v. Johnson*, No. 15-1516, 2016 WL 3659901, at *4 (E.D. Wis. July 1, 2016).

Colorado resident was subject to personal jurisdiction in Texas when she made a Facebook page indicating that the Texas plaintiff sexually abused children); *Jones v. Dirty World Entm't Recordings, LLC*, 766 F. Supp. 2d 828, 830-36 (E.D. Ky. 2011) (exercising personal jurisdiction over Arizona defendants who refused to remove an allegedly libelous post claiming the plaintiff, a citizen of Kentucky and a cheerleader for the Cincinnati Bengals, "has slept with every other Bengal Football player" and contracted sexually transmitted diseases); *Bochan v. La Fontaine*, 68 F. Supp. 2d 692, 694, 702 (E.D. Va. 1999) (applying *Calder* and upholding personal jurisdiction over New Mexico and Texas defendants when defamatory statements made on internet listservs were accessed in Virginia and harm was suffered in Virginia). In short, Defendants have failed to demonstrate that there is "substantial ground for difference of opinion" as to the issue of this Court's exercise of specific personal jurisdiction over them.

Finally, as to other Defendants' arguments with respect to the Virginia long-arm statute, binding Fourth Circuit precedent makes clear that there is no ground for a "difference of opinion" in this jurisdiction. Reversal of this rule would require action by either the Supreme Court or the Fourth Circuit sitting en banc. *See Mentavlos v. Anderson*, 249 F.3d 301, 312 n.4 (4th Cir. 2001). Defendants may be interested in overturning decades of Fourth Circuit precedent and obtaining a holding that Virginia's long-arm statute is not coterminous with the Due Process Clause, but interlocutory appeal is not the appropriate avenue to do so.

In sum, Defendants' disappointment with this Court's resolution of the specific personal jurisdiction issue cannot be enough to satisfy the "substantial ground for difference of opinion" standard under Section 1292(b). *See, e.g.*, *Dillon*, 2014 WL 5408416, at *2 ("it would be imprudent" to certify interlocutory appeal even if "the jurisdictional question might be a difficult one").

## C. An Appeal on the Personal Jurisdiction Question Will Not Materially Advance Termination of the Litigation.

Finally, Defendants must show that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As already noted, resolution of the personal jurisdiction question in Defendants' favor will not materially advance termination of the litigation because Stranahan would remain in this case. *See supra* at 15; *see also, e.g.*, *Muller*, 629 F. Supp. at 1028 (concluding that certification of personal jurisdiction issue would not "materially advance the ultimate termination of the litigation [because] [o]ther defendants remain in this case and the case will have to proceed whether or not [the moving party] is dismissed" (internal citation and quotation marks omitted)).

Defendants' motion for certification of interlocutory appeal should therefore be denied.[6]

---

[6] Even if this Court were to certify an interlocutory appeal, discovery should continue in the district court because "[a] party seeking a stay must demonstrate a pressing need for one . . . and that the need for a stay outweighs any possible harm to the nonmovant." *Mullins v. Suburban Hosp. Healthcare Sys., Inc.*, No. PX 16-1113, 2017 WL 3023282, at *1 (D. Md. July 17, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Here, Defendants did not request a stay, and thus they obviously did not identify "clear and convincing circumstances outweighing potential harm to the party against whom it is operative," *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983). Moreover, "[g]ranting a stay would further delay a resolution in this case and could significantly delay proceedings, causing undue prejudice to" Mr. Gilmore. *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018).

16

**CONCLUSION**

For the foregoing reasons, Defendants' motions for reconsideration or certification of interlocutory appeal should be denied.

Dated: May 16, 2019                              Respectfully submitted,

                                                  /s/ Andrew Mendrala

Elizabeth B. Wydra, admitted *pro hac vice*      Andrew Mendrala, VA State Bar #82424
Brianne J. Gorod, admitted *pro hac vice*        Aderson Francois, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY                    CIVIL RIGHTS CLINIC
  CENTER                                         GEORGETOWN UNIVERSITY LAW CENTER
1200 18th Street, N.W., Suite 501                600 New Jersey Avenue, N.W.
Washington, D.C. 20036                           Washington, D.C. 20001
(202) 296-6889                                   (202 662-9065
elizabeth@theusconstitution.org                  andrew.mendrala@georgetown.edu
brianne@theusconstitution.org                    aderson.francois@georgetown.edu

                    *Counsel for Plaintiff Brennan Gilmore*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2019, a true and correct copy of the foregoing document

was served on all parties via the Electronic Case Filing (ECF) system.

Dated: May 16, 2019

/s/ Andrew Mendrala
Andrew Mendrala
