| | |
|---|---|
| BRENNAN M. GILMORE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ALEXANDER ("ALEX") E. JONES; INFOWARS, LLC, a Texas Limited Liability Company; FREE SPEECH SYSTEMS, LLC, a Texas Limited Liability Company; LEE STRANAHAN; LEE ANN MCADOO A/K/A LEE ANN FLEISSNER; SCOTT CREIGHTON; JAMES ("JIM") HOFT; DERRICK WILBURN; MICHELE HICKFORD; and WORDS-N-IDEAS, LLC,<br><br>　　　　　　Defendants. | No. 3:18-cv-00017-NKM-JCH |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR LEAVE TO SUPPLEMENT MOTION TO RECONSIDER OR TO CERTIFY INTERLOCUTORY APPEAL**

Elizabeth B. Wydra, admitted *pro hac vice*
Brianne J. Gorod, admitted *pro hac vice*
Ashwin P. Phatak, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY
　CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org
ashwin@theusconstitution.org

Andrew Mendrala, VA State Bar #82424
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, N.W.
Fifth Floor
Washington, D.C. 20005
(202) 408-4600
amendrala@cohenmilstein.com

Aderson Francois, admitted *pro hac vice*
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 661-6739
aderson.francois@georgetown.edu

*Counsel for Plaintiff Brennan Gilmore*

Plaintiff Brennan Gilmore respectfully files this response to Defendants Wilburn, Hickford, Hoft, Creighton, and Words-N-Ideas, LLC's Joint Motion for Leave to Supplement Motion to Reconsider or to Certify Interlocutory Appeal. *See* Dkt. No. 157. Although Plaintiff believes that Defendants' effort to file many additional pages of supplemental briefing is unwarranted, he takes no position on whether the Court should grant Defendants' motion.

Significantly, the single case that Defendants cite does not change the analysis. As explained in detail in Plaintiff's May 16, 2019 response to Defendants' motions, Defendants have not met the heavy burden required to obtain reconsideration or interlocutory review, *see* Dkt. No. 145, and *In re Trump*, 928 F.3d 360 (4th Cir. 2019), is not to the contrary. In that case, the Fourth Circuit held that the district court abused its discretion by failing to certify a case for interlocutory appeal based principally on the "unique circumstances of th[at] case," *id.* at 372. First, the issue raised in that case—whether certain states had standing to bring a suit alleging that the President had violated the Constitution's Emoluments Clause—"involve[d] a new legal question or [wa]s of special consequence." *Id.* at 369 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009)) (emphasis omitted). The Fourth Circuit listed the numerous reasons why in its view "one c[ould] hardly question that" the issue in that case met this high bar:

> that no previous court had enforced the Emoluments Clauses; that no decision had defined what "emoluments" are; that no prior decision had determined that a party can sue directly under the Emoluments Clauses when the constitutional provisions provide no rights and specify no remedies; and that no case had held that a State has standing to sue the President for alleged injury to its proprietary or sovereign interests from a violation of the Emoluments Clause.

*Id.* at 369. Here by contrast, numerous Fourth Circuit and Supreme Court decisions have elucidated the standard for exercising personal jurisdiction, including in defamation cases like this one, and this Court merely applied those precedents to the facts of this case in its well-reasoned opinion denying Defendants' motions to dismiss.

1

Second, to show a reasonable difference of opinion, the Fourth Circuit cited a Southern District of New York decision in which the court came to a directly contrary conclusion as to whether plaintiffs could sue under the Emoluments Clause. *Id.* at 370 (citing *Citizens for Responsibility & Ethics in Washington v. Trump* ("*CREW*"), 276 F. Supp. 3d 174 (S.D.N.Y. 2017)); *see id.* at 371 ("[t]he *CREW* court's disagreement with the theory of competitor standing embraced by the district court is fundamental and obvious"). As noted in Plaintiff's May 16, 2019 response, *see* Dkt. No. 145, at 2, Defendants have not offered a single case with materially similar facts in which a court decided a personal jurisdiction question differently than this Court did.[1]

Finally, the Fourth Circuit noted that the plaintiffs in *In re Trump* "seek[] an injunction directly against a sitting President, the Nation's chief executive officer" and that "to allow such a suit to go forward in the district court without a resolution of the controlling issues by a court of appeals could result in an unnecessary intrusion into the duties and affairs of a sitting President." *In re Trump*, 928 F.3d at 368. Obviously, those unique factors do not exist in this case.

In sum, *In re Trump* does nothing to change the fact that Defendants have failed to meet their heavy burden to show the propriety of reconsideration or interlocutory appeal. Defendants' motion for reconsideration or interlocutory appeal should be denied.

---

[1] Once again, Defendants argue that there is a split of authorities as to whether Virginia's long-arm statute is coterminous with the limits of the Due Process Clause. Dkt. No. 157-1 at 5-7. But the cases that Defendants cite stand only for the proposition that Virginia state courts sometimes analyze the state's long-arm statute without referencing the Due Process Clause. The Fourth Circuit has repeatedly and consistently held that the long-arm statute is coterminous with the limits of the Due Process Clause, and there is no split of authorities on that question.

Dated: August 27, 2019                                          Respectfully submitted,

 /s/ Andrew Mendrala

Elizabeth B. Wydra, admitted *pro hac vice*      Andrew Mendrala, VA State Bar #82424
Brianne J. Gorod, admitted *pro hac vice*        COHEN MILSTEIN SELLERS & TOLL PLLC
Ashwin P. Phatak, admitted *pro hac vice*        1100 New York Avenue, N.W.
CONSTITUTIONAL ACCOUNTABILITY                    Fifth Floor
    CENTER                                       Washington, D.C. 20005
1200 18th Street, N.W., Suite 501                (202) 408-4600
Washington, D.C. 20036                           amendrala@cohenmilstein.com
(202) 296-6889
elizabeth@theusconstitution.org                  Aderson Francois, admitted *pro hac vice*
brianne@theusconstitution.org                    CIVIL RIGHTS CLINIC
ashwin@theusconstitution.org                     GEORGETOWN UNIVERSITY LAW CENTER
                                                 600 New Jersey Avenue, N.W.
                                                 Washington, D.C. 20001
                                                 (202) 661-6739
                                                 aderson.francois@georgetown.edu

*Counsel for Plaintiff Brennan Gilmore*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 27, 2019, a true and correct copy of the foregoing document was served on all parties via the Electronic Case Filing (ECF) system.

Dated: August 27, 2019

                                                /s/ Andrew Mendrala
                                                Andrew Mendrala