UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRENNAN M. GILMORE,<br><br>                      *Plaintiff,*<br><br>v.<br><br>ALEXANDER JONES, ET AL.,<br><br>                      *Defendants* | CASE NO.: 3:18-CV-00017-NKM-JCH<br><br>SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO RECONSIDER OR TO CERTIFY INTERLOCUTORY APPEAL OF DEFENDANTS WILBURN, HICKFORD, HOFT, CREIGHTON, AND WORDS-N-IDEAS, LLC |

# **TABLE OF CONTENTS**

Table of Authorities ............................................................................................................. iii

Facts ...................................................................................................................................... 1

I.  *In re Trump* Has Changed And/Or Clarified the Law Regarding Interlocutory Appeal,
    Further Supporting the Undersigned Defendants' Argument for Certification ............ 1

    A.  Under *In re Trump,* the Requirement of a Controlling Question of Law and the
        Material Advancement Requirement Is Satisfied When the Matter Is Serious to the
        Conduct of the Litigation and Will Substantially Shorten the Litigation ............ 2

    B.  Under *In re Trump*, the Fact That a Reasonable Jurist Might Answer the Question
        Differently Is Sufficient to Satisfy the Substantial Ground for Difference of Opinion
        Requirement. ........................................................................................................ 4

Conclusion ............................................................................................................................ 7

# TABLE OF AUTHORITIES

## CASES

*Bergaust v. Flaherty*, 57 Va. App. 423 (2011) ............................................................. 5

*Cabaniss v. Cabaniss*, 46 Va. App. 595 (2005) ............................................................ 6

*Cassen v. Slater*, 75 Va. Cir. 327, 2008 WL 11297392 (Va. Cir. 2008) ....................... 6

*Citizens for Responsibility & Ethics in Washington v. Trump*, 276 F. Supp. 3d 174 (S.D.N.Y. 2017) ............................................................................................................. 5

*Direct Connect, UDCC Div. v. Medra Systems*, LLC, 80 Va. Cir. 637, 2010 WL 7373715 (Va. Cir. 2010) ................................................................................................ 6

*Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989) ........................................ 3

*First Nations Development Institute v. Borunda*, 56 Va. Cir. 212, 2001 WL 891089 (Va. Cir. 2001) ............................................................................................................... 6

*Frizzell v. Danieli Corp.*, 81 Va. Cir. 427, 2010 WL 11020351 (Va. Norfolk Cir. 2010) ........... 6

*Gray Const. & Realty Co. v. Southeast Properties*, 2000 WL 1641252 (Va. Cir. 2000) ........... 6

*Harrison v. Harrison*, 58 Va. App. 90 (Va. App. 2011) ............................................... 6

*In re Trump*, 928 F.3d 360 (4th Cir. 2019) ........................................................... passim

*In re Virginia Elec. & Power Co.*, 539 F.2d 357 (4th Cir. 1976) .................................. 2

*Johnson v. Burken*, 930 F.2d 1202 (7th Cir. 1991) ...................................................... 3

*Katz v. Carte Blanche Corporation*, 496 F.2d 747 (3rd Cir. 1974) ............................. 3

*Malcolm v. Esposito*, 63 Va. Cir. 440, 2003 WL 23272406 (Va. Ffx. Cir. 2003) ......... 6

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251 (11th Cir. 2004) ............................. 3

*Mercer v. MacKinnon*, 823 S.E.2d 252 (2019) ..................................................... 5 and 7

*N.C. Elec. Membership v. Carolina Power & Light*, 666 F.2d 50 (4th Cir. 1981) ...... 3

*New York Commercial Bank v. Heritage Green Dev. LLC*, 95 Va. Cir. 278, 2017 WL 9833490 (Va. Ffx. Cir. 2017) ......................................................................................... 6

*Oliver v. Oliver*, 61 Va. Cir. 88, 2003 WL 478364 (Va. Ffx. Cir. 2003) ............................... 6

*PCR Tech. Holdings, L.C. v. Bell Ventures, L.L.C.*, 79 Va. Cir. 81, 2009 WL 7388852 (Va. Cir. 2009) ............................................................................................................................... 6

*Re: Volkswagen "Clean Diesel" Litigation,* 100 Va. Cir. 134, 2018 WL 9393018 (Va. Ffx. Cir. 2018) ............................................................................................................................... 6

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) ................................... 5

*Siu Ming Hong v. Chum Moon Tong ex rel. Siu Ming Hong*, 61 Va. Cir. 439, 2003 WL 22382709 (Va. Rich. Cir. 2003) ............................................................................................. 6

*Sjolinder v. American Enterprise Solutions, Inc.*, 54 Va. Cir. 138, 2000 WL 33595043 (Va. Charlottesville Cir. 2000) ...................................................................................................... 5

*Virginia Elec. and Power Co. v. Alliance Coal, L.L.C.*, 81 Va. Cir. 244, 2010 WL 11020463 (Va. Rich. Cir. 2010) ............................................................................................................... 6

*Washington v. Lucas*, No. 1221-14-3 (Va. App. Dec. 30, 2014) .......................................... 6

**CONSTITUTIONAL PROVISIONS AND STATUTES**

U.S. Const. Amend. 14, § 1, cl. 3 ..................................................................................... passim

28 U.S.C. § 1292 .............................................................................................................. passim

VA CODE § 8.01-328.1 ............................................................................................................ 4-7

VA CODE §§ 20-146.1, *et. seq.* ................................................................................................. 6

NOW COME Defendants Derrick Wilburn, Michele Hickford, James Hoft, R. Scott Creighton and Words-N-Ideas, LLC (hereinafter "the Undersigned Defendants") by their counsel Aaron J. Walker, Esq., in the above-styled case for the sole purpose of filing this Supplemental Brief in Support of Motion to Reconsider or to Certify Interlocutory Appeal, without waiving any rights of jurisdiction, notice, process, joinder, or venue.

## FACTS

This brief incorporates the facts as stated in the brief in support of prior motion (Dkt. 138) and reply (Dkt. 148) as though fully stated herein.

## I.
## *IN RE TRUMP* HAS CHANGED AND/OR CLARIFIED THE LAW REGARDING INTERLOCUTORY APPEAL, FURTHER SUPPORTING THE UNDERSIGNED DEFENDANTS' ARGUMENT FOR CERTIFICATION

After briefing had ended on the question of the motion to reconsider or to certify the question of jurisdiction for interlocutory appeal, the Fourth Circuit issued *In re Trump*, 928 F.3d 360 (4th Cir. 2019), a major ruling regarding the certification of questions for interlocutory appeal.

By way of review, 28 U.S.C. § 1292(b) states that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, in applying this language, courts ask three questions:

1) is the question a "controlling question of law?"

2) is the question one "as to which there is substantial ground for difference of opinion?"

3) is the question such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation?"

If all three questions are answered in the affirmative, then the judge "shall so state in writing in such order." The door to interlocutory appeal would be open.

*In re Trump* came to the Fourth Circuit in an unusual fashion. The underlying suit involved whether the President of the United States ("POTUS") had violated the emoluments clause. The POTUS had moved to dismiss in part on the theory that the parties before that court lacked standing to sue. The District of Maryland, hearing the case, denied the motion to dismiss on that ground. In response, the POTUS moved for a certification of that question for interlocutory appeal and the district court denied it. Accordingly, the POTUS sought a writ of mandamus from the Fourth Circuit that would require the district court to certify the question for interlocutory appeal. The Fourth Circuit granted that writ and ordered the district court to certify the question.

In doing so, the Fourth Circuit clarified what each part of that test means, providing a useful insight into how that court believes the question of certification should be decided. With this new understanding, the case for an interlocutory appeal in this matter is stronger than ever.

**A.  Under *In re Trump*, the Requirement of a Controlling Question of Law and the Material Advancement Requirement Is Satisfied When the Matter Is Serious to the Conduct of the Litigation and Will Substantially Shorten the Litigation.**

*In re Trump* provides significant guidance on how to determine if a question is controlling, and whether an interlocutory appeal may materially advance the ultimate termination of the litigation.

By way of review, the Plaintiff argued that nothing less than the potential of dismissing every claim against every defendant was sufficient to have either a controlling question of law or to satisfy the material advancement requirement.[1] On the other hand, the Undersigned Defendants cited Fourth Circuit precedent that held that the material advancement requirement is satisfied if resolution of the question might merely save the district court "time, expense and effort." *In re*

---

[1] *See* "Plaintiff's Consolidated Opposition to Defendants' Motions for Reconsideration or Certification for Interlocutory Appeal of the Court's March 29 Order and Opinion" (Dkt. 145), pp. 11-12 and 16.

*Virginia Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976). Similarly, the Undersigned Defendants argued this Court should adopt the definition of "controlling question of law" found in *Katz v. Carte Blanche Corporation*, 496 F.2d 747 (3rd Cir. 1974) which declared that a controlling question of law did not *require* the possibility of complete termination of all litigation. Instead, the *Katz* court relied on the more relaxed formulation that a controlling question is one which is "serious to the conduct of the litigation." *Id.* at 755.

In *In re Trump*, the Fourth Circuit has adopted formulations to both requirements that are virtually identical to the ones urged by the Undersigned Defendants, stating the following:

> Moreover, there can be no doubt that the questions the President sought to have certified under § 1292(b) were "controlling" and that their prompt appellate resolution could "materially advance the ultimate termination of the litigation." See *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (noting that "controlling" in § 1292(b) "means serious to the conduct of the litigation, either practically or legally" (citation omitted)); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("[T]he text of § 1292(b) requires that resolution of a 'controlling question of law . . . may materially advance the ultimate termination of the litigation.' This is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation" (citation omitted)).

The citation omitted from the reference to *Johnson* was *Katz*. See, *Johnson*, 930 F.2d at 1206. [2]

---

[2] It is worth noting that this formulation of the controlling question requirement is not inconsistent with prior Fourth Circuit precedent. For instance, the Fourth Circuit's adoption of *Katz* is consistent with *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438 (4th Cir. 1989), an unpublished opinion relied on heavily by the Plaintiff. *Fannin* states that "[c]ertainly the kind of question *best adapted* to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Id.* at *5 (emphasis added). Stating that a situation is the *ideal* circumstance for certifying an interlocutory appeal is not the same as stating that it is the *only* circumstance, and doctrine and practice in the Fourth Circuit indicates that the standard for granting interlocutory appeal was never as stringent as the Plaintiff suggested. For instance, *In re Virginia Elec. & Power Co.*, 539 F.2d at 364 concerned itself with the recusal of a judge. The complete termination of litigation was not on the table, but certification was found to be appropriate because reversing an inappropriate recusal would save the "time, expense and effort" needed to acquaint a new judge in the case, 539 F.2d at

3

Under this approach, there can be little doubt that this motion for certification involves a question "serious to the conduct of litigation" and that resolution might "substantially shorten the litigation." If this Court considers the question of personal jurisdiction under due process, U.S. Const. Amend. 14, § 1, cl. 3, then this Court is facing the possibility of dismissing every defendant but one and every cause of action but one—nine defendants and eight causes of action in all.[3] However, even if this Court only considers the issue of the application of the long-arm statute, V<small>A</small> C<small>ODE</small> § 8.01-328.1—raised solely by the Undersigned Defendants—then this Court is still facing the possibility of dismissing half of the current defendants and seven out of nine causes of action. Either outcome would be serious to the conduct of the litigation and would substantially shorten the case if only by de-cluttering the list of defendants and causes of action.

As such, *In re Trump* demonstrates more than ever before that the questions presented by the Undersigned Defendants are controlling, and resolution of them might materially advance the termination of litigation, opening two of the three locks on the door to interlocutory appeal.

**B.      Under *In re Trump*, the Fact That a Reasonable Jurist Might Answer the Question Differently Is Sufficient to Satisfy the Substantial Ground for Difference of Opinion Requirement.**

*In re Trump* also clarified what the requirement that there be "substantial ground for difference of opinion" means. Specifically, *In re Trump* adopted the following formula: "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an

---

364. Likewise, in *N.C. Elec. Membership v. Carolina Power & Light*, 666 F.2d 50 (4th Cir. 1981) complete termination of the litigation as not on the table, but the Fourth Circuit accepted certification regarding denial of (some) discovery. All of these cases are consistent with the *Katz/Trump* formulation that a controlling question is one that is "serious to the conduct of the litigation." *In re Trump*, 928 F.3d at 371, *Katz*, 496 F.2d at 755.

[3] This is because every defendant but Mr. Stranahan has sought certification on the question of personal jurisdiction under due process. *See* "Free Speech Defendants' Motion for Reconsideration or Certification For Interlocutory Appeal of the Court's March 29 Order and Opinion" (Dkt. 133).

4

issue's resolution." 928 F.3d at 371 (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)). At its core, the statute is asking the jurist a very personal question: Is the judge so sure of his or her decision that it would be *unreasonable* for a different judge to reach a different conclusion?

However, *In re Trump* reasoned that the simplest way to find that a reasonable judge *might* reach a different outcome was by showing that a different judge *has* reached a different conclusion another case. In *In re Trump,* the Fourth Circuit noted that *Citizens for Responsibility & Ethics in Washington v. Trump*, 276 F. Supp. 3d 174 (S.D.N.Y. 2017) reached a different conclusion from the District of Maryland and, from that fact, determined that it was reasonable for a different judge to reach a different conclusion.

The same can be done in the instant case. Multiple Virginia state courts have found that Virginia's long-arm statute had a meaning separate and independent from the limitations imposed by due process—and that if a Plaintiff fails to satisfy the language of the long-arm statute, then the case will be dismissed for lack of personal jurisdiction. The most obvious example of this is *Mercer v. MacKinnon*, 823 S.E.2d 252 (2019), where the Virginia Supreme Court upheld dismissal of a suit based solely on the failure of that plaintiff to meet the requirements of § 8.01-328.1. The same result also occurred about half a mile away from this Court in the Charlottesville Circuit Court. In *Sjolinder v. American Enterprise Solutions, Inc.*, 54 Va. Cir. 138, 2000 WL 33595043 (Va. Charlottesville Cir. 2000), that court dismissed a case solely based on a failure to satisfy the long-arm statute, without any mention of the limitations imposed by due process. The implicit assumption in *Mercer* and *Sjolinder,* that a Plaintiff asserting jurisdiction had to satisfy the language of the long-arm statute separately from the limitations of the due process clause, was made explicit in *Bergaust v. Flaherty*, 57 Va. App. 423 (2011). *Flaherty* concerned an appeal from

5

a circuit court opinion dismissing the case based on a failure to satisfy the long-arm statute *and* a failure to satisfy due process. However, the Court of Appeals affirmed that decision solely based on the long-arm statute, stating that

> because we hold the circuit court did not have personal jurisdiction over Flaherty under Virginia's long arm statute, we need not consider further whether the exercise of personal jurisdiction over Flaherty exceeds the limits of due process under the United States Constitution.

*Id.* at 436. It is impossible to reconcile what the Court of Appeals said in *Flaherty* with what this Court said in the instant case.[4] Following the logic of *In re Trump,* this Court can find that a

---

[4] Indeed, those are but three examples. Some additional examples just from this century include five other cases where a suit was dismissed on the basis of the long-arm statute alone, with no analysis of due process, such as *Harrison v. Harrison*, 58 Va. App. 90 (Va. App. 2011), *Washington v. Lucas*, No. 1221-14-3 (Va. App. Dec. 30, 2014) (unpublished) (available at http://www.courts.state.va.us/opinions/opncavwp/1221143.pdf), *First Nations Development Institute v. Borunda*, 56 Va. Cir. 212, 2001 WL 891089 (Va. Cir. 2001), *Gray Const. & Realty Co. v. Southeast Properties*, 2000 WL 1641252 (Va. Cir. 2000) and *New York Commercial Bank v. Heritage Green Dev. LLC*, 95 Va. Cir. 278, 2017 WL 9833490 (Va. Ffx. Cir. 2017). Additionally, there are at least three cases where Virginia courts *upheld* jurisdiction based solely on the long-arm statute without examining whether due process would be offended: *Cabaniss v. Cabaniss*, 46 Va. App. 595 (2005), *Cassen v. Slater*, 75 Va. Cir. 327, 2008 WL 11297392 (Va. Cir. 2008), and *Siu Ming Hong v. Chum Moon Tong ex rel. Siu Ming Hong*, 61 Va. Cir. 439, 2003 WL 22382709 (Va. Rich. Cir. 2003). In one case, *Oliver v. Oliver*, 61 Va. Cir. 88, 2003 WL 478364 (Va. Ffx. Cir. 2003), jurisdiction was found solely based on the long-arm statute, VA CODE § 8.01-328.1, and the Uniform Child Custody Jurisdiction and Enforcement Act (VA CODE §§ 20-146.1, *et. seq.*), without any mention of due process. Finally, there are least six other times jurisdiction was upheld, but only by separately analyzing the application of the long-arm statute and due process: *Direct Connect, UDCC Div. v. Medra Systems*, LLC, 80 Va. Cir. 637, 2010 WL 7373715 (Va. Cir. 2010), *Frizzell v. Danieli Corp.*, 81 Va. Cir. 427, 2010 WL 11020351 (Va. Norfolk Cir. 2010), *Malcolm v. Esposito*, 63 Va. Cir. 440, 2003 WL 23272406 (Va. Ffx. Cir. 2003), *PCR Tech. Holdings, L.C. v. Bell Ventures, L.L.C.*, 79 Va. Cir. 81, 2009 WL 7388852 (Va. Cir. 2009), *Re: Volkswagen "Clean Diesel" Litigation,* 100 Va. Cir. 134, 2018 WL 9393018 (Va. Ffx. Cir. 2018) (unpublished) and *Virginia Elec. and Power Co. v. Alliance Coal, L.L.C.*, 81 Va. Cir. 244, 2010 WL 11020463 (Va. Rich. Cir. 2010). Although two of the opinions cited here are unpublished, they are not being cited as precedent, but rather as evidence that reasonable jurists have disagreed with this Court's decision to ignore the long-arm statute.

reasonable jurist would not ignore the language of § 8.01-328.1 because multiple judges in Virginia have not.

Furthermore, *In re Trump* makes it clear that this Court does not have to believe it is *wrong* in order to believe that there is substantial ground for difference of opinion. This Court merely has to believe that 1) another court reached a different outcome and 2) that those jurists were reasonable in their conclusion. When it comes to the question of whether this Court correctly ignored the language of the long-arm statute, this brief has made it plain that many other *reasonable* jurists have reached a different conclusion.[5]

Accordingly, the requirement of a substantial ground for difference of opinion has been met. This is the last key needed to open the door to an interlocutory appeal.

## **CONCLUSION**

Ultimately, the Undersigned Defendants continue to believe that this Court should reconsider its decision holding that they are subject to personal jurisdiction in a Virginia court. Apart from the reasons proffered by their codefendants, the Undersigned Defendants believe that *Mercer* represented a change in the law that rendered this Court's prior decision a clear error— albeit a reasonable one. However, if this Court is not sure whether its prior decision is wrong under this new development in the law, the Undersigned Defendants have urged this Court to consult with other authority—either by certifying the question of whether the long-arm statute can be ignored to the Virginia Supreme Court or by certifying the question of personal jurisdiction for immediate appeal before the Fourth Circuit. *In re Trump* has further demonstrated that the door to interlocutory appeal is wide open.

---

[5] Meanwhile, regarding the question of whether reasonable jurists might reach a different conclusion on due process, the Undersigned Defendants believes that the prior briefing more than adequately shows that such reasonable jurists have in the past reached a different conclusion.

7

Monday, August 26, 2019                    Respectfully submitted,


                                           *s/ Aaron J. Walker*
                                           Aaron J. Walker, Esq.
                                           *Attorney for Defendants Wilburn, Hickford, Hoft, Creighton and Words-N-Ideas, LLC*
                                           Va. Bar# 48882
                                           P.O. Box 3075
                                           Manassas, Virginia 20108
                                           (703) 216-0455
                                           AaronJW72@gmail.com

8