IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| BRENNAN M. GILMORE, | ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) | No. 3:18-cv-00017-NKM-JCH |
| ALEXANDER E. (ALEX) JONES, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) ) | |

**JOINT RULE 26(f) REPORT**

Further to this Court's January 16, 2020 Order, the parties hereby submit the following report (the "Report") summarizing the parties' telephonic conference pursuant to Federal Rule of Civil Procedure 26(f) (the "Conference"):

**I. Attendees**

The parties convened telephonically on January 27, 2020.

The following counsel attended on behalf of the Plaintiff: Hassen Sayeed, Anwar Graves, Jeffrey Kopcynski, and James Li (O'Melveny & Myers LLP); Andrew Mendrala (Cohen Milstein Sellers & Toll PLLC); Brianne Gorod and Ashwin Phatak (Constitutional Accountability Center); Aderson Francois and Heather Abraham (Georgetown University Civil Rights Clinic).

The following counsel attended on behalf of Defendants James Hoft, Scott Creighton, Derrick Wilburn, Michele Hickford, and Words-N-Ideas, LLC: Aaron Walker

The following counsel attended on behalf of Defendants Alex Jones, InfoWars, LLC and Free Speech Systems, LLC: Elizabeth Scully and Tom Albro

Pro se defendant Lee Stranahan attended on his own behalf.

## II. Pretrial Scheduling Order

The parties continue to believe that a phased discovery process (i.e., fact expert and expert discovery occurring sequentially) is appropriate. Pursuant to the Court's Order (D.I. 178), the parties agreed in the Conference that the parties shall exchange the required disclosures under Federal Rule of Civil Procedure 26(a)(1) on February 5, 2020. Every party has done so since then, except Mr. Stranahan. The parties agree and respectfully submit that the remaining pretrial deadlines set forth in their January 13, 2020 Joint Proposed Scheduling Order (D.I. 178) should govern this action. The parties believe that this schedule will provide the appropriate intervals to request, process, and secure the anticipated discovery in this case. A revised copy of the parties' Proposed Stipulated Scheduling Order (including a proposed date for referral to ADR) is attached to this Report for the Court's review as Exhibit A.

## III. Assignment to Magistrate Judge

The parties did not discuss whether they consent to the jurisdiction of a Magistrate Judge at this time.

## IV. Settlement/ADR

The parties do not rule out the possibility of a future settlement, but have not reached any agreement at this time. Although it was not discussed during the Conference, all parties, except those represented by Mr. Walker, believe that the earliest juncture at which settlement or ADR discussions may be useful is at the close of fact discovery. Mr. Walker believes that such discussions might be useful at any time. The parties have included such a referral date in their Joint Proposed Scheduling Order, attached hereto as Exhibit A. In the event the parties believe that a judicial settlement conference conducted by the Magistrate Judge may be beneficial at some other time, the parties agree to contact this Court to request such a conference.

**V. Discovery Plan**

    A. <u>Discovery of Electronically Stored Information ("ESI")</u>

        i.      Preservation

Counsel for the parties confirmed during the Conference that they had advised their clients to preserve all discoverable material. Mr. Stranahan confirmed that he had preserved all discoverable information. Counsel for Plaintiff advised that the Plaintiff intends to collect discoverable material from at least the Defendants' computer laptops, servers, social media sites, and phones. Defendants also intend to seek discoverable material from electronic devices in the possession, custody and control of Plaintiff, including material electronically stored on his computer and the phone that he used to take the video in Charlottesville.

        ii.     The Search and Collection of ESI

The parties anticipate that a significant percentage of production in this case will be in the form of ESI. Mr. Walker does not believe that the amount of document production from his clients is likely to amount to much, stating he would be surprised if there was more than one hundred pages of documents. The parties agree that search terms are likely needed in order to obtain all relevant information. The parties further agree that they will meet and confer in order to determine relevant search terms prior to production. The parties will agree to meet and confer regarding the production of video files. The parties also discussed the format of other ESI production, but were not able to reach agreement.

        iii.    Claims of Privilege and Protective Orders

The parties anticipate they may need to file a motion for entry of a Protective Order to protect certain confidential, personnel, financial, and personal information. The parties agree that such a Protective Order will include a provision governing the inadvertent production of privileged information as governed by Federal Rule of Evidence 502.

Pursuant to Federal Rule of Civil Procedure 26(b)(5), the parties agree that they will assert

claims of attorney-client privilege and/or work product protection over otherwise discoverable documents through the use of privilege logs. The log shall describe the nature of the withheld document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim of privilege. The parties further agree that any document production from which responsive documents are withheld on the basis of privilege shall be accompanied by the relevant privilege log or by a statement identifying the date certain by which the log will be produced, which date certain shall not be more than fourteen calendar days after the underlying production occurs. The parties also agree that they need not log entries for privileged documents generated after the date of the complaint in this case.

    B.  <u>Discovery Limits</u>

        i.    Depositions

During the Conference, Plaintiff raised the issue of increasing the number of depositions beyond the limit of ten permitted by Federal Rule of Civil Procedure 30. The parties could not reach agreement, but agreed to meet and confer about this issue as the litigation proceeds. In discussions outside of the Conference, the Plaintiff agreed to travel to Florida in connection with the expected deposition of defendant Scott Creighton, as requested by his counsel to accommodate Mr. Creighton's health.

        ii.    Interrogatories

During the Conference, Plaintiff raised the issue of increasing the number of interrogatories beyond the limit set forth in Federal Rule of Civil Procedure 33. The parties could not reach agreement, but agreed to meet and confer about this issue as the litigation proceeds and to approach the Court if warranted. The parties agree in the interim that, pursuant to Federal Rule of Procedure 33, each party may be served up to 25 interrogatories by any other party.

        iii.    Third-Party Discovery

During the Conference, all Defendants except Mr. Stranahan disclosed that they anticipate

4

seeking third-party discovery from the State Department concerning Plaintiff's employment. Plaintiff is presently unable to determine whether or not he will seek third-party discovery, and expects that issue to be clarified as party discovery proceeds.

### VI. Miscellaneous Issues

#### A. Preservation of ESI

##### i. Plaintiff's Statement

Based on the Conference, Plaintiff has concerns about the extent to which some Defendants have preserved discoverable data consistent with their preservation obligations. During the Conference, for example, Mr. Walker (counsel for defendant Scott Creighton) advised the parties that Mr. Creighton no longer has access to his *American Everyman* website or YouTube channel because they have been suspended. Counsel for Mr. Creighton further advised that he is not aware whether Mr. Creighton backed up that information, or if it is still available. The number of cell phones and computers in the possession of James Hoft, Scott Creighton, Derrick Wilburn, Michele Hickford, and Words-N-Ideas, LLC, and whether those Defendants had turned off auto-deletion features was also not clear during the Conference. Plaintiff believes that a significant part of the relevant discovery in this case will involve production from the parties' email and text messaging accounts, at least with respect to the issue of intent. In the event that discovery disputes arise as a result of preservation issues, Plaintiff expects that the parties will meet and confer and that he will, if necessary, file appropriate motions with the Court.

##### ii. Statement of Defendants James Hoft, Scott Creighton, Derrick Wilburn, Michele Hickford, and Words-N-Ideas, LLC

Mr. Walker believes that Mr. Creighton has no ability or obligation to control the preservation efforts of third parties and that he has no access to his *American Everyman* website or YouTube channel because they have been suspended. Mr. Walker states that Plaintiff's counsel gave him no indication that the Plaintiff was going to inquire about this prior to the Conference. Mr.

5

Walker also states that Plaintiff's counsel gave no indication that the Plaintiff was going to inquire prior to the Conference about the number of cell phones and computers in the possession of James Hoft, Scott Creighton, Derrick Wilburn, Michele Hickford, and Words-N-Ideas, LLC, and whether those Defendants had turned off auto-deletion features. Further, Plaintiff's counsel claimed that messages were typically automatically deleted from iPhones after a year, but Mr. Walker disputed that, noting that he had never turned off any such feature and he can retrieve messages from several years in the past on his iPhone. Mr. Walker noted that he cannot be held responsible for knowing the intricacies and subtleties of every device, application and program in existence. He also noted that Plaintiff's counsel had sent their own hold letters to all of his clients, which were presumably sufficient to serve their purposes.

Mr. Walker believes that it is unlikely that a significant portion of discovery in this case will involve production from the parties' email and text messaging accounts. Mr. Creighton's website and YouTube channel were essentially "one man shows." He had no editor, no supervisor, no staff, etc. He simply published what he wanted. Mr. Hoft has a staff, but he has no supervisor. Both of them are unlikely to have any discussions with third parties regarding the creation or publication of their pieces. Further, while Words-N-Ideas, LLC has some infrastructure that was likely to have been engaged, discussions with his clients indicated that the engagement was not very deep and not likely to produce very many pages in terms of documents.

iii. Statement of Lee Stranahan

Mr. Stranahan advised the parties during the Conference that he no longer has access to his YouTube channel. Nevertheless, he believes that he is in possession of all relevant discoverable materials, including videos. On February 7, 2020, he wrote the parties asking to include in this Report the following statement: he wishes to advise the Court that he was not informed by his previous counsel about the one-year auto-deletion feature of iPhone messages. Subsequent to the Conference, he checked his iPhone and discovered that this auto-deletion feature had not been

6

deactivated. He now believes that he has lost messages from his iPhone from longer than one year ago.

      B. <u>Search and Collection of ESI</u>

          i.      Plaintiff's Statement

Based on the Conference, Plaintiff understood that Defendants Hoft, Creighton, Wilburn, Hickford, and Words-N-Ideas, LLC would be collecting their own ESI for production. On February 7, 2020, Mr. Walker indicated in the revisions of this Report that he would be providing guidance to those parties with respect to collection. Plaintiff believes that collection of ESI from represented parties should be conducted by or with the direct assistance of their counsel. Plaintiff is willing to continue discussions with defendant Stranahan in order to ensure that his ESI is appropriately produced, including if necessary by assisting him with collection and the engagement of a vendor.

          ii.      Statement of Defendants James Hoft, Scott Creighton, Derrick Wilburn, Michele Hickford, and Words-N-Ideas, LLC

As of this writing, Mr. Walker has indicated that he would provide guidance to his clients with respect to collection. Mr. Walker states that these clients will collect their own ESI for production under his guidance because of the distance and other difficulties associated with a set of Defendants spread all over the country. Mr. Walker noted that no counsel would be assisting them if they were *pro se*, as Mr. Stranahan is, and that his clients should not be punished for retaining counsel. Plaintiff's counsel also suggested that Defendants Hoft, Creighton, Wilburn, Hickford, and Words-N-Ideas, LLC be required to engage in a third-party company to gather this information for them. Mr. Walker objected on the grounds that the volume of discovery anticipated did not justify the cost, invasion of privacy, or inconvenience that such a procedure would involve, to find what amounts to a handful at most of documents for each defendant.

      C.    <u>Production Format</u>

          i.    Plaintiff's Statement

Plaintiff believes that absent unique circumstances (*e.g.*, Microsoft Excel spreadsheets warranting native production), all ESI in this case should be produced as single-image TIFFs with load files. Production of documents as printouts or as PDFs with Optical Character Recognition will exclude metadata necessary to preserve the integrity of the document.

          ii.    Statement of Defendants James Hoft, Scott Creighton, Derrick Wilburn, Michele Hickford, and Words-N-Ideas, LLC

Plaintiff's counsel did not express during the Conference that they believe that metadata is necessary to confirm the underlying integrity of documents. Mr. Walker notes that all data can be altered, and, therefore, metadata is no more credible than any other kind of data. Returning to discussion that occurred during the Conference, Mr. Walker maintains that the case does not involve a sufficient number of documents or sufficient stakes to justify the expense of purchasing specific programs to convert to a specific file format.

      D.  <u>Depositions</u>

          i.    Plaintiff's Statement

Plaintiff anticipates that he will seek leave of court for additional depositions in the event an agreement on this issue cannot be reached during fact discovery. There are already seven individual defendants in this case (Defendants Creighton, Stranahan, Hoft, McAdoo, Jones, Wilburn, and Hickford) and three corporate defendants (Defendants InfoWars, LLC; Free Speech Systems, LLC; and Words-N-Ideas) from which Plaintiff anticipates seeking deposition testimony. To the extent discovery uncovers discoverable and relevant information from third parties, for example, Plaintiff would lack recourse to pursue depositions of those individuals absent an agreement by the parties or leave of the Court.

      ii.      Statement of Defendants James Hoft, Scott Creighton, Derrick Wilburn, Michele Hickford, and Words-N-Ideas, LLC

The Defendants did not rule out an agreement on this point in the future, but cannot consent at this time. This is because, at this stage in the case, Plaintiff's counsel is (understandably) unable to be sufficiently specific to allow the Defendants to know what they are consenting to. The parties will agree to meet and confer regarding this issue.

      iii.      Statement of Lee Stranahan

Mr. Stranahan wishes to advise the Court that he does not intend to seek depositions from any third parties.

Dated: February 7, 2020

Respectfully Submitted,

By:    */s/ Anwar L. Graves*
Jonathan Hacker, admitted *pro hac vice*
Anwar Graves, admitted *pro hac vice*
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
agraves@omm.com
jhacker@omm.com

Hassen A. Sayeed, admitted *pro hac vice*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 212 326-2061
hsayeed@omm.com

Andrew Mendrala, Virginia Bar No. 82424
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W., Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
amendrala@cohenmilstein.com

Aderson Francois, admitted *pro hac vice*
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 662-9065
Aderson.Francois@georgetown.edu

Elizabeth B. Wydra, admitted *pro hac vice*
Brianne J. Gorod, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
Telephone: (202) 296-6889

10

elizabeth@theusconstitution.org
brianne@theusconstitution.org

Attorneys for Plaintiff


*/s/ Thomas E. Albro signed with permission by Anwar L. Graves*
Thomas E. Albro (VSB #12812)
Evan D. Mayo (VSB #89383)
TREMBLAY & SMITH, PLLC
105-109 E. High Street
Charlottesville, VA 22902
Telephone: (434) 977-4455
Facsimile: (434) 979-1221
tom.albro@tremblaysmith.com
evan.mayo@tremblaysmith.com

Elizabeth A. Scully (VSB #65920)
Mark I. Bailen (*admitted pro hac vice*)
Andrew M. Grossman (*admitted pro hac vice*)
Richard B. Raile (VSB #84340)
BAKER HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Telephone: (202) 861-1500
Facsimile: (202) 861-1783
escully@bakerlaw.com
mbailen@bakerlaw.com
agrossman@bakerlaw.com
rraile@bakerlaw.com

*Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner*

*/s/ Aaron J. Walker signed with permission by Anwar L. Graves*
Aaron J. Walker, Esq.
VA Bar #48882
DC Bar #481668
P. O. Box 3075
Manassas, VA 20108
Telephone: (703) 216-0455
Aaronjw1972@gmail.com

*Counsel For Defendants James Hoft, Scott Creighton, Derrick Wilburn, Michele Hickford, And Words-N-Ideas, LLC*

*/s/ Lee Stranahan signed with permission by Anwar L. Graves*
Lee Stranahan
1440 G Street, N.W.
Washington, D.C. 20005
stranahan@gmail.com

*Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2020, a copy of the foregoing Joint Rule 26(f) Report was served on all parties via the Court's Electronic Case Filing (ECF) system, and separately sent via first-class mail to Mr. Lee Stranahan, 1440 G Street, N.W., Washington, D.C. 20005.

                                                          */s/ Anwar L. Graves*
                                                          Anwar L. Graves