IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

BRENNAN M. GILMORE,

    Plaintiff,

v.

ALEXANDER E. (ALEX) JONES, et al.,

    Defendants.

No. 3:18-cv-00017-NKM-JCH

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff Brennan Gilmore respectfully moves this Court for an order compelling Defendant Lee Stranahan to supplement his responses to Plaintiff's document requests and to produce documents responsive to those requests. Mr. Stranahan's responses to date have been impermissibly vague because Mr. Stranahan has copied them in whole measure from the responses of other defendants. Mr. Stranahan also has not produced a single document responsive to Plaintiff's requests.

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Yet Mr. Stranahan has refused to provide discovery responses that actually represent the documents he possesses relevant to Plaintiff's claims. Plaintiff's counsel have met and conferred with Mr. Stranahan twice and exchanged numerous emails in a good-faith effort to avoid filing this motion, but those efforts have been unsuccessful. *See* Declaration of Anwar Graves, ¶ 9, 17. For the reasons set forth below, the Court should grant Plaintiff's motion.

## BACKGROUND

On March 5, 2020, Plaintiff served all Defendants with a set of document requests and a set of interrogatories. Plaintiff readily agreed to allow additional time for all defendants to serve their responses. On April 27, the day the responses were due, Mr. Stranahan requested additional time to serve his responses. Graves Decl., Exhibit A (April 27, 2020 email from L. Stranahan to A. Graves). Plaintiff consented in good faith. *Id.* (April 27, 2020 email from A. Graves to L. Stranahan). On April 28, Mr. Stranahan emailed Plaintiff's counsel, stating he could not find Plaintiff's discovery requests and asking counsel to re-send them. Graves Decl., Exhibit B (April 28, 2020 email from L. Stranahan to A. Graves). Later that day, Mr. Stranahan served discovery responses copied nearly verbatim from the responses filed by Baker Hostetler on behalf of other defendants. Graves Decl., ¶¶ 4-5; Exhibit C (Redline between L. McAdoo and L. Stranahan Responses to Plaintiff's First Set of Interrogatories); Exhibit D (Redline between L. McAdoo and L. Stranahan Responses to Plaintiff's First Set of Requests for Production).

On June 1, 2020, Plaintiff sent Mr. Stranahan a letter requesting that Mr. Stranahan supplement his deficient responses and seeking an opportunity to meet and confer. Graves Decl., Exhibit E (June 1, 2020 letter from H. Sayeed to L. Stranahan). Plaintiff also noted that Mr. Stranahan had not produced any documents responsive to Plaintiff's Requests for Production, despite agreeing to search for and produce documents responsive to a number of those requests. *Id.* at 1. Plaintiff asked that Mr. Stranahan promptly identify a date by which he would produce documents. *Id.*

In an effort to work with Mr. Stranahan on his responses, Plaintiff's counsel met and conferred with Mr. Stranahan on two occasions. Graves Decl., ¶¶ 9, 17. During the first meet and confer on June 8, 2020, Mr. Stranahan stated that he had not closely reviewed Plaintiff's

letter. Graves Decl., ¶ 10. Accordingly, Plaintiff's counsel walked through each of Plaintiff's discovery requests with Mr. Stranahan. Graves Decl., ¶ 11. Mr. Stranahan stated that for some of the requests he had objected to, he in fact had no documents. Graves Decl., ¶ 12. Plaintiff's counsel requested that to the extent that was the case, Mr. Stranahan state as much in his supplemental responses. Graves Decl., ¶ 13. Plaintiff's counsel further agreed to reconvene on a second meet and confer with Mr. Stranahan when he had reviewed Plaintiff's letter. Plaintiff's counsel further reminded Mr. Stranahan that his initial disclosures had been due on March 5, 2020 and requested that he serve them promptly. Graves Decl., ¶ 11. Mr. Stranahan stated he would serve his initial disclosures on June 15. Graves Decl., ¶ 15.

On June 12, 2020, the Baker Hostetler firm sent a letter to Plaintiff (copying all parties) objecting to discovery served on the InfoWars defendants. When Plaintiff's counsel reconvened with Mr. Stranahan on June 15, 2020 for another meet and confer, Mr. Stranahan stated that he would serve a letter on Plaintiff purposely referencing Baker Hostetler's letter and the objections therein. Graves Decl., ¶ 18. He stated that the only change he intended to make to his prior discovery responses was to provide a resume taken from his LinkedIn profile. Graves Decl., ¶ 19. Plaintiff's counsel requested that Mr. Stranahan confirm when he would produce documents responsive to Plaintiff's Requests. Graves Decl., ¶ 22. Mr. Stranahan requested that Plaintiff's counsel send him a deadline to produce documents by email and the terms that other defendants had agreed to use to search their records. Graves Decl., ¶ 23. Mr. Stranahan also stated that there would be an additional delay in serving his initial disclosures. Graves Decl., ¶ 20.

On June 17, 2020, Mr. Stranahan stated that he would serve his initial disclosures by June 19. Graves Decl., Exhibit F (June 17, 2020 email from L. Stranahan to A. Graves). On June 18,

2020, Plaintiff's counsel acknowledged Mr. Stranahan's request for an additional extension to serve initial disclosures and sent Mr. Stranahan the search terms agreed to by the other defendants and requested Mr. Stranahan produce documents no later than June 30. Graves Decl., Exhibit F (June 18, 2020 email from A. Graves to L. Stranahan).

On June 22, 2020 Mr. Stranahan stated that he would serve initial disclosures no later than June 24, 2020. Graves Decl., Exhibit F (June 22, 2020 email from L. Stranahan to A. Graves). Plaintiff's counsel acknowledged the request and asked Mr. Stranahan to confirm his acceptance of the search terms. Graves Decl., Exhibit F (June 22, 2020 email from A. Graves to L. Stranahan). Two days later, Mr. Stranahan stated he agreed to the search terms. Graves Decl., Exhibit F (June 24, 2020 email from L. Stranahan to A. Graves). However, he again failed to serve initial disclosures on that day.

Mr. Stranahan finally served initial disclosures on June 25, 2020. Graves Decl., ¶ 24. Mr. Stranahan also sent a letter on that day in response to Plaintiff's June 1 letter outlining his discovery deficiencies. Graves Decl., Exhibit G (June 25, 2020 letter from L. Stranahan to H. Sayeed and A. Graves) ("I agree with the arguments Free Speech System's counsel make in the letter. To the extent that such arguments apply to me, I agree with them. Some of the arguments do not appear to apply me, as I am an individual and do not have any real company structure or any employees to speak of.").

## ARGUMENT

Mr. Stranahan has failed to provide objections or responses to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories that actually describe the documents he possesses and any basis he has for refusing to produce them. He has also provided no substantive reasons for that failure. At each deadline that has come and gone, Mr. Stranahan

4

has presented an excuse for his failure to meet the deadline. Plaintiff has repeatedly accommodated Mr. Stranahan's requests for extensions of time to serve initial disclosures, respond to written discovery, respond to written correspondence, and produce documents. It is clear at this point, however, that Mr. Stranahan is using his requests to avoid responding in good faith by copying responses verbatim from documents served by Baker Hostetler. *Compare* Graves Decl., Exhibit B (requesting an extension to serve discovery responses one day after Baker Hostetler), *with* Graves Decl., Exhibit C (Redline between L. McAdoo and L. Stranahan Responses to Plaintiff's First Set of Interrogatories), *and* Exhibit D (Redline between L. McAdoo and L. Stranahan Responses to Plaintiff's First Set of Requests for Production); *compare* Graves Decl., ¶¶ 10, 11 (requesting another meet and confer), *with* Graves Decl., ¶ 18 (stating he would adopt Baker Hostetler's arguments), *and* Graves Decl., Exhibit G (re-sending Baker Hostetler's letter to Plaintiff's counsel and stating he "agree[s] with it").

As Mr. Stranahan admitted in his June 8 meet and confer with Plaintiff's counsel, Mr. Stranahan is aware that the responses he has served are not wholly accurate as to his position and his documents. Graves Decl., ¶ 12. Where Mr. Stranahan cannot copy from Baker Hostetler—for example, in the search and production of his own documents—Mr. Stranahan has apparently taken no steps to comply with his discovery obligations. This conduct falls fall short of his obligations under the Federal Rules. *Calkins v. Pacel Corp.*, No. 3:07CV00025, 2008 WL 2311565, at *5 (W.D. Va. June 4, 2008) (Moon, J.) ("[Defendants] do not have the right to provide their responses after the deadline for doing so has passed. They do not have the right to ignore discovery requests simply because they find properly responding to be difficult or burdensome. . . . Instead, [defendants] have the right—and more importantly, the obligation—to comply with the discovery rules . . . just like any other litigant.").

Plaintiff's efforts to date to work with Mr. Stranahan have resulted in a slew of missed deadlines and unresponsiveness. Fact discovery is scheduled to close on October 30, 2020. In order for this case to move forward efficiently and for depositions to proceed in advance of that deadline, Plaintiff requires full and complete responses to his written discovery requests.

Due to Mr. Stranahan's failure to provide that discovery, Plaintiff must now regretfully seek the Court's assistance in compelling responses by a date certain. If Mr. Stranahan provides the discovery at issue during the pendency of motion, of course, Plaintiff will advise the Court promptly of that fact and withdraw the motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court direct Mr. Stranahan to provide complete and accurate responses to Plaintiff's First Set of Requests for Production of Documents and Plaintiff's First Set of Interrogatories as soon as possible, to Produce Documents responsive to Plaintiff's First Set of Requests for Production, and to provide such other relief as the Court may deem appropriate.

Dated: July 2, 2020

Respectfully submitted,

By: */s/ Anwar L. Graves*
Jonathan Hacker, admitted *pro hac vice*
Anwar L. Graves, admitted *pro hac vice*
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
agraves@omm.com
jhacker@omm.com

Hassen A. Sayeed, admitted *pro hac vice*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000

Facsimile: (212) 326-2061
hsayeed@omm.com

Andrew Mendrala, Virginia Bar No. 82424
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W., Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
amendrala@cohenmilstein.com

Aderson Francois, admitted *pro hac vice*
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 662-9065
Aderson.Francois@georgetown.edu

Elizabeth B. Wydra, admitted *pro hac vice*
Brianne J. Gorod, admitted *pro hac vice*
Ashwin Phatak, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
Telephone: (202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org
ashwin@theusconstitution.org

## **RULE 37 CERTIFICATION**

I hereby certify that the counsel for Plaintiff have in good faith conferred with counsel for Mr. Stranahan in an effort to obtain the discovery that is the subject of this motion without seeking Court action, and those efforts were unsuccessful.

.

                                                          */s/ Anwar L. Graves*
                                                          Anwar L. Graves

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of July, 2020, a copy of the foregoing Motion to Compel was served on all parties via the Court's Electronic Case Filing system, and separately sent via electronic mail to Mr. Lee Stranahan.

                                                         */s/ Anwar L. Graves*
                                                           Anwar L. Graves