# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRENNAN M. GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-cv-00017-NKM-JCH |
| | ) |
| ALEXANDER E. (ALEX) JONES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

DEFENDANT LEE STRANAHAN'S OBJECTIONS ~~ANN MCADOO A/K/A LEE ANN FLEISSNER'OBJECTIONS~~ AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-8)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Lee Stranahan~~Ann McAdoo a/k/a Lee Ann Fleissner~~ ("Defendant" or "the defendant") hereby serves Plaintiff Brennan M. Gilmore ("Plaintiff" or "the plaintiff") with the following objections and answers to Plaintiff's First Set of Interrogatories (the "Interrogatories.").

Defendant does not concede that any of the objections or information contained herein is relevant or admissible. Defendant reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or any other action.

OBJECTIONS AND ANSWERS

DEFINITION 1.   The pronouns "you" and "your" refer to the party to whom these interrogatories are addressed, and any representatives, agents, servants, employees and others acting on that party's behalf.

OBJECTIONS: Defendant objects to the definition of "you" and "your" as being overly broad and unduly burdensome and not in proportion to the needs of the case to the extent the clause "acting or purporting to act on their behalf" does not qualify the terms "any representatives, agents, servants, [and] employees." Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer to information that is within its own possession, custody, and control, as the Federal Rules require.

DEFINITION 2.   The term "document" shall have the meaning set forth in Federal Rule of Civil Procedure 34. For the avoidance of doubt, the term "document" is used in its broadest sense and is intended to be comprehensive and to include, without limitation, a record, in whatever medium (e.g., paper, computerized format, e-mail, photograph,

audiotape, text message) it is maintained, and includes originals and each and every non-identical copy of all writings of every kind, including drafts, legal pleadings, brochures, circulars, advertisements, letters, internal memoranda, minutes, notes or records of meetings, reports, comments, affidavits, statements, summaries, messages, worksheets, notes, correspondence, diaries, calendars, appointment books, registers, travel records, tables, calculations, books of account; budgets, bookkeeping or accounting records, telephone records, tables, stenographic notes, financial data, checks, receipts, financial statements, annual reports, accountants' work papers, analyses, forecasts, statistical or other projections, newspaper articles, press releases, publications, tabulations, graphs, charts, maps, public records, telegrams, books, facsimiles, agreements, opinions or reports of experts, records or transcripts of conversations, discussions, conferences, meetings or interviews, whether in person or by telephone or by any other means and all other forms or types of written or printed matter or tangible things on which any words, phrases, or numbers are affixed, however produced or reproduced and wherever located, which are in your possession, custody or control. The term2 "document" also includes, without limitation, electronic mail and attachments, data processing or computer printouts, tapes, documents contained on floppy disks, hard disks, computer hard drives, CDs, and DVDs, or retrieval listings, together with programs and program documentation necessary to utilize or retrieve such information, and all other mechanical or electronic means of storing or recording information, as well as tape, film or cassette sound or visual recordings and reproduction for film impressions of any of the aforementioned writings. The term "document" also includes any non-oral "communication," as that latter term is defined below.

OBJECTIONS: Defendant objects to this definition as being overly broad and unduly burdensome, seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. ~~For example, an Interrogatory that seeks information from all "tangible things on which any words, phrases, or numbers are affixed" which "are in your possession, custody or control," particularly when combined with the definition of "your" as including any "representatives, agents, servants, employees and others acting on that party's behalf," would require a search for potentially responsive information that is overly broad, unduly burdensome and not proportional to the needs of the case.~~ Defendant will limit its search for potentially responsive information as the Federal Rules provide.

DEFINITION 3.    The term "identify" with respect to a person means set forth the name, last known address, employer, title, and (a) if a fact witness, the basis for his or her knowledge and (b) if an expert witness, his or her field of expertise and resume.

OBJECTIONS: Defendant objects to this definition to the extent it seeks the production of confidential information of Defendant or others to whom Defendant is under an obligation of confidentiality. Defendant will only provide such information pursuant to the terms of a Protective Order and with appropriate permission.

DEFINITION 4.    The term "identify" with respect to a document means set forth the title, date, author(s), and if correspondence, the recipient(s), where the document is currently located, and the name of the custodian. If it is available on a publicly available website, set forth the full URL and any other information necessary for accessing it.

OBJECTIONS: Defendant objects to this definition to the extent the answer "may be determined by examining, auditing, compiling, abstracting, or summarizing" business records, including related metadata, Defendant will produce in response to Plaintiff's requests for the production of documents, and the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff and Defendant. Fed. R. Civ. P. 33(d). Requiring Defendant to answer when the information is equally available to all parties would be beyond the requirements of the Federal Rules and unduly burdensome.

DEFINITION 5.  The term "communication" is used in its broadest sense and is intended to be comprehensive and to include, without limitation, any transmission of information and the information that is transmitted, whether in written, oral, or electronic form.

DEFINITION 6.  The term "person" shall mean any natural person or legal entity, including a corporation, partnership, sole proprietorship, agency, or business association of any kind.

DEFINITION 7.  The term "online video channel" shall mean any online video platform service, including but not limited to YouTube, Vimeo, Twitch, Dailymotion, Metacafe, Bitchute, or channels hosted on such services.

INSTRUCTION 1.  Each interrogatory shall be answered on the basis of your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

INSTRUCTION 2.  Unless otherwise specified, when construing the scope of these interrogatories, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

    a. Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the interrogatory more inclusive;

    b. Construing the words "any" and "all" to mean "any and all" as necessary to make the interrogatory more inclusive;

    c. Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the interrogatory more inclusive;

    d. Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible;

    e. Wherever any gender is indicated by any term in these interrogatories, it should be construed to include the opposite gender or neuter in order that the scope of these interrogatories shall encompass the broadest range of discoverable information possible.

OBJECTIONS: Defendant objects to the scope of the Interrogatories as overly broad on the grounds that the Interrogatories do not set forth an applicable time period time for the requests.

INSTRUCTION 3.    In answering these interrogatories, you are required to furnish such information as is available to you, however obtained, including hearsay and information known by, or in the possession of, you or your agents, including every attorney representing you. OBJECTIONS: Defendant objects to this instruction to the extent that it seeks the production of privileged information.

INSTRUCTION 4.    If any interrogatory cannot be answered in full after exercising due diligence to secure the information, you must answer to the extent possible, specifying your inability to answer the remainder and the reason why, and stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

INSTRUCTION 5.    If your response to one or more interrogatories must be amended or supplemented because of information acquired by you subsequent to the service of your response, you must promptly serve your supplemental responses to the interrogatory or interrogatories at issue in accordance with the Federal Rule of Civil Procedure 26(e).

INSTRUCTION 6.    Where knowledge or information in the possession, custody or control of a party is requested, that interrogatory requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on the party's behalf, including, unless privileged, that party's attorneys.

OBJECTIONS: Defendant objects to this instruction to the extent the clause "acting or purporting to act on their behalf" does not qualify the terms "any representatives, agents, servants, [and] employees." Defendant also objects to the inclusion in the instruction of individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer to information that is within its own possession, custody, and control, as the Federal Rules require.

INSTRUCTION 7.    Each response to an interrogatory is to be set forth separately. Responses should not be combined for the purpose of supplying a common answer thereto.

INSTRUCTION 8    f you object to a specific interrogatory, the reasons for the objections shall be stated in writing and served upon Plaintiff's counsel. If an objection is made to part of an interrogatory, the part shall be specified, with an answer provided to any part of the interrogatory to which there is no objection. If you assert as an objection to any of these interrogatories that the information sought is privileged, please state the privilege that you believe is involved, identifying each such privilege with the specific interrogatory number that seeks such privileged information.

INTERROGATORY NO. 1

Identify all business organizations and/or other entities in which you have ownership and/or control, and the officers, owners, members, and employees of those organizations and/or entities.

OBJECTIONS: Defendant objects to this Interrogatory and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer by defining "you" as Defendant alone.

ANSWER: Subject to and without waiving the foregoing objections, Defendant answers that he has two LLCs, Truth and Solutions and Stranahan Strategies. These are both family businesses, with my estranged wife Lauren Stranahan as a non-participating officer and my son Shane Stranahan as a business partner of record. ~~she does not have ownership or control of any organizations or entities.~~

INTERROGATORY NO. 2

Identify all individuals or entities with knowledge of the facts and circumstances raised by Plaintiff's April 24, 2018 Amended Complaint or your Answer to Plaintiff's April 24, 2018 Amended Complaint.

OBJECTIONS: Defendant objects to this Interrogatory and its definition of "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer by defining "your" as Defendant alone.

ANSWER: Subject to and without waiving the foregoing objections, Defendant states that Plaintiff and the other Defendants likely have knowledge of at least some "facts and circumstances raised" in the Amended Complaint and Defendant's Answer. Defendant further refers to the documents being produced in response to Plaintiff's First Set of Requests for Production of Documents (Nos. 1-38) to Defendant Free Speech Systems, LLC, including emails dated between August 14, 2017, and August 19, 2017, that reference other individuals who may have such knowledge. Discovery is ongoing and Defendant reserves the right to supplement this Answer.

INTERROGATORY NO. 3

Identify all individuals responsible for investigating any matter concerning Plaintiff on behalf of you, the defendants, and entities in which you have or had ownership and/or control. OBJECTIONS: Defendant objects to this Interrogatory as being vague and over broad as "all individuals responsible for" is not defined, the Interrogatory seeks information concerning "any matter" regarding Plaintiff, and seeks information about third-party investigations. Defendant also objects to this Interrogatory and its definition

of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks information dated after the filing of the Complaint in this matter. Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer by defining "you" as Defendant alone.

ANSWER: Subject to and without waiving the foregoing objections, Defendant states that in connection with Plaintiff's attendance at the August 12, 2017, protest in Charlottesville, VA, and his witnessing and video recording of the vehicle that drove into a crowd of protestors and his thereafter posting such video on social media and his numerous appearances on news programs and his statements in articles in major news publications, Defendant states that there were no individuals responsible for investigating matters concerning Plaintiff on his~~her~~ behalf.

INTERROGATORY NO. 4

Describe your process for ensuring that any assertions concerning Plaintiff made by you or entities in which you have or had ownership and/or control were factually accurate.
OBJECTIONS: Defendant objects to this Interrogatory as being vague as the phrase "process for ensuring" is not defined. Defendant also objects to this Interrogatory and its definition of "your" and "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome. Defendant will limit any answer by defining "your" and "you" as Defendant alone.

ANSWER: Subject to and without waiving the foregoing objections, Defendant states that she did not make "any assertions" regarding Plaintiff. On August 15, 2017, Defendant~~she conducted a live interview with a guest,~~ Lee Stranahan was an interview subject~~,~~ during a broadcast on Infowars.com, published by Free Speech Systems, LLC. ~~While~~ Defendant does not control any specific statements or commentary made by the host or any other persons employed by Free Speech Systems, LLC.~~guests,~~ with respect to the August 15, 2017 broadcast, Defendant used publicly available, open source information and made no inaccurate statements and further, no inaccuracies in Defendant's statements have been claimed by Plaintiff.~~Defendant had no reason to believe that, to the extent it is a statement of fact, anything Mr. Stranahan stated on that broadcast, including anything about Plaintiff, was not accurate. Mr. Stranahan commented that Plaintiff had referred to Heather Heyer, the victim who died when the vehicle crashed into protestors, as a "martyr." Defendant reviewed Plaintiff's Twitter feed and profile (and posted images from the feed onto the video of Mr. Stranahan's interview) that confirmed that Plaintiff, in fact, referred to Ms. Heyer as a "martyr." Mr. Stranahan also commented that Plaintiff was "with the State Department." Defendant reviewed materials showing that Plaintiff described himself on Twitter as a "Foreign Service Officer." As Defendant relied on information about Plaintiff that he had publicly disclosed, she had no reason to believe that this was not accurate information.~~

INTERROGATORY NO. 5

Identify every step that you took in order to assess the credibility of every source who provided you with information concerning Plaintiff.

OBJECTIONS: Defendant objects to this Interrogatory as being vague as "every step" is not defined and because it implies that a certain procedure should have been followed without identifying any such procedure. Defendant also objects to this Interrogatory and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome. Defendant will limit any answer by defining "you" as Defendant alone. Defendant further objects to this interrogatory as seeking answers to more interrogatories, including subparts, than are permissible under Federal Rule of Civil Procedure 33.

ANSWER: Subject to and without waiving the foregoing objections, Defendant states that he~~she~~ relied on publicly available, open source~~her years of experience in newsgathering, reporting, and broadcasting in assessing the credibility of any sources that provided~~ information from the Plaintiff for his statements on~~during~~ the August 15, 2017 broadcast and that further, Defendant made no inaccurate statements and that no inaccuracies in Defendant's statements have been claimed by Plaintiff.~~there was no information that she reviewed that cast doubt on the credibility of any such sources.~~

INTERROGATORY NO. 6

If you claim that Plaintiff has made any admission or statement against interest which you claim to be relevant to the claims or defenses in this matter, identify each admission or statement, providing the identity of anyone who heard or received such admission or statement, the date of any such admission or statement, how such admission or statement was made, where each such admission or statement was made, and a summary of the content and meaning of that admission or statement.

OBJECTIONS: Defendant objects to this Interrogatory and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome. Defendant will limit any answer by defining "you" as Defendant alone. Defendant further objects to this interrogatory as seeking answers to more interrogatories, including subparts, than are permissible under Federal Rule of Civil Procedure 33.

ANSWER: Subject to and without waiving the foregoing objections, Defendant states that discovery is ongoing and reserves the right to supplement this Answer.

INTERROGATORY NO. 7

Identify all communications between you and the other defendants concerning Plaintiff.
OBJECTIONS: Defendant objects to this Interrogatory and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer by defining "you" as Defendant alone. Defendant

objects to the extent the Interrogatory seeks privileged information. Defendant further objects on the ground that the Interrogatory seeks information dated after the filing of the Complaint in this matter. Defendant objects to the extent the interrogatory asks her to identify communications that are reflected in documents and that will be produced in response to Plaintiff's requests for the production of documents, since the burden of deriving or ascertaining the answer will be substantially the same for Plaintiff and Defendant. Fed. R. Civ. P. 33(d). Defendant further objects to this interrogatory as seeking answers to more interrogatories, including subparts, than are permissible under Federal Rule of Civil Procedure 33.

ANSWER: Subject to and without waiving the foregoing objections, Defendant states that during the time period between August 12, 2017, and March 13, 2018, Defendant communicated with staff from Defendant Free Speech Systems about appearing as a guest on the Infowars broadcast for a live~~regarding showing Plaintiff's Twitter feed on air during the~~ interview ~~with Mr. Stranahan~~. Discovery is ongoing and Defendant reserves the right to supplement this Answer.

INTERROGATORY NO. 8

Identify all communications between you and entities in which you have ownership and/or control concerning Plaintiff.

OBJECTIONS: Defendant objects to this Interrogatory and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer by defining "you" as Defendant alone. Defendant objects to the extent the Interrogatory seeks privileged information. Defendant further objects on the ground that the Interrogatory seeks information dated after the filing of the Complaint in this matter. Defendant further objects to this interrogatory as seeking answers to more interrogatories, including subparts, than are permissible under Federal Rule of Civil Procedure 33.

ANSWER: Subject to and without waiving the foregoing objections, Defendant states there are no such communications, since as stated above there are no entities that she has any ownership or control of.

VERIFICATION

I, Lee Stranahan~~Ann McAdoo~~, verify under penalty of perjury that the foregoing Objections and Answers are true and correct to the best of my knowledge, information and belief.

Executed this _____ day of April 2020, in _____.

By:        /s/

Name: Lee Stranahan~~Lee Ann McAdoo a/k/a Lee Ann Fleissner~~

Dated: April 28~~27~~, 2020

Lee Stranahan
118 Sanborn Place
Alexandria, VA 22305
Phone 214 402-1759
stranahan@gmail.com

Appearing pro se

~~TREMBLAY & SMITH, PLLC~~

~~Thomas E. Albro (VSB #12812)~~
~~Evan D. Mayo (VSB #89383)~~
~~105-109 E. High Street~~
~~Charlottesville, VA 22902~~
~~Telephone: (434) 977-4455~~
~~Facsimile: (434) 979-1221~~
~~tom.albro@tremblaysmith.com~~
~~evan.mayo@tremblaysmith.com~~

~~Co-Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner~~

~~As to objections:~~

~~BAKER HOSTETLER LLP~~

~~/s/ Elizabeth A. Scully~~
~~Elizabeth A. Scully (VSB #65920)~~
~~Mark I. Bailen~~
~~Katherine L. McKnight (VSB #81482)~~
~~Andrew M. Grossman~~
~~Richard B. Raile (VSB #84340)~~
~~Washington Square, Suite 1100~~
~~1050 Connecticut Avenue, N.W.~~
~~Washington, DC 20036-5304~~
~~Telephone: (202) 861-1500~~
~~Facsimile: (202) 861-1783~~
~~escully@bakerlaw.com~~
~~mbailen@bakerlaw.com~~
~~kmcknight@bakerlaw.com~~
~~agrossman@bakerlaw.com~~
~~rraile@bakerlaw.com~~

~~Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner~~

CERTIFICATE OF SERVICE

I hereby certify that on this 28th~~27th~~ day of April, 2020, I caused the foregoing to be served on Plaintiff's counsel via e-mail.

/s/ Lee Strnahan~~Elizabeth A. Scully~~

Lee Stranahan~~Elizabeth A. Scully~~