# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| BRENNAN M. GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00017-NKM-JCH |
| | ) | |
| ALEXANDER E. (ALEX) JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANT LEE ~~ANN MCADOO'S~~ STRANAHAN'S
OBJECTIONS & RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-39)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Lee ~~Ann McAdoo~~ Stranahan ("Defendant") hereby serves the following objections and responses to Plaintiff's First Set of Requests for Production of Documents (Nos. 1-39) ("Requests" when referring to all, "Request" when referring to any one in particular).

OBJECTIONS & RESPONSES

DEFINITION 1.        Defendant hereby incorporates the definitions set forth in Plaintiff's First Set of Interrogatories (Nos. 1-8) to Lee ~~Ann McAdoo~~ Stranahan.

OBJECTIONS: Defendant hereby incorporates the objections to definitions as set forth in Defendant's objections to Plaintiff's First Set of Interrogatories (Nos. 1-8) to Lee ~~Ann McAdoo~~ Stranahan.

INSTRUCTION 1. Unless otherwise specified, when construing the scope of these Requests, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

a.      Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the Request more inclusive;

b.      Construing the words "any" and "all" to mean "any and all" as necessary to make the Request more inclusive;

c.      Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the Request more inclusive;

d.      Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Requests shall encompass the broadest range of discoverable information possible;

e.      Wherever any gender is indicated by any term in these Requests, it should be construed to include the opposite gender or neuter in order that the scope of these Requests shall encompass the broadest range of discoverable information possible.

INSTRUCTION 2. These Requests require you to produce all documents in your actual or constructive possession, including drafts.

INSTRUCTION 3. For each document for which production is requested, produce the entire original document, along with any attachments, appendices, and exhibits or other associated documents.

INSTRUCTION 4. Any documents that are stored or maintained in electronic format must be produced in Tagged Image File Format (TIFF), along with searchable text and the metadata specified herein. For email, provide at least the following metadata to the extent such metadata can be provided using industry standard e-discovery technologies and processes: To; From; Cc; Bcc; Sent Date; Sent Time; and Subject. For standalone electronic files or attachments to emails, provide the following metadata to the extent such metadata can be provided using industry

standard e-discovery technologies and processes: Author; Modified Date; Custodian; and File Name. Internal comments in any document (including drafts) must be maintained in the form of document produced. Notwithstanding the foregoing, produce in native file format (a) any source or object code, code repositories, spreadsheet files, or audiovisual files, along with the searchable text and metadata specified in this paragraph; and (b) only after prior discussion with counsel for the plaintiff, any files that are not reasonably usable when produced in TIFF (e.g., because they lose substantive information when converted to TIFF or suffer from adverse formatting changes when converted to TIFF). All non-native documents should be branded with an appropriate Bates label. For native files, the Bates label should be affixed to a placeholder TIFF image corresponding to the native file and/or to the file name of the file being produced in native.

INSTRUCTION 5. Where knowledge or information in the possession, custody or control of a party is referenced by a Request, that Request requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on his or her behalf, including, unless privileged, the party's attorneys.

OBJECTIONS: Defendant objects to this instruction to the extent the clause "acting or purporting to act on their behalf" does not qualify the terms "any representatives, agents, servants, [and] employees." Defendant also objects to the inclusion in the instruction of individuals who are not reasonably likely to have discoverable information. Defendant will limit any response to documents that are within her own possession, custody, and control, as the Federal Rules require.

INSTRUCTION 6. If there are no documents responsive to any particular request, you must state that in writing.

INSTRUCTION 7. If you object to producing and withhold from production any document requested on the grounds of attorney-client privilege, work product immunity, or otherwise, provide a log identifying each withheld document and the:

      a.      creation date of the withheld document;

      b.      author(s) of the withheld document;

      c.      nature of the withheld document (i.e., whether it is a letter, memorandum, etc.);

      d.      subject matter;

      e.      recipients (including cc: and bcc: recipients); and

      f.      nature of the privilege or other rule of law relied upon to withhold the document.

INSTRUCTION 8. You shall produce the non-privileged portions of any document that is alleged to contain privileged subject matter.

INSTRUCTION 9. If any document requested to be produced has been lost, discarded, destroyed, or otherwise is not available for production, you shall describe the document as completely as possible by identifying: the information requested by subparagraphs 7(a)-(f) above, the date of disposal, the manner of disposal, the reason for disposal, any person who has possession, custody or control of a partial or complete copy of the document and the names of all persons who participated in the disposal of the document or who have knowledge of the date and circumstances surrounding the disposal of the document.

INSTRUCTION 10. Unless otherwise indicated, the timeframe for all of these Requests is August 1, 2017 through the present.

OBJECTIONS: Defendant objects to this instruction to the extent it seeks documents dated after the filing of the Complaint in this matter. Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018.

REQUESTS FOR PRODUCTION

REQUEST NO. 1

Produce all documents, regardless of date, used in the preparation of or identified in your Answers to Plaintiff's First Set of Interrogatories (Nos. 1-8).

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant further objects to this Request to the extent it seeks the production of privileged materials.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018.

REQUEST NO. 2

Produce all electronically stored information or data regarding, referring to, concerning, or addressing Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant further objects to this Request to the extent it seeks the production of privileged materials.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018.

REQUEST NO. 3

Produce all documents that you, or entities in which you have ownership and/or control, sent to or received from any other individual or entity concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant further objects to this

Request to the extent it seeks the production of privileged materials. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf" as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties. Defendant will limit any production by defining "you" as Defendant alone.

REQUEST NO. 4

Produce all Internet postings made by you, or entities in which you have ownership and/or control, concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf" as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged documents sufficient to show all responsive Internet postings made

between August 1, 2017, and March 12, 2018. Defendant will limit any production by defining "you" as Defendant alone.

REQUEST NO. 5

Produce all Internet postings that are in your possession, custody, or control that were made by the defendants concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant further objects to this Request and its definition of "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "your" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant objects to this request because it seeks "all . . . postings," rather than documents sufficient to show those postings, and this would require Defendant to engage in a burdensome and costly review and production of materials that may be duplicative and irrelevant.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged documents sufficient to show all responsive Internet postings made between August 1, 2017, and March 12, 2018. Defendant will limit any production by defining "your" as related to Defendant alone.

REQUEST NO. 6

Produce all documents, regardless of date, sufficient to show all "handles" or names under which you and/or an entity in which you have or had ownership and/or control, or, to your

knowledge, the defendants have posted to the Internet or otherwise used in communications with any individual or entity concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant further objects to this Request and its definition of "you" and "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" and "your" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant further objects to the Request to the extent it seeks information related to any entities in which Defendant did not have ownership and/or control between August 1, 2017, and March 12, 2018.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged documents dated between August 1, 2017, and March 12, 2018, and sufficient to show all "handles" or names under which Defendant, or entities which she owned or controlled during that time period, posted to the Internet or otherwise used in communications concerning Plaintiff. Defendant will limit any production by defining "you" and "your" as related to Defendant alone.

REQUEST NO. 7

Produce all documents, regardless of date, sufficient to show all Internet domain names or Uniform Resource Locators ("URLs") owned, controlled, or used by you, and/or an entity in which you have or had ownership and/or control, to disseminate any content concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged

materials. Defendant further objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant further objects to the Request to the extent it seeks information related to any entities in which Defendant did not have ownership and/or control between August 1, 2017, and March 12, 2018.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged documents dated between August 1, 2017, and March 12, 2018, and sufficient to show all Internet domain names or Uniform Resource Locators ("URLs") owned, controlled, or used by Defendant, or entities which she owned or controlled during that time period, posted to disseminate any content concerning Plaintiff. Defendant will limit any production by defining "you" as related to Defendant alone.

REQUEST NO. 8

Produce all documents, regardless of date, which you intend to introduce at trial.

OBJECTIONS: Defendant objects to this Request as premature and seeking production of documents that the Federal Rules do not require be produced, or do not require be produced until a later time. Fed. R. Civ. P. 26(a)(3). Defendant objects to this Request to the extent that it seeks the production of privileged information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will comply with deadlines for disclosure of trial exhibits issued by the Court.

REQUEST NO. 9

Produce all documents concerning the allegations in Plaintiff's April 24, 2018 Amended Complaint or your Answer to Plaintiff's April 24, 2018 Amended Complaint.

OBJECTIONS: Defendant objects to this Request because it fails to "describe with reasonable particularity each item or category of" responsive documents as required under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 34(b). Defendant further objects to this Request as being vague and over broad as "all documents concerning" is not defined. Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.

RESPONSE: Defendant refers Plaintiff to the Defendant's responses and document production made in response to the other more particularized document requests.

REQUEST NO. 10

Produce all documents concerning the August 15, 2017 InfoWars ~~article and~~ video entitled "Bombshell Connection Between Charlottesville, Soros, CIA" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit F.

OBJECTIONS: Defendant objects to this Request as being vague and over broad because "all documents concerning . . . [a] video" is not defined. Defendant objects to this Request to the extent that it seeks the production of privileged information. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties.

REQUEST NO. 11

Produce all documents concerning the ~~August 21, 2017 InfoWars video entitled "Breaking: State Department/CIA Orchestrated Charlottesville Tragedy" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit G~~Plaintiff appearing on any website or online video channel owned, controlled or used by you, including any posting or comments by you or others appearing on those websites or online video channels.

~~OBJECTIONS: Defendant objects to this Request as being vague and over broad because "all documents concerning . . . [a] video" is not defined.~~OBJECTIONS: Defendant objects to this Request to the extent that it seeks the production of privileged information. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties.

REQUEST NO. 12

Produce all documents received from or sent by you, or any entity that you owned and/or controlled from August 11, 2017 to the present, concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's

claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant further objects to the Request to the extent it seeks information related to any entities in which Defendant did not have ownership and/or control between August 1, 2017, and March 12, 2018.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties. Defendant will limit any production by defining "you" as Defendant alone.

REQUEST NO. 13

Produce all documents made by you concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent int includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12,

2018, from custodians and with search terms negotiated by the parties. Defendant will limit any production by defining "you" as Defendant alone.

REQUEST NO. 14

Produce all communications between you and the other defendants concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties. Defendant will limit any production by defining "you" as Defendant alone.

REQUEST NO. 15

Produce all communications between you and entities in which you have ownership and/or control concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request

and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant further objects to the Request to the extent it seeks information related to any entities in which Defendant did not have ownership and/or control between August 1, 2017, and March 12, 2018.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant ~~responds that she does not have ownership and/or control of any entities and, therefore, does not have any responsive documents~~will produce any documents responsive to this request, to the extent they exist.

REQUEST NO. 16

Produce all communications, regardless of date, with any fact witness you expect to call at trial.

OBJECTIONS: Defendant objects to this Request as premature and seeking production of information that the Federal Rules do not require be produced, or do not require be produced until a later time. Fed. R. Civ. P. 26(a)(3). Defendant objects to this Request to the extent that it seeks the production of privileged information. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant

to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant objects to this Request as being over broad, not proportional to the case, and seeking the production of documents not relevant to any claims or defenses at issue because "all communications, regardless of date, with any fact witness" is not tailored to the subject matter of this case.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will comply with deadlines for disclosure of trial witnesses issued by the Court. Defendant will rely on ~~her~~his responses to other Requests to produce responsive communications related to Plaintiff.

REQUEST NO. 17

Produce all communications with any defendant concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties.

REQUEST NO. 18

Produce all recordings in your possession and in the possession of entities in which you have or had ownership and/or control concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant further objects to this Request and its definition of "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "your" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant further objects to this Request as being vague and over broad as "all recordings . . . concerning Plaintiff" is not defined. Defendant further objects to the Request to the extent it seeks information related to any entities in which Defendant did not have ownership and/or control between August 1, 2017, and March 12, 2018.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive recordings made between August 1, 2017, and March 12, 2018, and in her possession or in the possession of entities which she owned or controlled during that time period. Defendant will limit any production by defining "your" as related to Defendant alone.

REQUEST NO. 19

Produce all documents, regardless of date, supporting or refuting each of the defenses asserted in your Answer to Plaintiff's April 24, 2018 Amended Complaint.

OBJECTIONS: Defendant objects to this Request because it fails to "describe with reasonable particularity each item or category of" responsive documents as required under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 34(b). Defendant further objects to this Request and its definition of "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "your" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant further objects to this Request as being vague and over broad as "all documents ... supporting or refuting" is not defined. Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce non-privileged documents related to her defenses asserted in her Answer to Plaintiff's April 24, 2018 Amended Complaint and dated between August 1, 2017, and March 12, 2018. Defendant will limit any production by defining "your" as related to Defendant alone.

REQUEST NO. 20

Produce all documents identifying the methods by which you have investigated the accuracy of claims made by you or entities in which you have or had ownership and/or control, concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request as being vague and over broad as "claims made by you" is not defined. Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of

documents dated after the filing of the Complaint in this matter. Defendant further objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant further objects to this request because it seeks "all documents," rather than only those documents sufficient to show responsive information, and this would require Defendant to engage in a burdensome and costly review and production of materials that may be duplicative and irrelevant. Defendant further objects to the Request to the extent it seeks information related to any entities in which Defendant did not have ownership and/or control between August 1, 2017, and March 12, 2018.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged documents sufficient to show responsive information dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties. Defendant will limit any production by defining "you" as related to Defendant alone.

REQUEST NO. 21

Produce all documents relating to any disciplinary or corrective actions taken against you, or against any of your employers, employees, or agents, due to the publication of false or incorrect information during the past ten years.

OBJECTIONS: Defendant objects to this Request as being vague and over broad as "publication of false or incorrect information" is not defined. Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the

extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks all documents dating back a decade, about matters wholly unrelated to the claims and defenses at issue in this case. Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that Free Speech Systems, LLC has published "false or incorrect information," or that "disciplinary or corrective actions" "against any [. . .] employers, employees, or agents" were appropriate if it had. Defendant objects to this request because it seeks "all documents," rather than only those documents sufficient to show responsive information, and this would require Defendant to engage in a burdensome and costly review and production of materials that may be duplicative and irrelevant.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

REQUEST NO. 22

Produce all documents (regardless of creation date) used to train or instruct you about the vetting of factual information for publication, as received from any employer or entity with which you do or have done business from August 11, 2017 through the present.

OBJECTIONS: Defendant objects to this Request as being vague as it is unclear by whom or how responsive documents are "used." Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the

case because it seeks "all documents" about matters wholly unrelated to the claims and defenses at issue in this case. Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that "documents" are necessary to "train or instruct" "about the vetting of factual information." Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents that were applicable between August 1, 2017, and March 12, 2018.

REQUEST NO. 23

Produce all documents (regardless of creation date) reflecting your policies for the factual vetting of information published by you in print or online, or the policies of any employer or entity with which you do or have done business from August 11, 2017 through the present.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks all documents "reflecting . . . policies," without any time limit, about matters wholly

unrelated to the claims and defenses at issue in this case. Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that "documents . . . reflecting . . . policies" are necessary to "vet" the publication of information. Defendant objects to this Request and its definition of "you" and "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" and "your" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents that were applicable to her work for other defendants between August 1, 2017, and March 12, 2018. Defendant will limit any production by defining "you" and "your" as related to Defendant alone.

REQUEST NO. 24

Produce all documents (regardless of creation date) setting forth ~~your~~the editorial standards or guidelines~~, or the standards or guidelines~~ of any ~~employer or~~ entity ~~with which~~that you ~~do~~ own and/~~or~~ ~~have done business~~control, from August 11, 2017 ~~through~~to the present.

~~OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks all documents "setting forth . . . standards," about matters wholly unrelated to the claims and~~

~~defenses at issue in this case. Defendant objects to this Request and its definition of "your" to the
extent it includes "any representatives, agents, servants, employees and others acting on that
party's behalf," as requiring a search for documents that is overly broad and unduly burdensome,
as seeking information that is not relevant to any party's claims or defenses in this action, and not
proportional to the needs of the case. Defendant also objects to the inclusion in the definition of
"your" to the extent it includes individuals who are not reasonably likely to have discoverable
information.~~

~~RESPONSE: Subject to the foregoing objections, Defendant will produce any non-
privileged responsive documents that were applicable to her work for other defendants between
August 1, 2017, and March 12, 2018.~~

~~REQUEST NO. 25~~

~~Produce all documents (regardless of creation date) setting forth the editorial standards or
guidelines for any print or online publication or online video channel owned and/or controlled by
you from August 11, 2017 through the present.~~

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of
privileged materials. Defendant objects to this Request to the extent it seeks the production of
documents dated after the filing of the Complaint in this matter. Defendant objects to this Request
as being overly broad and unduly burdensome, as seeking information that is not relevant to any
party's claims or defenses in this action, and not proportional to the needs of the case because it
seeks all documents "setting forth . . . standards or guidelines," about matters wholly unrelated to
the claims and defenses at issue in this case. Defendant objects to this Request and its definition
of "you" to the extent it includes "any representatives, agents, servants, employees and others
acting on that party's behalf," as requiring a search for documents that is overly broad and unduly

burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to the foregoing objections, Defendant will produce any non-privileged responsive documents that were applicable between August 1, 2017, and March 12, 2018.

REQUEST NO. 2625

Produce all documents, regardless of date, concerning the ownership of any websites or online video channels in which you had or have ownership and/or control.

OBJECTIONS: Defendant objects to this Request as being vague and over broad as "documents [. . .] concerning [. . .] ownership of any websites or online video channels" is not defined. Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated prior to the publication of the statements at issue in this matter and after the filing of the Complaint in this matter. Defendant objects to this Request as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks all documents, without any time limit, about matters wholly unrelated to the claims and defenses at issue in this case. Defendant objects to this request because it seeks "all documents," rather than only those documents sufficient to show responsive information, and this would require Defendant to engage in a burdensome and costly review and production of materials that may be duplicative and irrelevant.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

REQUEST NO. ~~27~~26

Produce all documents concerning the revenue generated by the August ~~15~~21, 2017 InfoWars video entitled "Bombshell Connection Between Charlottesville, Soros, CIA" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit F.

~~OBJECTIONS: Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents concerning . . . revenue generated." Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that "revenue" was "generated by" the referenced video, or that any "revenue" could be traced to that video. Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.~~

~~RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.~~

~~REQUEST NO. 28~~

~~Produce all documents concerning the revenue generated by the August 21, 2017 InfoWars video identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit G.~~

OBJECTIONS: Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents concerning . . . revenue generated." Defendant further objects to this Request to the extent it assumes facts not

in the record, including but not limited to that "revenue" was "generated by" the referenced video, or that any "revenue" could be traced to that video. Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist. Further, Defendant has no way of knowing this information.

REQUEST NO. 2927

Produce all documents concerning the revenue generated by any of your websites, online video channels, publications, postings, or other work that concern Plaintiff.

OBJECTIONS: Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents concerning . . . revenue generated" by "any" publication "postings, or other work that concern Plaintiff." Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that "revenue" was "generated by any" other publication or posting or "other work" concerning Plaintiff. Defendant objects to this Request to the extent it seeks the production of privileged

materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

REQUEST NO. 3028

Produce all documents, regardless of date, constituting any admission or statement against interest made by Plaintiff which you claim to be relevant to the defenses asserted by you.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents [. . . ] constituting" public statements made after the filing of the complaint in this matter. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce documents showing statements against interest made by Plaintiff, and as discovery is on-going, reserves the right to supplement this request.

REQUEST NO. ~~31~~29

Produce all documents concerning any public statements made by you about this litigation.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents concerning" public statements made after the filing of the complaint in this matter. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

REQUEST NO. ~~32~~30

Produce all contracts and agreements, regardless of date, between you and the other defendants.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant

to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all contracts and agreements, regardless of date." Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

REQUEST NO. ~~33~~31

Produce all contracts and agreements, regardless of date, between entities in which you have ownership and/or control and the other defendants.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all contracts and agreements, regardless of date." Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also

objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant responds that ~~she does not have ownership and/or control of~~ Defendant will produce any ~~entities and, therefore, does not have any~~ documents responsive ~~documents~~ to this request, to the extent they exist.

REQUEST NO. ~~34~~32

Produce all contracts and agreements, regardless of date, between you and entities in which you have ownership and/or control.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all contracts and agreements, regardless of date." Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant responds that ~~she does not have ownership and/or control of~~ Defendant will produce any ~~entities and,~~

therefore, does not have any documents responsive documents to this request, to the extent they exist.

REQUEST NO. 35

REQUEST NO. 33

Produce all litigation funding and/or common interest agreements between you and the other defendants.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all contracts and agreements, regardless of date." Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

REQUEST NO. 36 34

Produce all litigation funding and/or common interest agreements between entities in which you have ownership and/or control and the other defendants.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all contracts and agreements, regardless of date." Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant ~~responds that she does not have ownership and/or control of any entities and, therefore, does not have any responsive documents~~will produce any documents responsive to this request, to the extent they exist.

~~REQUEST NO. 37~~

REQUEST NO. 35

Produce all documents in your possession, custody, or control concerning Plaintiff.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents [. . .] concerning Plaintiff." Defendant objects to this Request and

its definition of "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "your" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties. Defendant will limit any production by defining "you" as Defendant alone.

REQUEST NO. ~~38~~36

Produce a current copy of your resume or curriculum vitae.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request and its definition of "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "your" to the extent it includes individuals who are not reasonably likely to have discoverable information. Defendant objects to this Request because Defendant's curriculum vitae, to the extent that any "current copy" exists, is not relevant to any claims or defenses at issue in this case.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

REQUEST NO. ~~39~~37

Produce all documents from any litigation involving libel or defamation in which you have been named as a defendant during the past ten years.

OBJECTIONS: Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents from any litigation" during the past ten years. Defendant objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

RESPONSE: Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

Dated: April ~~27~~28, 2020        Respectfully submitted,

~~BAKER HOSTETLER LLP~~

~~/s/ Elizabeth A. Scully~~

~~Elizabeth A. Scully (VSB #65920) Mark I. Bailen~~

~~Katherine L. McKnight (VSB #81482) Andrew M. Grossman~~

~~Richard B. Raile (VSB #84340) Washington Square, Suite 1100 1050 Connecticut Avenue, N.W. Washington, DC 20036-5304 Telephone: (202) 861-1500 Facsimile: (202) 861-1783~~

~~escully@bakerlaw.com         mbailen@bakerlaw.com         kmcknight@bakerlaw.com~~

~~agrossman@bakerlaw.com rraile@bakerlaw.com~~

~~Counsel for Defendants Alexander E. Jones, Infowars, LLC, Free Speech Systems, LLC and Lee Ann McAdoo a/k/a Lee Ann Fleissner~~

Lee Stranahan

118 Sanborn Place

Alexandria, VA 22305

Telephone 214 402-1759

Stranahan@gmail.com

Appearing Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this ~~27th~~28th day of April, 2020, I caused the foregoing to be served on Plaintiffs' counsel via e-mail.

~~/s/ Elizabeth A. Scully Elizabeth A. Scully~~/s/ Lee Strnahan

Lee Stranahan