# EXHIBIT A1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

|  |  |  |
|---|---|---|
| BRENNAN M. GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00017-NKM-JCH |
| | ) | |
| ALEXANDER E. (ALEX) JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
**(NOS. 1-45) TO DEFENDANT ALEXANDER ("ALEX") JONES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Brennan M.

Gilmore ("Plaintiff" or "the plaintiff") hereby requests that Defendant Alexander ("Alex") Jones

produce the following documents and communications for inspection and copying at the offices of

O'Melveny & Myers LLP, 1625 Eye Street, NW, Washington, D.C. 20006, within 30 days of service

of these Requests for Production of Documents (the "Requests").

**DEFINITIONS**

1.      Plaintiff hereby incorporates the definitions set forth in Plaintiff's First Set of

Interrogatories (Nos. 1-9) to Alexander ("Alex") Jones.

**INSTRUCTIONS**

1.      Unless otherwise specified, when construing the scope of these Requests, the terms

shall be given their most expansive and inclusive interpretations, including but not limited to:

a.      Construing the words "and" and "or" in the conjunctive or disjunctive as

necessary to make the Request more inclusive;

b.      Construing the words "any" and "all" to mean "any and all" as necessary

to make the Request more inclusive;

c.      Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the Request more inclusive;

d.      Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Requests shall encompass the broadest range of discoverable information possible;

e.      Wherever any gender is indicated by any term in these Requests, it should be construed to include the opposite gender or neuter in order that the scope of these Requests shall encompass the broadest range of discoverable information possible.

2.      These Requests require you to produce all documents in your actual or constructive possession, including drafts.

3.      For each document for which production is requested, produce the entire original document, along with any attachments, appendices, and exhibits or other associated documents.

4.      Any documents that are stored or maintained in electronic format must be produced in Tagged Image File Format (TIFF), along with searchable text and the metadata specified herein. For email, provide at least the following metadata to the extent such metadata can be provided using industry standard e-discovery technologies and processes: To; From; Cc; Bcc; Sent Date; Sent Time; and Subject. For standalone electronic files or attachments to emails, provide the following metadata to the extent such metadata can be provided using industry standard e-discovery technologies and processes: Author; Modified Date; Custodian; and File Name. Internal comments in any document (including drafts) must be maintained in the form of document produced. Notwithstanding the

foregoing, produce in native file format (a) any source or object code, code repositories, spreadsheet files, or audiovisual files, along with the searchable text and metadata specified in this paragraph; and (b) only after prior discussion with counsel for the plaintiff, any files that are not reasonably usable when produced in TIFF (*e.g.*, because they lose substantive information when converted to TIFF or suffer from adverse formatting changes when converted to TIFF). All non-native documents should be branded with an appropriate Bates label. For native files, the Bates label should be affixed to a placeholder TIFF image corresponding to the native file and/or to the file name of the file being produced in native.

5.      Where knowledge or information in the possession, custody or control of a party is referenced by a Request, that Request requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on his or her behalf, including, unless privileged, the party's attorneys.

6.      If there are no documents responsive to any particular request, you must state that in writing.

7.      If you object to producing and withhold from production any document requested on the grounds of attorney-client privilege, work product immunity, or otherwise, provide a log identifying each withheld document and the:

       a.   creation date of the withheld document;

       b.   author(s) of the withheld document;

       c.   nature of the withheld document (*i.e.*, whether it is a letter, memorandum, etc.);

       d.   subject matter;

       e.   recipients (including cc: and bcc: recipients); and

       f.   nature of the privilege or other rule of law relied upon to withhold the

document.

8.      You shall produce the non-privileged portions of any document that is alleged to contain privileged subject matter.

9.      If any document requested to be produced has been lost, discarded, destroyed, or otherwise is not available for production, you shall describe the document as completely as possible by identifying: the information requested by subparagraphs 7(a)-(f) above, the date of disposal, the manner of disposal, the reason for disposal, any person who has possession, custody or control of a partial or complete copy of the document and the names of all persons who participated in the disposal of the document or who have knowledge of the date and circumstances surrounding the disposal of the document.

10.      Unless otherwise indicated, the timeframe for all of these Requests is August 1, 2017 through the present.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

Produce all documents, regardless of date, used in the preparation of or identified in your Answers to Plaintiff's First Set of Interrogatories (Nos. 1-9).

### REQUEST NO. 2

Produce all electronically stored information or data regarding, referring to, concerning, or addressing Plaintiff.

### REQUEST NO. 3

Produce all documents that you, or entities in which you have ownership and/or control, sent to or received from any other individual or entity concerning Plaintiff.

**REQUEST NO. 4**

Produce all Internet postings made by you, or entities in which you have ownership and/or control, concerning Plaintiff.

**REQUEST NO. 5**

Produce all Internet postings that are in your possession, custody, or control that were made by the defendants concerning Plaintiff.

**REQUEST NO. 6**

Produce all documents, regardless of date, sufficient to show all "handles" or names under which you and/or an entity in which you have or had ownership and/or control, or, to your knowledge, the defendants, have posted to the Internet or otherwise used in communications with any individual or entity concerning Plaintiff.

**REQUEST NO. 7**

Produce all documents, regardless of date, sufficient to show all Internet domain names or Uniform Resource Locators ("URLs") owned, controlled, or used by you, and/or an entity in which you have ownership and/or control, to disseminate any content concerning Plaintiff.

**REQUEST NO. 8**

Produce all documents, regardless of date, which you intend to introduce at trial.

**REQUEST NO. 9**

Produce all documents and communications concerning the allegations in Plaintiff's April 24, 2018 Amended Complaint or your Answer to Plaintiff's April 24, 2018 Amended Complaint.

**REQUEST NO. 10**

Produce all documents concerning the August 15, 2017 *InfoWars* article and video entitled "Bombshell Connection Between Charlottesville, Soros, CIA" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit F.

**REQUEST NO. 11**

Produce all documents concerning the August 21, 2017 *InfoWars* video entitled "Breaking: State Department/CIA Orchestrated Charlottesville Tragedy" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit G.

**REQUEST NO. 12**

Produce all documents concerning Plaintiff on any website or online video channel ever owned, controlled, or used by you (including but not limited to the website *Infowars*, LLC at http://www.infowars.com), including any postings or comments by you or others appearing on those websites or online video channels.

**REQUEST NO. 13**

Produce all documents received from or sent by you, or any entity that you owned and/or controlled from August 11, 2017 to the present, concerning Plaintiff.

**REQUEST NO. 14**

Produce all documents made by you concerning Plaintiff.

**REQUEST NO. 15**

Produce all communications between you and the other defendants concerning Plaintiff.

**REQUEST NO. 16**

Produce all communications between you and entities in which you have ownership and/or control concerning Plaintiff.

**REQUEST NO. 17**

Produce all communications, regardless of date, with any fact witness you expect to call at trial.

**REQUEST NO. 18**

Produce all communications with any defendant concerning Plaintiff.

**REQUEST NO. 19**

Produce all recordings in your possession and in the possession of entities in which you have or had ownership and/or control concerning Plaintiff.

**REQUEST NO. 20**

Produce all documents, regardless of date, supporting or refuting each of the defenses asserted in your Answer to Plaintiff's April 24, 2018 Amended Complaint.

**REQUEST NO. 21**

Produce all documents identifying the methods by which you have investigated the accuracy of claims made by you or entities in which you have ownership and/or control, concerning Plaintiff.

**REQUEST NO. 22**

Produce all documents relating to any disciplinary or corrective actions taken against you, or against any of your employers, employees, or agents, due to the publication of false or incorrect information during the past ten years.

**REQUEST NO. 23**

Produce all documents (regardless of creation date) used to train or instruct others about the vetting of factual information for publication, as provided to any employee, independent contractor, or entity with which you do or have done business from August 11, 2017 through the present.

**REQUEST NO. 24**

Produce all documents (regardless of creation date) reflecting your policies for the factual vetting of information published by you in print or online, or by any entity that you own and/or control from August 11, 2017 through the present.

**REQUEST NO. 25**

Produce all documents (regardless of creation date) setting forth the policies for the factual vetting of information for postings on the *InfoWars website* (http://www.infowars.com) from August 11, 2017 through the present.

**REQUEST NO. 26**

Produce all documents (regardless of creation date) setting forth your editorial standards or guidelines, or the standards or guidelines of any entity that you own and/or control from August 11, 2017 through the present.

**REQUEST NO. 27**

Produce all documents (regardless of creation date) setting forth the editorial standards or guidelines for any print or online publication or online video channel owned and/or controlled by you (including but not limited to the *InfoWars* website at http://www.infowars.com) from August 11, 2017 through the present.

**REQUEST NO. 28**

Produce all documents and communications, regardless of date, regarding the ownership of any websites in which you have ownership and/or control.

**REQUEST NO. 29**

Produce all documents regarding the revenue generated by the August 15, 2017 *InfoWars* video identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit F.

**REQUEST NO. 30**

Produce all documents regarding the revenue generated by the August 21, 2017 *InfoWars* video identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit G.

**REQUEST NO. 31**

Produce all documents concerning the revenue generated by any of your websites, online video channels, publications, postings, or other work that concern Plaintiff.

**REQUEST NO. 32**

Produce all documents, regardless of date, constituting any admission or statement against interest made by Plaintiff which you claim to be relevant to the defenses asserted by you.

**REQUEST NO. 33**

Produce all documents concerning any public statements made by you about this litigation.

**REQUEST NO. 34**

Produce all contracts and agreements, regardless of date, between you and the other defendants.

**REQUEST NO. 35**

Produce all contracts and agreements, regardless of date, between entities in which you have ownership and/or control and the other defendants.

**REQUEST NO. 36**

Produce all contracts and agreements, regardless of date, between you and entities in which you have ownership and/or control.

**REQUEST NO. 37**

Produce all litigation funding and/or common interest agreements between you and the other defendants.

**REQUEST NO. 38**

Produce all litigation funding and/or common interest agreements between entities in which you have ownership and/or control and the other defendants.

**REQUEST NO. 39**

Produce all documents in your possession, custody, or control concerning Plaintiff.

**REQUEST NO. 40**

Produce a current copy of your resume or *curriculum vitae*.

**REQUEST NO. 41**

Produce all documents from any litigation involving libel or defamation in which you have been named as a defendant during the past ten years.

**REQUEST NO. 42**

Produce all documents (regardless of creation date) sufficient to show the ownership and corporate structure of the *InfoWars* website (http://www.infowars.com), from August 11, 2017 through the present.

**REQUEST NO. 43**

Produce an organization chart sufficient to show all employees of the *InfoWars* website (http://www.infowars.com), from August 11, 2017 through the present.

**REQUEST NO. 44**

Produce all documents (regardless of creation date) sufficient to show the ownership and corporate structure of Free Speech Systems, LLC, from August 11, 2017 through the present.

**REQUEST NO. 45**

Produce an organization chart sufficient to show all employees of Free Speech Systems, LLC, from August 11, 2017 through the present.

Dated:  March 5, 2020                          Respectfully Submitted,


                                               By:    */s/ Anwar L. Graves*
                                                      Jonathan Hacker, admitted *pro hac vice*
                                                      Anwar L. Graves, admitted *pro hac vice*
                                                      O'MELVENY & MYERS LLP
                                                      1625 Eye Street, NW
                                                      Washington, DC  20006
                                                      Telephone: (202) 383-5300
                                                      Facsimile: (202) 383-5414
                                                      agraves@omm.com
                                                      jhacker@omm.com

                                                      Hassen A. Sayeed, admitted *pro hac vice*
                                                      O'MELVENY & MYERS LLP
                                                      Times Square Tower
                                                      7 Times Square
                                                      New York, New York 10036
                                                      Telephone: (212) 326-2000
                                                      Facsimile: (212) 326-2061
                                                      hsayeed@omm.com

                                                      Andrew Mendrala, Virginia Bar No. 82424
                                                      COHEN MILSTEIN SELLERS & TOLL
                                                      PLLC
                                                      1100 New York Avenue NW, Fifth Floor
                                                      Washington, D.C. 20005
                                                      Telephone: (202) 408-4600
                                                      Facsimile: (202) 408-4699
                                                      amendrala@cohenmilstein.com

                                                      Aderson Francois, admitted *pro hac vice*
                                                      CIVIL RIGHTS CLINIC
                                                      GEORGETOWN UNIVERSITY LAW
                                                      CENTER
                                                      600 New Jersey Avenue, N.W.
                                                      Washington, D.C. 20001
                                                      Telephone: (202) 662-9065
                                                      Aderson.Francois@georgetown.edu

Elizabeth B. Wydra, admitted *pro hac vice*
Brianne J. Gorod, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
Telephone: (202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2020, I caused the foregoing First Set of

Requests for Production of Documents to Defendant Alexander ("Alex") Jones to be served on his

counsel via e-mail.

*/s/ Anwar L. Graves*_____
Anwar L. Graves

# EXHIBIT A2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

|  |  |  |
|---|---|---|
| BRENNAN M. GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00017-NKM-JCH |
| | ) | |
| ALEXANDER E. (ALEX) JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-9)**
**TO DEFENDANT ALEXANDER ("ALEX") JONES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Brennan M. Gilmore ("Plaintiff" or "the plaintiff") hereby serves Defendant Alexander ("Alex") Jones with the following First Set of Interrogatories.  Defendant is required to answer these interrogatories separately and fully in writing, under penalty of perjury, and to serve a copy of his answers on the undersigned within 30 days after service hereof.

**DEFINITIONS**

1.      The pronouns "you" and "your" refer to the party to whom these interrogatories are addressed, and any representatives, agents, servants, employees and others acting on that party's behalf.

2.      The term "document" shall have the meaning set forth in Federal Rule of Civil Procedure 34.  For the avoidance of doubt, the term "document" is used in its broadest sense and is intended to be comprehensive and to include, without limitation, a record, in whatever medium (*e.g.*, paper, computerized format, e-mail, photograph, audiotape, text message) it is maintained, and includes originals and each and every non-identical copy of all writings of every kind, including

drafts, legal pleadings, brochures, circulars, advertisements, letters, internal memoranda, minutes, notes or records of meetings, reports, comments, affidavits, statements, summaries, messages, worksheets, notes, correspondence, diaries, calendars, appointment books, registers, travel records, tables, calculations, books of account, budgets, bookkeeping or accounting records, telephone records, tables, stenographic notes, financial data, checks, receipts, financial statements, annual reports, accountants' work papers, analyses, forecasts, statistical or other projections, newspaper articles, press releases, publications, tabulations, graphs, charts, maps, public records, telegrams, books, facsimiles, agreements, opinions or reports of experts, records or transcripts of conversations, discussions, conferences, meetings or interviews, whether in person or by telephone or by any other means and all other forms or types of written or printed matter or tangible things on which any words, phrases, or numbers are affixed, however produced or reproduced and wherever located, which are in your possession, custody, or control.   The term "document" also includes, without limitation, electronic mail and attachments, data processing or computer printouts, tapes, documents contained on floppy disks, hard disks, computer hard drives, CDs, and DVDs, or retrieval listings, together with programs and program documentation necessary to utilize or retrieve such information, and all other mechanical or electronic means of storing or recording information, as well as tape, film or cassette sound or visual recordings and reproduction for film impressions of any of the aforementioned writings.

     3.     The term "identify" with respect to a person means set forth the name, last known address, employer, title, and (a) if a fact witness, the basis for his or her knowledge and (b) if an expert witness, his or her field of expertise and resume.

     4.     The term "identify" with respect to a document means set forth the title, date, author(s), and if correspondence, the recipient(s), where the document is currently located, and the name of the custodian.  If the document is available on a publicly available website, set forth the full URL and any other information necessary for accessing it.

5.      The term "communication" is used in its broadest sense and is intended to be comprehensive and to include, without limitation, any transmission of information and the information that is transmitted, whether in written, oral, or electronic form.

6.      The term "person" shall mean any natural person or legal entity, including a corporation, partnership, sole proprietorship, agency, or business association of any kind.

7.      The term "InfoWars," generically, means the brand name of the media organization associated with defendant Alexander Jones, whether operating as InfoWars LLC, Free Speech Systems LLC, or any other corporate name.

8.      The term "online video channel" shall mean any online video platform service, including but not limited to YouTube, Vimeo, Twitch, Dailymotion, Metacafe, Bitchute, or channels hosted on such services.

## <u>INSTRUCTIONS</u>

1.      Each interrogatory shall be answered on the basis of your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

2.      Unless otherwise specified, when construing the scope of these interrogatories, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

     a.   Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the interrogatory more inclusive;

     b.   Construing the words "any" and "all" to mean "any and all" as necessary to make the interrogatory more inclusive;

     c.   Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the interrogatory more inclusive;

     d.   Wherever any term is used in the singular, it should be construed to include

the plural, and vice versa, in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible;

e.   Wherever any gender is indicated by any term in these interrogatories, it should be construed to include the opposite gender or neuter in order that the scope of these interrogatories shall encompass the broadest range of discoverable information possible.

3.   In answering these interrogatories, you are required to furnish such information as is available to you, however obtained, including hearsay and information known by, or in the possession of, you or your agents, including every attorney representing you.

4.   If any interrogatory cannot be answered in full after exercising due diligence to secure the information, you must answer to the extent possible, specifying your inability to answer the remainder and the reason why, and stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

5.   If your response to one or more interrogatories must be amended or supplemented because of information acquired by you subsequent to the service of your response, you must promptly serve your supplemental responses to the interrogatory or interrogatories at issue in accordance with the Federal Rule of Civil Procedure 26(e).

6.   Where knowledge or information in the possession, custody or control of a party is requested, that interrogatory requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on the party's behalf, including, unless privileged, that party's attorneys.

7.   Each response to an interrogatory is to be set forth separately.  Responses should not be combined for the purpose of supplying a common answer thereto.

8.   If you object to a specific interrogatory, the reasons for the objections shall be stated

in writing and served upon Plaintiff's counsel.  If an objection is made to part of an interrogatory, the part shall be specified, with an answer provided to any part of the interrogatory to which there is no objection.  If you assert as an objection to any of these interrogatories that the information sought is privileged, please state the privilege that you believe is involved, identifying each such privilege with the specific interrogatory number that seeks such privileged information.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all business organizations and/or other entities in which you have ownership and/or control, and the officers, owners, members, and employees of those organizations and/or entities.

### INTERROGATORY NO. 2

Identify all individuals or entities with knowledge of the facts and circumstances raised by Plaintiff's April 24, 2018 Amended Complaint or your Answer to Plaintiff's April 24, 2018 Amended Complaint.

### INTERROGATORY NO. 3

Identify all individuals responsible for marketing, research, and/or analytic data for *InfoWars*, LLC (http://www.infowars.com), Free Speech Systems, LLC, and any other websites, online video channels, or entities in which you had or have ownership and/or control.

### INTERROGATORY NO. 4

Identify all individuals responsible for investigating any matter concerning Plaintiff on behalf of you, the defendants, and entities in which you have ownership and/or control.

### INTERROGATORY NO. 5

Describe your process for ensuring that any assertions concerning Plaintiff made by you or entities in which you have or had ownership and/or control were factually accurate.

### INTERROGATORY NO. 6

Identify every step that you took in order to assess the credibility of every source who

provided you with information concerning Plaintiff.

## **INTERROGATORY NO. 7**

If you claim that Plaintiff has made any admission or statement against interest which you claim to be relevant to the claims or defenses in this matter, identify each admission or statement, providing the identity of anyone who heard or received such admission or statement, the date of any such admission or statement, how such admission or statement was made, where each such admission or statement was made, and a summary of the content and meaning of that admission or statement.

## **INTERROGATORY NO. 8**

Identify all communications between you and the other defendants concerning Plaintiff.

## **INTERROGATORY NO. 9**

Identify all communications between you and entities in which you have ownership and/or control concerning Plaintiff.

Dated:  March 5, 2020

Respectfully submitted,

By:  _/s/ Anwar L. Graves_
     Jonathan Hacker, admitted _pro hac vice_
     Anwar L. Graves, admitted _pro hac vice_
     O'MELVENY & MYERS LLP
     1625 Eye Street, NW
     Washington, DC  20006
     Telephone: (202) 383-5300
     Facsimile: (202) 383-5414
     agraves@omm.com
     jhacker@omm.com

     Hassen A. Sayeed, admitted _pro hac vice_
     O'MELVENY & MYERS LLP
     Times Square Tower
     7 Times Square
     New York, New York 10036
     Telephone: (212) 326-2000
     Facsimile: (212) 212 326-2061
     hsayeed@omm.com

     Andrew Mendrala, Virginia Bar No. 82424
     COHEN MILSTEIN SELLERS & TOLL
     PLLC
     1100 New York Avenue NW, Fifth Floor
     Washington, D.C. 20005
     Telephone: (202) 408-4600
     Facsimile: (202) 408-4699
     amendrala@cohenmilstein.com

     Aderson Francois, admitted _pro hac vice_
     CIVIL RIGHTS CLINIC
     GEORGETOWN UNIVERSITY LAW
     CENTER
     600 New Jersey Avenue, N.W.
     Washington, D.C. 20001
     Telephone: (202) 662-9065
     Aderson.Francois@georgetown.edu

Elizabeth B. Wydra, admitted *pro hac vice*
Brianne J. Gorod, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY
CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
Telephone: (202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2020, I caused the foregoing First Set of

Interrogatories to Defendant Alexander ("Alex") Jones to be served on his counsel via e-mail.


 */s/ Anwar L. Graves*_____
Anwar L. Graves