# EXHIBIT G1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| BRENNAN M. GILMORE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:18-cv-00017-NKM-JCH |
| ALEXANDER E. (ALEX) JONES, *et al.,*) | ) | |
| Defendants. | ) | |

**DEFENDANT FREE SPEECH SYSTEMS, LLC'S**
**OBJECTIONS & RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-38)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Free Speech Systems, LLC ("Defendant") hereby serves the following objections and responses to Plaintiff's First Set of Requests for Production of Documents (Nos. 1-38) ("Requests" when referring to all, "Request" when referring to any one in particular).

## OBJECTIONS & RESPONSES

**DEFINITION 1.** Defendant hereby incorporates the definitions set forth in Plaintiff's First Set of Interrogatories (Nos. 1-11) to Free Speech Systems, LLC.

**OBJECTIONS:** Defendant hereby incorporates the objections to definitions as set forth in Defendant's objections to Plaintiff's First Set of Interrogatories (Nos. 1-11) to Free Speech Systems, LLC.

**INSTRUCTION 1.** Unless otherwise specified, when construing the scope of these Requests,

the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

    a.    Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the Request more inclusive;

    b.    Construing the words "any" and "all" to mean "any and all" as necessary to make the Request more inclusive;

    c.    Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the Request more inclusive;

    d.    Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Requests shall encompass the broadest range of discoverable information possible;

    e.    Wherever any gender is indicated by any term in these Requests, it should be construed to include the opposite gender or neuter in order that the scope of these Requests shall encompass the broadest range of discoverable information possible.

**INSTRUCTION 2.**   These Requests require you to produce all documents in your actual or constructive possession, including drafts.

**INSTRUCTION 3.**   For each document for which production is requested, produce the entire original document, along with any attachments, appendices, and exhibits or other associated documents.

**INSTRUCTION 4.**   Any documents that are stored or maintained in electronic format must be produced in Tagged Image File Format (TIFF), along with searchable text and the metadata

specified herein. For email, provide at least the following metadata to the extent such metadata can be provided using industry standard e-discovery technologies and processes: To; From; Cc; Bcc; Sent Date; Sent Time; and Subject.  For standalone electronic files or attachments to emails, provide the following metadata to the extent such metadata can be provided using industry standard e-discovery technologies and processes: Author; Modified Date; Custodian; and File Name. Internal comments in any document (including drafts) must be maintained in the form of document produced. Notwithstanding the foregoing, produce in native file format (a) any source or object code, code repositories, spreadsheet files, or audiovisual files, along with the searchable text and metadata specified in this paragraph; and (b) only after prior discussion with counsel for the plaintiff, any files that are not reasonably usable when produced in TIFF (*e.g.*, because they lose substantive information when converted to TIFF or suffer from adverse formatting changes when converted to TIFF).  All non-native documents should be branded with an appropriate Bates label.  For native files, the Bates label should be affixed to a placeholder TIFF image corresponding to the native file and/or to the file name of the file being produced in native.

**INSTRUCTION 5.**   Where knowledge or information in the possession, custody or control of a party is referenced by a Request, that Request requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on his or her behalf, including, unless privileged, the party's attorneys.

**OBJECTIONS:**  Defendant objects to this instruction to the extent the clause "acting or purporting to act on their behalf" does not qualify the terms "any representatives, agents, servants, [and] employees." Defendant also objects to the inclusion in the instruction of individuals who are not reasonably likely to have discoverable information. Defendant will limit any response to documents that are within its own possession, custody, and control, as the Federal Rules require.

3

**INSTRUCTION 6.**   If there are no documents responsive to any particular request, you must state that in writing.

**INSTRUCTION 7.**   If you object to producing and withhold from production any document requested on the grounds of attorney-client privilege, work product immunity, or otherwise, provide a log identifying each withheld document and the:

      a.    creation date of the withheld document;

      b.    author(s) of the withheld document;

      c.    nature of the withheld document (*i.e.*, whether it is a letter, memorandum, etc.);

      d.    subject matter;

      e.    recipients (including cc: and bcc: recipients); and

      f.    nature of the privilege or other rule of law relied upon to withhold the document.

**INSTRUCTION 8.**   You shall produce the non-privileged portions of any document that is alleged to contain privileged subject matter.

**INSTRUCTION 9.**   If any document requested to be produced has been lost, discarded, destroyed, or otherwise is not available for production, you shall describe the document as completely as possible by identifying: the information requested by subparagraphs 7(a)-(f) above, the date of disposal, the manner of disposal, the reason for disposal, any person who has possession, custody or control of a partial or complete copy of the document and the names of all persons who participated in the disposal of the document or who have knowledge of the date and circumstances surrounding the disposal of the document.

**INSTRUCTION 10.**  Unless otherwise indicated, the timeframe for all of these Requests is August 1, 2017 through the present.

**OBJECTIONS:**  Defendant objects to this instruction to the extent it seeks documents dated after

the filing of the Complaint in this matter.  Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

Produce all documents, regardless of date, used in the preparation of or identified in your Answers to Plaintiff's First Set of Interrogatories (Nos. 1-11).

**OBJECTIONS:**  Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.  Defendant further objects to this Request to the extent it seeks the production of privileged materials.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018.

### REQUEST NO. 2

Produce all electronically stored information or data regarding, referring to, concerning, or addressing Plaintiff.

**OBJECTIONS:**  Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter.  Defendant further objects to this Request to the extent it seeks the production of privileged materials.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties.

### REQUEST NO. 3

Produce all documents that you sent to or received from any other individual or entity concerning Plaintiff.

accuracy of claims made by you concerning Plaintiff.

**OBJECTIONS:**  Defendant objects to this Request as being vague and over broad as "claims made by you" is not defined.  Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant further objects to this Request and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case.  Defendant also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.  Defendant further objects to this request because it seeks "all documents," rather than only those documents sufficient to show responsive information, and this would require Defendant to engage in a burdensome and costly review and production of materials that may be duplicative and irrelevant.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged documents sufficient to show responsive information dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties. Defendant will limit any production by defining "you" as related to Defendant alone.

### **REQUEST NO. 21**

Produce all documents relating to the disciplinary or corrective actions taken against any employee or agent of Free Speech Systems, LLC due to the publication of false or incorrect information during the past ten years.

**OBJECTIONS:**  Defendant objects to this Request as being vague and over broad as "publication

of false or incorrect information" is not defined.  Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks all documents dating back a decade, about matters wholly unrelated to the claims and defenses at issue in this case.  Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that Free Speech Systems, LLC has published "false or incorrect information," or that "disciplinary or corrective actions" "against any employee or agent" were appropriate if it had. Defendant objects to this request because it seeks "all documents," rather than only those documents sufficient to show responsive information, and this would require Defendant to engage in a burdensome and costly review and production of materials that may be duplicative and irrelevant.

**RESPONSE:** Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

### <u>REQUEST NO. 22</u>

Produce all documents (regardless of creation date) used to train or instruct others about the vetting of factual information for publication, as provided to any employee, independent contractor, or entity with which you do or have done business from August 11, 2017 through the present.

**OBJECTIONS:**  Defendant objects to this Request as being vague as it is unclear by whom or how responsive documents are "used." Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being overly broad and unduly burdensome, as seeking information that is not

and defenses in this action.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will produce any organizational charts to the extent they exist.

###	REQUEST NO. 27

Produce all documents concerning the revenue generated by the video entitled "Bombshell Connection Between Charlottesville, Soros, CIA" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit F.

**OBJECTIONS:**   Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents concerning . . . revenue generated." Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that "revenue" was "generated by the video," or that any "revenue" could be traced to that video.

**RESPONSE:** Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

###	REQUEST NO. 28

Produce all documents concerning the revenue generated by the video entitled "Breaking: State Department/CIA Orchestrated Charlottesville Tragedy" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit G.

**OBJECTIONS:**   Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to

any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents concerning . . . revenue generated." Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that "revenue" was "generated by the video," or that any "revenue" could be traced to that video.

**RESPONSE:** Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

### REQUEST NO. 29

Produce all documents concerning the revenue generated by any other Free Speech Systems, LLC publication or posting concerning Plaintiff.

**OBJECTIONS:**   Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents concerning . . . revenue generated" by "any other . . . publication or posting concerning Plaintiff." Defendant further objects to this Request to the extent it assumes facts not in the record, including but not limited to that "revenue" was "generated by any other" publication or posting concerning Plaintiff.

**RESPONSE:** Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

### REQUEST NO. 30

Produce all documents, regardless of date, constituting any admission or statement against interest made by Plaintiff which you claim to be relevant to the defenses asserted by you.

**OBJECTIONS:**   Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request

its definition of "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition of "your" to the extent it includes individuals who are not reasonably likely to have discoverable information.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged responsive documents dated between August 1, 2017, and March 12, 2018, from custodians and with search terms negotiated by the parties. Defendant will limit any production by defining "you" as Defendant alone.

## REQUEST NO. 38

Produce all documents from any litigation involving libel or defamation in which you, or an entity in which you have ownership and/or control, have been named as a defendant during the past ten years.

**OBJECTIONS:** Defendant objects to this Request to the extent it seeks the production of privileged materials. Defendant objects to this Request to the extent it seeks the production of documents dated after the filing of the Complaint in this matter. Defendant objects to this Request as being vague, overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case because it seeks "all documents from any litigation" during the past ten years. Defendant objects to this Request and its definition of "you" to the extent the phrase "on that party's behalf" does not qualify "any representatives, agents, servants, employees" as requiring a search for documents that is overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant

also objects to the inclusion in the definition of "you" to the extent it includes individuals who are not reasonably likely to have discoverable information.

**RESPONSE:** Subject to the foregoing objections, Defendant will not be producing documents responsive to this request, to the extent they exist.

Dated:  April 27, 2020                              Respectfully submitted,

TREMBLAY & SMITH, PLLC                    BAKER HOSTETLER LLP

Thomas E. Albro (VSB #12812)             */s/ Elizabeth A. Scully*
Evan D. Mayo (VSB #89383)
105-109 E. High Street                        Elizabeth A. Scully (VSB #65920)
Charlottesville, VA 22902                     Mark I. Bailen
Telephone: (434) 977-4455                     Katherine L. McKnight (VSB #81482)
Facsimile: (434) 979-1221                     Andrew M. Grossman
tom.albro@tremblaysmith.com                   Richard B. Raile (VSB #84340)
evan.mayo@tremblaysmith.com                   Washington Square, Suite 1100
                                              1050 Connecticut Avenue, N.W.
*Co-Counsel for Defendants Alexander E.*      Washington, DC 20036-5304
*Jones, Infowars, LLC, Free Speech Systems,*  Telephone: (202) 861-1500
*LLC and Lee Ann McAdoo a/k/a Lee Ann*        Facsimile: (202) 861-1783
*Fleissner*
                                              escully@bakerlaw.com
                                              mbailen@bakerlaw.com
                                              kmcknight@bakerlaw.com
                                              agrossman@bakerlaw.com
                                              rraile@bakerlaw.com

                                              *Counsel for Defendants Alexander E. Jones,*
                                              *Infowars, LLC, Free Speech Systems, LLC*
                                              *and Lee Ann McAdoo a/k/a Lee Ann Fleissner*

# EXHIBIT G2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

|  |  |  |
|---|---|---|
| BRENNAN M. GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00017-NKM-JCH |
| | ) | |
| ALEXANDER E. (ALEX) JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT FREE SPEECH SYSTEMS, LLC'S OBJECTIONS AND**
**ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-11)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendant Free Speech Systems, LLC ("Defendant" or "the defendant") hereby serves Plaintiff Brennan M. Gilmore ("Plaintiff" or "the plaintiff") with the following objections and answers to Plaintiff's First Set of Interrogatories (the "Interrogatories.").

Defendant does not concede that any of the objections or information contained herein is relevant or admissible. Defendant reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or any other action.

**OBJECTIONS AND ANSWERS**

**DEFINITION 1.**      The pronouns "you" and "your" refer to the party to whom these interrogatories are addressed, and any representatives, agents, servants, employees and others acting on that party's behalf.

**OBJECTIONS:** Defendant objects to the definition of "you" and "your" as being overly broad and unduly burdensome and not in proportion to the needs of the case to the extent the clause "acting or purporting to act on their behalf" does not qualify the terms "any representatives, agents, servants, [and] employees." Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer to information that is within its own possession, custody, and control, as the Federal Rules require.

**DEFINITION 2.**      The term "document" shall have the meaning set forth in Federal Rule of Civil Procedure 34. For the avoidance of doubt, the term "document" is used in its broadest sense and is intended to be comprehensive and to include, without limitation, a record, in whatever medium (*e.g.*, paper, computerized format, e-mail, photograph, audiotape, text message) it is maintained, and includes originals and each and every non-identical copy of all writings of every kind, including drafts, legal pleadings, brochures, circulars, advertisements, letters, internal memoranda, minutes, notes or records of meetings, reports, comments, affidavits, statements, summaries, messages, worksheets, notes, correspondence, diaries, calendars, appointment books, registers, travel records, tables, calculations, books of account; budgets, bookkeeping or accounting records, telephone records, tables, stenographic notes, financial data, checks, receipts, financial statements, annual reports, accountants' work papers, analyses, forecasts, statistical or other projections, newspaper articles, press releases, publications, tabulations, graphs, charts, maps, public records, telegrams, books, facsimiles, agreements, opinions or reports of experts, records or transcripts of conversations, discussions, conferences, meetings or interviews, whether in person or by telephone or by any other means and all other forms or types of written or printed matter or tangible things on which any words, phrases, or numbers are affixed, however produced

or reproduced and wherever located, which are in your possession, custody or control. The term "document" also includes, without limitation, electronic mail and attachments, data processing or computer printouts, tapes, documents contained on floppy disks, hard disks, computer hard drives, CDs, and DVDs, or retrieval listings, together with programs and program documentation necessary to utilize or retrieve such information, and all other mechanical or electronic means of storing or recording information, as well as tape, film or cassette sound or visual recordings and reproduction for film impressions of any of the aforementioned writings.

**OBJECTIONS:**   Defendant objects to this definition as being overly broad and unduly burdensome, seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case.  For example, an Interrogatory that seeks information from all "tangible things on which any words, phrases, or numbers are affixed" which "are in your possession, custody or control," particularly when combined with the definition of "your" as including any "representatives, agents, servants, employees and others acting on that party's behalf," would require a search for potentially responsive information that is overly broad, unduly burdensome and not proportional to the needs of the case.  Defendant will limit its search for potentially responsive information as the Federal Rules provide.

**DEFINITION 3.**      The term "identify" with respect to a person means set forth the name, last known address, employer, title, and (a) if a fact witness, the basis for his or her knowledge and (b) if an expert witness, his or her field of expertise and resume.

**OBJECTIONS:**  Defendant objects to this definition to the extent it seeks the production of confidential information of Defendant or others to whom Defendant is under an obligation of confidentiality.  Defendant will only provide such information pursuant to the terms of a Protective Order and with appropriate permission.

**DEFINITION 4.**      The term "identify" with respect to a document means set forth the title,

date, author(s), and if correspondence, the recipient(s), where the document is currently located,

and the name of the custodian. If it is available on a publicly available website, set forth the full

URL and any other information necessary for accessing it.

**OBJECTIONS:** Defendant objects to this definition to the extent the answer "may be determined

by examining, auditing, compiling, abstracting, or summarizing" business records, including

related metadata, Defendant will produce in response to Plaintiff's requests for the production of

documents, and the burden of deriving or ascertaining the answer will be substantially the same

for Plaintiff and Defendant. Fed. R. Civ. P. 33(d). Requiring Defendant to answer when the

information is equally available to all parties would be beyond the requirements of the Federal

Rules and unduly burdensome.

**DEFINITION 5.**      The term "communication" is used in its broadest sense and is intended to

be comprehensive and to include, without limitation, any transmission of information and the

information that is transmitted, whether in written, oral, or electronic form.

**DEFINITION 6.**      The term "person" shall mean any natural person or legal entity, including

a corporation, partnership, sole proprietorship, agency, or business association of any kind.

**DEFINITION 7.**      The term "InfoWars," generically, means the brand name of the media

organization associated with defendant Alexander Jones, whether operating as InfoWars LLC,

Free Speech Systems LLC, or any other corporate name.

**OBJECTIONS:** Defendant objects to this definition on the grounds that it is vague,

ambiguous, and overly broad.

**DEFINITION 8.**      The term "online video channel" shall mean any online video platform

service, including but not limited to YouTube, Vimeo, Twitch, Dailymotion, Metacafe, Bitchute,

or channels hosted on such services.

**INSTRUCTION 1.**   Each interrogatory shall be answered on the basis of your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

**INSTRUCTION 2.**   Unless otherwise specified, when construing the scope of these interrogatories, the terms shall be given their most expansive and inclusive interpretations, including but not limited to:

a. Construing the words "and" and "or" in the conjunctive or disjunctive as necessary to make the interrogatory more inclusive;

b. Construing the words "any" and "all" to mean "any and all" as necessary to make the interrogatory more inclusive;

c. Construing the past or present tenses of a verb to mean the present or past tenses of the verb, respectively, as necessary to make the interrogatory more inclusive;

d. Wherever any term is used in the singular, it should be construed to include the plural, and vice versa, in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible;

e. Wherever any gender is indicated by any term in these interrogatories, it should be construed to include the opposite gender or neuter in order that the scope of these interrogatories shall encompass the broadest range of discoverable information possible.

**OBJECTIONS:** Defendant objects to the scope of the Interrogatories as overly broad on the grounds that the Interrogatories do not set forth an applicable time period time for the requests.

**INSTRUCTION 3.**   In answering these interrogatories, you are required to furnish such

information as is available to you, however obtained, including hearsay and information known by, or in the possession of, you or your agents, including every attorney representing you.

**OBJECTIONS:**  Defendant objects to this instruction to the extent that it seeks the production of privileged information.

**INSTRUCTION 4.**   If any interrogatory cannot be answered in full after exercising due diligence to secure the information, you must answer to the extent possible, specifying your inability to answer the remainder and the reason why, and stating whatever information and knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

**INSTRUCTION 5.**   If your response to one or more interrogatories must be amended or supplemented because of information acquired by you subsequent to the service of your response, you must promptly serve your supplemental responses to the interrogatory or interrogatories at issue in accordance with the Federal Rule of Civil Procedure 26(e).

**INSTRUCTION 6.**   Where knowledge or information in the possession, custody or control of a party is requested, that interrogatory requires disclosure of knowledge in possession of the party's agents, servants, employees, representatives and any other person acting on the party's behalf, including, unless privileged, that party's attorneys.

**OBJECTIONS:**  Defendant objects to this instruction to the extent the clause "acting or purporting to act on their behalf" does not qualify the terms "any representatives, agents, servants, [and] employees." Defendant also objects to the inclusion in the instruction of individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer to information that is within its own possession, custody, and control, as the Federal Rules require.

**INSTRUCTION 7.**   Each response to an interrogatory is to be set forth separately. Responses should not be combined for the purpose of supplying a common answer thereto.

**INSTRUCTION 8.**   If you object to a specific interrogatory, the reasons for the objections shall be stated in writing and served upon Plaintiff's counsel. If an objection is made to part of an interrogatory, the part shall be specified, with an answer provided to any part of the interrogatory to which there is no objection. If you assert as an objection to any of these interrogatories that the information sought is privileged, please state the privilege that you believe is involved, identifying each such privilege with the specific interrogatory number that seeks such privileged information.

### <u>INTERROGATORY NO. 1</u>

Identify all business organizations and/or other entities in which you have ownership and/or control, and the officers, owners, members, and employees of those organizations and/or entities.

**OBJECTIONS:**  Defendant objects to this Interrogatory and its definition of "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case.  Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer by defining "you" as Defendant alone.

**ANSWER:**  Subject to and without waiving the foregoing objections, Defendant states that it does not have ownership and/or control of any business organizations or other entities.

**ANSWER:** Alex Jones, Member, Michael Zimmerman, IT Director.

### INTERROGATORY NO. 4

Identify all individuals responsible for marketing, research, and/or analytic data for Free Speech Systems, LLC, from August 11, 2017 to the present.

**OBJECTIONS:** Defendant objects to this Interrogatory as being vague and over broad as "all individuals responsible for [. . .] marketing, research, and/or analytic data" is not defined. Defendant further objects on the ground that the Interrogatory seeks information that is not relevant to the claims and defenses in this case, and to the extent the Interrogatory seeks information dated after the filing of the Complaint in this matter.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that there are no individuals "responsible for marketing, research, and/or analytic data for Free Speech Systems, LLC, from August 11, 2017" through March 13, 2018.

### INTERROGATORY NO. 5

Identify every employee or agent of Free Speech Systems, LLC who was involved in the creation, research, editing, marketing, funding, distribution, or publication of the August 15, 2017 *InfoWars* video entitled "Bombshell Connection Between Charlottesville, Soros, CIA" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit F, and describe their specific role.

**OBJECTIONS:** Defendant objects to this Interrogatory as being vague and over broad. Defendant further objects to this Interrogatory as seeking answers to more interrogatories, including subparts, than are permissible under Federal Rule of Civil Procedure 33. Defendant further objects to the extent the Interrogatory assumes facts not in the record, including but not limited to that there was "marketing" or "funding" of the broadcast.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that Lee Ann McAdoo and technicians Marcos Morales and Joe Jennings were involved to some extent in the creation, research, editing, distribution, or publication of the above-referenced broadcast. No "employee or agent" was involved in the "marketing" or "funding" of the broadcast.

### INTERROGATORY NO. 6

Identify every employee or agent of Free Speech Systems, LLC who was involved in the creation, research, editing, marketing, funding, distribution, or publication of the August 21, 2017 *InfoWars* video entitled "Breaking: State Department/CIA Orchestrated Charlottesville Tragedy" identified in Plaintiff's April 24, 2018 Amended Complaint at Exhibit G, and describe their specific role.

**OBJECTIONS:** Defendant objects to this Interrogatory as being vague and over broad. Defendant further objects to this Interrogatory as seeking answers to more interrogatories, including subparts, than are permissible under Federal Rule of Civil Procedure 33. Defendant further objects to the extent it assumes facts not in the record, including but not limited to that there was "marketing" or "funding" of the broadcast.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that Alex Jones and Joe Jennings were involved to some extent in the creation, research, editing, distribution, or publication of the above-referenced broadcast. No "employee or agent" was involved in the "marketing" or "funding" of the broadcast.

### INTERROGATORY NO. 7

Identify all individuals responsible for investigating any matter concerning Plaintiff on your behalf.

**OBJECTIONS:** Defendant objects to this Interrogatory as being vague and over broad as "all

individuals responsible for" is not defined and the Interrogatory seeks information concerning "any matter" regarding Plaintiff. Defendant also objects to this Interrogatory and its definition of "your" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome, as seeking information that is not relevant to any party's claims or defenses in this action, and not proportional to the needs of the case. Defendant also objects to the inclusion in the definition individuals who are not reasonably likely to have discoverable information. Defendant will limit any answer by defining "your" as Defendant alone. Defendant further objects to this interrogatory as seeking answers to more interrogatories, including subparts, than are permissible under Federal Rule of Civil Procedure 33.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that in connection with Plaintiff's attendance at the August 12, 2017, protest in Charlottesville, VA, and his witnessing and video recording of the vehicle that drove into a crowd of protestors and his thereafter posting such video on social media and his numerous appearances on news programs and his statements in articles in major news publications, Alex Jones and Lee Ann McAdoo reviewed information about Plaintiff and his background, including on the internet, in news reports and in publications and statements by others, including other Defendants in this action, among other information.

## **INTERROGATORY NO. 8**

Describe your process for ensuring that any assertions made by you concerning Plaintiff were factually accurate.

**OBJECTIONS:** Defendant objects to this Interrogatory as being vague as the phrase "process for ensuring" is not defined. Defendant also objects to this Interrogatory and its definition of

"your" and "you" to the extent it includes "any representatives, agents, servants, employees and others acting on that party's behalf," as being overly broad and unduly burdensome. Defendant will limit any answer by defining "your" and "you" as Defendant alone. Defendant further objects to this Interrogatory as seeking answers to more interrogatories, including subparts, than are permissible under Federal Rule of Civil Procedure 33.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that it broadcasts live news and commentary programs, often with guests who have relevant knowledge and information on the topics being discussed on the program. While Defendant does not control any specific statements or commentary made by guests, with respect to the August 15, 2017, broadcast referenced in the Amended Complaint, Defendant had no reason to believe that, to the extent it is a statement of fact, anything Lee Stranahan stated on that broadcast, including anything about Plaintiff, was not accurate. Defendant Alex Jones comments on a whole range of issues of public concern during his program, "The Alex Jones Show," that is aired live over the internet and on radio stations. In preparation of his show, Mr. Jones reviews information from numerous sources, including news reports, opinion pieces, government officials, and others. Mr. Jones gleaned information about Plaintiff and his background from these sources and had no reason to believe that the sources were not providing accurate information.

### **INTERROGATORY NO. 9**

Identify every step that you took in order to assess the credibility of every source who provided you with information concerning Plaintiff.

**OBJECTIONS:** Defendant objects to this Interrogatory as being vague as "every step" is not defined and because it implies that a certain procedure should have been followed without

identifying any such procedure.  Defendant also objects to this Interrogatory and its definition of

"you" to the extent it includes "any representatives, agents, servants, employees and others

acting on that party's behalf," as being overly broad and unduly burdensome.  Defendant will

limit any answer by defining "you" as Defendant alone.  Defendant further objects to this

Interrogatory as seeking answers to more interrogatories, including subparts, than are

permissible under Federal Rule of Civil Procedure 33.

**ANSWER:** Subject to and without waiving the foregoing objections, Defendant states that Mr.

Jones and Ms. McAdoo relied on their years of experience in newsgathering, reporting, and

broadcasting in assessing the information from sources that they reviewed about the

circumstances in Charlottesville on August 12, 2017, including any information about Plaintiff,

and there was no information that they reviewed that cast doubt on the credibility of any such

sources.

<u>**INTERROGATORY NO. 10**</u>

If you claim that Plaintiff has made any admission or statement against interest which

you claim to be relevant to the claims or defenses in this matter, identify each admission or

statement, providing the identity of anyone who heard or received such admission or statement,

the date of any such admission or statement, how such admission or statement was made, where

each such admission or statement was made, and a summary of the content and meaning of that

admission or statement.

**OBJECTIONS:**  Defendant objects to this Interrogatory and its definition of "you" to the

extent it includes "any representatives, agents, servants, employees and others acting on that

party's behalf," as being overly broad and unduly burdensome.  Defendant will limit any answer

by defining "you" as Defendant alone.  Defendant further objects to this Interrogatory as