IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRENNAN M. GILMORE,<br><br>　　　Plaintiff,<br><br>v.<br><br>ALEXANDER E. (ALEX) JONES, et al.,<br><br>　　　Defendants. | No. 3:18-cv-00017-NKM-JCH |

**PLAINTIFF'S RESPONSE TO DEFENDANTS ALEXANDER E. JONES, INFOWARS LLC, AND FREE SPEECH SYSTEMS, LLC'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Plaintiff Brennan Gilmore respectfully responds to Defendants Alex Jones, InfoWars, LLC ("InfoWars"), and Free Speech Systems, LLC's ("FSS") (collectively, "Defendants") motion for extension of time to respond to Plaintiff's Second Set of Requests for Documents and Interrogatories. D.I. 243. Plaintiff believes this Court will benefit from additional context about Defendants' motion.

*First*, Defendants' motion conflates their failure to timely negotiate search terms concerning Plaintiff's First Set of Requests for Documents with their delayed response to Plaintiff's Second Set of Requests for Documents. To correct the record: the Court granted in part Plaintiff's motion to compel Defendants' responses to Plaintiff's First Set of Documents and Interrogatories on January 8, 2021. D.I. 219. The Court agreed that documents from after the March 13, 2018 filing of Plaintiff's complaint could be relevant and ordered the parties "to meet and confer to establish agreed-upon search terms, focused on the state of mind inquiry, for discovery of documents dated between March 13, 2018, and the date of this Order." *Id.* at 12. The search term negotiations thus related to Plaintiff's First Set of Requests for Documents as

applied to documents dated after March 13, 2018.  Those negotiations have no relationship to—nor do they excuse—Defendants' failure to respond to a second set of discovery requests for documents by telling Plaintiff what will or will not be produced.  Those negotiations also do not excuse Defendants' failure to respond to Plaintiff's second set of interrogatories.  The second set of discovery requests to Alex Jones are attached as Exhibits to this Response for the Court's review; the second set of discovery requests to the other moving defendants were nearly identical in form.  *See* March 10, 2021 Declaration of Anwar Graves ("Graves Declaration"), Exhibit A and B.

Defendants admit in their motion that their responses to Plaintiffs' Second Set of Requests for Documents and Interrogatories were due on February 15, 2021.[1]  What Defendants **do not** disclose in their motion, however, was their initial excuse for not providing timely responses to Plaintiff.  Days after the initial due date had passed, counsel for Defendants wrote Plaintiff blaming the delayed response on the tragic winter storms and power outages that affected Texas in mid-February.  That explanation, of course, would not explain why Defendants missed their discovery deadline unless they had not started to work on their responses until the storms began.  At any rate, and as Plaintiff pointed out in subsequent correspondence with screenshots, the InfoWars studios were still broadcasting even as the discovery responses were not forthcoming.  The complete set of correspondence with respect to this issue is being filed herewith for the Court's review.  *See* Graves Decl, Exhibits C-J.

Plaintiff respectfully submits that this withheld explanation, along with Defendants' filing their motion for extension only ***after*** Plaintiff attempted to resolve the issue and

---

[1] Defendants' motion incorrectly states these responses were due on February 14, 2021, which is a Sunday.

approached the Court, do not reflect "good faith and (a filing made) not for the purpose of delay." (D.I. 243 at 2). To the extent Defendants' motion for extension is granted, Plaintiff respectfully requests that the Court order Defendants to provide complete responses to Plaintiff's Second Set of Document Requests and Interrogatories by March 17, 2021; to complete their production by that date; to consider an order to show cause why discovery was not completed earlier; and such other relief as the Court may deem appropriate.

**Second**, after the Court issued its January 8, 2021 order on search terms, Plaintiff promptly provided a list of proposed terms and met and conferred with Defendants on January 14, 2021. *See* Graves Decl, Exhibit K. Those were the same terms that Defendants' prior counsel had agreed to use in this case. Defendants promised to review the list and revert with edits. Defendants had not responded by February 3, 2021, and Plaintiff raised this issue at the Court hearing that day. D.I. 231 at 2. The Court subsequently ordered Defendants to "respond to Plaintiff's proposed search terms on or before February 17, 2021." *Id.* After February 17, 2021 passed with no response, Plaintiff raised the issue during the parties' March 2, 2021 meet and confer concerning the late discovery responses. During that meet and confer, Defendants complained about one of Plaintiff's proposed terms, but did not provide a list of terms as a counterproposal. Defendants stated that they would endeavor to provide Plaintiff with data about the number of "hits" each search term would generate. However, Plaintiff was not provided with those metrics and first discovered them in Defendants' motion.

Accordingly, and given the delay caused by Defendants and their failure to engage in search term negotiations in violation of this Court's orders, Plaintiff respectfully requests that the Court order Defendants to utilize all the search terms proposed by Plaintiffs on January 8, 2021, without modification, and such other relief as the Court may deem appropriate.

3

*Third*, Defendants have filed an extension request for Alex Jones, Infowars, and FSS. Defendants' counsel also represent defendant Lee Ann McAdoo, *see* D.I. 210, who has similarly failed to respond to the Court's order on search terms or Plaintiff's Second Set of Requests for Documents and Interrogatories.  Plaintiff respectfully requests that any order entered by the Court in connection with Defendants' motion be applied to Lee Ann McAdoo.

*Fourth*, Plaintiff respectfully disagrees that Defendants' conduct is without prejudice to Plaintiff.  D.I. 243 at 2.  Plaintiff is frankly shocked that terms like "deep state" and "Department of State" have returned 35,663 and 1,776 search terms respectfully.  Defendants and Lee Ann McAdoo have only produced a total of **33 documents** dated before the March 13, 2018 filing of Plaintiff's complaint.  Plaintiff are concerned that Defendants' continued dilatory conduct threatens the parties' ability to complete document production, review those documents, and complete fact depositions before June 1, 2021.

Dated: March 10, 2021

Respectfully submitted,

By:   /s/ *Anwar L. Graves*
Jonathan Hacker, admitted *pro hac vice*
Anwar L. Graves, admitted *pro hac vice*
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
agraves@omm.com
jhacker@omm.com

Hassen A. Sayeed, admitted *pro hac vice*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
hsayeed@omm.com

Andrew Mendrala, Virginia Bar No. 82424
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W., Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
amendrala@cohenmilstein.com

Aderson Francois, admitted *pro hac vice*
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 662-9065
Aderson.Francois@georgetown.edu

Elizabeth B. Wydra, admitted *pro hac vice*
Brianne J. Gorod, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
Telephone: (202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org
ashwin@theusconstitution.org

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2021, a copy of the foregoing Motion to Compel was served on all parties via the Court's Electronic Case Filing system, and separately sent via electronic mail to Mr. Lee Stranahan, Mr. Derrick Wilburn, and Mr. Scott Creighton.

                                              */s/ Anwar L. Graves*
                                                Anwar L. Graves