IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| BRENNAN M. GILMORE, )  <br>      Plaintiff, ) | | Civil Action No. 3:18-cv-00017 |
| ) | | |
| v. ) | | ORDER |
| ) | | |
| ALEXANDER ("ALEX") E. JONES, et al., ) | | By:   Joel C. Hoppe |
|       Defendants. ) | | United States Magistrate Judge |
| ) | | |

This matter is before the Court on Defendants Alexander Jones's, InfoWars, LLC's, and Free Speech Systems, LLC's Motion for Extension of Time to Respond to Plaintiff's Second Set of Discovery Requests. ECF No. 243. At oral argument on March 31, 2021, counsel for the Defendants Alexander Jones, InfoWars, LLC, and Free Speech Systems, LLC represented to the Court that those Defendants met their proposed response deadline of March 17, 2021. Accordingly, their Motion for Extension of Time, ECF No. 243, is GRANTED. Defendants Alexander Jones, InfoWars, LLC, and Free Speech Systems, LLC are further DIRECTED to supplement their discovery responses in accordance with the other deadlines in this Order.

The parties also raised several other discovery issues. The Court has considered the parties' arguments and hereby ORDERS:

1. *As to Defendants Alexander Jones, InfoWars, LLC, Free Speech Systems, LLC, and LeeAnn McAdoo*:

    a. *Plaintiff's requests for internal planning documents relating to the August 15, 2017 and August 21, 2017 videos* – Defendants are DIRECTED to supplement their discovery responses to provide all documents responsive to these requests by Friday, April 9, 2021.

1

b. *Defendants' responses to Plaintiff's interrogatories regarding fact-checking and source-checking* – Defendants are DIRECTED to supplement their interrogatories regarding their pre-publication fact-checking and source-checking procedures. The Court previously directed Defendants to do so, *see* Mem. Op. 19–21, ECF No. 219, but Defendants' responses remain overly vague and insufficient. In particular, Defendant Jones has failed to explain with any specificity the procedures he used to determine whether a source is credible. Defendants are hereby ORDERED to respond to these interrogatories with particularity by Friday, April 9, 2021.

c. *Defendants' responses to Plaintiff's revenue generation requests* – To the extent Defendants have documents responsive to Plaintiff's revenue generation requests within their possession or control, they are DIRECTED to produce them by Friday, April 9, 2021. To the extent Plaintiff seeks documents in the possession or control of YouTube or other third-parties, to which the Defendants do not have access, Plaintiff may choose to seek those documents via third-party subpoena.

d. *Search terms for discovery of documents that post-date March 13, 2018* – I previously granted Plaintiff's motion to compel discovery of documents dated from March 13, 2018, through the present, finding that documents created after publication of the allegedly defamatory statements may be relevant to Defendants' state of mind at the time of publication. *See* Mem. Op. 10–12, ECF No. 219. I directed the parties to meet and confer to establish agreed-upon search terms focused on the state of mind inquiry. *Id.* at 12. Plaintiff has provided Defendants with a list of proposed search terms, and Defendants have raised an

        issue with only one term on Plaintiff's list: "state." Counsel for Plaintiff and Defendants are DIRECTED to meet and confer to determine what appropriate substitutes for the term "state" should be used to search Defendants' files for responsive documents and complete the meet and confer process by April 2, 2021. Defendants are further ORDERED to produce all responsive documents for the search terms on Plaintiff's proposed list (except for the term "state") and for the agreed-upon substitutes for the term "state" by Friday, April 9, 2021.

2. *As to Defendant Lee Stranahan*:

    a. *Defendant Stranahan's Citizen Journalism website postings* – Plaintiff's request for leave to file a motion for sanctions regarding Mr. Stranahan's Citizen Journalism website postings is GRANTED.

    b. *Defendant Stranahan's Periscope videos* – Defendant Stranahan recently produced seventy-seven (77) videos that he had posted on Periscope. Plaintiff represented that the videos total approximately fourteen (14) hours of video and that Defendant Stranahan has not yet identified which videos, or which portions thereof, relate to Plaintiff. Defendant Stranahan represented that he is able to have the videos transcribed. Therefore, Defendant Stranahan is DIRECTED to either personally review the recordings and identify which portions thereof are responsive to Plaintiff's discovery requests or to produce full transcriptions of the recordings to Plaintiff by Friday, April 9, 2021.

    c. *Plaintiff's Second Set of Discovery Requests* – Defendant Stranahan has not yet responded to Plaintiff's second set of discovery requests, which Plaintiff served upon Defendant Stranahan on January 15, 2021. Defendant Stranahan is

        ORDERED to respond to Plaintiff's second set of requests by Wednesday, April 14, 2021. In granting this extension, the Court takes into account Stranahan's medical conditions.

3. *As to Defendants Alexander Jones, InfoWars, LLC, Free Speech Systems, LLC, LeeAnn McAdoo, and James Hoft*:

    a. *Defendants' responses to Plaintiff's Second Set of Requests for Production regarding preconceived narratives* – The parties are DIRECTED to submit briefing regarding Defendants' responses to Plaintiff's Second Set of Requests for Production. Plaintiff is DIRECTED to file a motion to compel within seven (7) days from the date of this Order, and Defendants will have seven (7) days from the filing of Plaintiff's motion to respond thereto.

4. *As to Defendant James Hoft*:

    a. *Discovery search terms* – The parties are DIRECTED to meet and confer regarding their dispute over whether and to what extent search terms established between Plaintiff and Defendant Hoft's prior counsel, Aaron Walker, apply to Defendant Hoft's production of documents. If the parties are unable to resolve this issue, Plaintiff is DIRECTED to file a motion to compel within seven (7) days from the date of this Order. Defendant Hoft will have seven (7) days from the filing of Plaintiff's motion to respond thereto.

    b. *Interrogatory responses concerning Hoft's past publications about "cover ups"* – Plaintiff is DIRECTED to file a motion to compel within seven (7) days from the date of this Order. Defendant Hoft will have seven (7) days from the filing of Plaintiff's motion to respond thereto.

5. *As to Plaintiff's request to extend the deadline for completion of discovery* – The parties may submit briefing requesting an extension of the deadline for completion of discovery, and the Court will consider their request at that time. Any proposed schedule changes must not disturb the currently-schedule trial date.

It is so ORDERED.

The Clerk shall send certified copies of this Order to the parties.

        ENTER: April 1, 2021

        Joel C. Hoppe
        United States Magistrate Judge