IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| BRENNAN M. GILMORE,           )<br>    Plaintiff,                              )<br>                                                    )<br>v.                                               )<br>                                                    )<br>ALEXANDER ("ALEX") E. JONES, et al., )<br>    Defendants.                         ) | Civil Action No. 3:18-cv-00017<br><br>MEMORANDUM OPINION & ORDER<br><br>By:    Joel C. Hoppe<br>         United States Magistrate Judge |

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Defendants Alexander Jones ("Jones"), InfoWars, LLC ("InfoWars"), and Free Speech Systems, LLC ("FSS"), and James Hoft ("Hoft") (collectively, "Defendants").[1] Pl.'s Mot. to Compel, ECF No. 262. The motion has been fully briefed, *see* ECF Nos. 264, 266, and is ripe for disposition. For the reasons stated below, the Court hereby DENIES Plaintiff's Motion to Compel.

This discovery dispute concerns Plaintiff's "Narrowed Defamation Litigation Requests." *See* Pl.'s Mot. to Compel 3 (citing Request for Production ("RFP") 40 to FSS and InfoWars, RFP 43 to Hoft, and RFP 47 to Jones). I evaluate this motion under Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). In January 2021, I entered a Memorandum Opinion and Order on a motion to compel that Plaintiff had filed regarding multiple discovery issues. Among other things, Plaintiff sought responses to his "Defamation Litigation Requests," which requested "all documents from any litigation involving libel or defamation in which" Defendants Jones, InfoWars, FSS and LeeAnn McAdoo, or entities with which they are affiliated, "have been

---

[1] Multiple defendants are involved in this civil action. Plaintiff's motion to compel addresses only discovery he seeks from Defendants Jones, InfoWars, FSS, and Hoft. Accordingly, the Court's references herein to "Defendants" should be taken to refer only to those four Defendants.

1

named as a defendant" in the past ten years. *See* Pl.'s Mot. to Compel Discovery from Defs. Jones, McAdoo, FSS & InfoWars 2, ECF No. 207. Plaintiff argued that such discovery was relevant to show that Defendants' allegedly defamatory statements were made with actual malice, in part, because they fit a "preconceived narrative" and thus they did not "intend[] to genuinely 'report' at all" when they published statements concerning Plaintiff. *See id.* at 7; *see also* Am. Compl. ¶ 82 (alleging that Hoft "twist[ed] true facts about [Plaintiff's] employment history with false allegations to fit his preconceived narrative and ill will toward the 'Deep State,' [and] . . . knowingly and recklessly disregarded that his statements and their implications were false"); *id.* ¶ 98 (alleging that Defendant Jones "utilized the preconceived and well-worn narrative that George Soros, the State Department, and the Democratic Party were behind the attack, in advance of any investigation (or lack thereof), and then consciously set up to make statements about [Plaintiff] conform to this narrative"), ECF No. 29.

Although I granted Plaintiff's motion to compel in some respects, I denied it as to the Defamation Litigation Requests. *See* Mem. Op. of Jan. 8, 2021, at 15–18, ECF No. 219. I agreed with Plaintiff that "evidence of a preconceived narrative may be relevant to the actual malice inquiry," *id.* at 16, but I found that Plaintiff's Defamation Litigation Requests were overbroad and disproportionate to the needs of the case, *id.* at 17–18. Specifically, those Requests sought "discovery produced by Defendants [Jones, InfoWars, FSS, and McAdoo] in 'at least five' different lawsuits regarding events unrelated to those at issue in this case and spanning ten years," *id.* at 17, and Plaintiff "already ha[d] access to all public filings in those actions," *id.* at 18.

Subsequently, Plaintiff served a Second Set of Requests for Production upon Defendants. Pl.'s Mot. to Compel 3. This second set of requests included a revised version of the Defamation

Litigation Requests, which Plaintiff now refers to as the "Narrowed Defamation Litigation Requests." *Id.* The revised request asked Defendants to:

> Produce all documents, communications, and/or recordings in your possession and/or in the possession of entities in which you have ownership and/or control, whether published or not, concerning any allegations that the Sandy Hook shooting on December 14, 2012, the Orlando Nightclub shooting on June 12, 2016, the Las Vegas shooting on October 1, 2017, the Parkland shooting on February 14, 2018, and/or the storming of the U.S. Capitol on January 6, 2021 were staged by Democrats, Antifa, the deep state, or any other entity.

*Id.* (emphasis omitted). Plaintiff argues that he has "revised" and "narrowly tailored" his prior requests, *id.*, to now encompass only "allegations that Democrats, Antifa, the deep state, or a similar entity staged" the listed incidents, *id.* at 6. Defendants disagree. They contend that Plaintiff's "re-styled request for production" remains overbroad and disproportionate to the needs of this case, failing to "cure" the defects in its earlier requests. Defs. Jones's, FSS's & InfoWars's Opp'n to Pl.'s Mot. to Compel 2, ECF No. 264; *see also* Def. Hoft's Opp'n to Pl.'s Mot. to Compel 1, (describing Plaintiff's revised request as a "sweeping dragnet for documents across a nine (9) year period, and regarding topics that have nothing to do with this case") (emphasis omitted), ECF No. 266. They also argue that Plaintiff does not need such discovery because Plaintiff may access all publicly available articles (and other media) published on Defendants' websites. Def. Hoft's Opp'n to Pl.'s Mot. to Compel 1. Defendants have the better argument.

Plaintiff has re-styled his Defamation Litigation Requests, but not in a way that makes them proportional or focuses them on the claims in this case. As revised, the "Narrowed Defamation Litigation Requests" still seek an enormous amount of discovery pertaining to multiple events that are unrelated to this action and span a period of nearly ten years. Indeed, Plaintiff appears to have *expanded* his request to include documents other than those already

3

produced in other litigation and to include documents pertaining to the January 6, 2021 storming of the U.S. Capitol. Moreover, Plaintiff broadly seeks documents concerning allegations that any of the listed events were staged by "Democrats, Antifa, the deep state, *or any other entity*." Pl.'s Mot. to Compel 3 (emphasis added).

This overbroad request is disproportionate to the needs of this case. As I previously found, some courts have determined that evidence of a preconceived narrative may be relevant to actual malice. *See* Mem. Op. of Jan. 8, 2021, at 16–17. But those courts did not authorize the type of broad discovery that Plaintiff seeks here. In *Harris v. City of Seattle*, the plaintiff sought to use deposition testimony to show that a reporter had a preconceived narrative prior to publishing the actual story at issue in the litigation. 152 F. App'x 565, 567 (9th Cir. 2005) (explaining that the reporter had testified that he wanted to "'shock the public' by reporting that a public official was misusing taxpayer money"); *see also Tavoulareas v. Piro*, 817 F.2d 762, 796 (D.C. Cir. 1987) (plaintiff tried to use testimony to show that a reporter was under managerial pressure to "create sensationalistic stories"). And in *Eramo v. Rolling Stone*, the plaintiff sought to use a reporter's pitch for the article at issue in the litigation, five similar articles she had previously published, and deposition testimony to show that the reporter acted with actual malice in publishing statements about the plaintiff. 209 F. Supp. 3d 862, 874 (W.D. Va. 2016). These cases simply do not support the need for broad document requests, such as the one propounded here, to find potential evidence of a preconceived story line. As in *Harris* and *Eramo*, Plaintiff may attempt to show that Defendants had a "preconceived narrative" prior to publishing statements about him through a variety of sources, including Defendants' other publications and Defendants' deposition testimony. Of course, the determination of whether any such evidence is admissible at trial is for the presiding District Judge to make.

4

Because I find that Plaintiff's RFPs seek information that is not relevant or proportional to the needs of the case, the Motion to Compel, ECF No. 262, is DENIED.

It is so ORDERED.

The Clerk shall send certified copies of this Order to the parties.

ENTER: April 21, 2021

Joel C. Hoppe
United States Magistrate Judge