IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BRENNAN M. GILMORE, ) | | |
|    Plaintiff, ) | Civil Action No. 3:18-cv-00017 | |
| ) | | |
| v. ) | MEMORANDUM OPINION & ORDER | |
| ) | | |
| ALEXANDER ("ALEX") E. JONES, et al., ) | By: | Joel C. Hoppe |
|    Defendants. ) | | United States Magistrate Judge |

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Defendant James Hoft ("Hoft"). Pl.'s Mot. to Compel, ECF No. 263. The motion has been fully briefed, *see* ECF Nos. 265, 267, and is ripe for disposition. For the reasons stated below, the Court hereby GRANTS Plaintiff's Motion to Compel.

Fact discovery is nearing completion in this case. Pl.'s Mot. to Compel 1. And to date, Hoft has produced only four documents in response to Plaintiff's requests for production. *Id.* Plaintiff's motion concerns Hoft's document productions. I evaluate this motion under Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.").

A.    *Review of Hoft's Response to Plaintiff's First Set of Requests for Production*

First, Plaintiff asks the Court to order Hoft's new counsel, Jonathon Burns, Esq. ("Burns"), to confirm that Hoft "produced all responsive documents in response to [Plaintiff's] First Set of Document Requests." *Id.*; *see id.* at 10. In May 2020, Hoft produced four documents while represented by his former counsel, Aaron Walker, Esq. ("Walker"). *Id.* Subsequently, in July 2020, Plaintiff raised with the Court concerns about deficiencies in Hoft's production.. *See* Tr. of Jul. 17, 2020 Disc. Hr'g 6–7, 12–18, ECF No. 205. I ordered the parties to meet and confer

1

to develop a list of agreed search terms for use in searching Hoft's files for responsive documents. *See* Order of July 17, 2020, ECF No. 202. I also ordered Hoft to use the parties' agreed search terms to supplement his production within twenty-one days from the date of my Order. *Id.* Plaintiff promptly provided Walker with a list of proposed search terms. *See* Pl.'s Mot. to Compel Ex. E, Emails Between Pl.'s Counsel and A. Walker 10–11 (July 20, 2020), ECF No. 263-6. Walker then agreed to use those terms to search Hoft's documents. *Id.* at 9; *see also* Pl.'s Mot. to Compel Ex. G, Emails from A. Walker to Pl.'s Counsel 2 (July 22, 2020), ECF No. 263-8 (noting that Walker objected to the search terms as to two of his other clients, but did not raise any objections as to Hoft); Pl.'s Mot. to Compel Ex. F, Letter from Pl.'s Counsel to A. Walker 5 (June 8, 2020), ECF No. 263-7 (enclosing list of twelve proposed search terms for Hoft). Walker later re-produced the same four documents that Hoft had produced in May 2020 (now bearing Bates numbers, as Plaintiff requested) and stated that he did not believe the agreed search terms had yielded any additional responsive documents. *See* Hoft's Opp'n to Pl.'s Mot. to Compel Ex. 2, Email from Walker to Pl.'s Counsel 2 (Aug. 7, 2020), ECF No. 265-3.

On January 29, 2021, Timothy Brooks Hyland, Esq., entered an appearance as counsel for Hoft, ECF No. 223, and on February 2, Walker moved to withdraw as counsel of record for Hoft, citing health concerns, *see* Mot. to Withdraw, ECF No. 227. Shortly thereafter, Burns filed his notice of appearance as counsel for Hoft. ECF No. 233. Subsequently, the Court granted Walker's motion to withdraw. Order of Mar. 2, 2021, ECF No. 238.

Plaintiff now asks the Court to order Burns to "double check to ensure that [Hoft's] production is complete and to supplement if not." Pl.'s Mot. to Compel 8 (internal quotation marks omitted). Burns initially agreed to do so, but the parties disagreed on the applicable search terms and the deadline for production. *See id.* at 1–2, 10. Plaintiff argues that Burns is obligated

use the list of search terms that Walker agreed to use in July 2020. *Id.* at 8. Hoft initially proposed a shorter list of search terms, *id.* at 9, and he now contends that no such review is necessary, *see* Hoft's Opp'n to Pl.'s Mot. to Compel 1–2, ECF No. 265. He has produced a declaration from Walker, attesting that Walker "thoroughly searched through all of Mr. Hoft's records [using the agreed search terms] and that Mr. Hoft's production response to Plaintiff's First RFPs is complete." Hoft's Opp'n to Pl's Mot. to Compel 1; *see also* Hoft's Opp'n to Pl.'s Mot. to Compel Ex. 1, Decl. of A. Walker (Apr. 14, 2021), ECF No. 265-1.

The Court finds that Burns, as Hoft's current counsel, has an obligation to ensure that his client has properly produced responsive documents in accordance with the federal rules. *See* Fed. R. Civ. P. 26(b), 34. In doing so, Burns is bound by the terms of discovery to which Walker, Hoft's former counsel, agreed. *Alston v. Becton, Dickinson & Co.*, No. 1:12cv452, 2014 WL 338804, at *2 (M.D.N.C. Jan. 30, 2014) (noting that a delay in securing new counsel would not be good cause for an extension of discovery because "new counsel is bound by the actions of their predecessor" (quoting *Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 96 (W.D.N.Y. 2011))); *see also Spring v. Bd. of Trs. of Cape Fear Comm. Coll.*, No. 7:15cv84, 2016 WL 1389957, at *3 (E.D.N.C. Apr. 7, 2016) (finding parties bound by prior discovery agreement). Although Walker submitted a declaration attesting that Hoft's production in response to Plaintiff's First Set of Requests for Production ("RFPs") is complete, Plaintiff has identified responsive documents that should be in Hoft's possession, but were not included in Hoft's productions. *See* Pl.'s Reply in Supp. of Mot. to Compel ¶¶ 3–5, ECF No. 267. This raises questions about the thoroughness of Hoft's productions. Accordingly, the Court **ORDERS** Burns to review and, if necessary, supplement Hoft's productions to ensure that he has produced all documents responsive to Plaintiff's First Set of Requests for Production. In doing so, Burns must

use the search terms to which Walker agreed. *See* Decl. of A. Walker ¶ 5(a)–(l); *see also* Pl.'s Mot. to Compel Ex. A, Emails Between Pl.'s Counsel and A. Walker 2–3 (Feb. 2020), ECF 263-2 (agreeing to use search terms "to supplement (and not replace)" parties' review of documents for "relevant and responsive material"). Burns is further **DIRECTED** to either supplement Hoft's production or certify that Hoft's production in response to Plaintiff's First Set of Requests for Production is complete by April 28, 2021.

B.     *Hoft's Response to RFP No. 42 in Plaintiff's Second Set of Requests for Production*

Second, Plaintiff seeks an order directing Hoft to respond to Request for Production 42 ("RFP No. 42") from Plaintiff's Second Set of Requests for Production. RFP No. 42 asks Hoft to produce: "all documents, communications, and/or recordings in [his] possession and/or in the possession of entities in which [he has] ownership and/or control, whether published or not, which mention Brennan Gilmore, the Unite the Right rally, and/or protests in Charlottesville in 2017 that preceded the Unite the Right rally." *See* Pl.'s Mot. to Compel. Ex. L, Hoft's Resps. to Pl.'s Second Set of Reqs. for Produc. 2 (Mar. 10, 2021), ECF No. 263-13. Plaintiff served this request upon Hoft on January 15, 2021, and Hoft has yet to produce documents in response thereto. Pl.'s Mot. to Compel 2. Hoft initially objected and "told [Plaintiff] to search Mr. Hoft's website on his own." *Id.*; *see also* Hoft's Resps. to Pl.'s Second Set of Reqs. for Produc. 2, ECF No. 263-13. He later agreed to search his files for responsive documents, but only consented to using three search terms to do so: "Brennan Gilmore," "Unite the Right Rally," and "Protests in Charlottesville." *See* Pl.'s Mot. to Compel Ex. N, Hoft's Supp. Resps. to Pl.'s Second Set of Reqs. for Produc. 4 (Mar. 26, 2021), ECF 263-15.

Plaintiff objects to Hoft's approach. He contends that the list of search terms Walker agreed to for Hoft's responses to Plaintiff's *First* Set of Requests for Production were intended to

4

apply to all document production in this case and should thus be used to search for documents responsive to Plaintiff's *Second* Set of Requests for Production as well. *See* Pl.'s Mot. to Compel 2. Moreover, he contends that Hoft may not simply direct Plaintiff to Hoft's website and is obligated to produce responsive documents found therein. Plaintiff has the better argument for the most part.

Considering the parties communications that have been presented to the Court, it is not clear that both parties agreed to apply the same search terms to all rounds of discovery. While the record reflects that Walker did consent to Plaintiff's proposed search terms for Hoft's responses to Plaintiff's First Set of Requests for Production, it does not reflect any explicit agreement as to whether such terms would apply to later discovery. *See generally* Pl.'s Mot. to Compel Exs. A–E, G–H, Emails Between Pl.'s Counsel and A. Walker, ECF Nos. 263-2–6, 8–9. Nevertheless, for discovery requests that concern similar subject matter, those search terms should apply absent a convincing showing that they would generate an excessive number of document hits. Hoft has not made such a showing. Moreover, even without the use of search terms, Hoft has a responsibility to respond fully to Plaintiff's document requests. Fed. R. Civ. P. 34. Reflecting a common practice, the parties agreed from the outset of this litigation that agreed search terms would be utilized merely as a supplement to the parties' discovery obligations under the federal rules. Emails Between Pl.'s Counsel and A. Walker 2–3 (Feb. 2020), ECF No. 263-2.

Accordingly, Hoft is **ORDERED** to produce documents responsive to RFP No. 42 by May 5, 2021. Hoft is **DIRECTED** to use Plaintiff's proposed search terms for his search, *see* Hoft's Opp'n to Pl's Mot. to Compel 5–6 (Figure 1, middle column), subject to two exceptions: (1) Hoft will search for the term "Unite the Right" instead of the broader term "protest"; and (2) Hoft will restrict his search for the terms "State AND Dept" to find only documents where the

terms "State" and "Dept" are "within 6 words" of each other. Hoft's document production must also include responsive documents that are publicly available on his website.

It is so ORDERED.

The Clerk shall send certified copies of this Order to the parties.

ENTER: April 21, 2021

Joel C. Hoppe
United States Magistrate Judge