IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,

   Plaintiff,

v.                                                       Case No. 3:18-cv-00017

ALEXANDER E. JONES AND INFOWARS,
LLC AND FREE SPEECH SYSTEMS, LLC
AND LEE STRANAHAN AND LEE ANN
MCADOO ALSO KNOWN AS LEE ANN
FLEISSNER AND SCOTT CREIGHTON
AND JAMES (JIM) HOFT AND ALLEN B.
WEST AND DERRICK WILBURN AND
MICHELE HICKFORD AND WORDS-N-
IDEAS, LLC AND CIVIL PRCEDURE LAW
PROFESSORS AND FIRST AMENDMENT
AND MEDIA LAW SCHOLARS AND
LEONARD POZNER AND VERONIQUE DE
LA ROSA AND NEIL HESLIN,

   Defendants.

**BRIEF IN SUPPORT OF OBJECTION AND MOTION TO QUASH SUBPOENA TO COMMONWEALTH'S ATTORNEY FOR THE CITY OF CHARLOTTESVILLE**

Non-party Joseph Platania ("Platania"), Commonwealth's Attorney for the City of Charlottesville, appearing specially by counsel, provides as follows in support of his Objection and Motion to Quash Subpoena to Commonwealth's Attorney for the City of Charlottesville.

**I.**        **FACTUAL BACKGROUND**

Platania is a non-party in the lawsuit filed by Brennan Gilmore, which asserts claims of defamation against Defendants arising out of articles and statements published after the August 12, 2017 Unite the Right ("UTR") Rally. Gilmore alleges that Defendants falsely accused him of being "part of some 'Deep State' conspiracy, participated in the orchestration of James Alex

1

Fields, Jr.'s car attack in Charlottesville on August 12, 2017, which killed one person and injured many others." (ECF Doc. 29, at ¶ 214.)

James Hoft ("Hoft") is a Defendant in this defamation case. Gilmore alleges that "Hoft wrote and published an article containing false and defamatory statements about [him] entitled *Random Man at Protests Interviewed by MSNBC, NY Times is Deep State Shill Linked to George Soros*." (ECF Doc. 29, at ¶¶ 20, 62-82.) Gilmore alleges that Hoft's article has implied the following false assertions of fact:

1. That the State Department organized the Charlottesville rioting and/or attack;

2. That Mr. Gilmore participated in the State Department's planning of the Charlottesville riots and/or attack;

3. That the State Department conspired to conceal these facts by removing information about Mr. Gilmore from a number of internet sources;

4. That media outlets were involved in the conspiracy because they knew Mr. Gilmore was a State Department employee;

5. That the media characterized Mr. Gilmore as a casual observer because they were working in concert with Mr. Gilmore, the State Department, and other government agencies to cover up their involvement in the conspiracy; and

6. That all of these conspirators worked together to deceive the public about what happened in Charlottesville that day.

(*Id.* at ¶ 67.) Count I asserts a claim of defamation against all Defendants and Count VI asserts a claim of defamation against Hoft. (*Id.* at ¶¶ 204-15, 233-40.)

On April 6, 2021, Hoft, by counsel, issued a Rule 45 subpoena to Platania. (Exhibit A.) That subpoena was served on April 12, 2021. The subpoena requests an overly broad universe of information. This includes all email communications, text messages, photographs, videos, and all other correspondence and/or written communications "exchanged by and between the City of

Charlottesville and/or Chief Thomas, Mayor Signer, City Manager Maurice Jones, The Commonwealth of Virginia, The Governor of Virginia, Terry McAuliffe, Albemarle County, Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania relating to or referencing the United the Right Rally for the period of August 10, 2017 through August 14, 2017." (Ex. A, at ¶¶ 1-5.) It also includes all other documents and electronic communications in the care, custody, or control of the Commonwealth's Attorney's Office "pertaining to or otherwise referencing the Unite the Right Rally, Kessler, Spencer, James Fields, Heather Heyer, and/or Brennan Gilmore". (*Id.* at ¶¶ 6-7.)

The subpoena further requests "[a]ll documents relating to the Heaphy Report" and all materials provided to Tim Heaphy. (*Id.* at ¶¶ 8-9.) It also requests all documents identifying witnesses whom the Commonwealth's Attorney's Office interviewed and/or contacted about the UTR Rally, all videos and photos of the UTR Rally, and

> all communications, videos, photos, and documents exchanged by and between the City of Charlottesville and Kessler, Dwayne Dixon, Red Pump Kitchen, Skyclad Aerial, Matteus Frankovich, Brennan Gilmore, the Virginia State Police, US Department of Justice, Federal Bureau of Investigation, Central Intelligence Agency, the Commonwealth of Virginia, Charlottesville, Police Department, Charlottesville Commonwealth Attorney's Office, Joseph Platania, the State of Virginia, Terry McAulife, the Office of the Governor of Virginia, Timothy Heaphy, Hunton & Williams, LLP, DeAndre Harris, and/or Spencer, relating to the Unite the Right Rally.

(*Id.* at ¶¶ 10-13.)

Finally, the subpoena requests all investigative documents that are part of the investigation of the death of Heather Heyer and the investigations of DeAndre Harris, Daniel P. Borden, Alex Michael Ramos, Jacob Scott Goodwin, and/or Tyler Watkins Davis; all hearing and trial transcripts relating to the matter of State v. James A. Fields and/or USA v. James A. Fields as well as at least five other criminal proceedings; all photos and videos of Heather Heyer;

3

all photos and videos of Brennan Gilmore from 2010 to the present; all documents, video, communications, and photographs relating to the UTR Rally taken by Zach D. Roberts; all videos, photos, communications and documents relating to Dwayne Dixon; all videos and photos of DeAndre Harris; and an index of the names of standard forms used by all departments of the City of Charlottesville and/or the Commonwealth's Attorney's Office. (*Id.* at ¶¶ 13-21.)

Hoft's Requests are overly broad, unduly burdensome, and seek information that is not relevant and is outside of the scope of discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. The subpoena should be quashed.

## II. LAW AND ARGUMENT

Rule 45 governs third-party subpoenas. Rule 45(d)(3) provides that a court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, No. CV 3:16-MC-1, 2016 WL 1071016, at *5 (E.D. Va. Mar. 17, 2016); *Virginia Dep't of Corr. v. Jordan*, No. CV 3:17MC02, 2017 WL 5075252, at *4 (E.D. Va. Nov. 3, 2017), *aff'd,* 921 F.3d 180 (4th Cir. 2019).

### A. The requested documents are irrelevant and outside of the permissible scope of discovery.

While Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, "the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240–41 (E.D. Va. 2012) (citing *Cook v. Howard,* No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (*per curiam*) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed . . . those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.")). "Because the rules

4

governing Rule 45 subpoenas are coextensive with the general rules governing all civil discovery, a non-party cannot be required to produce any material that a party to the litigation would not also be required to produce." *RLI Ins. Co. v. Nexus Serv., Inc.*, No. 5:18-cv-00066, 2019 WL 8324257, at *1 (W.D. Va. No. 27, 2019 (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam)).

The Court must review Hoft's subpoena under the relevancy standards set forth in Rule 26(b). *Singletary*, 289 F.R.D. at 240–41. When a party establishes that a subpoena is overly broad or seeks irrelevant information such that it falls outside of the scope limitations of Rule 26, "undue burden" is necessarily established and the subpoena must be quashed. *ThompsonMcMullan*, 2016 WL 1071016, at *5.

The scope of discovery under Rule 26 is limited to:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

This is a defamation case. "To succeed on a defamation claim in Virginia, [Gilmore] must show '(1) publication of (2) an actionable statement with (3) the requisite intent.'" *Gilmore v. Jones*, No. 3:18-cv-000017, 2021 WL 68684, at *6 (W.D. Va. Jan. 8, 2021) (quoting *Gilmore v. Jones*, 370 F. Supp. 3d 630, 666 (W.D. Va. 2019). This Court has determined that Gilmore is a limited-purpose public figure and most prove that Defendants published actionable statements with actual malice. *Id.* at *4.

> To succeed on a defamation claim, [Gilmore] must prove each Defendant's state of mind at the time of publication. Plainly, **information that a defendant did not have at publication could not have influenced his state of mind in making**

> **the statement**. . . . While evidence that the publisher had not yet obtained at the time of publication could not be relevant to his state of mind, materials that post-date the publication (including for example the publisher's own statements) may be probative of actual malice.

*Id.* at *6 (emphasis added).

None of the documents requested in the subpoena are relevant to the issues in this case. Hoft obviously did not have the information that he is seeking from Platania at the time he published the statements concerning Gilmore. Therefore, the information within Platania's possession, custody, or control could not have influenced Hoft's state of mind. Unlike the post-statement documentation of Defendants that was previously the subject of a motion to compel in this case, Hoft is seeking post-statement documents of non-parties that could not possibly be related to the actual malice inquiry.

The information sought in the subpoena is irrelevant to the defamation issues in the present case. Instead of seeking documentation relevant to a claim or defense in the case, the subpoena appears to be a fishing expedition for information surrounding the UTR Rally in general and the aftermath to which Hoft would not otherwise be entitled or able to obtain. The subpoena is outside of the scope of discovery and should be quashed.

B. **Many of the documents requested are privileged and protected from discovery.**

Hoft's subpoena to Platania seeks documents "relating to or identifying witnesses whom the Charlottesville Commonwealth Attorney's Office and/or Joseph Platania interviewed and/or contacted about the Unite the Right Rally" as well as "[a]ll investigative documents collected or created by the City of Charlottesville as part of the investigation of the death of Heather Heyer, and the prosecution of James A. Fields . . . and/or the investigations of DeAndre Harris, Daniel P. Borden, Alex Michael Ramos, Jacob Scott Goodwin, and/or Tyler Watkins Davis . . . ." (Ex.

A at ¶¶ 10, 13.) The subpoena then identifies 16 criminal case numbers for which it is seeking investigative documents. (*Id.* at ¶ 13.)

Under the common law of Virginia, criminal investigative files are privileged and not subject to discovery. *See, e.g. Singh v. Agbemble*, 77 Va. Cir. 242 (Fairfax 2008); *Decker v. Watson*, 54 Va. Cir. 493 (Prince William 2001); *In re Commonwealth*, 41 Va. Cir. 571 (1978) (rejecting the decision in *Watkins v. Republic Lumber & Bldg. Supply Corp.*, 2 Va. Cir. 463 (Richmond 1978)). This is also consistent with the Rules of the Supreme Court of Virginia regarding criminal actions. *See* Va. Sup. Ct. R. 3A:11. That rule permits discovery **by the accused** in a criminal case. *Id.* The rule provides that it "does not authorize the discovery or inspection of the work product of the Commonwealth's attorney, including internal reports, witness statements, memoranda, correspondence, legal research or other internal documents prepared by the office of the Commonwealth's attorney or its agents in anticipation of trial." Va. Sup. Ct. R. 3A:11(b)(6).

Hoft is very clearly seeking privileged information from the Charlottesville Commonwealth's Attorney's Office that, not only is irrelevant to the pending defamation claims and outside of the scope of discovery, but also protected from discovery. For those reasons, the subpoena is objectionable and should be quashed.

C. <u>**The subpoena is unduly burdensome.**</u>

While some of the subpoena categories contain time limitations (*see, e.g.* Ex. A at ¶¶ 1-5), there are many other categories that contain no time limitations (or exceptionally large time periods) and, therefore, are unduly burdensome, (*see, e.g. id* at ¶¶ 6-9, 11-12, 16-17, 19-20). For the reasons explained *supra*, such a broad date range of documents could not possibly be relevant to the issues in the case or within the scope of discovery. Moreover, to require Platania, a non-

party, to conduct such an extensive search for potentially responsive documents that would provide little to any benefit to the case is unduly burdensome—requiring the unnecessary expenditure of important public resources.

### III. CONCLUSION

For all of the foregoing reasons, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, James Hoft's April 6, 2021 subpoena issued to the Charlottesville Commonwealth's Attorney should be quashed.

**JOSEPH PLATANIA**

By Counsel

/s/ Melissa Y. York
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Joseph Platania
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 26th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing counsel of record.

/s/ Melissa Y. York
Melissa Y. York

David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Joseph Platania
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com