# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| BRENNAN M. GILMORE | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:18-cv-00017-NKM-JCH |
| | ) | |
| ALEXANDER E. JONES, et al. | ) | |
| *Defendant* | ) | |

*[handwritten: 4/12 Service]*

*[handwritten: Burns is a ∆ atty.]*

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Commonwealth Attorney for the City of Charlottesville - Designated Representative
605 E Main St, Room 331 Charlottesville, VA 22902

*(Name of person to whom this subpoena is directed)*

☐ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: S

| Place: | Date and Time: |
|---|---|
| | 04/26/2021 12:00 am |

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Schedule A, attached.
Please produce documents responsive to the attached requests on or before April 26, 2021 electronically to TBLF@PM.ME.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/06/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ John C. Burns |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
James ("Jim") Hoft _____, who issues or requests this subpoena, are:
John C. Burns, Esq. - Burns Law Firm - P.O. Box 191250, Saint Louis, MO 63119 - Tel: (314) 329-5040 - tblf@pm.me

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

Civil Action No. 3:18-cv-00017-NKM-JCH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                            *Server's signature*

                            _____
                            *Printed name and title*

                            _____
                            *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRENNAN M. GILMORE<br><br>        Plaintiff<br><br>v.<br><br>ALEXANDER E. JONES, et al.,<br><br>        Defendants. | No. 3:18-cv-00017-NKM-JCH |

**NOTICE OF SUBPOENA DUCES TECUM TO THE COMMONWEALTH ATTORNEY'S OFFICE FOR THE CITY OF CHARLOTTESVILLE, VIRGINIA PURSUANT TO F.R.C.P. 45**

TO:        Commonwealth Attorney for the City of Charlottesville
               **Attn: Joseph D. Platania**
               605 E Main St, Room 331
               Charlottesville, VA 22902

DATE DUE:     Monday, April 26, 2021

Dated: April 6, 2021

                                                 By:    */s/ John C. Burns*
                                                         John C. Burns, admitted *pro hac vice*
                                                         BURNS LAW FIRM
                                                         P.O. Box 191250
                                                         Saint Louis, MO 63119
                                                         Tel: (314) 329-5040
                                                         Fax: (314) 282-8136
                                                         TBLF@PM.ME

                                                         Timothy B. Hyland
                                                         Virginia Bar No. 31163
                                                         HYLAND LAW PLLC
                                                         1818 Library Street, Ste. 500
                                                         Reston, VA 20190
                                                         (703) 956-3548 (Tel.)
                                                         (703) 935-0349 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2021, a true and accurate copy of the foregoing was served on all parties of record via electronic mail.

/s/ John C. Burns

## Definitions Applicable to Schedule A

a. "Abermarle County" refers to Abermarle County, Virginia and any of its departments, employees, agents, directors, officers, and/or representatives, including but not limited to, the Office of the Abermarle County Attorney.

b. "Carper" or "Detective Carper" refers to Charlottesville Police Detective Carper.

c. "Charlottesville" or "City of Charlottesville" refers to the City of Charlottesville, Virginia and any of its departments, past or present employees, agents, directors, officers, and/or representatives, including but not limited to, Charlottesville City Attorney's Office, Charlottesville City Council, Charlottesville City Manager, Charlottesville Fire Department, Charlottesville Police Department, former Charlottesville Mayor Michael Signer, former Charlottesville City Manager Maurice Jones, former Charlottesville Detectives Hickey and Carper, and the Charlottesville Custodian of Records.

d. "Charlottesville City Attorney's Office" refers to the Charlottesville City Attorney's Office and any of its employees, agents, directors, officers, and/or representatives.

e. "Charlottesville City Council" or "City Council" refers to the Charlottesville City Council and any of its employees, agents, members, directors, officers and/or representatives.

f. "Charlottesville City Manager" or "City Manager" refers to the City Manager, who is appointed by the Charlottesville City Council, and who is the Chief Executive Officer for the City, along with any of its employees, agents, directors, officers, and/or representatives.

g. "Charlottesville Fire Department" or "Charlottesville Fire" refers to the Charlottesville Fire Department and any of its employees, agents, directors, officers, and/or representatives.

h. "Charlottesville Police Department" or "Charlottesville PD" refers to the Charlottesville Police Department and any of its current or former employees, agents, directors, officers, and/or representatives.

i. "Commonwealth of Virginia" or "Virginia" refers to the Commonwealth of Virginia and any of its counties, cities, villages, towns, agencies, departments and/or other appointed groups, as well as any of its employees, agents, directors, officers, and/or representatives, including but not limited to, the Office of Attorney General and the Virginia State Police.

j. "Commonwealth Attorney's Office" refers to the Commonwealth of Virginia's Attorney's Office, Joseph Daniel Platania, and any of its employees, agents, directors, officers, and/or representatives.

k. "Communication" or "communicate" as used herein means any oral or written intercourse or interchange of any and all information by whatever means.

l. "Concerning" or "concern" means relating to in any way, containing, contained in or referring to, evidencing, embodying, or connected to or a part of, in whole or in part.

m. "Custodian" or "Custodian of Records" refers to the person having possession, custody, or control of any document or physical evidence.

n. "Document" shall means any kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies, and drafts and both sides thereof, and including without limitation: papers, books, periodicals, pamphlets, newspaper articles or clippings, publications, sheets, book entries, accounts, letters, photographs or any other like depictions of whatever nature, objects, tangible things, correspondence (tangible, electronic, or in any form whatever), telegrams, tables, telex messages, memoranda, notes, data, notations, work papers, intra-office communications, emails, text messages, intra-departmental communications, transcripts, minutes, reports, and recordings of telephone or other conversations or of interviews, or of conferences, or of committee meetings, or of other meetings, affidavits, statements, summaries, opinions, records, forms, studies, analysis, formula, plans, specifications, evaluations, contracts, deeds, licenses, agreements, offers, orders, invoices, checks, drafts, vouchers, ledgers, journals, books or records of account, summary of accounts, bills, receipts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, expense reports, schedules, catalogs, lists, indexes, tabulations, calculations, charts, graphs, maps, surveys, drawings, diagrams, renderings, films, motion pictures, computer programs, computer tapes, magnetic tapes and cards, punch cards, computer print outs, data processing (input and output), microfilms, mimeographs, lithographs, letters, correspondence, telegrams, videotapes, analog, digital, or optical visual recordings, minutes, desk calendars, and all records or information kept by electronic, photographic, mechanical, or by any other means, and things similar to any of the foregoing however denominated, whether currently in existence or already destroyed.

o. "Fields," "James A. Fields," or "James Fields," refers to James Alex Fields (a.k.a. James Alexander Fields, James Alexander Fields, Jr., and/or James Alex Fields, Jr.), the man convicted of killing Heather Heyer and driving his car into a crowd in Charlottesville on August 12, 2017.

p. "Jones" or "Mr. Jones" refers to former Charlottesville City Manager Maurice Jones and shall include any of his agents, servants, representatives, and/or consultants.

q. "Gilmore" or "Mr. Gilmore" or "Plaintiff" refers to Brennan M. Gilmore and any of his agents, servants, representatives, consultants and/or attorneys.

r. "Heaphy Report" or "Charlottesville Report" refers to the report prepared by Tim Heaphy, prepared and disseminated in or around 2017.

s. "Heyer" or "Ms. Heyer" or "Decedent" refers to Heather Danielle Heyer, deceased on or around August 12, 2017, and shall include any of the Decedent's heirs, assignees, power of attorney or conservator(s).

t. "Hickey" or "Detective Hickey" refers to Charlottesville Police Detective Hickey and shall include any of his agents, servants, representatives and/or consultants.

u. "Kessler" or "Mr. Kessler" refers to Jason Eric Kessler, one of the organizers of the Unite the Right Rally, and shall also refer to any and all efforts on his part in organizing the Unite the Right Rally, his efforts at a July 11, 2017 town hall meeting and shall include any of Mr. Kessler's agents, servants, representatives, and/or consultants. Where indicated, he shall be referenced along with Richard Spencer.

v. "Person" or "Persons" means a natural person, corporation, company, association, partnership, sole proprietorship, or public entity.

w. "Pertain", "relate", and "refer" mean in any way concerning, describing, mentioning, constituting, supporting, evidencing, reflecting, including, discussing, describing, or connected with, in whole or in part, directly or indirectly.

x. "Present" or "Present Day" means the undersigned date, unless otherwise indicated.

y. "Platania" or "Attorney Platania" refers to Charlottesville Commonwealth attorney, and any of his agents, servants, representatives, and/or consultants.

z. "Relating to" means referring to, demonstrating or supporting the identified topics. "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of each individual document request all documents which may otherwise be construed to be outside its scope.

aa. "Signer" or "Mayor Signer" refers to former Charlottesville Mayor Michael Signer, and includes any of his agents, servants, representatives, and/or consultants.

bb. "Spencer" or "Mr. Spencer" refers to Richard Bertrand Spencer, one of the organizers of the Unite the Right Rally, and shall also refer to any and all efforts on his part in organizing the Unite the Right Rally, his efforts at a July 11, 2017 town hall meeting and shall include any of Mr. Spencer's agents, servants, representatives, and/or consultants. Where indicated, he shall be referenced along with Jason Kessler.

cc. "This case", "this litigation", "this action", "this cause", or "this matter" refers to the action referenced in the Notice of Deposition to which this Schedule A is attached, pending before the United States District Court for the Western District of Virginia.

dd. "Thomas" or "Chief Thomas" means former Charlottesville Chief of Police, Alfred S. Thomas, Jr. and shall include any of include any of his agents, servants, representatives, and/or consultants.

ee. "Unite the Right" or "Charlottesville Rally" shall mean and refers to "Unite the Right Rally," including protests and counter-protests **IN AND AROUND**[1] Charlottesville, VA by and between August 11, 2017 to August 13, 2017, including but not limited to, riots, the car attack committed by James A. Fields, the death of Heather Heyer, and any other descriptive definition included in the foregoing Schedule A and/or Schedule B, as used therein. It shall also refer to all efforts by rally organizers, including but not limited to Kessler and Spencer to obtain permits, and all efforts by the City of Charlottesville and any other governmental or law enforcement body, including but not limited to the Governor of Virginia, related thereto.

ff. Wherever applicable, the singular includes the plural; the plural includes the singular; the conjunctive includes the disjunctive; and the disjunctive includes the conjunctive.

gg. "Timothy Heaphy" or "Hunton & Williams LLP" shall mean and refers to Mr. Timothy J. Heaphy, and the firm of Hunton & Williams LLP, now known as Hunton Andrews Kurth, LLP, lead author of "Final Report: Independent Review of the 2017 Protest Events in Charlottesville, Virginia."

hh. "Heaphy Report" shall mean and refer to "Final Report: Independent Review of the 2017 Protest Events in Charlottesville, Virginia," a report commissioned by the City of Charlottesville and principally authored by Timothy J. Heaphy.

ii. "Matteus Frankovich" also known as Matt Alan Franko, Matthew Franko, and Matthew Alan Franko, shall mean and refer to the principal owner of Skyclad AP, LLC, d/b/a Skyclad Aerial, located in Charlottesville.

jj. "Skyclad Aerial" shall mean and refer to Skyclad AP, LLC.

kk. "DeAndre Harris" shall mean and refer to a man who was assaulted on or about August 12, 2017 in Charlottesville, VA, and who was subsequently charged with a misdemeanor regarding events on the same date.

---

[1] This includes, but is not limited to protests, disruptions, demonstrations, and public gatherings.

ll. "Dwayne Dixon," shall mean and refer to a North Carolina professor Dwayne Emil Dixon who was present at the Unite the Right rally and who is a member of a gun club formerly known as the "John Brown Gun Club."

# SCHEDULE A

## DOCUMENTS TO BE PRODUCED

**NOTICE:**

**(i) When producing, please indicate which produced records correspond with each numbered request.**

**(ii) Production shall be electronic.**

**(iii) If a privilege or objection is asserted, you are directed to provide a corresponding privilege log, indicating:**

**(a) the privileged record;**
**(b) a brief description of the record;**
**(c) the present location of the record;**
**(d) the person responsible for maintaining the record and their phone, email and address;**
**(e) the file format of the record;**
**(f) the medium of the record (e.g., whether the record is a video recording, audio recording, photograph, or document, etc.);**
**(g) the specific privilege or objection asserted;**
**(h) the date the record was created; and**
**(i) the author or creator of the record, their title, and their last known address, phone number, and email address(es).**

Please produce the following documents:

1. All email communications exchanged by and between the City of Charlottesville and/or Chief Thomas, Mayor Signer, City Manager Maurice Jones, The Commonwealth of Virginia, The Governor of Virginia, Terry McAuliffe, Abermarle County, Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania relating to or referencing the Unite the Right Rally for the period of August 10, 2017 through August 14, 2017.

2. All text messages exchanged by and between the City of Charlottesville and/or Chief Thomas, Mayor Signer, City Manager Maurice Jones, The Commonwealth of Virginia, The Governor of Virginia, Terry McAuliffe, Abermarle County, Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania relating to or referencing the Unite the Right Rally for the period of August 10, 2017 through August 14, 2017.

3. All photographs taken, gathered and/or otherwise exchanged by and between the City of Charlottesville and/or Chief Thomas, Mayor Signer, City Manager Maurice Jones, The Commonwealth of Virginia, The Governor of Virginia, Terry McAuliffe, Abermarle County, Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania, relating to or referencing the Unite the Right Rally for the period of August 10, 2017 through August 14, 2017.

4. All videos taken, gathered and/or otherwise exchanged by and between the City of Charlottesville and/or Chief Thomas, Mayor Signer, City Manager Maurice Jones, The Commonwealth of Virginia, The Governor of Virginia, Terry McAuliffe, Abermarle County, Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania relating to or referencing the Unite the Right Rally for the period of August 10, 2017 through August 14, 2017.

5. All other correspondence and/or written communications exchanged by and between the City of Charlottesville and/or Chief Thomas, Mayor Signer, City Manager Maurice Jones, The Commonwealth of Virginia, The Governor of Virginia, Terry McAuliffe, Abermarle County, Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania relating to or referencing the Unite the Right Rally for the period of August 10, 2017 through August 14, 2017.

6. All other documents already in the care, custody or control of the Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania pertaining to or otherwise referencing the Unite the Right Rally, Kessler, Spencer, James Fields, Heather Heyer, and/or Brennan Gilmore. This includes, but is not limited to radio logs, body camera video and audio, and police vehicle camera videos and audio.

7. All electronic communications in the care, custody or control of the Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania pertaining to or otherwise referencing the Unite the Right Rally, Kessler, Spencer, James Fields, Heather Heyer, and/or Brennan Gilmore.

8. All documents relating to the Heaphy Report, including but not limited to, all communications exchanged by and between the City of Charlottesville and/or Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania and Mr. Tim Heaphy, Hunton & Williams LLP, or any agent or contractor working on behalf or at the behest of either Tim Heaphy or Hunton & Williams LLP.

9. All documents, photos, videos, text messages, communications, and materials provided to Tim Heaphy, Hunton & Williams LLP, or any agent or contractor of Tim Heaphy and/or Hunton & Williams LLP.

10. All documents evidencing or otherwise relating to or identifying witnesses whom the Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania interviewed and/or contacted about the Unite the Right Rally, including all witness names, present and/or last-known addresses, present and/or last-known phone numbers, and present and/or last-known email addresses.

11. For the period of June 1, 2017 through the present, all communications, videos, photos, and documents exchanged by and between the City of Charlottesville and Kessler, Dwayne Dixon, Red Pump Kitchen, Skyclad Aerial, Matteus Frankovich, Brennan Gilmore, the Virginia State Police, US Department of Justice, Federal Bureau of Investigation, Central Intelligence Agency, The Commonwealth of Virginia, Charlottesville Police Department, Charlottesville Commonwealth Attorney's Office, Joseph Platania, the State of Virginia, Terry McAuliffe, the Office of the Governor of Virginia, Timothy Heaphy, Hunton & Williams, LLP, DeAndre Harris, and/or Spencer, relating to the Unite the Right Rally.

12. All videos and photos of the Unite the Right Rally collected from any private source, including but not limited to Skyclad Aerial, Brennan Gilmore, the Red Pump Kitchen, and including the period of June 1, 2017 to the present.

13. All investigative documents collected or created by the City of Charlottesville as part of the investigation of the death of Heather Heyer, and the prosecution of James A. Fields (including but not limited to the case numbers below), and/or the investigations of Deandre Harris, Daniel P. Borden, Alex Michael Ramos, Jacob Scott Goodwin, and/or Tyler Watkins Davis (including but not limited to the case numbers below), **including but not limited to** photos, videos, reports, forensic analyses, analyses of physical evidence, witness statements and recordings.

   a. **State v. Fields**
      i. CR17000296-01
      ii. CR17000296-02
      iii. CR17000296-03
      iv. CR17000296-04
      v. CR17000296-05
      vi. CR17000296-06
      vii. CR17000296-07
      viii. CR17000296-08
      ix. CR17000296-09
      x. CR17000296-10

   b. **UNITED STATES v. FIELDS**
      i. 3:18-cr-00011-MFU-1

   c. **State v. Borden**
      i. CR1700285-01

  d. **State v. Ramos**
    i. CR17000257-01
    ii. CR17000299-01

  e. **State v. Goodwin**
    i. CR17000297-01

  f. **State v. Davis**
    i. CR18000078-01

  g. **City/County/State v. Harris**

14. All hearing and trial transcripts relating to the matter of *State v. James A. Fields*, and/or *USA v. James A. Fields*, and all other court actions as described in request 13(a)-(g).
15. All videos and photos of James Alex Fields.

16. All videos and photos of Heather Heyer.

17. All videos and photos of Brennan Gilmore between 2010 and the present.

18. All documents, video, communications and photographs relating to the Unite the Right Rally taken by Zach D. Roberts.

19. All videos, photos, communications and documents relating to Dwayne Dixon.

20. All videos and photos of DeAndre Harris, a man who was assaulted on or about August 12, 2017 in Charlottesville, Virginia, and who was subsequently charged with a misdemeanor.

21. An Index of the names of all standard **forms** used by all departments of the City of Charlottesville, and/or Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania, **including but not limited to** all naming conventions used for purchasing orders and the preservation of documents, records, and things.