IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,

    Plaintiff,

v.                                  Case No. 3:18-cv-00017

ALEXANDER E. JONES, et al.,

    Defendants.

**OBJECTIONS AND MOTION TO QUASH SUBPOENAS TO THE VIRGINIA STATE POLICE AND THE VIRGINIA FUSION CENTER**

COMES NOW, by special appearance, non-parties the Virginia State Police ("State Police") and the Virginia Fusion Center ("Fusion Center"), by counsel, and respectfully move this Court for entry of an Order quashing the subpoenas issued to them in this matter.[1] In support of this motion, the State Police and the Fusion Center assert the following grounds:

**I.    FACTUAL BACKGROUND**

The State Police and the Fusion Center are non-parties to the lawsuit filed by Brennan Gilmore, which involves claims of defamation against Defendants stemming from articles and statements published after the August 12, 2017 Unite the Right ("UTR") Rally. Gilmore alleges that Defendants falsely accused him of being "part of some 'Deep State' conspiracy, participated in the orchestration of James Alex Fields, Jr.'s car attack in Charlottesville on August 12, 2017, which killed one person and injured many others." (ECF Doc. 29, at ¶ 214).

James Hoft ("Hoft") is a Defendant in this defamation case. Gilmore alleges that "Hoft wrote and published an article containing false and defamatory statements about [him] entitled

---

[1] Separate subpoenas *duces tecum* were issued for the Virginia State Police and the Fusion Center. The Fusion Center is a component of the Virginia State Police. For that reason, a motion to quash for each subpoena has been combined in this pleading.

*Random Man at Protests Interviewed by MSNBC, NY Times Is Deep State Shill Linked to George Soros*." (*Id.* at ¶¶ 20, 62-82). Gilmore alleges that Hoft's article implies the following false assertions of fact:

1. That the State Department organized the Charlottesville rioting and/or attack;

2. That Mr. Gilmore participated in the State Department's planning of the Charlottesville riots and/or attack;

3. That the State Department conspired to conceal these facts by removing information about Mr. Gilmore from a number of internet sources;

4. That media outlets were involved in the conspiracy because they knew Mr. Gilmore was a State Department employee;

5. That the media characterized Mr. Gilmore as a casual observer because they were working in concert with Mr. Gilmore, the State Department, and other government agencies to cover up their involvement in the conspiracy; and

6. That all of these conspirators worked together to deceive the public about what happened in Charlottesville that day.

(*Id.* at ¶ 67). Count I asserts a claim of defamation against all Defendants, and Count VI asserts a claim of defamation against Hoft. (*Id.* at ¶¶ 204-15, 233-40).

On April 22, 2021, Hoft, by counsel, issued Rule 45 subpoenas to the State Police and the Fusion Center (attached hereto as Exhibit A and Exhibit B, respectively). The subpoenas were served on April 23, 2021.

By utilizing expansive definitions (including a 23-line definition of "Document") and wide-ranging requests for documents, the subpoenas seek the entire universe of data, information, and records the State Police and the Fusion Center have regarding the UTR Rally.

Hoft's requests are overly broad, unduly burdensome, and seek information that is not relevant and is outside the scope of discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. The subpoenas should be quashed.

## II. LAW AND ARGUMENT

Third-party subpoenas are governed by Rule 45. Rule 45(d)(3) provides that a court must quash or modify a subpoena that requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *In re Subpoenas for Documents Issue to ThompsonMcMullan, P.C.*, No. CV 3:16-MC-1, 2016 WL 1071016, at *5 (E.D. Va. Mar. 17, 2016); *Virginia Department of Corr. v. Jordan*, No. CV 3:17MC02, 2017 WL 5075252, at *4 (E.D. Va. Nov. 3, 2017), *aff'd* 921 F.3d 180 (4th Cir. 2019).

### A. The requested documents are irrelevant and outside the permissible scope of discovery.

"The scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240-41 (E.D. Va. 2012) (citing *Cook v. Howard*, No. 11-1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed . . . those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.")). "[A] non-party cannot be required to produce any material that a party to the litigation would not also be required to produce." *RLI Ins. Co. v. Nexus Serv., Inc.*, No. 5:18-cv-00066, 2019 WL 8324257, at *1 (W.D. Va. Nov. 27, 2019 (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam)).

The Court must review Hoft's subpoenas under the relevancy standards set forth in Rule 26(b). *Singletary*, 289 F.R.D. at 240-41. When a party establishes that a subpoena is overly broad or seeks irrelevant information such that it falls outside the scope limitations of Rule 26, "undue burden" is necessarily established and the subpoena must be quashed. *ThompsonMcMullan*, 2016 WL 1071016, at *5.

3

> The scope of discovery under Rule 26 is limited to:
>
> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

To prevail in this defamation case, Gilmore must show publication of an actionable statement with the requisite intent. *Gilmore v. Jones*, No. 3:18-cv-000017, 2021 WL 68684, at *6 (W.D. Va. Jan. 8, 2021) (quoting *Gilmore v. Jones*, 370 F. Supp. 3d 630, 666 (W.D. Va. 2019)). The Court determined that Gilmore is a limited-purpose public figure and must prove that Defendants published actionable statements with actual malice. *Id.* at *4.

> To succeed on a defamation claim, [Gilmore] must prove each Defendant's state of mind at the time of publication. Plainly, **information that a defendant did not have at publication could not have influenced his state of mind in making his statement**. . . . While evidence that the publisher had not yet obtained at the time of publication could not be relevant to his state of mind, materials that post-date the publication (including for example the publisher's own statements) may be probative of actual malice.

*Id.* at *6 (emphasis added).

None of the documents requested in the subpoenas are relevant to the issues in this case. Hoft obviously did not have the information he is now seeking at the time he published the statements concerning Gilmore. Therefore, the information within the State Police's or the Fusion Center's possession, custody, or control could not have influenced Hoft's state of mind. Unlike the post-statement documentation of Defendants that was previously the subject of a motion to compel in this case, Hoft is seeking post-statement documents of non-parties that could not possibly be related to the actual malice inquiry.

The information sought in the subpoenas is irrelevant to the defamation issues in the present case. Instead of seeking documentation relevant to a claim or defense in the case, the subpoenas appear to be a fishing expedition for information surrounding the UTR Rally in general and the aftermath to which Hoft would not otherwise be entitled or able to obtain. The subpoenas are outside the scope of discovery and should be quashed.

**B.    The requested documents include privileged information or information otherwise protected from discovery.**

The State Police and the Fusion Center were intricately involved in the response and supervision of the demonstration during the UTR Rally and are still involved with the subsequent investigation and litigation. Therefore, they possess voluminous documents, emails, reports, notes, videos, recordings, memoranda, and physical evidence pertaining to the event.

Hoft's subpoenas essentially seek all materials concerning the UTR Rally, the Heaphy Report, the prosecution of James Alex Fields, Jr., the death of Heather Heyer, ANTIFA, BLM, white nationalists, white supremacists, and numerous other individuals.

Pursuant to Virginia Code § 52-48, "papers, records, documents, reports, materials, databases, or other evidence or information relative to criminal intelligence or any terrorism investigation in the possession of the Virginia Fusion Intelligence Center shall be confidential."

Under Virginia law, criminal investigative files are privileged and are not subject to discovery. *See e.g. Singh v. Agbemble*, 77 Va. Cir. 242 (Fairfax 2008); *Decker v. Watson*, 54 Va. Cir. 493 (Prince William 2001); *In re Commonwealth*, 41 Va. Cir. 571 (1978) (rejecting the decision in *Watkins v. Republic Lumber & Bldg. Supply Corp.*, 2 Va. Cir. 463 (Richmond 1978)). This is also consistent with the Rules of the Supreme Court of Virginia regarding discovery by the accused in criminal cases. *See* Va. Sup. Ct. R. 3A:11. The rule provides that it "does not authorize the discovery of the work product of the Commonwealth's attorney, including internal

5

reports, written statements, memoranda, correspondence, legal research or other internal documents prepared by the office of the Commonwealth's attorney or its agents in anticipation of trial." Va. Sup. Ct. R. 3A:11(b)(6).

Hoft is very clearly seeking privileged information from the State Police and the Fusion Center that is not only irrelevant to the pending defamation claims and outside the scope of discovery, but also protected from discovery. For those reasons, the subpoenas are objectionable and should be quashed.

**C.     The subpoenas are unduly burdensome.**

While some of the subpoena categories contain time limitations (*see, e.g.* Ex. A and Ex. B ¶¶ 2, 3, 4, 5), there are many other categories that contain no time limitations (or exceptionally large time periods) and therefore are unduly burdensome (*see e.g. Id.* at ¶¶ 1, 6). For the reasons explained *supra*, such a broad date range of documents could not possibly be relevant to the issues in the case or within the scope of discovery.

Moreover, in March 2018, the State Police and the Fusion Center transitioned their email accounts from Outlook to Google, as directed by the Virginia Information Technologies Agency (VITA). Any emails prior to that were backed up on tapes. In order to determine the content of the tapes, a service provider would need to be enlisted to reconstruct the Outlook environment. One service provider quoted a cost of $20,400 to conduct an *assessment* of what would be required to create the environment (30 8-hour days (240 hours at $85 per hour)). There would be an additional cost to create the environment. Then the emails would need to be searched.

To require the State Police and the Fusion Center, non-parties, to conduct such extensive searches for potentially responsive documents that are not relevant and provide little to any

benefit to the case is unduly burdensome, requiring the unnecessary expenditure of important public resources.

### III. CONCLUSION

For all of the foregoing reasons, pursuant to Rule 45(d)(3), James Hoft's April 22, 2021 subpoenas issued to the Virginia State Police and the Virginia Fusion Center should be quashed.

THE VIRGINIA STATE POLICE and
THE VIRGINIA FUSION CENTER

By Counsel

s/ Holli R. Wood
Michael A. Jagels (VSB No. 38262)
Holli R. Wood (VSB No. 82560)
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
804-786-0083 – Phone
804-225-3064 - Fax
mjagels@oag.state.va.us
hwood@oag.state.va.us