IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,

    Plaintiff,

v.                                                   Civil Action No. 3:18-cv-00017
                                                   NKM-JCH

ALEXANDER E. JONES, et al.
    Defendant.

## OBJECTIONS AND MOTION TO QUASH THE SUBPOENA ISSUED TO THE NORTHER VIRGINIA REGIONAL INTELLIGENCE CENTER (NVRIC)

COMES NOW, by special appearance, non-party Northern Virginia Regional Intelligence Center (NVRIC), by counsel, and respectfully moves the Court for entry of an order quashing the subpoena issued to it by Defendant James Hoft. In support of this motion, NVRIC states as follows:

**I.  BACKGROUND**

On April 26, 2021, NVRIC, a non-party to this case, received a Rule 45 subpoena issued by counsel for Defendant Hoft commanding the production of documents on or before May 11, 2021. *See* Exhibit A, subpoena issued to NVRIC.[1] The subpoena, after an eight-page exhaustive and onerous list of definitions, makes six numbered requests covering an expansive universe of materials. The materials sought are irrelevant to the issues in this case, outside the scope of discovery, protected from disclosure by both state and federal law, and are privileged as criminal investigatory materials. Additionally, a search for and production

---

[1] The subpoena issued to NVRIC is nearly identical to the subpoenas issued to the Virginia State Police and the Virginia Fusion Center that are subject to a motion to quash filed by those entities. *See* ECF Doc. No. 287.

1

of any potentially responsive materials would be unduly burdensome and expensive for NVRIC to conduct.

Plaintiff Brennan Gilmore's Amended Complaint alleges claims for defamation and intentional infliction of emotional distress against numerous defendants arising from statements and publications allegedly made following the Unite the Right Rally in Charlottesville on August 12, 2017.  With respect to Hoft, Gilmore claims that he wrote and published an article on his website, *thegatewaypundit.com*, titled "*Random Man at Protests Interviewed by MSNBC, NY Times Is Deep State Shill Linked to George Soros*." (ECF Doc. No. 29, Am. Compl. at ¶¶ 20, 62-82).  Gilmore alleges that the article implied that he participated in a State Department plot to organize the riots in Charlottesville and that Gilmore participated in a conspiracy with the State Department and media outlets to cover up that the riots were organized by the State Department.  (*Id.* at ¶67).

NVRIC is a regional fusion intelligence center that was formed in 2004 and was recognized as a regional fusion center in 2010 by the United States Department of Homeland Security (DHS).  *See* Exhibit B, Declaration of Ronald Manzo.  NVRIC is a component of the Fairfax County Police Department's Criminal Intelligence Division and is staffed by personnel from the Fairfax County Police Department, the Virginia State Police, and contract analysts funded by DHS.  *Id*.  NVRIC supports the jurisdictions of Fairfax County, Arlington County, Alexandria City, Prince William County, Loudoun County and cities, towns, federal facilities and military installations within those counties.  *Id*.  NVRIC collaborates and partners with local law enforcement agencies within these jurisdictions and also works closely with other regional fusion centers, the Virginia Fusion Center, and the Federal Bureau of Investigation.  *Id*.

The mission of NVRIC is to collect, evaluate, analyze, and disseminate timely information and actionable intelligence to its Northern Virginia partners, such as local law enforcement agencies, with a focus on prevention of mass attacks, terrorism, and cyber incidents. *Id*. This is accomplished by the collection and promotion of information sharing between the Fairfax County Police Department, the Virginia State Police and other law enforcement agencies. *Id*. NVRIC is a collaborative effort between the Fairfax County Police Department and the Virginia State Police to provide tactical, operational, and strategic information and intelligence to law enforcement, fire services, emergency management, transportation, public health, and cyber security serving the Northern Virginia region, as appropriate. *Id*.

## II.   ARGUMENT

Rule 45(d)(3) requires that a subpoena be quashed if it requires the disclosure of privileged or other protected matter and/or it subjects a person to an undue burden. Additionally, a Rule 45 subpoena may be quashed if it seeks the production of materials that are outside the scope of discovery as defined by Rule 26. *See Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240–41 (E.D. Va. 2012) (*citing Cook v. Howard,* No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (*per curiam*). "[A] non-party cannot be required to produce any material that a party to the litigation would not also be required to produce." *RLI Ins. Co. v. Nexus Serv., Inc.*, No. 5:18-cv-00066, 2019 WL 8324257, at *1 (W.D. Va. Nov. 27, 2019 (*citing Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (*per curiam*)). Rule 26 defines the scope of discovery to nonprivileged matters that are relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

The Rule 45 subpoena issued by Hoft to NVRIC seeks, without any time limitation, materials related to the Unite the Right Rally, the Heaphy Report, the prosecution of James Alex Fields, Jr., and the death of Heather Heyer. Ex. A, request no. 1 at p. 15. It also seeks materials for a period between January 1, 2017 through January 20, 2018 related to numerous groups (*i.e.* BLM, ANTIFA, White Nationalists, etc.) and more than 50 individuals. Ex. A., request nos. 2-5 at pp. 15-19. Lastly, it seeks, without any time limitation, the production of all communications between NVRIC and more than 70 entities and individuals and the production of all communications between January 1, 2017 and the present relating to 20 additional topics, persons, places, and lawsuits. Ex. A., request no. 6 at pp. 16-19.

> A.  **The materials sought by the subpoena are irrelevant to the claims and defenses in this case and are outside the scope of discovery.**

The central issue in this case is whether the defendants, including Hoft, published actionable statements regarding Gilmore with actual malice. *Gilmore v. Jones*, No. 3:18-cv-000017, 2021 WL 68684, at *4-6 (W.D. Va. Jan. 8, 2021) (*quoting Gilmore v. Jones*, 370 F. Supp. 3d 630, 666 (W.D. Va. 2019)). The Court has ruled that Gilmore must prove each defendant's state of mind at the time of the alleged publications and that "information that a defendant did not have at publication could not have influenced his state of mind in making his statement. . ." *Id.* at *6. Hoft's alleged defamatory publication was made on August 14, 2017. For obvious reasons, Hoft did not possess or have access to any of the information that his subpoena requests from NVRIC. Thus, the information and material sought, even assuming it exists, is wholly irrelevant because it could not have had any impact on Hoft's state of mind when he made the alleged defamatory publication. For this reason alone, the materials sought by the subpoena are

4

outside the scope of discovery and disproportionate to the needs of this case. As such, the subpoena should be quashed.

**B.     The materials sought from NVRIC are protected from disclosure.**

NVRIC receives federal support and funding and as such is required to comply with the provisions of 28 Code of Federal Regulations Part 23 related to the operating policies of a criminal intelligence system. *See* Ex. B. As a criminal intelligence system and project, absent some imminent danger to life or property, NVRIC is prohibited pursuant to 28 C.F.R. §23.20(e) from disseminating criminal intelligence information to anyone other than law enforcement authorities with a need to know and right to know and who have agreed to comply with the operating principles set forth in 28 C.F.R. Part 23. All materials, information, and data (other than internal administrative materials and information) maintained by NVRIC constitutes criminal intelligence information as defined by 28 C.F.R. §23.3(b)(3). Hoft is clearly not a law enforcement authority with a need to know and right to know and thus NVRIC cannot disseminate criminal intelligence information, if any exists, to him.

Furthermore, NVRIC does not operate in Charlottesville as it is not one of the jurisdictions it monitors. *See* Ex. B. The Virginia Fusion Center covers Charlottesville. If NVRIC received any information, alerts, notices, or reports related to the United the Right Rally and events in Charlottesville in August of 2017, it would have been received from the Virginia Fusion Center. *Id*. Hoft's subpoena seek all materials concerning the Unite the Right Rally, the Heaphy Report, the prosecution of James Alex Fields, Jr., the death of Heather Heyer, ANTIFA, BLM, white nationalists, white supremacists, and numerous other individuals. Pursuant to Virginia Code § 52-48, "papers, records,

5

documents, reports, materials, databases, or other evidence or information relative to criminal intelligence or any terrorism investigation in the possession of the Virginia Fusion Intelligence Center shall be confidential." Pursuant to Virginia Code § 52.-48(C), "[n]o person or agency receiving information from the Virginia Fusion Intelligence Center shall release or disseminate that information without prior authorization from the Virginia Fusion Intelligence Center." Thus, any information that NVRIC may have received from the Virginia Fusion Center related to the events in Charlottesville, if any, may not be disseminated by NVRIC without prior authorization from the Virginia Fusion Center. As demonstrated by its motion to quash the subpoena issued by Hoft to it that seeks the same information sought from NVRIC, the Virginia Fusion Center has not authorized the release of any such information.

Therefore, pursuant to federal and state law, the materials sought by Hoft's subpoena, even if somehow relevant and within the bounds of permitted discovery, are protected from disclosure and the subpoena should be quashed.

> **C. The materials sought from NVRIC are privileged criminal investigative files.**

NVRIC has both an investigative unit and analytical unit. *See* Ex. B. The investigative unit consists of experienced investigators detailed from local and state agencies in the region who are responsible for conducting criminal investigations, as it relates to their respective jurisdiction, which could have a potential terrorism or behavioral threats nexus. *Id*. The analytical unit focuses on the collection, integration, and analysis of intelligence information for support of criminal investigations and behavioral threat assessments. *Id*. The activities of the analytical unit are coordinated with Virginia Fusion Center analysts. *Id*. As such, any materials or information

6

maintained by NVRIC, if any, sought by Hoft's subpoena constitute criminal investigative files that are privileged under Virginia law. Under Virginia law, criminal investigative files are privileged and are not subject to discovery. *See e.g. Singh v. Agbemble*, 77 Va. Cir. 242 (Fairfax Cty. Cir. Ct. 2008); *Decker v. Watson*, 54 Va. Cir. 493 (Prince William Cty. Cir. Ct. 2001). Hoft is not the accused in a criminal matter with a right to discover certain criminal investigative information and materials. He is a defendant in a civil matter seeking to discover irrelevant information related to civil claims asserted against him. Therefore, any information or material sought from NVRIC by Hoft, if any exist, is privileged and the subpoena should be quashed.

### D. The subpoena is unduly burdensome.

Hoft's subpoena seeks a broad universe of material and information that to even search for would require significant resources to be expended by NVRIC. On its face, the subpoena would require the culling of electronic and tangible sources related to over 75 names, subjects, and entities for a period of up to four years. Such an effort, conducted for the purpose of identifying information that, even if it exists, is wholly irrelevant to the issues in this case, would necessarily draw resources from NVRIC's important public mission and require a substantial number of man-hours to perform. The burden and expense to NVRIC in responding to Hoft's subpoena clearly outweighs the need for Hoft to discover irrelevant and legally protected information. As such, the subpoena is unduly burdensome, disproportionate to the needs of the case, and should be quashed.

### III. CONCLUSION

For the reasons stated above, NVRIC respectfully requests an order from the Court quashing the subpoena issued by Defendant James Hoft to NVRIC pursuant to Rule 45.

Respectfully submitted,

NORTHERN VIRIGNIA REGIONAL
INTELLIGENCE CENTER
By Counsel

ELIZABETH D. TEARE
COUNTY ATTORNEY

By _____/s/_____
Robert M. Hardy, Assistant County Attorney
Virginia Bar Number 74965
Counsel for Northern Virginia Regional Intelligence Center
Office of the County Attorney
12000 Government Center Parkway, Suite 549
Fairfax, VA  22035-0064
Phone: 703-324-2421
Fax: 703-324-2665
Robert.Hardy@fairfaxcounty.gov

### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a true copy of the foregoing to all counsel of record:

_____/s/_____
Robert M. Hardy