IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,

   Plaintiff,

v.                                                                                            Case No. 3:18-cv-00017

ALEXANDER E. JONES
*et al.*,

   Defendants.

## BRIEF IN SUPPORT OF OBJECTION AND MOTION TO QUASH DEPOSITION SUBPOENA TO JOSEPH PLATANIA

Non-party Joseph Platania ("Platania"), Commonwealth's Attorney for the City of Charlottesville, appearing specially by counsel, provides as follows in support of his Objection and Motion to Quash Deposition Subpoena to Joseph Platania.

### I.    FACTUAL BACKGROUND

Platania is a non-party in the lawsuit filed by Brennan Gilmore, which asserts claims of defamation against Defendants arising out of articles and statements published after the August 12, 2017 Unite the Right ("UTR") Rally. Gilmore alleges that Defendants falsely accused him of being "part of some 'Deep State' conspiracy, participated in the orchestration of James Alex Fields, Jr.'s car attack in Charlottesville on August 12, 2017, which killed one person and injured many others." (ECF Doc. 29, at ¶ 214.)

James Hoft ("Hoft") is a Defendant in this defamation case. Gilmore alleges that "Hoft wrote and published an article containing false and defamatory statements about [him] entitled *Random Man at Protests Interviewed by MSNBC, NY Times is Deep State Shill Linked to George*

1

*Soros*." (ECF Doc. 29, at ¶¶ 20, 62-82.) Gilmore alleges that Hoft's article has implied the following false assertions of fact:

1. That the State Department organized the Charlottesville rioting and/or attack;

2. That Mr. Gilmore participated in the State Department's planning of the Charlottesville riots and/or attack;

3. That the State Department conspired to conceal these facts by removing information about Mr. Gilmore from a number of internet sources;

4. That media outlets were involved in the conspiracy because they knew Mr. Gilmore was a State Department employee;

5. That the media characterized Mr. Gilmore as a casual observer because they were working in concert with Mr. Gilmore, the State Department, and other government agencies to cover up their involvement in the conspiracy; and

6. That all of these conspirators worked together to deceive the public about what happened in Charlottesville that day.

(*Id.* at ¶ 67.) Count I asserts a claim of defamation against all Defendants and Count VI asserts a claim of defamation against Hoft. (*Id.* at ¶¶ 204-15, 233-40.)

On April 6, 2021, Hoft, by counsel, issued a Rule 45 subpoena to Platania for an overly broad universe of information related to the UTR Rally, subsequent criminal actions and investigations, and various individuals. That subpoena was served on April 12, 2021. Platania filed a Motion to Quash on April 26, 2021. (ECF Doc. 274.) After being granted two extensions of time, Hoft filed his opposition to the Motion to Quash on May 17, 2021. (ECF Doc. 291, 295, 300.) Platania's reply is due May 24, 2021. As such, the Court has not yet ruled on the Motion.

Hoft, by counsel, has now issued a Rule 45 subpoena to Platania to testify at a deposition on May 25, 2021, at 10:00 a.m. via Zoom. (Attached hereto as Exhibit A.) The subpoena was

issued on May 14, 2021, and served on Platania on May 17, 2021.[1] The subpoena indicates that Platania is being commanded to appear to testify regarding "The Unite the Right Rally in Charlottesville in 2017." (*Id.*) Much like the documents previously requested by Hoft from Platania, the requested deposition testimony is overly broad, unduly burdensome, and seeks information that is not relevant and is outside of the scope of discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Furthermore it is anticipated that the testimony to be solicited will seek privileged information. Finally, the deposition subpoena fails to provide reasonable notice of the deposition. The deposition notice should be quashed, as it appears to be nothing more than an end run around Platania's pending, well-founded Motion to Quash the Rule 45 document subpoena.

## II. LAW AND ARGUMENT

### A. The solicited deposition testimony is irrelevant and outside of the permissible scope of discovery.

Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure requires a court to "quash or modify a subpoena that (i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter . . . or (iv) subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i), (iii), (iv). "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240–41 (E.D. Va. 2012) (citing *Cook v. Howard,* No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed . . . those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.")). "Because the rules

---

[1] Hoft's counsel reissued the subpoena on May 17, 2021, and emailed it directly to Platania without copying Platania's counsel, despite knowing that Platania is represented by counsel with respect to this matter. *See* Exhibit B.

governing Rule 45 subpoenas are coextensive with the general rules governing all civil discovery, a non-party cannot be required to produce any material that a party to the litigation would not also be required to produce." *RLI Ins. Co. v. Nexus Serv., Inc.*, No. 5:18-cv-00066, 2019 WL 8324257, at *1 (W.D. Va. No. 27, 2019 (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam)). The same rules apply to depositions and deposition topics.

The Court must review Hoft's request for Platania's deposition under the relevancy standards set forth in Rule 26(b). *Singletary*, 289 F.R.D. at 240-41. When a party establishes that a subpoena is overly broad or seeks irrelevant information such that it falls outside of the scope limitations of Rule 26, "undue burden" is necessarily established and the subpoena must be quashed. *Thompson McMullan*, 2016 WL 1071016, at *5.

The scope of discovery under Rule 26 is limited to:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

This is a defamation case. "To succeed on a defamation claim in Virginia, [Gilmore] must show '(1) publication of (2) an actionable statement with (3) the requisite intent.'" *Gilmore v. Jones*, No. 3:18-cv-000017, 2021 WL 68684, at *6 (W.D. Va. Jan. 8, 2021) (quoting *Gilmore v. Jones*, 370 F. Supp. 3d 630, 666 (W.D. Va. 2019). This Court has determined that Gilmore is a limited-purpose public figure and must prove that Defendants published actionable statements with actual malice. *Id.* at *4.

> To succeed on a defamation claim, [Gilmore] must prove each Defendant's state of mind at the time of publication. Plainly, **information that a defendant did not have at publication could not have influenced his state of mind in making the statement**. . . . While evidence that the publisher had not yet obtained at the

4

> time of publication could not be relevant to his state of mind, materials that post-date the publication (including for example the publisher's own statements) may be probative of actual malice.

*Id.* at *6 (emphasis added).

Platania's personal knowledge of the UTR Rally and subsequent related events is not relevant to the issues in this case. Hoft obviously did not have the information that he is seeking from Platania at the time he published the statements concerning Gilmore. Therefore, Platania's knowledge could not have influenced Hoft's state of mind. Unlike the post-statement documentation of Defendants that was previously the subject of a motion to compel in this case, Hoft is seeking post-statement knowledge of non-parties that could not possibly be related to the actual malice inquiry. The information sought in the Platania's deposition is not relevant to the defamation issues in the present case, and is outside the scope of discovery. The deposition subpoena should be quashed at least until the Court has an opportunity to rule on the pending Motion to Quash the Rule 45 subpoena for documents.

**B.      Requiring Platania to submit to a deposition is unduly burdensome.**

As explained *supra*, the request for Platania to submit to a deposition and testify regarding his personal knowledge of the UTR Rally is overly broad and therefore burdensome with which to comply. In order for Platania, a non-party, to comply with the deposition subpoena, he would need to spend numerous hours preparing for deposition testimony about events that occurred over four years ago. Moreover, to require Platania to conduct such an extensive review in preparation of a deposition that would provide little to any benefit to the case is unduly burdensome – requiring the unnecessary expenditure of important public resources.

5

### C. The deposition would seek privileged information that is protected from discovery.

Based on the previously-served Rule 45 subpoena for documents, Platania has a good faith belief that Hoft will seek information during the deposition that is protected by attorney-client privilege and the work-product doctrine. Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court "*must* quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Virginia Dep't of Corr. v. Jordan*, No. CV 3:17MC02, 2017 WL 5075252, at *4 (E.D. Va. Nov. 3, 2017), *aff*'d, 921 F.3d 180 (4th Cir. 2019) (citing Fed. R. Civ. P. 45 (d)(3)(A) (emphasis in original)).

Here, Hoft's deposition subpoena and general topic of "the Unite the Right Rally" is not limited in scope and therefore would require Platania to potentially testify to information protected by the attorney-client privilege and the work-product doctrine. Because no waiver or exception applies, this Court should quash Hoft's subpoena to the extent that it requires Platania to disclose privileged and protected information.

### D. The deposition subpoena did not provide reasonable notice.

Hoft's deposition subpoena does not comport with the Federal Rules of Civil Procedure. The Rules provide that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). The Court has discretion to determine what is "reasonable notice" on a case-by-case basis. *See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 173 (4th Cir. 2014) ("Although Kolon maintains that the five-days' notice was reasonable under the circumstances, the district court acted within its discretion in concluding otherwise."); *see also Parks v. Louisiana-Pacific*

*Corp.*, No. 5:18cv12, 2019 WL 166559, at *2 (W.D.N.C. Jan. 10, 2019) (holding that six days' notice was not reasonable); *Ike-Ezunagu v. Deco, Inc.*, No. 09cv526, 2010 WL 4822511, at *2 (D. Md. Nov. 22, 2010) (holding that notice given eleven days before the discovery deadline, and after almost thirteen months of discovery, was not reasonable). Certainly if the deposing party is required to give "reasonable notice" to the other parties to the litigation, such notice is also required for a non-party deponent.

Here, the deposition subpoena was served **only 8 days prior to the deposition**. Specifically, Platania was served on May 17, 2021, for a May 25, 2021 deposition. This Court should exercise its discretion, hold that 8 days' notice is not "reasonable notice", and quash the deposition subpoena.

### III.     CONCLUSION

For all of the foregoing reasons, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, Joseph Platania, appearing specially by counsel, respectfully requests that this Court quash the deposition subpoena served on him.

**JOSEPH PLATANIA**

By Counsel

s/ Melissa Y. York
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Joseph Platania
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 20th day of May, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

                s/ Melissa Y. York
                David P. Corrigan (VSB No. 26341)
                Melissa Y. York (VSB No. 77493)
                Counsel for Joseph Platania
                Harman, Claytor, Corrigan & Wellman
                P.O. Box 70280
                Richmond, Virginia  23255
                804-747-5200 - Phone
                804-747-6085 - Fax
                dcorrigan@hccw.com
                myork@hccw.com