IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,

   Plaintiff,

v.                                        Case No. 3:18-cv-00017

ALEXANDER E. JONES AND INFOWARS,
LLC AND FREE SPEECH SYSTEMS, LLC
AND LEE STRANAHAN AND LEE ANN
MCADOO ALSO KNOWN AS LEE ANN
FLEISSNER AND SCOTT CREIGHTON
AND JAMES (JIM) HOFT AND ALLEN B.
WEST AND DERRICK WILBURN AND
MICHELE HICKFORD AND WORDS-N-
IDEAS, LLC AND CIVIL PRCEDURE LAW
PROFESSORS AND FIRST AMENDMENT
AND MEDIA LAW SCHOLARS AND
LEONARD POZNER AND VERONIQUE DE
LA ROSA AND NEIL HESLIN,

   Defendants.

**REPLY BRIEF IN SUPPORT OF OBJECTION AND MOTION TO QUASH SUBPOENA TO COMMONWEALTH'S ATTORNEY FOR THE CITY OF CHARLOTTESVILLE**

### I.    INTRODUCTION

James Hoft ("Hoft"), in conclusory and cursory fashion, has opposed the Objection and Motion to Quash Subpoena to Commonwealth's Attorney for the City of Charlottesville, arguing that the materials sought are relevant, not unduly burdensome, and not subject to privilege. Hoft's arguments are not well-taken and reveal the true nature of this fishing expedition. Hoft spends the majority of his opposition outlining Brennan Gilmore's ("Gilmore") statements about the Unite the Right ("UTR") Rally and the alt-right's position that James Fields was a victim of the media and others on the left. These viewpoints have no bearing on the claims of defamation in this case and do not prop up Hoft's overbroad and unduly burdensome subpoena to the

1

Commonwealth's Attorney. Because the subpoena seeks documents that are outside of the permissible scope of discovery and subject to the criminal investigative privilege and a search for the requested documents would unduly burden taxpayers, this Court should quash the subpoena.

## II.     ARGUMENT

### A.     Hoft should not be permitted to conduct a fishing expedition at taxpayer's expense.

Hoft argues that the multitude of material he seeks from the Commonwealth's Attorney is relevant to this defamation action because it "may contain" information that is "likely relevant". It is clear that the Rule 45 subpoena is nothing more than a fishing expedition and a veiled attempt to obtain documents that his fellow right-wing compatriots have been unable to obtain through FOIA requests and other means. It appears that Hoft wants to turn this defamation litigation into a challenge to the legitimacy of James Fields' conviction and the facts surrounding the horrific crash that claimed the life of Heather Heyer, instead of focusing on the actual issues in the case—whether Hoft's statements were false and, if so, whether he made them with the requisite malicious intent. (*See e.g.* ECF Doc. 300, at 5-6.) Hoft's attempt to recast the litigation and disprove Gilmore's characterization of the events of August 12, 2017, should be rebuked.

The documents sought from the Commonwealth's Attorney simply have no bearing on the issues in this case. In opposition to the Motion to Quash, Hoft does not explain how each category of documents is relevant and discoverable. Instead, he argues in conclusory fashion that the Commonwealth's Attorney has evidence regarding the crash that killed Heyer which "**may** contain exculpatory information, but will also contain a variety of information that was neither inculpatory or exculpatory for the Fields trial, but is nevertheless relevant to the truth or falsity of the claims made by Gilmore in this suit and before." (ECF Doc. 300, at 9 (emphasis

added).) Again, Hoft is not focused on defending the statements he is alleged to have made, but instead on issues wholly collateral to the case.

Hoft goes on to argue that "The same set of facts which were ignored by the mainstream media coverage of the event are the same set of facts that are **likely relevant** and sitting in Mr. Platania's files." (ECF Doc. 300, at 9 (emphasis added).) He goes on to argue that "The collective evidence is globally relevant because it answers the question of **whether or not outside influences and interests affected the decision on how to prosecute Mr. Fields**." (*Id.* (emphasis added).) The decision to prosecute or how to prosecute Fields is not at issue in this defamation case. Moreover, that is a decision which necessarily implicates issues of prosecutorial immunity, criminal investigative privilege, attorney client privilege, and the work product doctrine as addressed *infra*.

Moreover, Hoft makes no attempt to explain the purported relevancy and discoverability of the vast majority of the documents requested in the subpoena. To be clear, the subpoena requested:

- All email communications, text messages, photographs, videos, and all other correspondence and/or written communications "exchanged by and between the City of Charlottesville and/or Chief Thomas, Mayor Signer, City Manager Maurice Jones, The Commonwealth of Virginia, The Governor of Virginia, Terry McAuliffe, Albemarle County, Charlottesville Commonwealth Attorney's Office, and/or Joseph Platania relating to or referencing the United the Right Rally for the period of August 10, 2017 through August 14, 2017." (ECF Doc. 274-1, at ¶¶ 1-5.)

- All other documents and electronic communications in the care, custody, or control of the Commonwealth's Attorney's Office "pertaining to or otherwise referencing the Unite the Right Rally, Kessler, Spencer, James Fields, Heather Heyer, and/or Brennan Gilmore". (*Id.* at ¶¶ 6-7.)

- All documents relating to the Heaphy Report" and all materials provided to Tim Heaphy. (*Id.* at ¶¶ 8-9.)

- Documents identifying witnesses whom the Commonwealth's Attorney's Office interviewed and/or contacted about the UTR Rally, all videos and photos of the UTR Rally. (*Id.* at ¶¶ 10, 12.)

- "All communications, videos, photos, and documents exchanged by and between the City of Charlottesville and Kessler, Dwayne Dixon, Red Pump Kitchen, Skyclad Aerial, Matteus Frankovich, Brennan Gilmore, the Virginia State Police, US Department of Justice, Federal Bureau of Investigation, Central Intelligence Agency, the Commonwealth of Virginia, Charlottesville, Police Department, Charlottesville Commonwealth Attorney's Office, Joseph Platania, the State of Virginia, Terry McAulife, the Office of the Governor of Virginia, Timothy Heaphy, Hunton & Williams, LLP, DeAndre Harris, and/or Spencer, relating to the Unite the Right Rally. (*Id.* at ¶¶ 11.)

- All investigative documents that are part of the investigation of the death of Heather Heyer and the investigations of DeAndre Harris, Daniel P. Borden, Alex Michael Ramos, Jacob Scott Goodwin, and/or Tyler Watkins Davis. (*Id.* at ¶ 13.)

- All hearing and trial transcripts relating to the matter of State v. James A. Fields and/or USA v. James A. Fields as well as at least five other criminal proceedings. (*Id.* at ¶ 14.)

- All photos and videos of James Alex Fields. (*Id.* at ¶ 15.)

- All photos and videos of Heather Heyer. (*Id.* at ¶ 16.)

- All photos and videos of Brennan Gilmore from 2010 to the present. (*Id.* at ¶ 17.)

- All documents, video, communications, and photographs relating to the UTR Rally taken by Zach D. Roberts. (*Id.* at ¶ 18.)

- All videos, photos, communications and documents relating to Dwayne Dixon; all videos and photos of DeAndre Harris. *Id.* at ¶¶ 19-20.)

- An index of the names of standard forms used by all departments of the City of Charlottesville and/or the Commonwealth's Attorney's Office. (*Id.* at ¶ 21.)

Even accepting Hoft's implausible theory as to why documents concerning Fields are relevant and discoverable in this case, the vast majority of the requested documents involve other

4

individuals and other prosecutions. The Motion to Quash should be granted for the reasons explained in the Brief in Support. (*See* ECF Doc. 274.)

**B.    The subpoena requests privileged documents.**

Hoft argues that his subpoena instructions directed the Commonwealth's Attorney to prepare a privilege log of protected materials and that his subpoena exempted privileged materials from the production. (ECF Doc. 300, at 9-10.) He argues that the privilege concerns can be properly addressed by a privilege log and protective order. (*Id.*)

Rule 45 does not require the Commonwealth's Attorney to conduct an exhaustive search pursuant to overbroad requests for documents and then review each of those documents and log the privilege. That onerous request goes to the heart of the Objection and Motion to Quash. The Commonwealth's Attorney has expressly made the claim and described the nature of the withheld documents. Fed. R. Civ. P. 45(e)(2)(A). Specifically, the Commonwealth's Attorney has objected to the following topics on privilege grounds:

> 10.    All documents evidencing or otherwise relating to or identifying witnesses whom the Charlottesville Commonwealth Attorney's Office and/or Joseph Platania interviewed and/or contacted about the Unite the Right Rally"
>
> 13.     All investigative documents collected or created by the City of Charlottesville as part of the investigation of the death of Heather Heyer, and the prosecution of James A. Fields . . . and/or the investigations of DeAndre Harris, Daniel P. Borden, Alex Michael Ramos, Jacob Scott Goodwin, and/or Tyler Watkins Davis . . . ."

(ECF Doc. 264-1, at ¶¶ 10, 13.) Criminal investigative files are privileged and not subject to discovery under the common law of Virginia. *See, e.g. Singh v. Agbemble*, 77 Va. Cir. 242 (Fairfax 2008); *Decker v. Watson*, 54 Va. Cir. 493 (Prince William 2001); *In re Commonwealth*, 41 Va. Cir. 571 (1978) (rejecting the decision in *Watkins v. Republic Lumber & Bldg. Supply Corp.*, 2 Va. Cir. 463 (Richmond 1978)).

5

This is sufficient under the Federal Rules especially where, as here, the Rule 45 subpoena is overbroad and unduly burdensome. This Court should grant the Motion to Quash as to these categories.

C.   **The Commonwealth's Attorney has not waived privilege.**

Hoft argues that the Commonwealth's Attorney has waived any objections and privilege protections with respect to those documents that were subject to the Open File Agreement between the Commonwealth and Denise Lunsford and John Hill (Fields' criminal defense attorneys). In support of his argument, Hoft relies upon this Court's ruling on a motion in the case of *Sines v. Kessler*, No. 3:17-cv-00072, ECF Doc. 765.

In *Sines*, the plaintiffs issued Rule 45 subpoenas **to Lunsford and Hill** seeking documents related to the criminal prosecution of Fields and the investigation into the crash that killed Heather Heyer. *See id.* at 4-5. Lunsford and Hill filed a Motion to Quash and one of their arguments was that some of the documents requested were provided by the Commonwealth as part of the Open File Agreement, which prohibited them from producing the documents pursuant to the subpoena. *Id.* at 9. Upon request by the plaintiffs in *Sines*, the Commonwealth's Attorney released Lunsford and Hill from the Open File Agreement, which permitted them to produce the requested documents in response to the subpoena. *Id.*

The Open File Agreement, consistent with Rule 3A:11 of the Rules of the Supreme Court of Virginia, allowed discovery **to the accused** in the pending criminal case. It did not open up the files of the Commonwealth's Attorney to any other citizen or litigant. Furthermore, the decision to release Lunsford and Hill from the Open File Agreement so that they could respond to the subpoena in *Sines* did not waive any privileges applicable to the documents that were subject to the agreement. Hoft cites no authority to the contrary.

6

Simply put, there is no authority to suggest that the Commonwealth's Attorney has irrevocably waived the criminal investigative privilege (or any other privilege) as to all persons with respect to the documents previously produced to Lunsford and Hill—attorneys for the accused Fields—pursuant to the Rules of the Supreme Court of Virginia. To hold otherwise would mean that anytime the Commonwealth produced documents to an accused pursuant to the Rules of Court then he has irretrievably waived any privileges applicable to those documents as to any individual who may subsequently request those documents. That was not and cannot be the intent of Rule 3A:11 of the Rules of the Supreme Court of Virginia and would contradict the public policy and common law of the Commonwealth of Virginia.

D.  **The subpoena is unduly burdensome.**

Hoft erroneously, and without any basis in fact, states that the Commonwealth's Attorney "has already indexed and produced these same items previously for other litigation." (ECF Doc. 300, at 11.) Presumably, Hoft is referring to the documents produced to Lunsford and Hill as part of the Open File Agreement. Those documents, however, constitute a **minority** of the documents requested in Hoft's Rule 45 subpoena.

The Rule 45 subpoena contains 21 categories of documents that have no bearing on the issues in this defamation case. The categories span a vast period of time—some with no time constraints at all—and would require an enormous expenditure of time and manpower, all at taxpayer expense. Because the subpoena is overbroad and seeks information outside of the permissible scope of discovery, it is necessarily unduly burdensome and must be quashed *In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, No. CV 3:16-MC-1, 2016 WL 1071016, at *5 (E.D. Va. Mar. 17, 2016).

7

### III. CONCLUSION

For all of the foregoing reasons, as well as those enumerated in the Brief in Support, Joseph Platania, appearing specially by counsel, respectfully requests that this Court quash James Hoft's April 6, 2021 subpoena issued to the Charlottesville Commonwealth's Attorney.

**JOSEPH PLATANIA**

By Counsel

s/ Melissa Y. York
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Joseph Platania
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

### C E R T I F I C A T E

I hereby certify that on the 24th day of May, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/ Melissa Y. York
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Joseph Platania
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com