IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,

  Plaintiff,

v.    Case No. 3:18-cv-00017

ALEXANDER E. JONES, et al.,

  Defendants.

### MOTION FOR A PROTECTIVE ORDER, AND MOTION TO QUASH SUBPOENA AND DEPOSITION NOTICE ISSUED TO MAURICE T. JONES

COMES NOW, by special appearance, non-parties the City of Charlottesville, Virginia, and Maurice T. Jones, former City Manager of the City of Charlottesville, Virginia ("Jones"), by counsel, and respectfully move this Court for entry of an Order quashing, or significantly narrowing, the subpoena and deposition notice served to Mr. Jones May 24, 2021 in this case by Defendant Hoft, and for a Protective Order prohibiting the Deposition and any production of the Requested Documents until after the Court has ruled on this, and various other, similar, motions pending before this Court. Defendant Hoft declined Jones' and the City's request to postpone the deposition (currently noticed for June 1, 2021) until after the numerous other Motions to Quash similar subpoenas are heard and ruled upon by this Court.

In support of this motion, Jones and the City assert the following grounds:

### I.     FACTUAL BACKGROUND

Hoft, by counsel, has issued a Deposition Notice and Rule 45 subpoena to Jones (attached to this motion as **Exhibit A**); these were served to Jones in North Carolina on Tuesday, May 24, 2021. The Subpoena directs Jones to produce 22 categories of documents today (May 26, 2021) and the Deposition Notice directs Jones to present for a Deposition on June 1, 2021. and to

1

produce the documents listed on Schedule A to the Deposition Notice (i.e., the same 22 categories of documents that are the subject of the Subpoena) (hereinafter, the "Requested Documents").

The Requested Documents consist of every single "written, printed, typed, recorded, or graphic matter…of any kind or description, whether sent or received or neither, including originals, copies, and drafts, and including…papers, books, periodicals, pamphlets…accounts, letters, photographs…objects, tangible things, correspondence…transcripts…invoices, checks, drafts,…bills, receipts, balance sheets, income statements…diagrams, renderings, films, motion pictures, computer programs…data processing (input and output)…or anything similar…." (*See* the 23-single-spaced-lines comprising the definition of "Document", Schedule A to Deposition Notice ¶ (n.) within 22 wide-ranging categories, literally: each and every record of or relating to the "Unite the Right" rally (defined at Schedule A to Deposition Notice, ¶ (ee.)) and the "Heaphy Report" (defined at Schedule A to Deposition Notice, ¶ (r.)).

**By counsel, Jones has responded to Hoft's Subpoena, advising that he himself does not possess any of the Requested Documents.** However, Schedule A to the Deposition notice/document subpoena goes further, and instructs Jones that it his obligation under the Subpoena extends to " 'possess or control [*sic*]' with respect to any organization you are affiliated with, and/or all organizations, entities, and/or corporations in which you receive now or did receive in-kind or financial contribution." (*See* the first page of Schedule A, ¶(iv)). This instruction is so ridiculously broad as to include Jones' current employer, a local government entity in North Carolina having nothing at all to do with "Fields", the "Heaphy Report", or the 2017 "Unite the Right" rally. Furthermore, the instruction purports to obligate Jones to obtain the Requested Documents from the City of Charlottesville, Jones' former employer. None of the

Requested Documents which might be in the possession or control of the City can be said to be in the constructive possession of Jones, who has no current right or ability to direct or access them.

Significantly, the Requested Documents are repetitive of substantially similar, if not identical [and overly broad and burdensome] document requests that are the subject of three (3) other subpoenas and deposition notices presented by Defendant Hoft, currently the subject of Motions to Quash, and a Motion for a Protective Order, pending before this Court, i.e., (i) the City's "Objections and Motion to Quash Subpoenas to the City of Charlottesville and to Alfred S. Thomas, Jr.", previously filed with the Court on 4/27/2021, and (ii) "Objections and Motion to Quash Rule 45 Subpoena and Deposition Notice Issued to City of Charlottesville Police Detective Declan Hickey and for a Protective Order, previously filed with the Court on 5/11/2021). Counsel have been in touch with this Court to request a hearing of the various Motions to Quash, and the Court has offered dates in mid-June 2021 (likely to be June 14, 2021).

The **Deposition Notice** does not itself identify any topics that will be the subject of Jones' Deposition—it is completely open ended. Schedule A to the Deposition Notice (Documents to be Produced), attached hereto as **Exhibit A**, contains a definition of "Topic List" that incorporates "any person, group, entity, organization, corporation, Governmental agency, Government office, Governmental department, and/or political subdivision listed in this Definitions section, as well as the following [99 listed items]." The 99 listed items include references to litigation other than this case. The undersigned counsel requested Hoft to postpone the Deposition noticed for June 1, 2021 until after this Court rules on the overbreadth and burdensome nature of the Document Requests of the already-pending Motions to Quash/ Motion for a Protective Order, but Hoft declined, and indicated that he will insist on the deposition being

3

scheduled *prior to* the Court's hearing of the other Motions to Quash/ Motion for a Protective Order. Therefore, it is necessary to present Jones' Motion to Quash/ Motion for a Protective Order, and for the City to join in those motions.

Hoft's deposition topics and Document requests seek documents, information, and materials that include attorney work product, attorney client privileged communications, and other confidential or protected matters. Schedule A contains the following statement: "NOTICE: *No legitimately privileged materials are sought*"; however, even if it were logistically possible to assemble all of the Requested Documents in a single compilation within the time period requested (it is not), it would take weeks, possibly months, for Jones and the City to review the universe of Documents referenced in Schedule A to identify privileged materials and to prepare a privilege log containing all of the information specified in Schedule A (instructions for preparation of privilege log), if all such information could even be obtained.

The undersigned counsel has conferred with the attorney whose name is on the subpoenas, but counsel were unable to resolve the City's and Jones' objections. Jones and the City incorporate here by reference written objections provided to counsel for Hoft yesterday, May 25, 2021.

## II. LAW AND ARGUMENT

A court must quash or modify a Rule 45(d)(3) subpoena that requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, No. CV 3:16-MC-1, 2016 WL 1071016, at *5 (E.D. Va. Mar. 17, 2016); *Virginia Dep't of Corr. v. Jordan*, No. CV 3:17MC02, 2017 WL 5075252, at *4 (E.D. Va. Nov. 3, 2017), *aff'd,* 921 F.3d 180 (4th Cir. 2019).

### A. The requested documents are irrelevant and outside of the permissible scope of discovery.

4

While Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena, "the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240–41 (E.D. Va. 2012) (citing *Cook v. Howard,* No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (*per curiam*). The City and Mr. Jones cannot be required to produce any material that a party to the litigation would not also be required to produce. *RLI Ins. Co. v. Nexus Serv., Inc.*, No. 5:18-cv-00066, 2019 WL 8324257, at *1 (W.D. Va. No. 27, 2019 (citing *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (per curiam)). That same rule should apply to depositions and deposition topics.

The Court must review Hoft's subpoenas and deposition notices under the relevancy standards set forth in Rule 26(b). *Singletary*, 289 F.R.D. at 240–41. When a party establishes that a subpoena is overly broad or seeks irrelevant information such that it falls outside of the scope limitations of Rule 26, "undue burden" is necessarily established and the subpoena must be quashed. *ThompsonMcMullan*, 2016 WL 1071016, at *5.

The scope of discovery under Rule 26 is limited to:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

To prevail in this defamation case Gilmore must show publication of an actionable statement with the requisite intent. *Gilmore v. Jones*, No. 3:18-cv-000017, 2021 WL 68684, at *6

(W.D. Va. Jan. 8, 2021) (quoting *Gilmore v. Jones*, 370 F. Supp. 3d 630, 666 (W.D. Va. 2019).

This Court has previously ruled that:

> To succeed on a defamation claim, [Gilmore] must prove each Defendant's state of mind at the time of publication. Plainly, **information that a defendant did not have at publication could not have influenced his state of mind in making the statement**. . . . While evidence that the publisher had not yet obtained at the time of publication could not be relevant to his state of mind, materials that post-date the publication (including for example the publisher's own statements) may be probative of actual malice.

*Id.* at *6 (emphasis added).

Given the narrow question at issue in this case—whether one article written and published by Defendant Hoft defames Plaintiff Gilmore by implication that Gilmore had some involvement in the Fields car attack, it is unlikely that there is a even single record within the Requested Documents that meets the Rule 26 standard for scope of discovery.

None of the Requested Documents, nor the Deposition Notice, as presented, demonstrate a scope that is limited to the issues in this case, consistent with the proportionality requirement of Rule 26. This proportionality factor requires that, in the context of a Rule 45 subpoena, a court must accord "nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Jordan*, 921 F.3d at 189; *see also id*. at 188 ("When discovery is sought from nonparties . . . its scope must be limited even more"); *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 211 (W.D. Va. 2016) (Conrad, J.) ("District courts give extra consideration to the objections of non-party, non-fact witnesses when weighing burden versus relevance.") (citation omitted)); *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) ("Courts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor.") (internal quotation and citation omitted)); *DeLeon-Reyes v. Guevara*, 2020 WL 3050230, at *6 (N.D. Ill.

6

2020) ("It is also important to recognize that these document requests are directed to third-parties through a Rule 45 subpoena, and thus imposing the burden of production on a nonparty to this lawsuit requires more careful consideration.") (citation omitted)). Indeed, "[e]ven if a nonparty has information that falls within the ordinary scope of party discovery, they 'should not be drawn into the parties' dispute without some good reason.'" *Ex rel. Hayes v. Charlotte Mecklenburg Hosp. Auth.*, 2021 WL 665109, at *2 (W.D.N.C. 2021) (quoting *Jordan*, 921 F.3d at 188).

Clearly, Hoft did not have the information that he is seeking from the City or Jones at the time he published statements concerning Gilmore. Therefore, the information within the City's or Jones' knowledge, possession, custody, or control could not have influenced Hoft's state of mind. Unlike the post-statement documentation of Defendants that was previously the subject of a motion to compel in this case, Hoft is seeking post-statement documents of non-parties that could not possibly be relevant to the actual malice inquiry. Schedule A, ¶¶ 9, 17, 18, 19, 20, 21, 22, especially, have no relation at all to the defamation issues.

There appears to be no allegation within the Amended Complaint in this lawsuit which suggests that Jones has or had any personal contacts, involvement, or relationship with Plaintiff Gilmore, Defendant Hoft or any other defendants, or that, for any other reason, Jones would have any first-hand knowledge of matters relevant to the claims or defenses in this action.

B.   **The subpoena and deposition notice are unduly burdensome.**

1. The Jones Subpoena and Deposition Notice are overly broad and therefore burdensome with which to comply. To comply with the subpoena and deposition notice to him, Jones would need to obtain access to City records not in his possession and to spend numerous hours preparing for deposition testimony about events that are four years in the past. Prior to providing the Requested Documents to Jones [if that can even be required via a subpoena to

7

Jones in this manner], the City would be forced to incur substantial time and expense to assemble the Requested Documents, and to review and prepare privilege logs.

2. To require Jones or the City, as non-parties, to conduct such an extensive search to assemble the Requested Documents, compared with the miniscule-to-non-existent benefit that any of the Requested Documents could have to the case is unduly burdensome—requiring the unnecessary expenditure and diversion of public resources.

3. To the extent that the Jones Subpoena and Deposition Notice mirror or duplicate document requests and deposition topics that are already the subject of pending Motions to Quash/ Motion for a Protective Order: the City incorporates here by reference the arguments and bases for finding overbreadth and burden previously set forth within: (i) the City's "Objections and Motion to Quash Subpoenas to the City of Charlottesville and to Alfred S. Thomas, Jr.", previously filed with the Court on 4/27/2021, and (ii) "Objections and Motion to Quash Rule 45 Subpoena and Deposition Notice Issued to City of Charlottesville Police Detective Declan Hickey and for a Protective Order, previously filed with the Court on 5/11/2021).

C.  **The requested Documents requested include privileged information or information otherwise protected from discovery.**

1. Emails and communications exchanged among the various City officials listed in Schedule A ¶¶ 1, 2, 6, 8, 10, 11 would likely include attorney-client privileged communications. Information sought within Schedule A ¶¶ 6, 7, 8, 10, 12, 13 would include attorney-work-product related to other litigation in which the City or Jones is a party.

2. Schedule A (¶¶1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 13, 14,15) seeks various categories of Documents exchanged between the City or Jones and the Commonwealth of Virginia, which is defined to include the Virginia State Police. To the extent that information within the requested

8

Documents, or sought through deposition testimony, may have been provided to the City or Jones through the Virginia Fusion Intelligence Center, state law prohibits release or dissemination of that information without prior authorization from the Center, *see* Virginia Code §52-48, and parties to this lawsuit should be required to seek any such information directly from the Commonwealth.

3. Schedule A, ¶¶ 16, 18, 19 seeks criminal investigative files relating to sixteen (16) criminal case numbers for which it is seeking investigative documents and a seventeenth criminal case not identified by a case number. Under Virginia law criminal investigative files are privileged and not subject to discovery. *See, e.g. Singh v. Agbemble*, 77 Va. Cir. 242 (Fairfax 2008); *Decker v. Watson*, 54 Va. Cir. 493 (Prince William 2001); *In re Commonwealth*, 41 Va. Cir. 571 (1978) (rejecting the decision in *Watkins v. Republic Lumber & Bldg. Supply Corp.*, 2 Va. Cir. 463 (Richmond 1978)). This is also consistent with the Rules of the Supreme Court of Virginia regarding criminal actions. *See* Va. Sup. Ct. R. 3A:11. That rule permits discovery only by the accused in a criminal case. *Id.* The rule provides that it "does not authorize the discovery or inspection of the work product of the Commonwealth's attorney, including internal reports, witness statements, memoranda, correspondence, legal research or other internal documents prepared by the office of the Commonwealth's attorney or its agents in anticipation of trial." Va. Sup. Ct. R. 3A:11(b)(6).

### III. CONCLUSION

Respectfully, Maurice T. Jones and the City of Charlottesville request the following relief:

1. A Protective Order, precluding the Deposition from taking place on June 1, 2021 or at any time prior to the Court's ruling as to whether the Deposition and any planned topics, and the Requested Documents, are within the scope of Rule 26 as it applies to a Rule 45 Subpoena. The

City requests the Protective Order be issued either without a hearing, or upon a hearing conducted prior to June 1, 2021, and

   2. An Order quashing James Hoft's Subpoena and Deposition Notice issued on May 13, 2021 to Maurice T. Jones, in its entirety. The City requests that the hearing of this Motion to Quash be incorporated into the same hearing on the City's other pending Motions to Quash.

        THE CITY OF CHARLOTTESVILLE,
        and
        MAURICE T. JONES

        By Counsel

The Office of the City Attorney
By:

*/s/ Lisa Robertson*

_____
Lisa A. Robertson (VSB #32486)
P.O. Box 911
Charlottesville, Virginia 22902
434-970-3131 - Phone
robertsonl@charlottesville.gov

## **C E R T I F I C A T E**

    I hereby certify that a true copy of the foregoing was electronically filed and was also sent by U.S. mail this 26th day of May, 2021 to: John C. Burns, Burns Law Firm, P.O. Box 191250, St. Louis, MO 63119.

*/s/ Lisa Robertson*

        _____
        Lisa A. Robertson