IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,

   Plaintiff,

v.                                               Case No. 3:18-cv-00017

ALEXANDER E. JONES, *et al.*,

   Defendants.

## REPLY BRIEF IN SUPPORT OF OBJECTION AND MOTION TO QUASH DEPOSITION SUBPOENA TO JOSEPH PLATANIA

### I.    INTRODUCTION

James Hoft ("Hoft"), in conclusory and cursory fashion, has opposed Joseph Platania's ("Platania") Objection and Motion to Quash Deposition Subpoena, arguing that the testimony sought is relevant, not unduly burdensome, and not subject to privilege. Hoft's arguments are not well-taken and reveal the true nature of this fishing expedition. It is clear that Hoft seeks to derail this defamation action by transforming it into a challenge to the legitimacy of James Fields' conviction. Because Platania has no testimony to offer that would bear on the issues in this case—the truth or falsity of the statements Hoft made about Brennan Gilmore ("Gilmore"), or Hoft's state of mind when he made the statements—this Court should quash the deposition subpoena.

### II.    ARGUMENT

Platania is the Commonwealth's Attorney for the City of Charlottesville. Hoft is seeking to depose Platania about actions taken as Commonwealth's Attorney in connection with a defamation case that is wholly unrelated to any criminal investigation or prosecution. It is conceivable that a Commonwealth's Attorney could have relevant and discoverable testimony in

1

a *habeas corpus* case for example, or some other litigation arising out of a criminal prosecution. But Hoft was not subject to prosecution and this case is not about the criminal prosecution of any individual connected to the UTR rally. To permit Hoft to depose Platania about the Fields' prosecution—or any other criminal investigation or prosecution arising out of the UTR rally—is an impermissible invasion into the office of the Commonwealth Attorney and should not be allowed. Neither Hoft nor any individual has a right to discover the mental impressions of the Commonwealth's Attorney or to gain access to his non-public information.

Allowing Hoft to depose Platania in this case, which does not involve anyone who was a party to the criminal cases for which Hoft is seeking information, would open the door for any litigant to argue that a collateral and tangential issue about which the Commonwealth's Attorney may have information should be discoverable in an unrelated civil case. Commonwealth's Attorneys across the Commonwealth could become subject to subpoenas of this nature, requiring an unnecessary expenditure of public funds. Not only is Hoft's request irrelevant and outside of the permissible scope of discovery, it is disproportionate to the needs of the case, seeks privileged and confidential information, and is against sound public policy. For those reasons alone, the subpoena should be quashed.

Furthermore, Hoft's opposition to Platania's Motion to Quash reveals the true motive for seeking Platania's deposition, and it is not to conduct discovery regarding the truth of his statements about Gilmore. Hoft repeatedly argues that Platania "has facts which will prove or disprove Plaintiff's allegations of a conspiracy," (ECF Doc. 337, at 5, 7, 9-10), but it is not Gilmore who has alleged a conspiracy. Gilmore's Complaint asserts claims of defamation. (*See generally* ECF Doc. 29.) Specifically, Gilmore alleges that Hoft's article has implied the following false assertions of fact:

1. That the State Department organized the Charlottesville rioting and/or attack;

2. That Mr. Gilmore participated in the State Department's planning of the Charlottesville riots and/or attack;

3. That the State Department conspired to conceal these facts by removing information about Mr. Gilmore from a number of internet sources;

4. That media outlets were involved in the conspiracy because they knew Mr. Gilmore was a State Department employee;

5. That the media characterized Mr. Gilmore as a casual observer because they were working in concert with Mr. Gilmore, the State Department, and other government agencies to cover up their involvement in the conspiracy; and

6. That all of these conspirators worked together to deceive the public about what happened in Charlottesville that day.

(*Id.* at ¶ 67.) Those are the allegations against which Hoft is defending. None of Gilmore's allegations against Hoft allege that Hoft made defamatory statements involving Platania. In fact, Gilmore alleges that Hoft's defamatory statements alleged a conspiracy among the media, the U.S. State Department, and other federal government agencies, not Platania or the Office of the Commonwealth Attorney for the City of Charlottesville. There is no potential testimony from Platania that would lead to admissible evidence regarding the purported truth of the allegedly defamatory statements.

Nevertheless, Hoft claims that Platania has knowledge regarding the following, which he claims is relevant and discoverable:

- Information relating to evidence illegally leaked to WVIR NBC 29 Charlottesville and other NBC affiliates in July of 2019, (ECF Doc. 337, at 5);

- The level of political or other improper influence and/or pressure, if any, he or any of his staff felt relating to the UTR and also persons or events relating to the UTR, (*id.*);

3

- Information relating to the actions of himself and his office leading up to and after the UTR, (*id.*);

- What decisions were made, why and by whom, and whether or not he supported or argued against the stand-down order issued by Chief Al Thomas, and whether he expected such an order would lead to great injury and perhaps death, (*id.* at 7);

- The level of political or other improper influence and/or pressure, he or any of his staff felt in managing the investigation and prosecution of James Fields, those who attacked DeAndre Harris, and other persons arrested and prosecuted for acts, (*id.* at 7-8); and

- His refusal to consent to change of venue, (*id.* at 8-9).

This desired testimony is of no bearing on the issues in this defamation case, but instead an attempt to challenge the legitimacy of James Fields' conviction and the strategic decisions Platania, as Commonwealth's Attorney for the City of Charlottesville, made during that prosecution and the prosecution of others associated with the UTR rally. (*See* ECF Doc. 337, at 8-9.) Like the Rule 45 subpoena to the Commonwealth's Attorney for the City of Charlottesville, Hoft's attempt to depose Platania is a fishing expedition, which Hoft practically admits.

- Similarly, evidence of subsequent conduct by Platania and his office **may be** probative of various ongoing conspiracies by his or other public offices and entities. (ECF Doc. 337, at 6 (emphasis added).)

- In refusing to permit a change of venue, Platania **may have been** improperly influenced by political leaders and/or public employees, as well as private persons. (*Id.* at 9 (emphasis added).)

The decision to quash, modify, or condition a subpoena is squarely within the Court's discretion. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2463.1 (3d ed.). While Hoft claims he "has a Fifth and Fourteenth Amendment right to due process . . . [and] cannot be compelled into a judicial process in which he is forced to defend himself at high expense and high stakes, only to then be denied the ability to work up his case," the law is clear

4

that he has "no federal or state constitutional right to discovery." *Roberts v. County of Fairfax, Va.*, 937 F. Supp. 541, 546 (E.D. Va. 1996) (citing *Strickler v. Commonwealth*, 241 Va. 482, 404 S.E.2d 227 (1991); *Lowe v. Commonwealth*, 218 Va. 670, 239 S.E.2d 112 (1977)). *See also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("[t]here is no general constitutional right to discovery in a criminal case"). If there is no constitutional right to discovery in a criminal case where an individual's life and liberty are at stake, then there is certainly no constitutional right to discovery in a civil case where only property—here money—is at issue.

The request to depose Platania exceeds the permissible scope of discovery, should be denied, and the deposition subpoena quashed.

### III. CONCLUSION

For all of the foregoing reasons, as well as those enumerated in the Brief in Support and those to be stated on the record during the June 14, 2021 hearing, Joseph Platania, appearing specially by counsel, respectfully requests that this Court quash the deposition subpoena served on him.

**JOSEPH PLATANIA**

By Counsel

s/ Melissa Y. York
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Joseph Platania
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

## **C E R T I F I C A T E**

      I hereby certify that on the 9th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>s/Melissa Y. York</u>
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Joseph Platania
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

6