# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA CHARLOTTESVILLE DIVISION

BRENNAN M. GILMORE,

    Plaintiff,

v.

ALEXANDER E. (ALEX) JONES, et al.,

    Defendants.

No. 3:18-cv-00017-NKM-JCH

**DEFENDANT JAMES HOFT'S SURRESPONSE IN OPPOSITION TO THIRD PARTY JOSEPH PLATANIA'S TO QUASH SUBPOENA (Dkt. #303/352)**

Platania asserts that Hoft mischaracterizes Plaintiff's allegations, and that the subpoena's scope is narrower as a result. To extricate himself from the subpoena, he argues Plaintiff's First Amended Complaint (FAC) *does not* allege Hoft and other defendants made statements alleging a conspiracy to instigate violence and then cover up all involvement/planning of such violence and then spin all events toward political ends. Dkt. #352, at p. 2-3, *passim*. Platania needs to revisit Plaintiff's FAC.

*This Court* has stated that Plaintiff alleges that Hoft and the other defendants alleged that Plaintiff was a "deep state operative who conspired to orchestrate violence in Charlottesville for political purposes." *Gilmore v. Jones*, 370 F. Supp. 3d 630, 642 (W.D. Va. Mar. 29, 2019). Plaintiff incorporated **ALL** of the factual allegations of his FAC into Count One against Hoft, et al. FAC (Dkt. #29), at p. 79. Plaintiff makes a large number of *general* and specific allegations in his complaint, but these can be distilled into a non-comprehensive list. *See* **Figure 1** below. Specifically, Plaintiff alleges, among other things (FAC, at listed paragraphs, emphasis added):

> 67. Through statements such as "[t]he media knows exactly who he is yet played it off like a casual observer," **and "it looks like the State Department was involved in Charlottesville and is trying to cover it up," and by describing Mr. Gilmore's presence at and later description of the events in Charlottesville as proving how "the Deep State is working with the liberal media to shape narrative and fool the American people,"** Hoft implies a number of assertions of fact that are provably false: 1) that the State Department organized the Charlottesville rioting and/or attack; 2) that Mr. Gilmore participated in the State Department's planning of the Charlottesville riots and/or attack; 3) that the State Department conspired to conceal these facts by removing information about Mr. Gilmore from a number of internet sources; 4) that media outlets were involved in the conspiracy because they knew Mr. Gilmore was a State Department employee; **5) that the media characterized Mr. Gilmore as a casual observer because they were working in concert with Mr. Gilmore, the State Department, and other government agencies to cover up their involvement in the conspiracy; and 6) that all of these conspirators worked together to deceive the public about what happened in Charlottesville that day.**
>
> \*\*\*
>
> 70. By both **stating and insinuating that Mr. Gilmore was an accomplice to a government plot to stage a violent riot and/or attack that killed and injured**

2

**individuals in Charlottesville, and cover it up,** Hoft falsely brands Mr. Gilmore as a criminal, a fraud, and an accessory to murder.

\*\*\*

80. After the attack in Charlottesville, Defendant Hoft used the factually inaccurate screenshots from Reddit to invent a nefarious role and identity for Mr. Gilmore in order to promote this preconceived narrative: **that the violence in Charlottesville was a creation of the "Deep State," that Mr. Gilmore was a central accomplice to that effort, and that the media was working with the "Deep State" to cover up their role in Charlottesville and deceive the American public**.

Gilmore's allegations are very general: that Hoft said Gilmore was a member of the "deep state" and worked with the State Department and **other government agencies**" to "stage a violent riot and/or attack that killed and injured individuals in Charlottesville, and cover[ed] it up," that the "violence in Charlottesville was a creation of the 'Deep State,' that "Mr. Gilmore was a central accomplice to that effort, **and that the media was working with** the 'Deep State' to cover up their role in Charlottesville and deceive the American public." *Id.*, at pars. 67,70,80.

| Allegation Category | Page or Paragraph |
|---|---|
| There was no public-private conspiracy surrounding the UTR | Page 2; Par. 30, 31, 32, 33, 34, 35, 36, 38, 42, 43, 46, 47, 48, 49, 50, 58, 59, 60, 63, 64, 65, 66, 69, 70, 79, 80, 83, 84, 85, 91, 94, 101, 105, 109, 110, 120, 126, 129, 144, 145, 208, 214, 239 |
| Gilmore was not part of any public-private conspiracy surrounding the UTR | Page 2; Par. 27, 30, 31, 32, 33, 34, 35, 36, 38, 42, 43, 46, 47, 48, 49, 50, 58, 59, 60, 63, 64, 65, 66, 69, 70, 79, 80, 83, 84, 85, 91, 94, 101, 105, 109, 110, 120, 126, 129, 144, 145, 208, 214, 239 |
| Media involvement was purely organic and not staged, scripted, or message coordinated to skew coverage | Page 2; Par. 31, 32, 35, 36, 38, 42, 43, 46, 47, 48, 49, 50, 58, 59, 60, 63, 64, 65, 66, 69, 70, 79, 80, 83, 84, 85, 91, 94, 101, 105, 126, 129, 144, 145 |
| Fields' car crash was deliberate **terrorism** | Page 1, 2, 62 (Tweet of Gilmore); Par. 29, 30, 31, 34, 38, 43, 49, 62, 120, 160 n. 74 |
| Gilmore told the truth in his numerous interviews | Page 2, 3; Par. 31, 32, 34 |
| Defendants are propagandists, while facts as presented by Plaintiff are objectively true | Page 2, 3; Par. *Passim*. |
| UTR Pro-Lee consisted exclusively of bigots | 25, 26, 145, and implicit throughout. |
| Defendants are grotesque bigots | Page 2, 3; Par. *Passim*. |

3

Figure 1.

Plainly, Platania is mistaken in his analysis.  **Platania himself admits** Plaintiff alleges that "[t]he media characterized Mr. Gilmore as a casual observer because they were working in concert with Mr. Gilmore, the State Department, **and other government agencies to cover up their involvement in the conspiracy; and [t]hat all of these conspirators worked together to deceive the public about what happened in Charlottesville [at the Unite the Right rally].**"  Reply, Dkt. #352, at p. 3 (emphasis added).

Hoft's First Amendment Truth defense does not require that he prove the literal truth of his alleged specific statements or their general 'sting' or context.  § 5:22. Substantial truth test: generalized defamatory charges, 1 Law of Defamation § 5:22 (2d ed.) (emphasis added) (citing to Prosser and Keeton on Torts § 116, at 841 (5th ed. 1984), and Restatement (Second) of Torts, § 581A, comment c).  If Hoft proves substantial truth, Plaintiff loses.  *Cf., id*.  Were Hoft to adduce evidence that Plaintiff was part of a conspiracy to instigate violence and/or manipulate the public's perception of public and private events surrounding the Unite the Right Rally, Hoft would be entitled to submit this evidence to the jury.  It is for the jury alone to decide falsity.  Hoft filed a Motion to Dismiss, and this Court already decided that the statements as pled by Plaintiff were actionable defamation.  *Gilmore v. Jones*, 370 F. Supp. 3d 630 (W.D. Va. Mar. 29, 2019).  The Court also *refused* to dismiss this suit.  *Id*.  Hoft has been forced by Plaintiff and the United States Government into this judicial process in which he stands to lose his property.  Hoft is entitled to make his case or else he is robbed of due process rights and, with them, his First Amendment rights as well.

Platania argues Hoft has no Constitutional right to discovery.  Hoft disagrees.  Every civil plaintiff – including Gilmore – has a 5th and 14th Amendment property interest in his cause of

4

action. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) (considering it "settled" that "a cause of action is a species of property"). Unlike a criminal prosecution,[1] in which the government brings a criminal complaint ostensibly for the purpose of public safety, a civil suit is normally brought by private actors who are using the awesome power of the Courts as a means to physically force another citizen to part with his property. A mere complaint is not enough, standing on its own, to provide courts with assurances of the veracity of the claim.[2] Just as a civil plaintiff has a property interest in his cause of action, so too does a defendant in an adequate opportunity to defend against plaintiff's claim. Were this not the case, a plaintiff would effectively have a constitutionally protected means of harassing defendants. What's more, as this suit attack's Hoft's speech as a citizen and a journalist, the suit is a direct challenge to his Freedom of Speech. Without an adequate ability to conduct discovery which directly relates to Plaintiff's stated allegations – upheld as valid, actionable defamation by this Court, no less – Hoft risks losing not only his property interest in his financial property, but also his First Amendment interest in his speech. It is logically and jurisprudentially absurd to suggest that a plaintiff has a Constitutional property interest in a civil cause of action, but that a defendant lacks a property interest in his defense to such action – *in which he stands to lose property*. The Federal Rules may trace the contours and scope of Hoft's Constitutional rights to discovery, but there can be no doubt but that he has such Constitutional rights; in this specific case, by virtue of the First, Fifth, and Fourteenth Amendments.

Hoft incorporates all briefed arguments in response to Dkts. #273, 303, 304, 308, and all arguments he will yet make at the hearing on June 14, 2021, as though fully set-forth herein.

---

[1] Hoft thinks it's absurd that criminal defendants don't have discovery rights as a matter of Constitutional law.
[2] *Cf., Hickman v. Taylor*, 329 U.S. 495, 501 n.2 (1947) ("The great weakness of pleading as a means for developing and presenting issues of fact for trial lay in its total lack of any means for testing the factual basis for the pleader's allegations and denials") (internal quotations and citations omitted).

DATED: June 11, 2021

                                        Respectfully submitted,

By:    */s/ John C. Burns*
        John C. Burns, admitted *pro hac vice*
        BURNS LAW FIRM
        P.O. Box 191250
        Saint Louis, MO 63119
        Tel: (314) 329-5040
        Fax: (314) 282-8136
        TBLF@PM.ME

        Timothy B. Hyland
        Virginia Bar No. 31163
        HYLAND LAW PLLC
        1818 Library Street, Ste. 500
        Reston, VA 20190
        (703) 956-3548 (Tel.)
        (703) 935-0349 (Fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June, 2021, a true and accurate copy of the foregoing was served on all parties of record via the Court's ECF System.

                                            */s/ John C. Burns*