IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BRENNAN M. GILMORE,<br><br>  Plaintiff,<br><br>v.<br><br>ALEXANDER E. (ALEX) JONES, et al.,<br><br>  Defendants. | No. 3:18-cv-00017-NKM-JCH |

**PLAINTIFF'S MOTION FOR AN IMMEDIATE STATUS CONFERENCE TO DISCUSS DEFENDANTS' DISCOVERY FAILURES AND RELIEF FROM CASE SCHEDULE**

  Plaintiff Brennan Gilmore files this motion seeking an immediate status conference to discuss two new discovery issues arising from meet-and-confers with Defendants James ("Jim") Hoft and Alex Jones over the last week. Plaintiff believes that these issues require the Court's intervention, an immediate status conference, and relief from the current case schedule to avoid fatal prejudice to his case.

  During the conference, Plaintiff intends to address with the Court: (i) sanctions against Mr. Jones for his failure to comply with his disclosure obligations under Fed. R. Civ. P. Rule 26(f) and for spoliation of evidence involving a missing cell phone and text messages; and (ii) a joint request to extend the deadlines in this case to accommodate Mr. Hoft's incomplete compliance with the Court's April 21, 2021 Memorandum Opinion and Order ("April 21 Order") (D.I. 271). An immediate status conference to discuss and resolve these issues is necessary due to the late stage of the proceedings and the pending close of fact discovery on July 23, 2021. *See* Scheduling Order (D.I. 299) at 2. The parties are mindful of the Court's stated reluctance to move trial dates in this matter, but Plaintiff respectfully submits that the extraordinary

circumstances of the last few days warrant such an extension.

## BACKGROUND

### I. An Immediate Conference Is Warranted To Discuss The Case Calendar And Sanctions Arising From Missing Evidence Just Disclosed By Mr. Jones

On June 15, 2021, Plaintiff's counsel met and conferred with counsel for Mr. Jones regarding Mr. Jones's production deficiencies, including his failure to produce responsive emails and text messages from the relevant time period of August 2017. *See* Ex. A at 1 (June 2, 2021 Email from R. Kohli to J. Wolman); Ex. B at 1 (June 9, 2021 Email from R. Kohli to J. Wolman); Ex. C at 1 (June 14, 2021 Email from A. Graves to J. Wolman). *See also* Declaration of Anwar Graves in Support of Plaintiff's Motion ("Graves Decl.") ¶2. During that call, Plaintiff learned ***for the first time*** that Mr. Jones purportedly lost his mobile phone in November 2017. *See* Ex. D at 1 (June 16, 2021 Email from A. Graves to J. Wolman). As a result, Mr. Jones could not produce any responsive text messages from the relevant time period to the extent that they existed. Plaintiff had already learned from Mr. Jones's counsel the day before that "[email] is not the primary means of [Mr. Jones's] communication with employees; for that, [Mr. Jones] primarily uses text messages." *See* Ex. E at 1 (June 15, 2021 Email from J. Wolman to A. Graves). After the meet-and-confer, Mr. Jones's counsel confirmed by email that no backups of the missing phone data exist.

This remarkable disclosure occurred only after numerous inquiries from Plaintiff into the lack of responsive communications contained in Mr. Jones's productions. Graves Decl. ¶3. In fact, as of today, Mr. Jones has only produced **two** documents so far.[1] Graves Dec. ¶5. Given the representations made by his counsel about the importance of text messages for Mr. Jones's

---

[1] Although InfoWars produced additional documents, there are very few documents that Mr. Jones sent or received, and his personal production includes only two documents. *See* Ex. A at 1.

2

communications with his staff, there can be no dispute that the missing phone data and text messages would be crucial (and now potentially destroyed) evidence for Plaintiff's case. These personal communications would be directly relevant to the question of actual malice and would be vitally important for depositions taken of Mr. Jones.

Mr. Jones's failure to disclose the destruction of his cell phone and underlying data violates at least Rule 26(f) of the Federal Rules of Civil Procedure.[2] That Rule requires the parties to discuss "any issues about disclosure, discovery, or preservation of electronically stored information" and to submit those issues to the Court in a written report. *See* Fed. R. Civ. P. Rule 26(f)(2-3). Although other defendants in this case disclosed potential issues regarding the preservation of electronically stored information ("ESI") on their mobile phones during the parties' Rule 26(f) deliberations, Mr. Jones did not. *See* Joint Rule 26(f) Report (D.I. 185) at 6-7. That silence speaks volumes given the Joint Rule 26(f) Report's statements that: (i) a "significant part of the relevant discovery in this case [would] involve production from the parties' email and text messaging accounts, at least with respect to the issue of intent," and (ii) Plaintiff had "concerns about the extent to which some Defendants [had] preserved discoverable data consistent with their preservation obligations." *See id*. at 5. Even after more than a year of discovery, Mr. Jones's counsel never disclosed the missing phone, and did not do so until questioned by Plaintiffs' counsel on the parties' meet-and-confer last week.

If Plaintiff had been given timely notice of these issues, he could have investigated whether the missing mobile communications were available through other means, including through forensic examination of Mr. Jones's digital files or through seeking discovery from Mr.

---

[2] If the phone data cannot be recovered, Plaintiff respectfully submits that the loss of the phone data and Mr. Jones' conduct would be a textbook violation of Fed. R. Civ. P. Rule 37(e), and Plaintiff would seek relief accordingly from the Court.

Jones's mobile carrier for records of the missing text messages. Mr. Jones's belated disclosure, however—obtained less than six weeks before the close of fact discovery and only as the result of Plaintiff's questioning—all but ensures that no remedial actions can be taken in the remaining time, and that any depositions taken of Mr. Jones will be without crucial evidence.

As a result, Plaintiff respectfully seeks an immediate conference with the Court to discuss potential remedies, including evidentiary or other sanctions against Mr. Jones in addition to an extension of the schedule in order for Plaintiff to investigate whether the missing mobile data evidence can be retrieved through alternative means.

## II. An Immediate Conference Is Necessary To Address The Case Calendar And Mr. Hoft's Unmet Discovery Obligations

On June 16, 2021, Plaintiff's counsel met and conferred with counsel for Mr. Hoft to discuss numerous technical and substantive deficiencies in Mr. Hoft's recent productions. *See* Graves Decl. ¶6. During that teleconference, Plaintiff learned that Mr. Hoft's counsel failed to adequately collect, search for, and produce Mr. Hoft's ESI, rendering Mr. Hoft's discovery to date incomplete and in violation of the April 21 Order. *See id*. ¶7. These deficiencies include Mr. Hoft's failures to: (i) properly produce Mr. Hoft's ESI such that the metadata is preserved and the documents are searchable and labeled with Bates numbers; (ii) produce *any* direct messages ("DMs") or text messages from Mr. Hoft's social media accounts, messaging applications, and mobile device; and (iii) produce *any* responsive email communications from the relevant time period when Mr. Hoft published allegedly false and defamatory statements about Plaintiff in August 2017. *See* Ex. F at 1-2 (June 9, 2021 Letter from K. Saied to J. Burns).

What Mr. Hoft *has* produced to date amounts to an improper "data dump": a lumped production of data without Bates numbers that suffers from numerous technical deficiencies that

4

preclude Plaintiff's meaningful review.[3] The production also lacks any substantive indicia about what material was produced or why it was responsive. Ex. F at 1-2. During the meet-and-confer about this deficient production, Plaintiff inquired about the process by which Mr. Hoft's ESI was collected and produced; Mr. Hoft's counsel disclosed for the first time that he did not use a third-party discovery vendor, and he had in fact faced numerous technical challenges in reviewing the relevant digital materials. Graves Decl. ¶7. Specifically, Mr. Hoft's counsel was unable to conduct meaningful searches of Mr. Hoft's personal email account and text messages, and he failed entirely to collect, search for, or produce any responsive DMs from Mr. Hoft's social media accounts and messaging applications. *Id*.

Plaintiff's counsel indicated during the meet-and-confer that these attempts to comply with Mr. Hoft's discovery obligations were insufficient and would deprive Plaintiff the opportunity to review Mr. Hoft's ESI. Graves Decl. ¶8. In response, Mr. Hoft's counsel: (i) agreed to hire a third-party discovery vendor to conduct a full search and collection of Mr. Hoft's mobile phone and personal email account to ensure that all of the responsive ESI therein would be reviewed and produced; and (ii) consented to an extension of the case schedule given the time required for Mr. Hoft to retain a discovery vendor and fix his production. *See* Ex. G at 1 (June 17, 2021 Email from R. Kohli to J. Burns).

An extension to accommodate Mr. Hoft's full compliance with the April 21 Order is necessary in light of the case schedule and Mr. Hoft's prior failure to produce material discovery in this case. *See, e.g.*, Plaintiff's Motion to Compel Discovery (D.I. 263) (detailing Mr. Hoft's failure to comply with Plaintiff's discovery requests); April 21 Order (compelling Mr. Hoft to respond fully to Plaintiff's discovery requests). Despite being served with Plaintiff's First Set of

---

[3] Plaintiff can provide the Court with Mr. Hoft's production for *in camera* review if the Court would find it helpful.

Requests for Production over a year ago and even after significant intervening motion practice, Mr. Hoft has still failed to make any meaningful production that Plaintiff can review. Absent an extension, Plaintiff would be prejudiced in particular by being denied responsive communications from the relevant time period. Such communications could contain evidence directly relevant to proving whether Mr. Hoft published his allegedly defamatory statements with actual malice, a necessary element of Plaintiff's defamation claim. Forcing Plaintiff to conduct depositions of Mr. Hoft and his associates without access to this key discovery would handcuff Plaintiff from pursuing that element of the claim. Even in the unlikely event that such communications do not exist, Plaintiff is still entitled to a reasonable effort from Mr. Hoft to collect and search for these documents through an outside discovery vendor. ***Mr. Hoft has not contested this fact, and his counsel has agreed to remedy the deficient discovery.*** *See* Ex. G.

In the last few days, all parties in this case have conferred and have consented to a modest extension of the deadlines in order to accommodate Mr. Hoft. Graves Decl. ¶10. Plaintiff has drafted the below modified case schedule for the Court's consideration in the event the Court agrees to convene an immediate status conference:

| Event | Current Dates | Proposed Dates |
| --- | --- | --- |
| Deadline to complete fact discovery | July 23, 2021 | September 23, 2021 |
| Potential settlement / ADR discussion | July 28, 2021 | September 28, 2021 |
| Fed. R. Civ. P. 26(a)(2)(B) opening expert reports | July 30, 2021 | September 30, 2021 |
| Fed. R. Civ. P. 26(a)(2)(B) responsive expert reports | August 20, 2021 | October 20, 2021 |

| Event | Current Dates | Proposed Dates |
|---|---|---|
| Fed. R. Civ. P. 26(a)(2)(B) reply expert reports (limited to subject matter first raised in responsive reports) | September 3, 2021 | November 3, 2021 |
| Deadline to complete all discovery, including expert depositions. | September 13, 2021 | November 13, 2021 |
| Deadline to file dispositive motions | September 20, 2021 | November 20, 2021 |
| Deadline to file oppositions to dispositive motions | October 11, 2021 | December 11, 2021 |
| Deadline to file replies to dispositive motions | October 25, 2021 | December 17, 2021 |
| Deadline for hearing dispositive motions | TBD by the Court | TBD by the Court |
| Exchange list of witnesses expected to be called at trial | December 9, 2021 | February 9, 2022 |
| Deadline for filing motions *in limine* (copies to opposing counsel) | December 16, 2021 | February 16, 2022 |
| Deadline for filing oppositions to motions *in limine* (copies to opposing counsel) | January 13, 2022 | March 13, 2022 |
| Deadline for filing proposed jury instructions and special interrogatories (copies to opposing counsel) | January 13, 2022 | March 13, 2022 |

| Event | Current Dates | Proposed Dates |
|---|---|---|
| Deadline for filing joint pretrial order including:<br><br>• any contested issues of law that require a ruling before trial;<br><br>• the essential elements that a party must prove to establish any meritorious claims remaining for adjudication, and the damages or other relief sought;<br><br>• the essential elements that a party must prove to establish any meritorious defenses;<br><br>• the material facts and theories of liability or defense;<br><br>• the issues of fact contested by each party;<br><br>• any contested issues of law that do not require a ruling before trial;<br><br>• any stipulations; and<br><br>• any special voir dire questions<br><br>**Disputed sections to be filed as separate addendum** | January 13, 2022 | March 13, 2022 |
| Pretrial conference | TBD by the Court | TBD by the Court |
| Trial | January 18-21 and 24-27, 2022 | TBD by the Court. |

## **CONCLUSION**

For the above reasons, Plaintiff asks this Court to grant Plaintiff's motion for an immediate status conference to discuss the above-referenced issues and to extend the case schedule in light of same.

8

Dated: June 21, 2021					Respectfully submitted,

By:   */s/ Anwar L. Graves*
Jonathan Hacker, admitted *pro hac vice*
Anwar L. Graves, admitted *pro hac vice*
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414
agraves@omm.com
jhacker@omm.com

Hassen A. Sayeed, admitted *pro hac vice*
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
hsayeed@omm.com

Andrew Mendrala, Virginia Bar No. 82424
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W., Fifth Floor
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
amendrala@cohenmilstein.com

Aderson Francois, admitted *pro hac vice*
CIVIL RIGHTS CLINIC
GEORGETOWN UNIVERSITY LAW CENTER
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 662-9065
Aderson.Francois@georgetown.edu

Elizabeth B. Wydra, admitted *pro hac vice*
Brianne J. Gorod, admitted *pro hac vice*
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
Telephone: (202) 296-6889
elizabeth@theusconstitution.org
brianne@theusconstitution.org
ashwin@theusconstitution.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21th day of June, 2021, a copy of the foregoing Motion was served on all parties via the Court's Electronic Case Filing system, and separately sent via electronic mail to Mr. Lee Stranahan, Mr. Derrick Wilburn, and Mr. Scott Creighton.

                                                                  */s/ Anwar L. Graves*
                                                                  Anwar L. Graves