# Ballard Spahr LLP

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Frances Vincent
Tel: 202.661.2248
Fax: 202.661.2299
vincentf@ballardspahr.com

July 6, 2021

*Via Overnight Federal Express*

Clerk of the Court
United States District Court
for the Western District of Virginia
Charlottesville Division
255 W Main Street Room 304
Charlottesville, VA  22902

      Re:    *Brennan M. Gilmore v Alexander E. Jones, et al.*
               Case No. 3:18-cv-00017

Dear Clerk:

Enclosed for filing is **Exhibit J** to the Supplemental Declaration of Leita Walker in Support of Objections and Motion to Quash Subpoenas to WVIR-TV, WSLS-TV, WTC-TV and Journalist Ashley Curtis and Julie Carey [Dkt. 398] filed today, Tuesday, July 6, 2021 in the above-referenced matter.  A copy of the Declaration [Dkt. 398] and Reply Motion [Dkt. 397] are attached for easy reference.  We would appreciate it if you would attached the exhibit to the filed motion and declaration.

                              Sincerely,

                              /s/

                              Frances Vincent

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,
    Plaintiff,

v.

ALEXANDER E. JONES, et al.,
    Defendants

Case No. 3:18-cv-00017

*In re subpoena to*
*WVIR-TV, WSLS-TV, WRC-TV and*
*Journalists Ashley Curtis and Julie Carey*

## SUPPLEMENTAL DECLARATION OF LEITA WALKER IN SUPPORT OF OBJECTIONS AND MOTION TO QUASH SUBPOENAS TO WVIR-TV, WSLS-TV WRC-TV AND JOURNALISTS ASHLEY CURTIS AND JULIE CAREY

I, Leita Walker, declare as follows:

1. I am a partner with the law firm of Ballard Spahr, LLP, 2000 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402. I am licensed to practice law in the State of Minnesota and am admitted *pro hac vice* in this Court. I am counsel for non-parties Gray Media Group, Inc., d/b/a WVIR-TV ("WVIR");[1] Graham Media Group, Virginia, LLC d/b/a WSLS-TV ("WSLS");[2] NBC Subsidiary (WRC-TV) LLC d/b/a WRC-TV ("WRC"),[3] WSLS journalist Ashley Curtis, and11 WRC journalist Julie Carey (collectively, the "Non-Party Journalists").

2. I have personal knowledge of the facts stated in this declaration, and if sworn as a witness, I am competent to testify to them.

---

[1] Gray Media Group, Inc., not Gray Television, Inc. (the entity named in the subpoena), owns and operates WVIR.

[2] Graham Media Group, Virginia, LLC, not Graham Media Group, Inc. (the entity named in the subpoena), owns and operates WSLS.

[3] NBC Subsidiary (WRC-TV) LLC, not NBC Telemundo License, LLC (the entity named in the subpoena), owns and operates WRC.

3. On June 29, 2021, I called the U.S. District Court for the Western District of Virginia and spoke to deputy clerk Dylan Gaddes.

4. I referred him to case No. 3:18-cr-00011-MFU, the federal prosecution of James Fields, and asked if Plaintiff's Exhibit No. 37 in that case was publicly available. That exhibit is listed on the Exhibit List (filed at ECF Doc. 59 in case No. 3:18-cr-00011-MFU) as "Video Aerial Surveillance" and I believed it to be the helicopter footage that Hoft seeks from the Non-Party Journalists in this case.

5. Mr. Gaddes confirmed that Exhibit No. 37 was available and that he could retrieve the exhibit from storage, copy it to a CD for $31, and mail it to me. He confirmed that there was no indication that Exhibit No. 37 had ever been under seal and that it had thus been available to the press and public since the time of its filing.

6. I paid the $31 copy fee and caused an overnight shipping label to be emailed to Mr. Gaddes to expedite delivery of the CD to my office in Minneapolis.

7. It arrived on July 1 and I watched the video footage that comprises Exhibit No. 37 in its entirety. The footage is the same footage featured in the news reports that Plaintiff James Hoft references in his subpoenas to the Non-Party Journalists.

8. For the convenience of the Court, should it wish to make its own comparison, attached hereto as **Exhibit J** is a true and accurate copy of Plaintiff's Exhibit No. 37 from case No. 3:18-cr-00011-MFU.

9. Later on July 1, I emailed Mr. Hoft's counsel and offered to provide a copy of the exhibit and requested that he withdraw the subpoenas. Attached as **Exhibit K** is a true and accurate copy of that email, to which Mr. Hoft's attorney never responded.

2

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 6th day of July, 2021, in Minneapolis, Minnesota.

*s/ Leita Walker*
Leita Walker

# EXHIBIT J

**(A copy of Plaintiff's Exhibit No. 37 (video file) from case No. 3:18-cr-00011-MFU is being sent to the Clerk under separate cover)**

# EXHIBIT K

| | |
|---|---|
| **From:** | Walker, Leita (Minn) |
| **Sent:** | Thursday, July 1, 2021 1:02 PM |
| **To:** | Burns Law Firm |
| **Cc:** | Tobin, Charles D. (DC); Smith, Alia L. (DC) |
| **Subject:** | RE: Gilmore v. Jones - subpoena to WVIR |

Mr. Burns, we have received and reviewed your opposition to our clients' motion to quash. Your opposition papers talk at length about proceedings in state court, but do not address our point that the aerial footage is available upon request to any member of the press or public from the federal court in Charlottesville. Upon receipt of those papers, I personally called the deputy clerk of court and asked him to send me that footage which was filed with the court as Plaintiff's Exhibit 37 <u>before</u> the news reports aired. I received a copy of the footage on CD today, after the clerk sent it by overnight mail (all at the expense of my clients). I have watched it and confirmed that, indeed, that publicly available footage is what was featured in the news reports. I would be happy to provide the footage to you.

Will you withdraw the subpoenas?

Leita

**From:** Burns Law Firm <tblf@pm.me>
**Sent:** Wednesday, May 26, 2021 1:47 PM
**To:** Smith, Alia L. (DC) <SmithAlia@ballardspahr.com>
**Cc:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>; Burns Law Firm <tblf@pm.me>
**Subject:** Re: Gilmore v. Jones - subpoena to WVIR

⚠ **EXTERNAL**

Hi Leita:

Please let me know if you intend to serve objections.

Thanks,
John

Very truly yours,

John C. Burns
Burns Law Firm
P: 314-329-5040
F: 314-282-8136
P.O. Box 191250
St. Louis, MO 63119

This electronic message including its attachment is from John C. Burns. This electronic communication contains information that is confidential and is protected by the attorney-client or attorney-work product privileges. If you receive this message and/or its attachments and you are not the intended recipient, promptly delete this message, and please notify the sender of the delivery error by return e-mail. You are specifically instructed that you may not forward, print, copy or distribute or use the information in this message if you are not the intended designated recipient.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

BRENNAN M. GILMORE,

        Plaintiff,

v.

ALEXANDER E. JONES, et al.,

        Defendants

*In re subpoena to*
*WVIR-TV, WSLS-TV, WRC-TV and*
*Journalists Ashley Curtis and Julie Carey*

Case No. 3:18-cv-00017

## REPLY IN SUPPORT OF
## OBJECTIONS AND MOTION TO QUASH SUBPOENAS TO WVIR-TV, WSLS-TV WRC-TV AND JOURNALISTS ASHLEY CURTIS AND JULIE CAREY

In his opposition brief, Defendant James Hoft concedes—as his attorney previously represented, *see* Walker Decl. (ECF Doc. 366) ¶ 11—that the "chief records" he seeks from the Non-Party Journalists are (1) aerial video footage, captured from a helicopter, of Heather Heyer's murder and (2) "records and testimony describing communications" from whoever "leaked" this footage to the Non-Party Journalists. (ECF Doc. 395 at 2 (emphasis omitted).)

However, Hoft then goes on to allege that the helicopter footage "has not been made available to the public outside of James Fields' state trial [in] Charlottesville Circuit Court." (*Id.* (emphasis omitted).) He is incorrect. As set forth in the accompanying, supplemental declaration of Leita Walker, that footage is available from the U.S. District Court for the Western District of Virginia in Charlottesville. The undersigned obtained a copy of it (filed herewith) merely by calling the deputy clerk in Charlottesville, paying the $31 copy charge, and providing a mailing

label so it could be overnighted to her office. *See* Supp. Walker Decl. ¶¶ 3-8 and Ex. J.[1] As the docket for Fields' federal prosecution shows, the footage has been publicly available from the Court since before news reports featuring the footage aired, and the deputy clerk confirmed that the footage has never been under seal. *Id.* ¶ 5. There is thus no reason for Hoft or his attorney to believe the footage was illegally leaked to the media and no reason to believe the Non-Party Journalists (or any member of the media) have any documents or testimony to provide regarding the "collusion" Hoft imagines. The subpoenas to the Non-Party Journalists should be quashed for that reason alone.

In addition, Hoft's subpoena should be quashed for the reasons set forth in this Court's July 1, 2021, Order (ECF Doc. 396) quashing subpoenas served on numerous government officials and entities (the "Order"). As the Court explained in that Order, although truth is a defense to Plaintiff's defamation claim against Hoft, "[i]n evaluating whether the scope of a subpoena is overbroad, courts must ensure that the requested information is relevant to the truth or falsity of the particular statements at issue." Order at 17. And here, the subpoenas to the Non-Party Journalists (seeking information about an alleged leak of helicopter footage that was actually freely available to the press and public) have nothing to do with the allegations at issue in this lawsuit—i.e., "whether the State Department and the New York Times purportedly deleted information from their websites to cover up Plaintiff's involvement in a State Department plot or whether Plaintiff was somehow part of the 'deep state' because his former employer had received campaign donations from George Soros." *Id.* at 18; *see also id.* at 24 ("Moreover, the existence of some amorphous 'deep state,' proven through the actions or inactions of local and state officials [and] entities, is not relevant to the truth or falsity of Hoft's

---

[1] Hoft or his attorney could have obtained the footage the same way. His opposition does not suggest they even tried to do so. Moreover, they refused to withdraw Hoft's subpoenas to the Non-Party Journalists even after the undersigned offered to provide a copy of the footage obtained from the court to them. *See* Walker Decl. ¶ 9, Ex. K.

allegedly defamatory statements about Plaintiff's involvement with the State Department and George Soros."). The subpoenas should be quashed for this additional reason.

Finally, the subpoenas should be quashed because Hoft cannot overcome—has not even tried to overcome—the journalist's privilege discussed in the Non-Party Journalists' opening brief. He does not and cannot credibly dispute that alternative sources have the information he seeks—most obviously, the federal court in Charlottesville possesses the helicopter footage and will provide copies to the press and public upon request. And even if the Court were ignore the public availability of the helicopter footage and take Hoft's allegations of a government leak at face value, Hoft has not exhausted other means of proving a leak occurred, including through discovery directed at the Plaintiff himself or through review of government records subject to disclosure under freedom of information laws (or more narrowly tailored subpoenas to select government entities/actors).

Moreover, Hoft's only response to the Non-Party Journalists' argument that he cannot support the subpoenas with a showing of compelling need is to claim some amorphous First Amendment right to defend himself against Plaintiff's lawsuit. But if such bald-faced arguments were sufficient to overcome the privilege, then it would never apply in a libel suit where truth of the challenged statements is an issue—yet it clearly does. *See, e.g., LaRouche v. National Broadcasting Co., Inc.*, 780 F. 2d 1134 (4th Cir. 1986); *Hatfill v. N.Y. Times*, 242 F.R.D. 353, 356 (E.D. Va. 2006). As the Court has already correctly concluded in its Order, "[t]his is clearly a fishing expedition for which Hoft has shown no good faith basis." Order at 14. For this final reason, and all the reasons explained in the Non-Party Journalists' opening memorandum, the Court should grant their motion and quash the subpoenas Hoft served upon them.

Dated: July 6, 2021

Respectfully submitted,

BALLARD SPAHR LLP

By:   */s/ Charles D. Tobin*
Charles D. Tobin
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com

Leita Walker (*pro hac vice*)
BALLARD SPAHR LLP
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: (621) 371-6222
Fax: (612) 371-3207
walkerl@ballardspahr.com

*Attorneys for Non-Party Journalists*