IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| BRENNAN M. GILMORE,       ) | | |
|     Plaintiff,                           ) | Civil Action No. 3:18-cv-00017 | |
|                                            ) | | |
| v.                                    ) | <u>ORDER</u> | |
|                                            ) | | |
| ALEXANDER ("ALEX") E. JONES, et al., ) | By: | Joel C. Hoppe |
|     Defendants.             ) | | United States Magistrate Judge |

       This matter is before the Court on non-party Jessica Bidgood's Motion to Enforce Protective Order Concerning the Privileged Phone Records of Journalist Jessica Bidgood ("Mot. to Enforce Protective Order"). ECF No. 405. Bidgood explains that on May 20, 2021, Defendant James Hoft served a subpoena on Verizon for her cell phone records for the period from March 1, 2017, through March 1, 2018. *Id.* at 2. Subsequently, on July 14, 2021, Verizon "mailed records responsive to the subpoena to Hoft's counsel." *Id.*

       On the same day, Bidgood filed a motion to quash the subpoena, explaining that she understood "that Verizon will take steps to stop delivery of the records once it receives notice that this Motion has been filed." Objs. and Mot. to Quash Subpoena to Verizon for the Mobile Phone Records of Journalist Jessica Bidgood 1 ("Mot. to Quash"), ECF No. 404. She contends that as a journalist, she "enjoys privileges from compelled disclosure of unpublished journalistic work product under the First Amendment and Virginia's reporter's privilege." Objs. and Mot. to Quash Subpoena to Verizon for the Mobile Phone Records of Journalist Jessica Bidgood 1, ECF No. 404; *see also* Mot. to Enforce Protective Order 2–3). She further represents that the subpoena did not reference Bidgood by name or otherwise indicate that she is a journalist. Mot. to Enforce Protective Order 2 (arguing that the "subpoena affirmatively <u>misrepresented</u> that '[n]o legitimately privileged materials are sought'").

1

Accordingly, Bidgood asks the Court to treat the Verizon records as "Recalled Information" under the Protective Order in this case, ECF No. 196; *see also* ECF No. 194, and order Hoft's counsel to "immediately destroy" them. *Id.* at 3. Alternatively, Bidgood argues that the Court "could order Hoft's counsel to transmit the records to Bidgood's counsel via FedEx" and that Bidgood's counsel "would maintain the records in a secure location pending a ruling on her motion to quash." *Id.* In the event that Hoft's counsel has already reviewed the records, Bidgood asks the Court to order Hoft not to "copy or communicate about them with anyone else, including his client." *Id.*

A portion of the relief Bidgood seeks would be rendered moot if Hoft's counsel is permitted to view or otherwise copy or utilize her Verizon phone records before the resolution of her motion to quash. The Court finds it appropriate to allow Bidgood and Defendant Hoft to present their arguments on the motion to quash before Hoft's counsel, or Hoft himself, views or otherwise utilizes the Verizon records. Accordingly, Bidgood's motion, ECF No. 405, is GRANTED IN PART. Hoft's counsel is directed to maintain the Verizon records in a sealed receptacle in a secure location and he shall not review those records or distribute or disclose them to anyone, including his client, until Bidgood's motion to quash is resolved. Additionally, if Hoft's counsel has already reviewed the Verizon records, he shall not copy them, communicate about them with anyone else, including his client, or otherwise make any use of them.

It is so ORDERED.

The Clerk shall send certified copies of this Order to the parties.

ENTER: July 16, 2021

Joel C. Hoppe
United States Magistrate Judge