IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
**Charlottesville Division**

| | |
|---|---|
| BRENNAN M. GILMORE, <br><br> Plaintiff, <br><br> v. <br><br> ALEXANDER JONES, *et al.*, <br><br> Defendants. | Civil Action No.: 3:18-cv-00017-NKM-JCH <br><br> **DEFENDANT HOFT'S MOTION FOR 30-DAY LIMITED EXTENSION OF DEADLINE FOR FACT DISCOVERY** |

COMES NOW Defendant James Hoft, by and through undersigned counsel, and moves the Court for a Limited Extension of the Deadline for Fact Discovery by thirty (30) days to complete party and other fact witness depositions and complete the exchange of discovery between the Parties. Defendant Hoft therefore asks the Court for a highly limited discovery extension for the **sole** purpose of permitting the parties to conclude their **party** depositions, along with Mr. Gilmore's therapist, ophthalmologist, and fiancée. These witnesses are essential to Mr. Hoft's defense of his case. Discovery disputes only just resolved. And, given that Plaintiff only finished supplementing his medical providers' records in December (this case has lasted more than four years) and Mr. Gilmore's fiancée's existence was just discovered by Mr. Hoft, a small period to wrap up all parties' discovery is reasonable and also in the interests of justice.

**Plaintiff's Most Recent Production**

On November 22, 2021, the Court granted in part the Jones Defendants' (Free Speech Systems, LLC, Infowars, LLC, and Alex Jones) Motion to Compel, and ordered Plaintiff to produce discovery consistent with the Order within fourteen (14) days or Monday December 6, 2021. Plaintiff failed to meet this deadline. Plaintiff produced his fourth discovery tender (BG0004) to the Defendants on December 7, 2021. However, the file was not immediately accessible by all of the Defendants that day. Defendant Hoft gained access on December 13, 2021. On February 15, 2022, Plaintiff produced his fifth discovery tender (BG0005) to Defendants. On

- 1 -
Defendant James Hoft's Motion to Extend Fact Discovery Deadline by Thirty (30) Days
3:18-cv-00017-NKM-JCH

March 8, 2022, the Court ordered Plaintiff to answer Defendant McAdoo's Interrogatories 14, 15, and 16 on or before March 28, 2022. To date, Plaintiff has failed to answer these interrogatories as ordered by the Court.

### Defendant McAdoo's Deposition of Plaintiff

The end of 2021 and beginning of 2022 saw discovery disputes between Plaintiff and Defendants Jones and McAdoo, respectively. These disputes were resolved both formally and informally, but they necessarily delayed Plaintiff's deposition. Defendant Hoft had concerns about the completeness Plaintiff's discovery similar to Jones and McAdoo, but there was no point in doubling-up argumentation and Jones's and McAdoo's respective lawyers led the negotiations and presented the matters before the Court for the efficiency of negotiations and proceedings.

Plaintiff's deposition was discussed for a number of months in 2021. However, scheduling and discovery disputes became an issue. On November 3, 2021, Ms. McAdoo, in coordination with Defendant Hoft and the Jones Defendants, had sought dates from Plaintiff for his deposition and for all parties to jointly confer on mutually agreeable plan for Plaintiff's deposition, given the number of defendants. *See* **Exhibit A** – Wachen/Graves Correspondence. Plaintiff's counsel never provided any dates, and counsel for Ms. McAdoo followed up this request with an email to Plaintiff's counsel on November 19, 2021. However, Plaintiff sought to extend discovery and also sought a delay in the deposition of Mr. Gilmore until possibly January of 2022. *Id*. On November 24, 2021, Plaintiff filed a Motion for Extension of Time to Complete Discovery. (Dkt. #463). On November 30, 2021, the Court granted Plaintiff's motion, granting a fact discovery extension until February 12, 2022. (Dkt. #464). On December 8, 2021, Ms. McAdoo requested dates from Plaintiff for the depositions of Plaintiff's therapist and ophthalmologist. *See* **Exhibit D** – Wachen/Graves Correspondence.

On January 19, 2022, counsel for Ms. McAdoo again emailed Plaintiff's counsel seeking dates for the depositions of the therapist, ophthalmologist, and Plaintiff. *See* **Exhibit E** – Wachen/Graves Correspondence. Plaintiff put off the discussion regarding Plaintiff's deposition dates to a future date, and the two parties began a lengthy meet and confer correspondence

regarding their discovery dispute. *Id*. On January 20, 2022, Plaintiff's counsel wrote to all of the Defendants, acknowledged that there were a number of unresolved discovery matters, **including party depositions**, and requested that the Parties come to an agreement on a formal request to the Court to extend the discovery deadline. *See* **Exhibit B** – Graves Correspondence ("There are a number of pending discovery issues for all parties, including open depositions, and it seems unlikely that those issues will be resolved by the current fact discovery deadline of February 12") (emphasis added). On February 2, 2022, the Parties stipulated to a proposed scheduling order (Dkt. #473), which would, *inter alia*, extend the discovery deadline from February 12, 2022 to April 11, 2022. The Court granted this and signed the new Scheduling Order on February 22, 2022. (Dkt. #475). As late as March 6, 2022, Defendant McAdoo and Plaintiff were attempting to meet and confer regarding their discovery dispute, and the rest of the defendants were patiently waiting for this matter to resolve, because its resolution would have a direct impact on Plaintiff's deposition and preparation for it. *See, e.g.*, **Exhibit C** – Wachen/Graves Correspondence. At least as late as March 16, 2022, Ms. McAdoo's deposition was contemplated for either April 1st or 4th in Florida. However, Plaintiff entered into a joint stipulation of dismissal with Ms. McAdoo and with the Jones Defendants on March 24, 2022, in which all claims and defenses relating thereto were dropped. (Dkt. #497-98). These dismissals meant that Mr. Hoft, the sole remaining represented defendant, now was effectively responsible for all of the defense, rather than having been able to share it.

### Remaining Discovery Matters

With the filing of dismissal stipulations, the present case has shrunk to three defendants (Messrs. Hoft, Stranahan, and Creighton). At present, there remain to be taken three party depositions (Messrs. Hoft, Gilmore, and Stranahan), and three fact witness depositions (Mr. Gilmore's therapist, ophthalmologist, and fiancé). Because of scheduling issues, Plaintiff and counsel for Mr. Hoft have previously (and favorably) discussed the taking of Mr. Hoft's deposition after the close of discovery by consent. Mr. Hoft noticed Mr. Gilmore's deposition for April 8, 2022, but given the short notice, this may be difficult for Mr. Gilmore or his counsel, especially

when they have yet to take Mr. Stranahan's deposition, and fact discovery is set to close on April 11, 2022.

In Mr. Gilmore's First Amended Complaint (Dkt. #29), he alleges that he has suffered (and claims) severe damages to his physical and mental well-being, as well as to his romantic relationships – all as a result of Mr. Hoft's <u>single</u> 388-word blog post, to wit (emphasis added): "severe emotional distress" (¶ 180), threats and harassment (¶ 180, 182, 183, & 186), relied on a therapist(¶ 180), "constant ongoing fear" (¶ 180), "distress" (¶ 181 & 186), Central Serous Chorioretinopathy (¶ 181), vision loss (¶ 181), stress (¶ 182, 183 186), depression (¶ 183), irritability, difficulty concentrating, and loss of sleep (¶ 183), fear (¶ 184), loss of potential romantic partner (¶ 185), and anxiety (¶ 186).

After a lengthy discovery dispute, and against his wishes, Mr. Gilmore finally produced his therapy and ophthalmologic medical records. The records are for attorney's eyes only, and counsel will not here detail the contents of those records, though they certainly can be submitted for the Court's review. However, these records are insufficient evidence of Mr. Gilmore's claims. Thus, further discovery, directly from his providers, is required.

Additionally, Mr. Hoft just recently learned that Mr. Gilmore is engaged to be married. Nevertheless, Mr. Gilmore still maintains (*see* par. 185 above) that he suffered damages of lost romantic relationships; his relationship is evidence of mitigation. Moreover, as someone who knows Mr. Gilmore intimately, Mr. Gilmore's fiancée is someone with discoverable information about his alleged reputational harm and damages of emotional distress, including whether, "Mr. Gilmore lives in fear for his life because of Defendants' reckless publications." (FAC, par. 180). To properly evaluate the scope of this claimed damage, Mr. Hoft will need to depose Mr. Gilmore's fiancée, in addition to Mr. Gilmore and his providers.

## Conclusion

Only recently, the parties resolved various discovery disputes through formal and informal means. These discovery disputes caused delays to the depositions of Plaintiff, but also to the Jones

Defendants (which were never taken), Ms. McAdoo (untaken), and Mr. Hoft (still untaken). These party depositions are essential, as are those of the aforementioned fact witnesses – the therapist, ophthalmologist, and Mr. Gilmore's fiancée.

The settlements with the other defendants threw an unexpected wrench in Defendant's discovery plans. Defendant Hoft therefore asks the Court for a limited discovery extension of thirty (30) days, for the **sole** purpose of permitting the parties to conclude their **party** depositions, along with Mr. Gilmore's therapist, ophthalmologist, and fiancée. A small period to wrap up all parties' discovery seems highly reasonable.

WHEREFORE, for the foregoing reasons, Defendant Hoft asks the Court for a limited discovery extension of thirty (30) days, for the **sole** purpose of permitting the parties to conclude their **party** depositions, along with Mr. Gilmore's therapist, ophthalmologist, and fiancée, and for such further relief as the Court deems just and proper.

Dated: April 1, 2022

Respectfully Submitted,

/s/ *John C. Burns*
John C. Burns, #66462
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
P: (314) 329-5040
F: (314) 282-8136
TBLF@pm.me

Timothy B. Hyland
Hyland Law PLLC
1818 Library Street, Ste. 500
Reston, VA 20190
703-956-3548 (Tel.)
703-935-0349 (Fax)
thyland@hylandpllc.com
*Attorneys for Defendant James Hoft*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 1st day of April, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                           /s/ *John C. Burns*
                                           John C. Burns